**IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION**

FLORIDA VIRTUAL SCHOOL,

        Plaintiff,                              Case No.:

vs.

K12, INC., a foreign corporation
and K12 Florida, LLC, a foreign
limited liability company,

        Defendants.

_____/

**COMPLAINT**

    Florida Virtual School ("FLVS") sues Defendants, K12, Inc., and K12 Florida, LLC, and

states as follows:

**INTRODUCTION**

    1.    This is an action for trademark infringement and unfair competition under the

Lanham Act, common law trademark infringement, unfair competition, false advertising, and

breach of contract.

**PARTIES**

    2.    FLVS is an independent public agency in the State of Florida, the headquarters

and principal place of business of which are located in Orlando, Florida.  FLVS provides online

educational services to kindergarten, elementary, middle, and high school students across Florida

and the United States and in foreign countries.  FLVS also develops, utilizes, markets, and sells

proprietary state-of-the-art educational courseware, content, and technological platforms to

schools and school districts across Florida and the United States and in foreign countries.

3.     Defendant, K12, Inc.  ("K12"),  is a foreign for-profit company incorporated under the laws of Delaware, the principal place of business of which is located in Herndon, Virginia.   K12 is engaged in the business of providing online educational services to kindergarten through 12th grade students in Florida and elsewhere. K12 also markets and sells educational courseware and content to schools and school districts in Florida and elsewhere.

4.     Defendant K12 Florida, LLC ("K12 Florida"), is a foreign for-profit limited liability company incorporated under the laws of Delaware, the principal place of business of which is located in Herndon, Virginia.  K12 Florida is engaged in the business of providing online educational services to kindergarten through 12th grade students in Florida and elsewhere. K12 Florida also markets and sells educational courseware and content to schools and school districts in Florida and elsewhere.

## JURISDICTION AND VENUE

5.     The Court has subject matter jurisdiction pursuant to 28 U.S.C. §§1331 and 1338, and 15 U.S.C. §1121, as this controversy arises from violations of the Lanham Act.  The Court also has jurisdiction pursuant to 28 U.S.C. § 1332, as the value of this controversy exceeds $75,000 exclusive of interest and costs and there is complete diversity of citizenship among the parties.  In any event, the Court is authorized to exercise jurisdiction over the state law claims herein asserted pursuant to 28 U.S.C. §§1367 and 1338(b).

6.     Venue is proper in this Court pursuant to 28 U.S.C. §1391 because the underlying conduct, including Defendants' acts of infringement, took place within the geographic territory of the United States District Court, Middle District of Florida.  Further, because FLVS is an agency in the State of Florida and is headquartered in Orlando, Florida, venue in this Court is appropriate on the basis of FLVS's home venue privilege.

## STATEMENT OF FACTS

### *The History of FLVS*

7.     More than 20 years ago, the Florida Legislature established FLVS for the purpose of developing and delivering online and distance learning education to students in kindergarten through 12th grade.

8.     FLVS is governed by a Board of Trustees ("the Board"), the authority and duties of which are detailed in section 1002.37, Fla. Stat. – FLVS's enabling statute.

9.     For instance, the enabling statute provides that the Board "shall be responsible for the Florida Virtual School's development of a state-of-the-art technology-based education delivery system ... [.]" §1002.37(2)(b), Fla. Stat.

10.     It also states that the Board "shall aggressively seek avenues to generate revenue to support its future endeavors" and "may acquire, enjoy, use, and dispose of patents, copyrights, and trademarks and any licenses and other rights or interests thereunder or therein." §1002.37(2)(c), Fla. Stat.

11.     According to the enabling statute, the Board has the "full right" to retain the revenues derived from such patents, copyrights, trademarks, and licenses, but it may only use associated funds "to support the school's marketing and research and development activities in order to improve courseware and services to its students." §1002.37(2)(c), Fla. Stat.

12.     As a body corporate, FLVS is authorized to secure and protect against the unauthorized use or appropriation of its own intellectual property and proprietary rights and interests.

13.     FLVS's right to independently pursue and file legal actions to protect against infringement of its trademarks and proprietary interests was firmly established by the Florida

Supreme Court in an underlying infringement lawsuit which FLVS previously filed against Defendants. *See Florida Virtual School v. K12, Inc.*, 148 So. 3d 97 (Fla. 2014).

14.     Since 1997, FLVS has been the industry leader in distance learning education.

15.     FLVS currently offers more than 190 online courses to kindergarten through 12th grade and has completed more than 4.6 million semester enrollments.

16.     FLVS and its online educational services are well known both in the State of Florida and around the world.

17.     FLVS has received numerous awards on a regional, national, and international scale.

18.     For example, most recently, in 2020, FLVS won an *Award of Excellence* from Tech & Learning Magazine and the *Learning! 100 Award* for collaboration in an online community.

19.     In 2017, FLVS won *American Advertising Awards* for its FLVS "Test Prep" posters and "I AM FLVS" spot.

20.     In 2016, the Orlando Business Journal awarded FLVS with a *Technology IQ Award*, recognizing FLVS as a Central Florida company that embraced technology and innovation.

### *FLVS's Federally Registered Marks*

21.     Since well before Defendants' adoption and use of confusingly similar marks, FLVS has continuously promoted its services and products under the following federally registered marks:

| EXHIBIT | MARK | REGISTRATION NUMBER |
|---------|------|---------------------|
| A | FLORIDA VIRTUAL SCHOOL | 3,830,765 |
| B | FLVS | 3,873,393 |

| EXHIBIT | MARK | REGISTRATION NUMBER |
|---|---|---|
| C | FLORIDA VIRTUAL SCHOOL | 5,113,225 |
| D | FLVS | 5,113,235 |
| E | flvs | 5,113,241 |
| F | Florida VirtualSchool | 5,113,248 |
| G | flvs FLORIDA VIRTUAL SCHOOL | 5,113,259 |

22.     The federal registrations of the above-referenced marks (true and correct copies of which are attached as *Exhibits A-G*) are valid, current, and in full force and effect.

23.     In addition to the rights and protections accorded to it by means of these federal registrations, FLVS also possesses common law rights in each of the marks listed in the table above.  (FLVS's federally registered marks and common law marks are collectively referred to hereinafter as the "Asserted Marks.")

24.     FLVS has not abandoned any of the Asserted Marks, nor has it intentionally engaged in any action or omission that would prevent FLVS from exercising its statutory or common law rights in the Asserted Marks.

25.     To the contrary, FLVS has put the Asserted Marks to extensive use.  For instance, the Asserted Marks permeate FLVS's website (www.flvs.net) and they are ubiquitous in its advertising and promotional materials.

26.     Further, for well over a decade, FLVS has consistently used and widely advertised the "FLVS" and "FLORIDA VIRTUAL SCHOOL" names and marks to promote its educational services and products.

27.     Through this long and continuous use of the Asserted Marks, consumers have come to associate such marks with FLVS and the superior educational services and products it provides.

### *Prior Litigation and Defendants' Breach of Settlement Agreement*

28.     As noted above, this is not the first lawsuit FLVS has been forced to file against Defendants.

29.     On May 18, 2011, FLVS filed suit against Defendants for infringement of federally registered marks, trademark infringement, false designation of origin under Section 43(a) of the Lanham Act, and common law trademark infringement and unfair competition under Florida law. That suit was filed in the Orlando Division of the Middle District of Florida under Case Number 6:11-cv-831-ORL-31-KRS.

30.     The prior litigation was made necessary by Defendants' use of the Florida Virtual Academy, FLVA, Florida Virtual Program and FLVP marks (the "Prior K12 Marks").

31.     Defendants' use of the Prior K12 Marks caused substantial confusion among consumers of online educational services and products, and FLVS was forced to file suit to prevent this confusion.

32.     In November of 2015, FLVS entered into a settlement agreement with Defendants which was intended to resolve and dispose of the prior litigation (the "Settlement Agreement").

33.     The Settlement Agreement calls for its terms to be confidential "to the extent permitted by law," and prohibits the parties' disclosure except "as otherwise required and compelled by law."  FLVS maintains that disclosure of the terms of the Settlement Agreement and filing of the Settlement Agreement by FLVS in the context of this lawsuit is permitted by the Settlement Agreement itself.  Further, FLVS maintains that the Settlement Agreement is subject to public disclosure pursuant to Chapter 119 of the Florida Statutes (Florida's Public Records Law). However, out of an abundance of caution and deference to the Court, FLVS has refrained from filing the Settlement Agreement at this juncture.  FLVS will, of course, promptly comply with any orders or directives of the Court on the matter.

34.     Defendants materially breached the Settlement Agreement in repeated efforts to promote their competing educational services.

35.     For instance, as shown in the screenshots of Defendants' website (*see  **Exhibit H,** emphasis in screenshot added by FLVS), Defendants reference their services as "Florida virtual schooling" – in direct contravention of the Settlement Agreement.

36.     As also shown in Exhibit H, Defendants further violated the Settlement Agreement by describing themselves as "Florida virtual school powered by K12."

37.     FLVS was forced to make repeated demands for Defendants to cease and desist their egregious violations of the Settlement Agreement.

38.     Having been "caught," Defendants ultimately removed references to "Florida virtual schooling" and "Florida virtual school" from their website.

39.     Nonetheless, Defendants refuse to acknowledge or rectify the considerable market confusion and damage to FLVS which they have caused by their violations of the Settlement Agreement and other misconduct.

40.     Defendants also dispute that the close proximity and arrangement of "Florida" and "Virtual" in Defendants' website materials constitute a breach of the Settlement Agreement, and have failed to provide any assurances that they will not engage in similar misconduct in the future.

### *Defendants' Adoption of Florida Online School and FLOS Marks*

41.     Defendants have embarked upon yet another campaign designed to sow even more market confusion.

42.     After the prior litigation settled, Defendants began using the marks FLORIDA CYBER CHARTER ACADEMY and FCCA in the State of Florida. FLVS did not object to these marks, and it had reason to hope there would be no further confusion between FLVS and Defendants.

43.     However, Defendants recently started operating under the FLORIDA ONLINE SCHOOL mark as well as the mark FLOS.

44.     Defendants' website for their FLORIDA ONLINE SCHOOL (flos.k12.com) also prominently features a two tone blue color scheme that is extremely similar to the color scheme (previously and currently) utilized by FLVS.

45.     Screenshots from Defendants' websites showing their use of FLORIDA ONLINE SCHOOL and FLOS and the color scheme closely modeled on FLVS's color scheme are included as *Exhibit I*.

46.     Screenshots from FLVS's website (www.flvs.net) showing its use of the FLORIDA VIRTUAL SCHOOL and FLVS marks and its two tone blue color scheme are included as **Exhibit J**.

47.     Defendants' adoption of a color scheme nearly identical to the FLVS color scheme and the overall similarity of the two websites only serves to deepen the confusion.

48.     Defendants' use of FLOS is likely to cause, and has indeed caused, considerable confusion with FLVS and its FLVS mark.

49.     Defendants are using their FLOS mark for the same online educational services and in the same geographical area as FLVS's FLVS mark.

50.     Defendants' use of the FLORIDA ONLINE SCHOOL mark is likely to cause, and has indeed caused, considerable confusion with FLVS's FLORIDA VIRTUAL SCHOOL mark.

51.     Defendants are using the FLORIDA ONLINE SCHOOL mark for the same online educational services and related goods and in the same geographic area as FLVS's FLORIDA VIRTUAL SCHOOL mark.

52.     Unless enjoined by the Court, Defendants' use of the FLORIDA ONLINE SCHOOL and FLOS marks will continue to cause confusion in the marketplace.

### *Defendants' False Advertising*

53.     Defendants have also made false and/or misleading representations about services and features available from Defendants that are allegedly not available from FLVS.  Screenshots from this advertisement are provided as **Exhibit K** (emphasis added by FLVS).

54.     In this advertisement, Defendants represent that their services are different from those of other educational providers, with a specific reference to FLVS as one of those providers.

55.     The advertisement then presents a checklist of features or services with every box checked for K12 and no boxes checked for FLVS, thus conveying the clear impression that FLVS does not provide these features or services.

56.     To the contrary, FLVS *does*, in fact, provide all of the listed services.

57.     These representations of supposed differences between FLVS and Defendants are false and misleading.

58.     Defendants ultimately removed the reference to FLVS in the advertisement noted in Exhibit K, but have kept the remainder of the misleading advertisement on Defendants' website.

59.     Even without any specific reference to FLVS, this advertisement conveys the false and misleading impression that FLVS – Defendants' primary competitor in Florida – does not provide the services therein listed.

60.     FLVS has been damaged by these and other false representations in Defendants' advertisements.

### *Defendants' Use of the FLVA.COM Domain*

61.     Defendants have also used the FLVA.COM domain associated with the Asserted Marks to redirect traffic to their competing educational services and products. Although Defendants transferred the FLVA.COM domain to FLVS after being caught (by FLVS), upon information and belief, Defendants' infringing and confusing use of the FLVA.COM domain generated a substantial number of visits and misdirected would-be FLVS visitors to Defendants' competing online services and products.

62.     The above-referenced conduct has already misled and confused consumers of online educational services and products, and is likely to continue doing so.

63.     More specifically, consumers of FLVS's educational services are likely to believe that Defendants' services originate with FLVS, or that Defendants are somehow affiliated with, sponsored by, or endorsed by FLVS when such is not the case.

64.     On information and belief, Defendants' infringing use of the FLORIDA ONLINE SCHOOL and FLOS marks and other acts of infringement and misconduct herein referenced have generated considerable revenue for Defendants.

65.     Defendants' infringing use of the FLORIDA ONLINE SCHOOL and FLOS marks and other acts of infringement and misconduct herein referenced have also caused injury to FLVS, including, but not limited to, lost revenue from consumers who have been diverted to Defendants' infringing educational services and products.

66.     On information and belief, Defendants' trademark infringement and unfair competition complained of herein is intended to create confusion.

67.     FLVS has not authorized Defendants to use its marks or other indicia associated with FLVS as the source of services or products.

68.     Defendants have caused numerous instances of actual confusion as to the source, affiliation, endorsement, or sponsorship of the services and products provided by Defendants.

69.     The acts of infringement referenced herein are all the more egregious and damaging considering the prior litigation and Defendants' past infringing conduct.

70.     Defendants are both involved in and direct the activities complained of herein, and they both derive revenue and benefits from such involvement and activities.

71.     To the extent that either of the Defendants is not directly responsible for the activities and misconduct complained of herein, it is indirectly responsible and has contributed to, induced, or acted as the agent of others with respect to such activities and misconduct.

72.     Defendants' infringement and unfair competition is ongoing, has already caused, and will continue to cause irreparable harm to FLVS unless enjoined by this Court.

73.     All conditions precedent to maintaining this action have either occurred or been waived.

### COUNT I
### Infringement of the Registered FLORIDA VIRTUAL SCHOOL
### Marks Under the Lanham Act 15 U.S.C. § 1114

74.     FLVS restates and incorporates by reference into this count the allegations of paragraphs 1 – 73 above as if fully stated herein.

75.     This is an action by FLVS against both Defendants for infringement of federally registered marks under Section 32 of the Lanham Act (15 U.S.C. § 1114).

76.     FLVS is the owner of Federal Trademark Registration No. 3,830,765 (the " '765 Registration") for the mark FLORIDA VIRTUAL SCHOOL for use in connection with "[e]stablishing and developing online and distance learning educational programs."  By virtue of the continuous use of the FLORIDA VIRTUAL SCHOOL mark in commerce, '765 Registration is now incontestable.

77.     FLVS is also the owner of Federal Trademark Registration No. 5,113,225 (the " '225 Registration") for the mark FLORIDA VIRTUAL SCHOOL for use in connection with, *inter alia*, "developing curriculum for primary and secondary level school teachers."   The marks protected by the '765 and '225 Registrations are collectively referred to herein as the "Florida Virtual School Marks."

78.     As a result of the use of the Florida Virtual School Marks in connection with FLVS's services and related products, the marks are known to purchasers throughout the United States and are associated with FLVS's services.

79.     The '765 and '225 Registrations for the Florida Virtual School Marks are valid and subsisting.

80.     Defendants have used, in interstate commerce, marks that are identical to or confusingly similar to the Florida Virtual School Marks without FLVS's consent in a manner that is likely to cause confusion among customers and potential customers as to the source of the services offered by Defendants.

81.     FLVS has been damaged by Defendants' infringement of the federally registered Florida Virtual School Marks.

82.     Defendants' trademark infringement has caused, and unless enjoined, will continue to cause irreparable harm to FLVS.

83.     On information and belief, Defendants' aforesaid infringing conduct has been willful and done with an intent to deceive.

84.     FLVS has no adequate remedy at law.

### COUNT II
### Infringement of the Registered FLVS
### Marks Under the Lanham Act 15 U.S.C. § 1114

85.     FLVS restates and incorporates by reference into this count the allegations of paragraphs 1 – 73 above as if fully stated herein.

86.     This is an action by FLVS against both Defendants for infringement of federally registered trademarks under Section 32 of the Lanham Act (15 U.S.C. § 1114).

87.     FLVS is the owner of Federal Trademark Registration No. 3,873,393 (the " '393 Registration") for the mark FLVS for use in connection with "[e]ducational services."  By virtue of the continuous use of the FLVS mark in commerce, the '393 Registration is now incontestable.

88.     FLVS is also the owner of Federal Trademark Registration No. 5,113,235 (the " '235 Registration") for the mark FLVS for use in connection with, *inter alia*, "developing curriculum for primary and secondary level school teachers."  The marks protected by the '393 and '235 Registrations are collectively referred to as the "FLVS Marks."

89.     As a result of the use of the FLVS Marks in connection with FLVS's services and related products, the FLVS Marks are known to purchasers throughout the United States and are associated with FLVS's services.

90.     The '393 and '235 Registrations for the FLVS Marks are valid and subsisting.

91.     Defendants have used in interstate commerce marks that are identical to or confusingly similar to the FLVS Marks without FLVS's consent in a manner that is likely to cause confusion among customers and potential customers as to the source of the services offered by Defendants.

92.     FLVS has been damaged by Defendants' infringement of the federally registered FLVS Marks.

93.     Defendants' trademark infringement has caused, and unless enjoined, will continue to cause irreparable harm to FLVS.

94.     On information and belief, Defendants' aforesaid infringing conduct has been willful and done with an intent to deceive.

95.     FLVS has no adequate remedy at law.

### COUNT III
### Infringement of the Registered FLVS
### Design Marks Under the Lanham Act 15 U.S.C. § 1114

96.     FLVS restates and incorporates by reference into this count the allegations of paragraphs 1 – 73 above as if fully stated herein.

97.    This is an action by FLVS against both Defendants for infringement of federally registered design marks under Section 32 of the Lanham Act (15 U.S.C. § 1114).

98.    FLVS is the owner of Federal Trademark Registration No. 5,113,241 (the " '241 Registration") and Federal Trademark Registration No. 5,113,259 (the " '259 Registration") for the stylized design of FLVS for use in connection with "educational services."

99.    FLVS is also the owner of Federal Trademark Registration No. 5,113,248 (the " '248 Registration") for the stylized design of FLORIDA VIRTUAL SCHOOL for use in connection with "educational services."

100.    As noted on the '248 Registration, the light blue background color is a distinct feature of this design mark.  *See* Exhibit F.  Defendants' website prominently features this same light blue background coloring.  *See* Exhibit I.

101.    The design marks that are the subject of the '241, 259 and '248 Registrations are collectively referred to herein as the "FLVS Design Marks."

102.    As a result of the use of the FLVS Design Marks in connection with FLVS's services and related products, the FLVS Design Marks are known to purchasers throughout the United States and are associated with FLVS's services.

103.    The '241, '259 and '248 Registrations for the FLVS Design Marks are valid and subsisting.

104.    Defendants have used in interstate commerce marks that are identical to or confusingly similar to the FLVS Design Marks without FLVS's consent in a manner that is likely to cause confusion among customers and potential customers as to the source of the services offered by Defendants.

105.   FLVS has been damaged by Defendants' infringement of the federally registered FLVS Design Marks.

106.   Defendants' design mark infringement has caused, and unless enjoined, will continue to cause irreparable harm to FLVS.

107.   On information and belief, Defendants' aforesaid infringing conduct has been willful and done with an intent to deceive.

108.   FLVS has no adequate remedy at law.

### COUNT IV
### Trademark Mark Infringement and False Designation of Origin
### Under Section 43(a) of the Lanham Act (15 U.S.C. § 1125(a))

109.   FLVS restates and incorporates by reference into this count the allegations of paragraphs 1 - 73 above as if fully stated herein.

110.   This is an action against both Defendants for trademark infringement and false designation of origin under Section 43(a) of the Lanham Act (15 U.S.C. § 1125(a)).

111.   Defendants' use of marks that are confusingly similar to the Asserted Marks and related indicia denoting FLVS as the source of its services in commerce and in connection with the sale or offering for sale of online education services is likely to cause confusion for the customers and potential customers of those services, and as such, infringes FLVS's exclusive rights in the Asserted Marks and related indicia.

112.   Defendants' use of the Asserted Marks and related indicia denoting FLVS as the source of services constitutes trademark infringement and a false designation of origin as to the products and services made available by Defendants in violation of Section 43(a) of the Lanham Act.

113.   FLVS has been damaged by Defendants' false designation of origin.

114.    Defendants' false designation of origin has caused, and unless enjoined, will continue to cause irreparable harm to FLVS.

115.    On information and belief, Defendants' aforesaid infringing conduct has been willful and done with an intent to deceive.

116.    FLVS has no adequate remedy at law.

### COUNT V
### False Advertising Under Section 43(a) of the Lanham Act
### (15 U.S.C. § 1125(a))

117.    FLVS restates and incorporates by reference into this count the allegations of paragraphs 1 - 73 above as if fully stated herein.

118.    This is an action against both Defendants for false advertising Section 43(a) of the Lanham Act.  (15 U.S.C. § 1125(a)).

119.    In connection with the marketing and advertising of their services, Defendants have made and continue to make false and/or misleading representations of fact in commercial advertising in interstate commerce.

120.    Defendants' representations, as described above, are false and misleading, and deceive or are likely to deceive consumers.

121.    Defendants' deceptive representations are material and are likely to influence consumer purchasing decisions.

122.    Defendants' conduct constitutes false advertising in violation of Section 43(a)(1)(B) of the Lanham Act as codified at 15 U.S.C. 1125(a)(1)(B).

123.    Defendants' misrepresentations have caused and are likely to cause competitive and commercial injury and damages to FLVS.

124.     FLVS will be irreparably harmed if Defendants are not enjoined from their false and misleading advertising.

125.     FLVS has no adequate remedy at law.

**COUNT VI**
**Common Law Trademark Infringement**

126.     FLVS restates and incorporates by reference into this count the allegations of paragraphs 1 - 73 above as if fully stated herein.

127.     This is an action against both Defendants for common law trademark infringement under the laws of the state of Florida.

128.     Defendants' aforesaid activities constitute an infringement of FLVS's common law trademark rights in the Asserted Marks and related indicia denoting FLVS as the source of services.

129.     FLVS has been damaged by Defendants' common law trademark infringement and unfair competition.

130.     This common law trademark infringement unfair competition has caused, and unless enjoined, will continue to cause irreparable harm to FLVS.

131.     FLVS has no adequate remedy at law.

**COUNT VII**
**Common Law Unfair Competition**

132.     FLVS restates and incorporates by reference into this count the allegations of paragraphs 1 - 73 above as if fully stated herein.

133.     This is an action against both Defendants for common law unfair competition under the laws of the state of Florida.

134.   Defendants' aforesaid activities constitute unfair competition under the common law of the State of Florida.

135.   FLVS has been damaged by Defendants' acts of unfair competition.

136.   This common law unfair competition has caused, and unless enjoined, will continue to cause irreparable harm to FLVS.

137.   FLVS has no adequate remedy at law.

## COUNT VIII
### Breach of Settlement Agreement

138.   FLVS restates and incorporates by reference into this count the allegations of paragraphs 1 - 73 above as if fully stated herein.

139.   This is an action against both Defendants for breach of the Settlement Agreement.

140.   The Settlement Agreement is a valid and enforceable agreement between FLVS and Defendants.

141.   Defendants have materially breached the Settlement Agreement by continuing to market and promote their services using certain Asserted Marksand confusingly similar variations thereof and by other acts as alleged above.

142.   FLVS has been damaged by Defendants' breach of the Settlement Agreement.

143.   This breach of the Settlement Agreement has caused, and unless enjoined, will continue to cause irreparable harm to FLVS.

## REQUEST FOR JURY TRIAL

FLVS requests a trial by jury on all issues so triable.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, Florida Virtual School, respectfully requests the Court to enter such Preliminary and Final Orders and Judgments as are necessary to grant the following relief:

1.     That Defendants, their officers, agents, servants, affiliates, employees, attorneys and representatives, and all those in privity or acting in concert with them, and each and all of them, be permanently enjoined and restrained from directly or indirectly:

(a)     using the Asserted Marks or any other name or mark confusingly similar to the Asserted Marks, alone or in combination with other words, names, styles, titles, or marks as a company or trade name, or in connection with the promotion, offering or providing of products or services similar to or related to FLVS's products and services anywhere in the United States;

(b)     using any words, names, styles, titles, or marks which create a likelihood of injury to the business reputation of FLVS and the extensive goodwill associated therewith anywhere in the United States; and

(c)     using any trade practices whatsoever, including those complained of herein, which tend to unfairly compete with or injure FLVS's business and the goodwill associated therewith.

2.     That Defendants be required to pay to FLVS compensatory damages for the injuries sustained by FLVS as a consequence of the acts herein complained of, and that such damages be trebled because of the willful acts described herein in disregard of FLVS's known rights.

3.     That Defendants be required to account for and pay over to FLVS all gains, profits, and advantages derived by them from the activities herein complained of.

4.     That Defendants be required to cancel or transfer any state or federal trademark registrations, fictitious name registrations, and other applications or registrations they have sought or obtained that infringe on the Asserted Marks.

5.     That Defendants be required to pay to FLVS all of its litigation expenses, including reasonable attorney's fees and the costs incurred because of this action.

6.     That FLVS be granted any other relief specifically provided for in, or contemplated by, the Settlement Agreement.

7.     That FLVS be granted such additional relief as the Court deems just and proper.

Respectfully submitted this 22nd day of December, 2020, by:

/s/Stephen Hart Luther
Stephen Hart Luther
Florida Bar No. 528846
LUTHER LAW PLLC
4767 New Broad Street, # 1029
Orlando, FL 32814
407 501-6711 x101 (Main)
407 501-7049 (Direct)
sluther@lutherlawgroup.com

**And**

Stephanie M. Marchman
Florida Bar No. 854301
Thomas C. McThenia, Jr.
Florida Bar No. 917141
Michael J. Colitz III
Florida Bar No. 164348
GRAY ROBINSON, P.A.
720 SW 2nd Avenue, Suite 106
Gainesville, FL 32601-6250
stephanie.marchman@gray-robinson.com
tom.mcthenia@gray-robinson.com
michael.colitz@gray-robinson.com

**Counsel for Plaintiff, Florida Virtual School**