# EXHIBIT 1

## UNITED STATES PATENT AND TRADEMARK OFFICE

**SERIAL NO**:   77/832081

**MARK**: FLORIDA VIRTUALSCHOOL

**CORRESPONDENT ADDRESS**:
HERBERT L. ALLEN
ALLEN, DYER, DOPPELT, MILBRATH & GILCHRI
255 S ORANGE AVE STE 1401
ORLANDO, FL 32801-3460

**\*77832081\***

**RESPOND TO THIS ACTION:**
http://www.uspto.gov/teas/eTEASpageD.htm

**GENERAL TRADEMARK INFORMATION:**
http://www.uspto.gov/main/trademarks.htm

**APPLICANT**:   Florida Virtual School

**CORRESPONDENT'S REFERENCE/DOCKET NO** :
110491
**CORRESPONDENT E-MAIL ADDRESS**:

## OFFICE ACTION

TO AVOID ABANDONMENT, THE OFFICE MUST RECEIVE A PROPER RESPONSE TO THIS OFFICE ACTION WITHIN 6 MONTHS OF THE ISSUE/MAILING DATE.

**ISSUE/MAILING DATE**:

The referenced application has been reviewed by the assigned trademark examining attorney.  Applicant must respond timely and completely to the issue(s) below.  15 U.S.C. §1062(b); 37 C.F.R. §§2.62(a), 2.65(a); TMEP §§711, 718.03.

**Search of Office Records**

The trademark examining attorney has searched the Office's  database of registered and pending marks and has found no conflicting marks that would bar registration under Trademark Act Section 2(d).  TMEP §704.02; *see* 15 U.S.C. §1052(d).

**Section 2(e)(2) Refusal – Geographically Descriptive**

Registration is refused because the applied-for mark is primarily geographically descriptive of the origin of applicant's goods and/or services. Trademark Act Section 2(e)(2), 15 U.S.C. §1052(e)(2); *see* TMEP §§1210, 1210.01(a).

A mark is primarily geographically descriptive when the following is demonstrated:

(1)   The primary significance of the mark is a generally known geographic place or location;

(2)   The goods and/or services for which applicant seeks registration originate in the geographic place identified in the mark; and

(3)   Purchasers would be likely to make a goods-place or services-place association; that is, purchasers would be likely to believe that the goods and/or services originate in the geographic place identified in the mark.

TMEP §1210.01(a); *see In re Societe Generale des Eaux Minerales de Vittel S.A*., 824 F.2d 957, 959, 3 USPQ2d 1450, 1452 (Fed. Cir. 1987); *In re Joint-Stock Co. "Baik,"*  80 USPQ2d 1305, 1309 (TTAB 2006).

The applicant's mark is "FLORIDA VIRTUALSCHOOL" for the services "establishing, developing, and delivering online and distance learning educational programs."   The term "FLORIDA" is primarily geographically descriptive of the origin of the applicant's services because the applicant is located in Florida.  *See attached evidence.*

The addition of generic or highly descriptive wording to a geographic word or term does not diminish that geographic word or term's primary geographic significance. TMEP §1210.02(c)(ii); *see, e.g., In re JT Tobacconists*, 59 USPQ2d 1080 (TTAB 2001) (holding MINNESOTA CIGAR COMPANY primarily geographically descriptive of cigars); *In re Carolina Apparel*, 48 USPQ2d 1542 (TTAB 1998) (holding CAROLINA APPAREL primarily geographically descriptive of retail clothing store services); *In re Chalk's Int'l Airlines Inc.*, 21 USPQ2d 1637 (TTAB 1991) (holding PARADISE ISLAND AIRLINES primarily geographically descriptive of the transportation of passengers and goods by air). The term "VIRTUAL" is defined as "simulated" and the term "SCHOOL" is defined as "any institution at which instruction is given in a particular discipline." *See attached evidence.* Thus, the wording "VIRTUALSCHOOL" is merely descriptive of the applicant's services.

As a result, a Section 2(e)(2) refusal is issued in the present case.

Although applicant's mark has been refused registration, applicant may respond to the refusal(s) by submitting evidence and arguments in support of registration.

**Section 2(f) Suggested**

The application record indicates that applicant has used its mark for a long time; therefore, applicant can seek registration on the Principal Register under Trademark Act Section 2(f), based on acquired distinctiveness. *See* 15 U.S.C. §1052(f); TMEP §1212.05.

To amend the application to Section 2(f) based on five years' use, applicant should submit the following written statement claiming acquired distinctiveness, if accurate:

> **The mark has become distinctive of the goods and/or services through applicant's substantially exclusive and continuous use in commerce for at least the five years immediately before the date of this statement.**

TMEP §1212.05(d). Applicant must verify this statement with an affidavit or signed declaration under 37 C.F.R. §§2.20, 2.33. 37 C.F.R. §2.41(b); TMEP §1212.05(d).

The following is a properly worded declaration under 37 C.F.R. §2.20. Applicant should add this declaration to the end of its response, properly signed and dated by a person authorized under 37 C.F.R. §2.33(a). TMEP §804.01(b).

> The undersigned being warned that willful false statements and the like are punishable by fine or imprisonment, or both, under 18 U.S.C. §1001, and that such willful false statements and the like may jeopardize the validity of the application or document or any registration resulting therefrom, declares that all statements made of his/her own knowledge are true; and all statements made on information and belief are believed to be true.
>
> _____
> (Signature)
>
> _____
> (Print or Type Name and Position)
>
> _____
> (Date)

**Disclaimer Requirement**

If applicant amends the application to seek registration on the Principal Register under Trademark Act Section 2(f), applicant must disclaim "VIRTUALSCHOOL" because such wording appears to be generic in the context of applicant's goods and/or services. *See* 15 U.S.C. §1056(a); *In re Wella Corp.*, 565 F.2d 143, 196 USPQ 7 (C.C.P.A. 1977); *In re Creative Goldsmiths of Wash., Inc.*, 229 USPQ 766 (TTAB 1986); TMEP §1213.03(b).

The following is the accepted format for a disclaimer:

> **No claim is made to the exclusive right to use "VIRTUALSCHOOL" apart from the mark as shown.**

TMEP §1213.08(a)(i).

Applicant must respond to the requirement(s) set forth below.

**Amendment to Identification of Services**

The wording "delivering" in the identification of services needs clarification because it is too broad and could include services classified in other international classes.  *See* TMEP §§1402.01, 1402.03.

Applicant may adopt the suggested amendments, if accurate:

Class 38:  On-line document delivery of documents, video and images via global computer network for online and distance learning education programs; and/or

Class 41:  Establishing and developing online and distance learning educational programs in the field of {specify subject matter}.

For assistance with identifying and classifying goods and/or services in trademark applications, please see the online searchable *Manual of Acceptable Identifications of Goods and Services* at http://tess2.uspto.gov/netahtml/tidm.html.  *See* TMEP §1402.04.

Identifications of services can be amended only to clarify or limit the services; adding to or broadening the scope of the services is not permitted. 37 C.F.R. §2.71(a); *see* TMEP §§1402.06 *et seq.*, 1402.07.  Therefore, applicant may not amend the identification to include services that are not within the scope of the services set forth in the present identification.

If applicant prosecutes this application as a combined, or multiple-class application, then applicant must comply with each of the requirements below for those goods and/or services based on actual use in commerce under Trademark Act Section 1(a):

(1)     Applicant must list the goods/services by international class;

(2)     Applicant must submit a filing fee for each international class of goods and/or services not covered by the fee already paid (current fee information should be confirmed at http://www.uspto.gov); and

(3)     For each additional international class of goods and/or services, applicant must submit:

   (a)    Dates of first use of the mark anywhere and dates of first use of the mark in commerce, or a statement that the dates of use in the initial application apply to that class.  The dates of use, both anywhere and in commerce, must be at least as early as the filing date of the application.;

   (b)    One specimen showing the mark in use in commerce for each class of goods and/or services.  The specimen must have been in use in commerce at least as early as the filing date of the application.  If a single specimen supports multiple classes, applicant should indicate which classes the specimen supports rather than providing multiple copies of the same specimen.  Examples of specimens for goods are tags, labels, instruction manuals, containers, photographs that show the mark on the goods or packaging, or displays associated with the goods at their point of sale.  TMEP §§904.03 *et seq.*  Examples of specimens for services are signs, photographs, brochures, website printouts or advertisements that show the mark used in the sale or advertising of the services. TMEP §§1301.04 *et seq.*;

   (c)    The following statement:  "**The specimen was in use in commerce on or in connection with the goods and/or services listed in the application at least as early as the filing date of the application.**"; and

   (d)    Verification of the statements in 3(a) and 3(c) (above) in an affidavit or a signed declaration under 37 C.F.R. §§2.20, 2.33. Verification is not required where (1) the dates of use for the added class are stated to be the same as the dates of use specified in the initial application, and (2) the original specimens are acceptable for the added class(es).

*See* 15 U.S.C. §§1051(a), 1112, 1127; 37 C.F.R. §§2.32(a)(5), 2.34(a)(1), 2.56(a), 2.71(c), 2.86(a); TMEP §§1403.01, 1403.02(c).

With respect to the requirement in 3(b) above for a specimen for each class of goods and/or services, please note that the specimen(s) of record is acceptable for International Class 41 only.  Applicant must submit additional specimens if other classes are added to the application.

**Response**

If applicant has questions about its application or needs assistance in responding to this Office action, please telephone the assigned trademark examining attorney.

To expedite prosecution of the application, applicant is encouraged to file its response to this Office action online via the Trademark Electronic Application System (TEAS), which is available at http://www.uspto.gov/teas/index.html.  If applicant has technical questions about the TEAS response to Office action form, applicant can review the electronic filing tips available online at http://www.uspto.gov/teas/eFilingTips.htm and email technical questions to TEAS@uspto.gov.

/Angela G. Duong/
Trademark Examining Attorney
Law Office 104
Phone:  (571) 272-1347
Fax:     (571) 273-9104

**RESPOND TO THIS ACTION:** Applicant should file a response to this Office action online using the form at http://www.uspto.gov/teas/eTEASpageD.htm, waiting 48-72 hours if applicant received notification of the Office action via e-mail.  For *technical* assistance with the form, please e-mail TEAS@uspto.gov.  For questions about the Office action itself, please contact the assigned examining attorney.  **Do not respond to this Office action by e-mail; the USPTO does not accept e-mailed responses**.

If responding by paper mail, please include the following information: the application serial number, the mark, the filing date and the name, title/position, telephone number and e-mail address of the person signing the response.  Please use the following address: Commissioner for Trademarks, P.O. Box 1451, Alexandria, VA 22313-1451.

**STATUS CHECK:** Check the status of the application at least once every six months from the initial filing date using the USPTO Trademark Applications and Registrations Retrieval (TARR) online system at http://tarr.uspto.gov.  When conducting an online status check, print and maintain a copy of the complete TARR screen.  If the status of your application has not changed for more than six months, please contact the assigned examining attorney.



**FOLDOC**
Free On-Line Dictionary Of Computing

[Search] [Home] [Contents] [Feedback] [Random]

# virtual

<*jargon*, *architecture*> (Via the technical term virtual memory, probably from the term "virtual image" in optics) 1. Common alternative to logical; often used to refer to the artificial objects (like addressable virtual memory larger than physical memory) created by a computer system to help the system control access to shared resources.

2. Simulated; performing the functions of something that isn't really there. An imaginative child's doll may be a virtual playmate.

Opposite of real or physical.

[Jargon File]

(1994-11-30)

Try this search on Wikipedia, OneLook, Google

---

**Nearby terms:** virgin « virgule « Viron « **virtual** » virtual 86 mode » virtual address » virtual cache

