## IN THE UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## ORLANDO DIVISION

**FLORIDA VIRTUAL SCHOOL,**

**Plaintiff,**

**vs.**                                          **Case No.: 6:20-cv-02354-GAP-EJK**

**K12 INC., and K12 FLORIDA LLC,**

**Defendants.**

_____/

## ANSWER, DEFENSES AND COUNTERCLAIMS OF DEFENDANTS K12 INC. AND K12 FLORIDA LLC TO THE COMPLAINT

For their response to the Complaint of Plaintiff Florida Virtual School ("FLVS"), Defendants Stride, Inc., formerly known as K12 Inc.,[1] and K12 Florida LLC (collectively, "the K12 Defendants"), hereby file their Answer, Defenses and Counterclaims as follows:

## ANSWER

In answer to the separately numbered paragraphs of the Complaint, the K12 Defendants state the following:

---

[1] K12 Inc. changed its corporate name to Stride, Inc. effective December 16, 2020, by filing appropriate papers with the Secretary of State of Delaware. The K12 Defendants have brought Plaintiff's naming error to the attention of Plaintiff and the Court. *See* Dkt. 21.

1.     The allegations asserted in numbered paragraph 1 of the Complaint consist of Plaintiff's characterizations as to the nature of this action, to which no response is required.   To the extent that a response may be deemed to be required, the K12 Defendants state that the Complaint speaks for itself and deny any characterization of Plaintiff's claims that is inconsistent with the Complaint itself.  The K12 Defendants further deny Plaintiff is entitled to any remedy.

2.     The K12 Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations asserted in numbered paragraph 2 of the Complaint and therefore deny those allegations.

3.     The K12 Defendants admit that Defendant Stride, Inc., formerly known as K12 Inc., is incorporated in Delaware and has a place of business in Herndon, Virginia, and deny the remaining allegations asserted in numbered paragraph 3 of the Complaint.  The K12 Defendants, whose mission is to "help learners of all ages reach their full potential through inspired teaching and personalized learning" aver that for students in kindergarten through twelfth grade Stride, Inc., through itself and/or its subsidiaries, is engaged in the business of:  (1) publishing its own proprietary online curriculum and physical learning materials; (2) developing for sale proprietary online school software; (3) providing turnkey school administrative services, from assisting schools with back-office financial management to computers to legal support; (4) providing teaching services to

students in kindergarten through high school; and (5) offering students with the opportunity to have industry-relevant, career-focused electives. The K12 Defendants aver that Stride, Inc. provides these educational products and services: (1) to fully-managed virtual and blended public charter schools, virtual and blended school programs of public school districts, and online private schools; (2) in traditional classrooms; (3) through hybrid virtual/brick and mortar school programs; and (4) directly to families. The K12 Defendants aver that other business activities of Stride, Inc. include offering post-secondary career learning programs to adult learners, through its subsidiaries. These programs include skills training in data science and software engineering, healthcare and medical fields, technology staffing and talent development, and are offered directly to consumers, employers, and government agencies. The K12 Defendants aver that Stride, Inc. performs certain of the foregoing activities in the Orlando Division of the Middle District of Florida.

4.     The K12 Defendants admit that Defendant K12 Florida LLC is a Delaware limited liability company with offices in Jacksonville, FL. The K12 Defendants further aver that K12 Florida LLC is an approved Virtual Instruction Program provider by the Florida Department of Education and has contracted with charter school boards and school districts in the State of Florida to provide certain

of the products and services described above in paragraph 3 of this Answer. The K12 Defendants deny the remaining allegations asserted in paragraph 4.

5.     The allegations asserted in numbered paragraph 5 of the Complaint consist of Plaintiff's characterizations as to the basis for invoking the subject matter jurisdiction of this Court, to which no response is required. To the extent that a response may be deemed to be required, the K12 Defendants admit that this Court has subject matter jurisdiction over this action, but deny Plaintiff is entitled to any remedy.

6.     The allegations asserted in numbered paragraph 6 of the Complaint consist of Plaintiff's characterizations regarding venue, to which no response is required. To the extent that a response may be deemed to be required, the K12 Defendants admit that this Court is an appropriate venue. The K12 Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations asserted in paragraph 6 and therefore deny those allegations.

7.     The K12 Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations asserted in numbered paragraph 7 of the Complaint and therefore deny those allegations.

8.     The K12 Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations asserted in numbered paragraph 8 of the Complaint and therefore deny those allegations.

9.     Regarding the allegations asserted in numbered paragraph 9 of the Complaint, the K12 Defendants state that the terms of Fla. Stat. § 1002.37(2)(b) speak for themselves and deny any characterization of the statute that is inconsistent with its terms.

10.     Regarding the allegations asserted in numbered paragraph 10 of the Complaint, the K12 Defendants state that the terms of Fla. Stat. § 1002.37(2)(c) speak for themselves and deny any characterization of the statute that is inconsistent with its terms.

11.     Regarding the allegations asserted in numbered paragraph 11 of the Complaint, the K12 Defendants state that the terms of Fla. Stat. § 1002.37(2)(c) speak for themselves and deny any characterization of the statute that is inconsistent with its terms.

12.     The K12 Defendants deny the allegations asserted in numbered paragraph 12 of the Complaint as stated.

13.     The K12 Defendants deny the allegations asserted in numbered paragraph 13 of the Complaint as stated.

14.     The K12 Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations asserted in numbered paragraph 14 of the Complaint and therefore deny those allegations.

15.    The K12 Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations asserted in numbered paragraph 15 of the Complaint and therefore deny those allegations.

16.    The K12 Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations asserted in numbered paragraph 16 of the Complaint and therefore deny those allegations.

17.    The K12 Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations asserted in numbered paragraph 17 of the Complaint and therefore deny those allegations.

18.    The K12 Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations asserted in numbered paragraph 18 of the Complaint and therefore deny those allegations.

19.    The K12 Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations asserted in numbered paragraph 19 of the Complaint and therefore deny those allegations.

20.    The K12 Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations asserted in numbered paragraph 20 of the Complaint and therefore deny those allegations.

21.    The K12 Defendants deny the allegations asserted in the first clause of the first sentence of numbered paragraph 21 of the Complaint.    The K12

Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations asserted in the second clause of the first sentence of numbered paragraph 21 of the Complaint.  The K12 Defendants admit that Exhibit A appears to be a copy of a Registration Certificate for the Florida Virtual School mark and includes a disclaimer providing:  "NO CLAIM IS MADE TO THE EXCLUSIVE RIGHT TO USE 'VIRTUAL SCHOOL', APART FROM THE MARK AS SHOWN."  The K12 Defendants admit that Exhibit B appears to be a copy of a Registration Certificate for the FLVS mark.  The K12 Defendants admit that Exhibit C appears to be a copy of a Registration Certificate and the Maintenance Requirements for the Florida Virtual School mark and includes a disclaimer providing:  "No claim is made to the exclusive right to use the following apart from the mark as shown:  'VIRTUAL SCHOOL.'"  The K12 Defendants admit that Exhibit D appears to be a copy of a Registration Certificate and the Maintenance Requirements for the FLVS mark.  The K12 Defendants admit that Exhibit E appears to be a copy of a Registration Certificate and the Maintenance Requirements for the mark FLVS and design.  The K12 Defendants admit that Exhibit F appears to be a copy of a Registration Certificate and the Maintenance Requirements for the mark Florida Virtual School and design and includes a disclaimer providing:  "No claim is made to the exclusive right to use the following apart from the mark as shown:  'VIRTUAL SCHOOL.'"  The K12

Defendants admit that Exhibit G appears to be a copy of a Registration Certificate and the Maintenance Requirements for the mark FLVS Florida Virtual School and design and includes a disclaimer providing:  "no claim is made to the exclusive right to use the following apart from the mark as shown:  'VIRTUAL SCHOOL.'" The K12 Defendants acknowledge the Complaint refers to the federally registered marks owned by the state and used by FLVS as "Asserted Marks."  The K12 Defendants deny the remaining allegations asserted in paragraph 21.

22.     Numbered paragraph 22 of the Complaint asserts legal conclusions to which no response is required.  To the extent that a response may be deemed to be required, the allegations are denied.

23.     Numbered paragraph 23 of the Complaint asserts legal conclusions to which no response is required.  To the extent that a response may be deemed to be required, the allegations are denied.

24.     The K12 Defendants deny Plaintiff's allegations asserted in numbered paragraph 24 of the Complaint.

25.     The K12 Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations asserted in numbered paragraph 25 of the Complaint and therefore deny those allegations.

26.     The K12 Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations asserted in numbered paragraph 26 of the Complaint and therefore deny those allegations.

27.     The K12 Defendants deny the allegations asserted in numbered paragraph 27 of the Complaint, particularly the vague and subjective characterization regarding consumers' association of the Asserted Marks with Plaintiff's services.

28.     The K12 Defendants deny the allegations asserted in numbered paragraph 28 of the Complaint, particularly Plaintiff's vague and subjective characterization regarding Plaintiff's filing of this, or any previous, action.

29.     Regarding Plaintiff's allegations asserted in numbered paragraph 29 of the Complaint, the K12 Defendants admit that Plaintiff previously filed suit against the K12 Defendants on May 18, 2011, but deny any characterization of the claims of that lawsuit that is inconsistent with the pleadings.  The K12 Defendants further admit the suit was filed in the Orlando Division of the Middle District of Florida under Case Number 6:11-cv-831-ORL-31-KRS.

30.     The K12 Defendants deny the allegations asserted in numbered paragraph 30 of the Complaint.

31.     The K12 Defendants deny the allegations asserted in numbered paragraph 31 of the Complaint.

32.     Regarding Plaintiff's allegations asserted in numbered paragraph 32 of the Complaint, the K12 Defendants admit that the parties entered into a Settlement Agreement in November 2015 to resolve and dispose of the prior litigation and to provide a mechanism for resolving future disputes between the parties.  The remaining allegations in paragraph 32 are denied.

33.     Regarding Plaintiff's allegations asserted in numbered paragraph 33 of the Complaint, the K12 Defendants deny any characterization of the terms of the parties' Settlement Agreement that is inconsistent with the documents itself.  The K12 Defendants admit that they and Plaintiff have agreed to the public disclosure of the Settlement Agreement in this case with financial terms redacted.  The remaining allegations of paragraph 33 are denied.

34.     The K12 Defendants deny the allegations asserted in numbered paragraph 34 of the Complaint.

35.     Regarding Plaintiff's allegations asserted in numbered paragraph 35 of the Complaint, the K12 Defendants deny that Exhibit H is a complete copy of a screenshot of Defendants' website, deny that Exhibit H is a current copy of Defendants' website, and deny that the descriptive uses reflected in Exhibit H violate the provisions of the parties' Settlement Agreement.

36.     The K12 Defendants deny the allegations asserted in numbered paragraph 36 of the Complaint.

37.     The K12 Defendants deny the allegations asserted in numbered paragraph 37 of the Complaint.

38.     The K12 Defendants admit that they voluntarily discontinued use of the website references quoted in numbered paragraph 38 of the Complaint.  The remaining allegations in paragraph 38 are denied.

39.     The K12 Defendants deny the allegations asserted in numbered paragraph 39 of the Complaint.

40.     Regarding Plaintiff's allegations asserted in numbered paragraph 40 of the Complaint, the K12 Defendants admit that their descriptive website use of the quoted words does not constitute a breach of the parties' Settlement Agreement and deny the remaining allegations in paragraph 40.

41.     The K12 Defendants deny the allegations asserted in numbered paragraph 41 of the Complaint.

42.     Regarding Plaintiff's allegations asserted in numbered paragraph 42 of the Complaint, the K12 Defendants admit to the use of the Florida Cyber Charter Academy and FCCA marks in the state of Florida.  The K12 Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations asserted in paragraph 42 and therefore deny those allegations.

43.     Regarding Plaintiff's allegations asserted in numbered paragraph 43 of the Complaint, the K12 Defendants admit that in conjunction with Hendry County and Florida District Schools, the K12 Defendants have provided a program which used the marks FLORIDA ONLINE SCHOOL and FLOS.   The K12 Defendants deny that this use started "recently" and deny the remaining allegations in paragraph 43.

44.     Regarding Plaintiff's allegations in numbered paragraph 44 of the Complaint, the K12 Defendants admit that the flos.k12.com website has used a blue and white color scheme but deny Plaintiff's vague and subjective characterization regarding this use and deny the remaining allegations in paragraph 44.

45.     Regarding Plaintiff's allegations in numbered paragraph 45 of the Complaint, the K12 Defendants deny that the screenshots depicted in Exhibit I to the Complaint are complete, accurate or current and deny the remaining allegations in paragraph 45.

46.     The K12 Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations asserted in numbered paragraph 46 of the Complaint, including reference to purported screenshots of the www.flvs.net website marked as Exhibit J, and therefore deny those allegations.

47.     The K12 Defendants deny the allegations asserted in numbered paragraph 47 of the Complaint.

48.     The K12 Defendants deny the allegations asserted in numbered paragraph 48 of the Complaint.

49.     The K12 Defendants deny the allegations asserted in numbered paragraph 49 of the Complaint.

50.     The K12 Defendants deny the allegations asserted in numbered paragraph 50 of the Complaint.

51.     The K12 Defendants deny the allegations asserted in numbered paragraph 51 of the Complaint.

52.     The K12 Defendants deny the allegations asserted in numbered paragraph 52 of the Complaint.

53.     Regarding Plaintiff's allegations asserted in numbered paragraph 53 of the Complaint, the K12 Defendants deny that the screenshot purportedly depicted in Exhibit K is complete, accurate or current and deny the remaining allegations in paragraph 53.

54.     The K12 Defendants deny the allegations asserted in numbered paragraph 54 of the Complaint.

55.     Regarding Plaintiff's allegations asserted in numbered paragraph 55 of the Complaint, the K12 Defendants admit that the incomplete text

accompanying the Comparison Checklist depicted by Exhibit K features certain educational services the K12 Defendants provide.  The K12 Defendants deny all remaining allegations in paragraph 55.

56.    The K12 Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations asserted in numbered paragraph 56 of the Complaint and therefore deny those allegations.

57.    The K12 Defendants deny the allegations asserted in numbered paragraph 57 of the Complaint.

58.    Regarding Plaintiff's allegations asserted in numbered paragraph 58 of the Complaint, the K12 Defendants admit that they have removed reference to FLVS from the Comparison Checklist but deny the remaining allegations in paragraph 58.

59.    The K12 Defendants deny the allegations asserted in numbered paragraph 59 of the Complaint.

60.    The K12 Defendants deny the allegations asserted in numbered paragraph 60 of the Complaint.

61.    The K12 Defendants admit they had previously used the flva.com domain as a redirect to the K12 website.  The remaining allegations in paragraph 61 are denied.

62.     The K12 Defendants deny the allegations asserted in numbered paragraph 62 of the Complaint.

63.     The K12 Defendants deny the allegations asserted in numbered paragraph 63 of the Complaint.

64.     The K12 Defendants deny the allegations asserted in numbered paragraph 64 of the Complaint.

65.     The K12 Defendants deny the allegations asserted in numbered paragraph 65 of the Complaint.

66.     The K12 Defendants deny the allegations asserted in numbered paragraph 66 of the Complaint.

67.     Regarding Plaintiff's allegations asserted in numbered paragraph 67 of the Complaint, the K12 Defendants admit they have not sought or obtained authorization from FLVS for the marks the K12 Defendants used on their website and deny the remaining allegations in paragraph 67.

68.     The K12 Defendants deny the allegations asserted in numbered paragraph 68 of the Complaint.

69.     The K12 Defendants deny the allegations asserted in numbered paragraph 69 of the Complaint.

70.     The K12 Defendants deny the allegations asserted in numbered paragraph 70 of the Complaint.

71.    The K12 Defendants deny the allegations asserted in numbered paragraph 71 of the Complaint.

72.    The K12 Defendants deny the allegations asserted in numbered paragraph 72 of the Complaint.

73.    The K12 Defendants deny the allegations asserted in numbered paragraph 73 of the Complaint.   Specifically, the K12 Defendants deny that Plaintiff satisfied the notice and cure provisions in the Settlement Agreement among the Parties which it was required to satisfy before it filed the Complaint.

**Answering Count I.**

74.    The K12 Defendants reallege and incorporate by reference their answers to the allegations that are set forth above in numbered paragraphs 1 through 73 as if fully set forth herein.

75.    The allegations asserted in numbered paragraph 75 of the Complaint consist of Plaintiff's characterizations as to the nature of this action, to which no response is required.   To the extent that a response may be deemed to be required, the K12 Defendants state that the Complaint speaks for itself and deny any characterization of Plaintiff's claims that is inconsistent with the Complaint itself, and further deny that Plaintiff is entitled to any relief.

76.    The K12 Defendants deny the allegations asserted in numbered paragraph 76 of the Complaint.

77. The K12 Defendants deny the allegations asserted in numbered paragraph 77 of the Complaint.

78. The K12 Defendants are without knowledge or information sufficient to form a belief as to allegations asserted in numbered paragraph 78 of the Complaint and therefore deny those allegations.

79. The K12 Defendants deny the allegations asserted in numbered paragraph 79 of the Complaint.

80. The K12 Defendants deny the allegations asserted in numbered paragraph 80 of the Complaint.

81. The K12 Defendants deny the allegations asserted in numbered paragraph 81 of the Complaint.

82. The K12 Defendants deny the allegations asserted in numbered paragraph 82 of the Complaint.

83. The K12 Defendants deny the allegations asserted in numbered paragraph 83 of the Complaint.

84. The K12 Defendants deny that Plaintiff is entitled to any remedy. The K12 Defendants deny the remaining allegations asserted in numbered paragraph 84 of the Complaint.

## Answering Count II.

85.     The K12 Defendants reallege and incorporate by reference their answers to the allegations that are set forth above in numbered paragraphs 1 through 73 as if fully set forth herein.

86.     The allegations asserted in numbered paragraph 86 of the Complaint consist of Plaintiff's characterizations as to the nature of this action, to which no response is required.  To the extent that a response may be deemed to be required, the K12 Defendants state that the Complaint speaks for itself and deny any characterization of Plaintiff's claims that is inconsistent with the Complaint itself, and further deny that Plaintiff is entitled to any relief.

87.     The K12 Defendants deny the allegations asserted in numbered paragraph 87 of the Complaint.

88.     The K12 Defendants deny the allegations asserted in numbered paragraph 88 of the Complaint.

89.     The K12 Defendants are without knowledge or information sufficient to form a belief as to allegations asserted in numbered paragraph 89 of the Complaint and therefore deny those allegations.

90.     The K12 Defendants deny the allegations asserted in numbered paragraph 90 of the Complaint.

91.     The K12 Defendants deny the allegations asserted in numbered paragraph 91 of the Complaint.

92.     The K12 Defendants deny the allegations asserted in numbered paragraph 92 of the Complaint.

93.     The K12 Defendants deny the allegations asserted in numbered paragraph 93 of the Complaint.

94.     The K12 Defendants deny the allegations asserted in numbered paragraph 94 of the Complaint.

95.     The K12 Defendants deny that Plaintiff is entitled to any remedy.  The K12 Defendants deny the remaining allegations asserted in numbered paragraph 95 of the Complaint.

## Answering Count III.

96.     The K12 Defendants reallege and incorporate by reference their answers to the allegations that are set forth above in numbered paragraphs 1 through 73 as if fully set forth herein.

97.     The allegations asserted in numbered paragraph 97 of the Complaint consist of Plaintiff's characterizations as to the nature of this action, to which no response is required.  To the extent that a response may be deemed to be required, the K12 Defendants state that the Complaint speaks for itself and

deny any characterization of Plaintiff's claims that is inconsistent with the Complaint itself, and further deny that Plaintiff is entitled to any relief.

98.     The K12 Defendants deny the allegations asserted in numbered paragraph 98 of the Complaint.

99.     The K12 Defendants deny the allegations asserted in numbered paragraph 99 of the Complaint.

100.    Regarding the allegations asserted in numbered paragraph 100 of the Complaint, the K12 Defendants state that the '248 Registration speaks for itself and deny any characterization that is inconsistent with the document.   The remaining allegations of paragraph 100 are denied.

101.    Regarding the allegations asserted in numbered paragraph 101 of the Complaint, the K12 Defendants acknowledge the Complaint references collectively the enumerated design marks as the "FLVS Design Marks." The remaining allegations of paragraph 101 are denied.

102.    The K12 Defendants are without knowledge or information sufficient to form a belief as to allegations asserted in numbered paragraph 102 of the Complaint and therefore deny those allegations.

103.    The K12 Defendants deny the allegations asserted in numbered paragraph 103 of the Complaint.

104.    The K12 Defendants deny the allegations asserted in numbered paragraph 104 of the Complaint.

105.    The K12 Defendants deny the allegations asserted in numbered paragraph 105 of the Complaint.

106.    The K12 Defendants deny the allegations asserted in numbered paragraph 106 of the Complaint.

107.    The K12 Defendants deny the allegations asserted in numbered paragraph 107 of the Complaint.

108.    The K12 Defendants deny that Plaintiff is entitled to any remedy.  The K12 Defendants deny the remaining allegations asserted in numbered paragraph 108 of the Complaint.

## Answering Count IV.

109.    The K12 Defendants reallege and incorporate by reference their answers to the allegations that are set forth above in numbered paragraphs 1 through 73 as if fully set forth herein.

110.    The allegations asserted in numbered paragraph 110 of the Complaint consist of Plaintiff's characterizations as to the nature of this action, to which no response is required.  To the extent that a response may be deemed to be required, the K12 Defendants state that the Complaint speaks for itself and

deny any characterization of Plaintiff's claims that is inconsistent with the Complaint itself, and further deny that Plaintiff is entitled to any relief.

111.   The K12 Defendants deny the allegations asserted in numbered paragraph 111 of the Complaint.

112.   The K12 Defendants deny the allegations asserted in numbered paragraph 112 of the Complaint.

113.   The K12 Defendants deny the allegations asserted in numbered paragraph 113 of the Complaint.

114.   The K12 Defendants deny the allegations asserted in numbered paragraph 114 of the Complaint.

115.   The K12 Defendants deny the allegations asserted in numbered paragraph 115 of the Complaint.

116.   The K12 Defendants deny that Plaintiff is entitled to any remedy.  The K12 Defendants deny the remaining allegations asserted in numbered paragraph 116 of the Complaint.

**Answering Count V.**

117.   The K12 Defendants reallege and incorporate by reference their answers to the allegations that are set forth above in numbered paragraphs 1 through 73 as if fully set forth herein.

118. The allegations asserted in numbered paragraph 118 of the Complaint consist of Plaintiff's characterizations as to the nature of this action, to which no response is required. To the extent that a response may be deemed to be required, the K12 Defendants state that the Complaint speaks for itself and deny any characterization of Plaintiff's claims that is inconsistent with the Complaint itself, and further deny that Plaintiff is entitled to any relief.

119. The K12 Defendants deny the allegations asserted in numbered paragraph 119 of the Complaint.

120. The K12 Defendants deny the allegations asserted in numbered paragraph 120 of the Complaint.

121. The K12 Defendants deny the allegations asserted in numbered paragraph 121 of the Complaint.

122. The K12 Defendants deny the allegations asserted in numbered paragraph 122 of the Complaint.

123. The K12 Defendants deny the allegations asserted in numbered paragraph 123 of the Complaint.

124. The K12 Defendants deny the allegations asserted in numbered paragraph 124 of the Complaint.

125.    The K12 Defendants deny that Plaintiff is entitled to any remedy.  The K12 Defendants deny the remaining allegations asserted in numbered paragraph 125 of the Complaint.

## Answering Count VI.

126.    The K12 Defendants reallege and incorporate by reference their answers to the allegations that are set forth above in numbered paragraphs 1 through 73 as if fully set forth herein.

127.    The allegations asserted in numbered paragraph 127 of the Complaint consist of Plaintiff's characterizations as to the nature of this action, to which no response is required.  To the extent that a response may be deemed to be required, the K12 Defendants state that the Complaint speaks for itself and deny any characterization of Plaintiff's claims that is inconsistent with the Complaint itself, and further deny that Plaintiff is entitled to any relief.

128.    The K12 Defendants deny the allegations asserted in numbered paragraph 128 of the Complaint.

129.    The K12 Defendants deny the allegations asserted in numbered paragraph 129 of the Complaint.

130.    The K12 Defendants deny the allegations asserted in numbered paragraph 130 of the Complaint.

131.   The K12 Defendants deny that Plaintiff is entitled to any remedy.  The K12 Defendants deny the remaining allegations asserted in numbered paragraph 131 of the Complaint.

## Answering Count VII.

132.   The K12 Defendants reallege and incorporate by reference their answers to the allegations that are set forth above in numbered paragraphs 1 through 73 as if fully set forth herein.

133.   The allegations asserted in numbered paragraph 133 of the Complaint consist of Plaintiff's characterizations as to the nature of this action, to which no response is required.  To the extent that a response may be deemed to be required, the K12 Defendants state that the Complaint speaks for itself and deny any characterization of Plaintiff's claims that is inconsistent with the Complaint itself, and further deny that Plaintiff is entitled to any relief.

134.   The K12 Defendants deny the allegations asserted in numbered paragraph 134 of the Complaint.

135.   The K12 Defendants deny the allegations asserted in numbered paragraph 135 of the Complaint.

136.   The K12 Defendants deny the allegations asserted in numbered paragraph 136 of the Complaint.

137.   The K12 Defendants deny that Plaintiff is entitled to any remedy.  The K12 Defendants deny the remaining allegations asserted in numbered paragraph 137 of the Complaint.

## Answering Count VIII.

138.   The K12 Defendants reallege and incorporate by reference their answers to the allegations that are set forth above in numbered paragraphs 1 through 73 as if fully set forth herein.

139.   The allegations asserted in numbered paragraph 139 of the Complaint consist of Plaintiff's characterizations as to the nature of this action, to which no response is required.  To the extent that a response may be deemed to be required, the K12 Defendants state that the Complaint speaks for itself and deny any characterization of Plaintiff's claims that is inconsistent with the Complaint itself, and further deny that Plaintiff is entitled to any relief.

140.   The K12 Defendants admit the Settlement Agreement referenced in numbered paragraph 140 of the Complaint is a valid and enforceable agreement between FLVS and the K12 Defendants.

141.   The K12 Defendants deny the allegations asserted in numbered paragraph 141 of the Complaint.

142.   The K12 Defendants deny the allegations asserted in numbered paragraph 142 of the Complaint.

143.    The K12 Defendants deny the allegations asserted in numbered paragraph 143 of the Complaint.

The K12 Defendants deny any allegation in the Complaint not expressly admitted above and specifically deny Plaintiff's alleged entitlement to the relief requested.

## DEFENSES

### First Defense

Plaintiff's claims are barred, in whole or in part, for failure to state claims for relief upon which relief may be granted.

### Second Defense

Plaintiff's claims are barred, in whole or in part, by equitable estoppel and/or unclean hands, including Plaintiff's delay in filing the instant suit and the fact that the Hendry County Board of Education – with full knowledge of the K12 Defendants' adoption of the mark FLORIDA ONLINE SCHOOL and the acronym FLOS for the Hendry County online program – entered into a contract with K12 Florida LLC to provide certain of the products and services described above in numbered paragraph 3 of this Answer.

### Third Defense

Plaintiff's claims are barred, in whole or in part, by laches, waiver, and/or acquiescence, including Plaintiff's delay in filing the instant suit and the fact that the Florida Department of Education – with full knowledge of the K12 Defendants' use of the marks Florida Online School and the acronym FLOS – entered into, and renewed, a contract with K12 Florida LLC to provide to provide certain of the products and services described above in numbered paragraph 3 of this Answer.  Plaintiff's claims are similarly barred because Plaintiff failed to

comply with the notice and cure provision of the Settlement Agreement prior to the filing of the instant suit.

### Fourth Defense

Plaintiff's claims are or may be barred, in whole or in part, by statutes of limitations, including Plaintiff's delay in filing the instant suit.

### Fifth Defense

Plaintiff's trademark claims are barred by prosecution history estoppel, including its disclaimers of the exclusive right to use "Virtual School" apart from the FLORIDA VIRTUAL SCHOOL marks as shown.

### Sixth Defense

Plaintiff's false advertising claims are barred because the challenged statements are truthful and non-misleading.

### Seventh Defense

Plaintiff's claims are barred, in whole or in part, to the extent the marks sought to be enforced here – Florida Virtual School and its acronym FLVS – cannot be used to prevent other operators in online education in Florida from using equally descriptive and non-identical terms to describe their service offerings. Mark ownership cannot prevent other operators in the same space from using descriptive terms to describe their service offerings to consumers.

### Eighth Defense

Plaintiff's claims are barred, in whole or in part, to the extent it failed to take reasonable and necessary steps to mitigate the purported damages that Plaintiff claims it has suffered or will suffer by notifying the K12 Defendants of the alleged injury at an earlier date, in conformance with the notice and cure condition precedent in the Settlement Agreement.

### Ninth Defense

Plaintiff's claims are barred, in whole or in part, by Plaintiff's material breaches of the Settlement Agreement between the parties including, but not limited to, Plaintiff's failure to comply with the notice and cure provisions of the Settlement Agreement prior to filing this lawsuit.

### Tenth Defense

Plaintiff's claims are barred, in whole or in part, to the extent Plaintiff has acted in bad faith, including by delaying filing this lawsuit so that alleged damages could accrue against the K12 Defendants.

### Eleventh Defense

Plaintiff is barred from recovering any of the damages alleged in the Complaint because such alleged damages are too speculative to be recoverable and because Plaintiff failed to mitigate those alleged damages.

**Twelfth Defense**

Plaintiff's request for monetary relief are barred to the extent they are predicated on a claim of initial interest confusion, which has not been recognized by the 11th Circuit Court of Appeals.

**Thirteenth Defense**

Plaintiff's complaint fails to state a claim upon which relief may be granted because Plaintiff failed to comply with the notice and cure provision of the Settlement Agreement prior to the filing of the instant suit.

\*     \*     \*

The K12 Defendants expressly and specifically reserve the right to amend this answer to add, delete, and/or modify defenses based upon orders issued by any court, or based upon legal theories, fact and circumstances that may or will be divulged through discovery and/or further legal analysis of the parties' positions in this litigation.

WHEREFORE, having fully answered, the K12 Defendants respectfully request that this Court:  (i) enter a judgment in the K12 Defendants' favor and against Plaintiff, dismissing the Complaint with prejudice; (ii) find that this is an exceptional case warranting an award of reasonable attorneys' fees to the K12 Defendants; (iii) award the K12 Defendants their costs and expenses incurred in

defending this action; and (iv) award such other relief as this Court may deem just and equitable.

## Demand for Jury Trial

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, the K12 Defendants respectfully demand a trial by jury as to all issues triable of right to a jury.

## COUNTERCLAIMS

For their counterclaims against Florida Virtual School ("FLVS" or "Counter-defendant"), Stride, Inc., formerly known as K12 Inc., and K12 Florida LLC (collectively referred to for purposes of the Counterclaims as the "K12 Defendants," "K12," or "Counterclaimants") state and allege the following:

1.      The K12 Defendants re-allege and incorporate herein by reference the admissions and denials contained in their Answer as if fully set forth herein.

### Jurisdiction and Venue

2.      This Court has subject matter jurisdiction over this action pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331, 1338, 1367, 2201, and/or 2202.

3.      Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b).

### The Parties

4.      Counterclaimant Stride, Inc. has a place of business at 2300 Corporate Park Drive, Herndon, VA, 20171.  Stride, Inc., whose mission is to "help learners of all ages reach their full potential through inspired teaching and personalized learning," avers that for students in kindergarten through twelfth grade Stride, Inc., through itself and/or its subsidiaries, is engaged in the business of:  (1) publishing its own proprietary online curriculum and physical learning materials; (2) developing for sale proprietary online school software; (3) providing

turnkey school administrative services, from assisting schools with back-office financial management to computers to legal support; (4) providing teaching services to students in kindergarten through high school; and (5) offering students with the opportunity to have industry-relevant, career-focused electives.  Stride, Inc. provides these educational products and services:  (1) to fully-managed virtual and blended public charter schools, virtual and blended school programs of public school districts, and online private schools; (2) in traditional classrooms; (3) through hybrid virtual/brick and mortar school programs; and (4) directly to families.  The other business activities of Stride, Inc. include offering post-secondary career learning programs to adult learners, through its subsidiaries. These programs include skills training in data science and software engineering, healthcare and medical fields, technology staffing and talent development, and are offered directly to consumers, employers, and government agencies. Stride, Inc. performs certain of the foregoing activities in the Orlando Division of the Middle District of Florida.

5.      Counterclaimant K12 Florida LLC is a Delaware limited liability company with offices at 9143 Phillips Highway, Suite 590, Jacksonville, Florida, 32256.  K12 Florida LLC is an approved Virtual Instruction Program provider by the Florida Department of Education and contracts with charter school boards and

school districts in the State of Florida to provide certain of the products and services described above in numbered paragraph 4 of this Counterclaim.

6.      Upon information and belief, FLVS is an agency of the Florida state government with its principal offices located at 2145 Metro Center Boulevard, Suite 200, Orlando, FL 32835.

## Facts Common to all Counts

7.      FLVS was created by Florida state law in June 2000, pursuant to Section 228.082 of the Florida Statutes.  The statute enumerated the "powers and duties" of the governing board, including its intellectual property rights.   In particular, the statute explained the board could use and retain revenues derived from "patents, copyrights, trademarks, licenses, and rights or interests thereunder or therein."  Fla. Stat. § 228.082(2)(d).

8.      Since its enactment in June 2000, FLVS's governing statute has been renumbered as Section 1002.37 of the Florida Statutes.  It also has been amended on several occasions.  These amendments changed the entity's name to "Florida Virtual School," *see* Fla. Stat. § 1002.37(1)(a), and they elaborated on the entity's purpose, Fla. Stat. § 1002.37(1)(b).  But in all other respects described above, the nature, governance, and powers of FLVS remain the same.

9.      While FLVS retains "full right of use and full right to retain the revenues derived" from intellectual property, the State continues to own all such

patents, copyrights, trademarks, licenses, and rights or interests thereunder or therein.  Fla. Stat. § 1002.37(2)(c).

10.    FLVS filed applications to register the service marks FLORIDA VIRTUAL SCHOOL and FLVS with the U.S. Patent & Trademark Office ("PTO").  *See* Cmplt., Exs. A–G.  The PTO has issued registrations for the marks. *Id*.

11.    On May 18, 2011, FLVS initiated its first lawsuit against the K12 Defendants challenging the K12 Defendants' use of FLORIDA VIRTUAL ACADEMY and FLORIDA VIRTUAL PROGRAM, and the related acronyms FLVA and FLVP, and alleging that such use violated its FLORIDA VIRTUAL SCHOOL and FLVS trademark registrations.  *See Florida Virtual School v. K12, Inc*., No. 6:11-cv-00831-KRS (M.D. Fla., filed May 18, 2011).

12.    The K12 Defendants argued in defense that FLVS had known about the K12 Defendants' use of those marks virtually from inception.  They also noted that FLVS is a creature of state statute that exists as an agency of the State of Florida, and that the State of Florida, through its Department of Education, specifically authorized the K12 Defendants to operate in Florida after the K12 Defendants disclosed their intention to use the FLORIDA VIRTUAL ACADEMY and FLORIDA VIRTUAL PROGRAM marks and the corresponding acronyms. However, the K12 Defendants found the diversion of resources and attention from

its program to the trademark lawsuit to be unproductive, and it therefore entered into a Settlement Agreement with FLVS after over four years of litigation.  Cmplt. ¶ 32.

13.    The Settlement Agreement was executed by the parties on or about November 3, 2015.  The Settlement Agreement included the following provisions:

- K12 agreed to halt all use of its FLORIDA VIRTUAL ACADEMY, FLORIDA VIRTUAL ACADEMIES and FLORIDA VIRTUAL PROGRAM marks and the corresponding acronyms (collectively, "the K12 marks") by June 30, 2016, and to rebrand its Florida programs, changing the names of all of its goods and services offered under the K12 marks, Ex. 1, ¶ 5(a);

- K12 agreed to change its websites, including uniform resource locators ("URLs"), and to halt promotion and marketing under the K12 marks, *id.* ¶ 5(a)(3);

- K12 agreed to refrain from including the words "Florida" and "Virtual" together in the same mark, regardless of the order in which the words are used in the mark or insertion of other words between these words, for goods or services.  But FLVS agreed that this restriction "shall not prohibit K12 from using the word 'Florida' or the word 'Virtual' individually in a mark (i.e., by using 'Florida' in a mark or 'Virtual' in a mark so long as the mark does not contain both words) . . . or from making non-trademark usage of the words 'Florida' and 'Virtual' in combination, such as by referring to the Florida Virtual Instruction Program established by Florida Statutes § 1002.45," *id.* ¶ 5(d);

- The parties attached to the Settlement Agreement a list of "Approved Marks" to which FLVS did not object, as well as a list of "Prohibited Marks."  But they specifically provided:  "The Parties further agree that K12 is not required to select a mark listed … and that there shall be no presumption against K12's choice of a mark not listed," *id.* ¶ 5(e); and

- The parties appended to the Settlement Agreement as Exhibit 3 thereto a Trademark Quitclaim Assignment dated November 3, 2015, in which K12

"hereby quitclaims, assigns, transfers, and sets over to FLVS any right, title, and interest in and to all rights that K12 may have in the K12 Marks . . . ."

14.     The K12 Defendants further included in the Settlement Agreement a Notice and Cure provision, providing that if FLVS became aware of any instance of a prohibited use of FLVS's marks,  "FLVS shall notify K12 as soon as practicable but in no event later than thirty (30) calendar days from the date upon which FLVS becomes aware of the use." *Id.* ¶ 5(c).

15.     The Settlement Agreement further provided, under a "Conference Prior to Litigation" provision, for the parties to confer and negotiate in good faith in the event that FLVS intended to challenge a new mark chosen by the K12 Defendants, in an effort to resolve the dispute without litigation. *Id.* ¶ 14.

16.     On August 3, 2020, FLVS's litigation counsel from the prior lawsuit invoked the "Conference Prior to Litigation" provision of the Settlement Agreement to challenge references to K12 Defendants' program for the Hendry County School District's statewide online program as the "Florida Online School"; the use of the acronym "FLOS" in reference to the Hendry County program; and descriptive, non-trademark references to the program as "the Florida virtual school powered by K12."  The demand letter from FLVS's litigation counsel gave the K12 Defendants fifteen business days permanently to cease these references.  *See* Cmplt., ¶ 37  (referencing FLVS's "repeated demands for Defendants to cease and desist").

17.    The Hendry County School District is overseen by the Florida State Board of Education.  *See* Fla. Stat. §§ 1001.03(8) & 1001.30.

18.    As stated in an online article posted June 12, 2019, a true and correct copy of which is attached hereto as Exhibit 2, the Florida Online School program was publicly announced in June 2019 – *more than a year earlier than the August 2020 demand of FLVS's litigation counsel* – and it began its inaugural academic year on August 12, 2019, with a publicly available internet site located at www.flos.k12.com.

19.    During the process of conferring among counsel concerning the August 3, 2020 demand letter from FLVS's litigation counsel and a subsequent demand letter dated August 26, 2020, FLVS acknowledged that the K12 Defendants had changed their Florida branding, as provided in the Settlement Agreement, to FLORIDA CYBER CHARTER ACADEMY, but FLVS nevertheless complained that the K12 Defendants were using the domain name flva.com as a redirect to the K12 Defendants' site in violation of the provision in the Settlement Agreement for transfer of domain names featuring the K12 marks. *See* Cmplt., ¶ 37.

20.    FLVS's litigation counsel also raised during the conferral process its assertion that a reference to FLVS in an online piece describing K12's attributes, titled "K12 vs. Competitors," which included a "Comparison Checklist" (the

"Comparison Checklist") that invited consumers to undertake their own comparison between attributes of "K12-Powered Schools" and those of "Other Online Learning Solutions," falsely or misleadingly suggested that FLVS lacked all of the attributes listed in the unchecked boxes under the heading "Other Online Learning Solutions." That is, FLVS asserted that a reasonable consumer would read the invitation to consumers to undertake their own comparisons using the Comparison Checklist as an assertion that each of the competitors lacked each and every one of the attributes characterizing the K12 Defendants' program.0

21.    During the conferral process, the parties conducted Zoom meetings at which the K12 Defendants made the following responses to these contentions:

- With respect to the use of FLORIDA ONLINE SCHOOL and FLOS for the Hendry County program, the K12 Defendants noted that the nomenclature did not violate any restriction in the Settlement Agreement inasmuch as the name selected was not on the Settlement Agreement's "Prohibited List" and thus gave rise to no presumption of a violation. Further, the K12 Defendants stated that an immediate name change after the school year already had begun would create confusion for those who enrolled under the existing names, but the K12 Defendants stated that, regardless of their belief that the use was a permissible use, they did not wish to create a dispute over the name and would explore a change. As the current website for the Hendry County Program shows, the K12 Defendants already have initiated a re-branding of the program to DIGITAL ACADEMY OF FLORIDA.

- With respect to the descriptive use references to a "Florida virtual school powered by K12," the K12 Defendants noted that the Settlement Agreement specifically permitted descriptive, non-trademark usage of the words "Florida" and "Virtual" in combination. Nonetheless, the K12 Defendants agreed to remove the references to avoid an unnecessary dispute, and they have done so. Cmplt., ¶ 38 (acknowledging that Counterclaimants removed the challenged references from the website).

- With respect to the use of the flva.com domain name as a redirect, the K12 Defendants noted that their failure to transfer the flva.com domain to FLVS was inadvertent, and they promised to take immediate steps to complete the transfer of the flva.com domain name to FLVS (which required participation and assistance by FLVS), and they have done so. Cmplt., ¶ 61 (acknowledging that the K12 Defendants transferred the domain name after receiving FLVS's notice).

- With respect to the "Comparative Checklist," the K12 Defendants noted that the entire document, when viewed in context, clearly constituted a non-misleading invitation to consumers to use the blank checklist to compare the attributes of K12's competitors to those of K12. This point focused particularly on the following language appearing with the Checklist: "When comparing K12 to other online learning solutions like Connections Academy, FLVS, and Time4Learning, use this checklist to weigh your options." Nonetheless, Counterclaimants agreed to remove reference to FLVS in identifying K12's Florida competitors, and they have done so. Cmplt., ¶ 58 (acknowledging that Counterclaimants "removed the reference to FLVS in the advertisement").

22.    Despite these actions taken by the K12 Defendants in a good faith effort to avoid this dispute, FLVS filed its lawsuit on December 22, 2020, more than three months after the "Conference Prior to Litigation."

23.    All conditions precedent to bringing these claims have occurred, been satisfied or have been waived.

## COUNT I
### Declaratory Judgment Of No Infringement, No False Advertising, And No Breach For Which Damages Can Be Awarded

24.    Counterclaimants incorporate by reference and reallege the allegations set forth in numbered paragraphs 1 through 23 of their Counterclaim above as if fully set forth herein.

25.     Counter-defendant brought a lawsuit against the Counterclaimants, wrongfully alleging that they engaged in infringement of registered service marks under the Lanham Act, service mark infringement and false designation of origin under the Lanham Act, and common law service mark infringement and unfair competition.

26.     There is an actual and justiciable controversy between Counterclaimants and Counter-defendant as to whether the asserted marks are not infringed, as to whether the challenged statements made by Counterclaimants with respect to the respective goods and services of the parties are truthful and non-misleading, and as to whether Counterclaimants performed their obligations under the Settlement Agreement.

27.     Counterclaimants are entitled to a declaratory judgment to the effect that Counterclaimants have not infringed on any of Counter-defendant's marks; that Counterclaimants have not falsely advertised; and that Counterclaimants have not breached the Settlement Agreement between the Counterclaimants and Counter-defendant or caused any legally cognizable injury to Counter-defendant.

**COUNT II**
**Declaratory Judgment That Counter-defendant Has**
**Violated The Terms Of The Settlement Agreement**

28.     Counterclaimants incorporate by reference and reallege the allegations set forth in numbered paragraphs 1 through 23 of their Counterclaim above as if fully set forth herein.

29.     The Settlement Agreement is a valid and enforceable agreement between Counterclaimants and Counter-defendant.

30.     Counter-defendant has materially breached the Settlement Agreement by failing to notify Counterclaimants "as soon as practicable but in no event later than thirty (30) calendar days from the date upon which FLVS becomes aware of the [prohibited] use," and by failing to confer and negotiate in good faith in an effort to resolve the dispute without litigation

31.     There is an actual and justiciable controversy between Counterclaimants and Counter-defendant as to whether Counter-defendant has breached the terms of the Settlement Agreement and as to the consequences of such breach.

32.     Counterclaimants are entitled to a declaratory judgment to the effect that Counter-defendant has violated the terms of the Settlement Agreement and that its violation precludes monetary recovery related to the breach for which it failed to give seasonable notice.

**COUNT III**

**Breach Of Contract For Failure To Provide Timely Notice To
Counterclaimants For Their Alleged Contractual Violations**

33.     Counterclaimants incorporate by reference and reallege the allegations set forth in numbered paragraphs 1 through 23 of their Counterclaim above as if fully set forth herein.

34.     The Settlement Agreement is a valid and enforceable agreement between Counterclaimants and Counter-defendant.

35.     Counterclaimants have complied with the provisions of the Settlement Agreement, including those related to the notice and cure provision.

36.     Counter-defendant has materially breached the Settlement Agreement's notice and cure provision by failing to notify Counterclaimants "as soon as practicable but in no event later than thirty (30) calendar days from the date upon which FLVS becomes aware of the [prohibited] use," and by failing to confer and negotiate in good faith to resolve Counter-defendant's concerns outside litigation.

37.     Counter-defendant acted willfully, deliberately, and in bad faith in delaying notice to Counterclaimants in order to assert an inflated damages claim for alleged confusion that could have been avoided had Counter-defendant given seasonable notice of its claims.

38.    Counterclaimants have been damaged as a result of Counter-defendant's breach of the Settlement Agreement, including, but not limited to, costs associated with the negotiations and attempts to resolve this dispute outside litigation and the cost of acceding to the demands of Counter-defendant, including the costs of devising and implementing the name change for the Hendry County program.

**COUNT IV**
**Declaratory Judgment That This Case Is Exceptional Under**
**15 U.S.C. § 1117(a)**

39.    Counterclaimants incorporate by reference and reallege the allegations set forth in numbered paragraphs 1 through 23 of their Counterclaim above as if fully set forth herein.

40.    Section 1117(a) of the Lanham Act provides that the Court may, "in exceptional cases" award reasonable attorney fees to the prevailing party.   15 U.S.C. §1117(a).

41.    Counterclaimants seek a declaratory judgment that by reasons of the conduct of Counter-defendant as described above, this case qualifies as exceptional under 15 U.S.C.  §1117(a), and that Counterclaimants are thus entitled to reasonable attorneys' fees.

**Prayer For Relief**

WHEREFORE, Counterclaimants pray that this Court:

A.    enter a decree declaring that Counter-defendant cannot maintain a claim for infringement; that Counter-defendant cannot maintain a claim for false advertising; that Counterclaimants have not breached the Settlement Agreement; and that Counter-defendant has breached the Settlement Agreement.

B.    award Counterclaimants damages for Counter-defendant's breach of the Settlement Agreement, including Counterclaimants costs in defending against Plaintiff's claims, the costs associated with the negotiations and attempts to resolve this dispute outside litigation, and the costs of devising and implementing the name change for the Hendry County program, as well as reasonable attorneys' fees; and

C.    award Counterclaimants such other and further relief as the Court may deem just and appropriate.

**Demand for Jury Trial**

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Counterclaimants respectfully demand a trial by jury as to all issues triable of right to a jury.

Dated:  April 21, 2021                     Respectfully Submitted,

                                           /s/  *Daniel C. Johnson*
                                           Steven P. Hollman (admitted *pro hac vice*)
                                                Trial Counsel
                                           Abraham Shanedling (admitted *pro hac vice*)
                                                Trial Counsel
                                           SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
                                           2099 Pennsylvania Ave., N.W., Suite 100
                                           Washington, D.C. 20006-6801
                                           Tel. (202) 747-1941
                                           Fax (202) 747-3012
                                           shollman@sheppardmullin.com
                                           ashanedling@sheppardmullin.com

                                           Daniel C. Johnson, Trial Counsel
                                           Florida Bar No. 522880
                                           CARLTON FIELDS, P.A.
                                           200 S. Orange Avenue, Suite 1000
                                           Orlando, Florida 32801-3456
                                           Tel. (407) 849-0300
                                           Fax (407) 648-9099
                                           djohnson@carltonfields.com
                                           Secondary:  dcarlucci@carltonfields.com
                                           Secondary:  orlecf@cfdom.net

                                           Eleanor M. Yost, Trial Counsel
                                           Florida Bar No. 1003178
                                           4221 W. Boy Scout Boulevard, Suite 1000
                                           Tampa, Florida 33607-5780
                                           Tel. (813) 229-4395
                                           Fax (813) 229-4133
                                           eyost@carltonfields.com

                                           ***Attorneys for Defendants***
                                           ***Stride, Inc., and K12 Florida LLC***

## **CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing ANSWER, DEFENSES, AND COUNTERCLAIMS OF DEFENDANTS STRIDE, INC. AND K12 FLORIDA LLC has been furnished electronically, through the CM/ECF system, to all counsel of record on this 21th day of April, 2021.

*/s/ Daniel C. Johnson*
Daniel C. Johnson