IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**FLORIDA VIRTUAL SCHOOL,**

          **Plaintiff,**         Case No.: 6:20-cv-02354-GAP-EJK

vs.

**STRIDE, INC., formerly known as
K12 INC., and K12 FLORIDA LLC,**

          **Defendants.**
_____/

**SUR-REPLY OF STRIDE, INC. AND K12 FLORIDA LLC
IN OPPOSITION TO FLVS'S MOTION TO DISMISS**

Pursuant to this Court's Order, Dkt. 37, Counterclaim Plaintiffs Stride, Inc., formerly known as K12 Inc.[1] and K12 Florida LLC (together, "K12") hereby submit this Sur-Reply to Counterclaim Defendant Florida Virtual School's ("FLVS's") Reply to K12's Opposition to Dismissal of K12's Counterclaims (Dkt. 36, "Reply") and FLVS's Motion to Dismiss K12's Counterclaims (Dkt. 32).

**ARGUMENT**

K12's Opposition (Dkt. 33) did not raise new issues outside the scope of FLVS's Motion to Dismiss K12's Counterclaims. K12's Opposition derived from the allegations in the parties' pleadings and was based on a reasonable interpretation

---

[1] K12 Inc. changed its corporate name to Stride, Inc. effective December 16, 2020, by filing appropriate papers with the Secretary of State of Delaware. The K12 Defendants have brought Plaintiff's naming error to the attention of Plaintiff and the Court. *See* Dkt. 21.

of the Settlement Agreement. Rather than complicating these proceedings, K12's Counterclaims are necessary to ensure relief is properly granted and to deter FLVS from abusive use of the parties' Settlement Agreement to stifle legitimate competition for consumers in the Florida online school marketplace. Both K12's *in terrorem* and third-party infringement arguments demonstrate that K12's Counterclaims are proper and should not be dismissed.

**I.    K12's Counterclaims Do Not Challenge the Parties' Valid Settlement Agreement But Rather FLVS's Unreasonable Use And Abuse Of The Agreement to Inhibit Legitimate Competition.**

K12 specifically alleged that FLVS was aware of the challenged use of K12's original marks "virtually from inception" and that adoption of Florida Online School for the Hendry County School District program was announced over one year before FLVS undertook to challenge the branding. Dkt. 29, Counterclaims, ¶¶ 12 & 18. K12 further stated the bases for the positions it took after FLVS delivered its notice challenging K12's actions. *Id.* ¶ 21. It is more than a reasonable inference from these counterclaim allegations that FLVS is making *in terrorem* use of its hyper-aggressive interpretation of the Settlement Agreement in bad faith, to deter legitimate competition.

Nevertheless, FLVS's argues that, with an *in terrorem* argument, K12 seeks to declare the Settlement Agreement unenforceable. Dkt. 36 at 2. Not so. K12 has never alleged that the Settlement Agreement is an invalid and unenforceable

contract, just that FLVS's *in terrorem* use and abuse of the agreement's provisions against K12 are wholly unreasonable. *See* Dkt. 29 at ¶¶ 21–22, 29 & 34. This position is plainly and reasonably inferred from K12's Counterclaims and factual assertions. *Id*. ¶¶ 12, 18, 19, 21–22.

FLVS's improper use of the Settlement Agreement, and its insistence on filing this lawsuit despite K12's prompt affirmative steps to address the challenged conduct, *id*. ¶ 22, demonstrates FLVS's improper *in terrorem* use of the provisions of the Settlement Agreement as mechanisms to suppress K12's lawful and legitimate competition in the marketplace. Absent a declaration and relief from this Court for FLVS's breach, K12 will continue to be harmed by FLVS's anti-competitive behavior.

**II.     FLVS Has Alleged Third-Party Infringement Of Its Marks In Its Complaint But Now Reimagines Its Own Pleadings In Hopes Of Relieving Itself of the Contractual Duty to Provide Timely Notice.**

Both the Complaint and the Counterclaims support the notion that FLVS was required to comport with the 30-day notice provision of the parties' Settlement Agreement. K12 has asserted and still maintains that the Settlement Agreement is a valid and enforceable contract between the parties. *Id*. ¶¶ 29 & 34. Indeed, K12 maintains, regardless of FLVS's reimagining of its pleadings, that FLVS has made "an active effort to violate the spirit and purpose" of the Settlement Agreement justifying K12's breach of contract claims. Dkt. 33 at 16-17.

FLVS's pleadings explicitly alleged prohibited use of the K12 Marks by a party arguably controlled by K12, which triggers even FLVS's most narrow reading of Section 5(c) of the Settlement Agreement. That provision required FLVS to provide notice to K12 within "thirty (30) calendar days" from when FLVS "bec[ame] aware of the use." Settlement Agreement, Dkt. 29-1. FLVS explicitly alleged such instances of allegedly prohibited use by a party arguably controlled by K12, Dkt. 1, Complaint, ¶ 71, but now contends for the first time in its Reply that this allegation is about joint and several liability—not third party infringement. Dkt. 36 at 4.

But the plain language of FLVS's allegation directly implicates actions by third parties. Dkt. 1 ¶ 71. Specifically related to the usage of "Florida Online School" and the acronym "FLOS" by **third-party Hendry County School District**, FLVS's allegations target usage of the challenged marks by a "party who is . . . an Affiliate of K12" as written expressly into Section 5(c) of the Settlement Agreement.

K12's reasonable reading of the Settlement Agreement is that the restrictions on the use of the K12 Marks apply to "any variation thereof," *see* Section 5(a)(2), and to uses that would "be likely to cause confusion," *see* Section 5(e), as FLVS has alleged. Dkt. 1 ¶ 80. FLVS intended to force ***third-party*** Hendry County School District to change the name of the Florida Online School and FLOS program. Thus, third party conduct clearly was implicated by FLVS's allegations under the plain

language of the Settlement Agreement and FLVS's Complaint.  See Dkt. 1, at 20, ¶ 1 (asking the Court permanently to enjoin and restrain "Defendants … *and all those in privity or acting in concert with them, and each and all of them*" from using the Asserted Marks).  This unambiguous pleading demonstrates that FLVS clearly has targeted use of the challenged marks by third-party Hendry County School District in concert with K12.

Under these circumstances, the notice requirement of Section 5(c) plainly was implicated, and it sensibly obligated FLVS to give K12 timely notice that FLVS wanted the Hendry County School District to stop referring to the Hendry County program as Florida Online School.  K12's Counterclaims therefore properly seek a declaratory judgment and relief from FLVS's breach.

## CONCLUSION

For all the foregoing reasons, as well as those stated in K12's Opposition to FLVS's Motion to Dismiss (Dkt. 33), the Court should deny FLVS's Motion to Dismiss K12's Counterclaims.

| | |
|---|---|
| Dated:  July 2, 2021 | Respectfully Submitted, |
| | /s/  Daniel C. Johnson |

Steven P. Hollman (admitted *pro hac vice*)
   Trial Counsel
Abraham Shanedling (admitted *pro hac vice*)
   Trial Counsel
SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
2099 Pennsylvania Ave., N.W., Suite 100
Washington, D.C. 20006-6801
Tel. (202) 747-1941
Fax (202) 747-3012
shollman@sheppardmullin.com
ashanedling@sheppardmullin.com

Daniel C. Johnson, Trial Counsel
Florida Bar No. 522880
CARLTON FIELDS, P.A.
200 S. Orange Avenue, Suite 1000
Orlando, Florida 32801-3456
Tel. (407) 849-0300
Fax (407) 648-9099
djohnson@carltonfields.com
Secondary:  dcarlucci@carltonfields.com
Secondary:  orlecf@cfdom.net

Eleanor M. Yost, Trial Counsel
Florida Bar No. 1003178
4221 W. Boy Scout Boulevard, Suite 1000
Tampa, Florida 33607-5780
Tel. (813) 229-4395
Fax (813) 229-4133
eyost@carltonfields.com

***Attorneys for Defendants***
***Stride, Inc., and K12 Florida LLC***