UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**FLORIDA VIRTUAL SCHOOL,**

       **Plaintiff,**                                                 Case No. 6:20-cv-2354-GAP-EJK

v.

**K12, INC., and K12 FLORIDA, LLC,**

       **Defendants.**
_____/

## PLAINTIFF'S MOTION FOR SANCTIONS

Plaintiff, Florida Virtual School ("FLVS"), requests entry of sanctions against Defendants, K12, Inc., and K12 Florida, LLC (collectively, "K12"), pursuant to Rule 37 of the Federal Rules of Civil Procedure and the Court's inherent authority to prevent non-compliance with the rules and orders of this Court.

As explained in greater detail below, this motion is founded upon K12's deliberate and repeated failure to produce crucial financial data requested by FLVS more than 16 months ago; K12's flagrant non-compliance with Court directives mandating such production; and misrepresentations made by K12's counsel to both FLVS and this Court that fully responsive documents had already been produced.

Such conduct has frustrated FLVS's ability to prosecute its case against K12, and has hampered FLVS's efforts to firmly establish the financial windfall K12 wrongfully obtained through its trademark infringement and false advertising activities which are the subject of this lawsuit. K12 should not be allowed to benefit from such misconduct in this case. At the very least, K12 should be forbidden from offering up or relying upon at trial or via dispositive motion practice any of the financial data which K12 has willfully and knowingly refused to disclose to FLVS, including all such data which purportedly formed the basis of the "summary spreadsheets" noted below.

I.  BACKGROUND

A. FLVS's Claims Against K12

FLVS filed this lawsuit against K12 alleging claims for trademark infringement, unfair competition, false advertising, and breach of contract arising from K12's breach of a settlement agreement. [D.E. 1]. In its Complaint, FLVS alleges that K12 has used certain marks that are nearly identical to FLVS's marks ("Florida Online School" and "FLOS"), and have engaged in deceptive conduct including, among other things: (1) referring to their services as "Florida virtual schooling," (2) describing themselves as a "Florida virtual school powered by

K12," (3) using "Florida" and "Virtual" in close proximity and arrangement on their website materials, (4) copying the color scheme FLVS uses on its website, (5) using the FLVA.com domain to redirect traffic, and (6) using a checklist to convince consumers that K12 offers benefits that FLVS does not. *Id.* at ¶28-73.

## B. Financial Discovery Propounded by FLVS and Documents Produced by K12

On or about August 20, 2021, FLVS served its First Request for Production and First Set of Interrogatories to K12. Of relevance to this Motion, FLVS sought documents and information specifically relating to K12's revenues, expenses, and profits on a statewide, nationwide, and worldwide basis.[1] K12 objected to much of this discovery, but produced some financial documents that were limited to Florida revenues, expenses, and profits. Specifically, K12 produced the following three spreadsheets prepared for the purposes of litigation:[2]

---

[1] Financial discovery is appropriate in this case because damages for trademark infringement are based, in large part, on the alleged infringer's profits. 15 U.S.C. §1117(a). In such a case, it is the plaintiff's burden to prove the infringing defendant's sales, and then it is the defendant's burden to prove all elements of cost or deduction claimed. *Id. See also Wesco Mfg., Inc. v. Tropical Attractions of Palm beach, Inc.*, 833 F.2d 1484, 1487-88 (11th Cir. 1987).

[2] The spreadsheets and financial reports referenced in this motion were marked by K12 as "Highly Confidential," thereby bringing such reports within the scope of the Court's Protective Order [See D.E. 61]. While it questions the legitimacy of such labeling by K12, FLVS presumes for purposes of this motion that the same are, in fact, Highly Confidential. Accordingly, FLVS has refrained from attaching the spreadsheets and reports to this motion, but shall submit the same upon request, as the Court sees fit.

| Bates Number | Description |
|---|---|
| STRIDE0003248 | Summary spreadsheet with information responsive to Interrogatories 15 and 16 and Requests for Production 41, 42, 49, and 50, regarding revenues, gross profits, and net profits for K12's Florida schools. |
| STRIDE0003249 | Summary spreadsheet setting out certain categories of expenses for K12's Florida schools from 2015 through 2022 (partial for 2022, as it was produced mid-year). |
| STRIDE0003250 | Summary spreadsheet responsive to Requests for Production 35 and 36, setting out certain advertising and marketing expenses for K12's Florida schools. |

K12 also produced limited financial reports from its accounting management systems for its schools in Florida, including balance sheets, general ledger reports, trial balance reports, and income statements (*see* documents Bates stamped STRIDE0003251-3368).

On April 1, 2022, in response to motions to compel additional financial documents, specifically those reflecting nationwide and worldwide information, this Court entered an order requiring nationwide materials to be produced but denied the production of worldwide materials [D.E. 75]. On May 20, 2022, in

4

purported compliance with the April 1, 2022 Order, K12 produced three additional spreadsheets:

| Bates Number | Description |
|---|---|
| STRIDE0029406 | Summary spreadsheet setting out certain categories of expenses for "Total Business Unit," for the time period of July 1, 2014, through March 2022. |
| STRIDE0029407 | Summary spreadsheet setting out certain advertising and marketing expenses for K12's Florida schools. This spreadsheet is a duplicate of STRIDE0003250 and does not appear to show any nationwide data. |
| STRIDE0029408 | Summary spreadsheet setting out revenues, gross profits, and net profits, for Total Florida and Total Company. This spreadsheet is largely a duplicate of STRIDE0003248 but includes updated figures for the Florida Schools' 2021-2022 school year and adds figures for Total Company revenues, gross profits, and net profits. |

None of the summary spreadsheets described above were prepared or maintained by the K12 in the ordinary course of business; rather, they were prepared and produced for the purposes of this litigation. Moreover, other than broad descriptive categories and terms, the spreadsheets do not provide details for the stated figures and there is no way to know what data or calculations were

5

used by K12 in preparing the summaries. FLVS was unable to confirm or test the financial information presented in the spreadsheets.

On September 19, 2022, FLVS's counsel informally requested in a phone call that K12 produce the documents used to create the spreadsheets that were produced on May 20, 2022. A written request was then sent via e-mail on September 22, 2022. [D.E. 98-3]. K12 refused to provide this backup documentation, taking the position it would be overly burdensome to produce and that the spreadsheets themselves were fully responsive to the discovery requests seeking documents "sufficient to identify" costs, revenue, profits, etc. Notably, K12 made no mention that backup documents had already been produced (a position they assert later, as discussed below). In any event, based on K12's arguments that backup documents were not clearly requested in the first request to produce, FLVS served a second request to produce specifically seeking "[a]ll documents referenced, used or relied upon to prepare the summaries and information reflected in the spreadsheets produced by Defendant[s] to Plaintiff in this case which were Bates stamped STRIDE0029406-STRIDE0029408."[3] D.E. 102-

---

[3]  It is noted that this request did not seek copies of all underlying receipts, invoices, or other documentation supporting each payment made or received by K12. Rather, it sought whatever materials were referenced, used, or relied upon by K12 to prepare the spreadsheets.

1. K12 objected to this request, asserting that it was "overbroad, unduly burdensome, and disproportionate to the needs of the case." *Id.*

On October 4, 2022, less than two months before the December 1, 2022 discovery deadline in this case, and after FLVS's damages expert, Daniel Gallogly, had completed his initial expert report, K12 produced another summary spreadsheet, Bates stamped STRIDE0030644, which updated the figures from STRIDE0003248 and also included previously unproduced tabs for Corporate COGS (Cost of Goods Sold) and SGA (Selling, General, and Administrative) expenses. No national data was included in this updated spreadsheet.

The following day, October 5, 2022, K12's damages expert, Shirley Webster, completed her expert report. Her calculations rely heavily on the figures provided in the spreadsheets Bates stamped STRIDE0029408 and STRIDE0030644. *See* Expert Rebuttal Report of Shirley Webster dated October 5, 2022, marked Highly Confidential, at notes 243, 276, 292, Schedules 2.0, 2.2, 2.3, and 3.0, and Appendix B. She did not consider the other financial reports produced by K12. *Id.* at Appendix B.

### C. Motions to Compel filed by FLVS for Backup Documents

On October 25, 2022, following multiple conferrals, FLVS filed a motion to compel ("First Motion") which sought, in part, production of financial documents responsive to Requests 36, 43, and 47 of FLVS's first request to produce. D.E. 96. In response, K12 asserted that the summary spreadsheets it prepared for this litigation were sufficiently responsive to the requests. D.E. 98. A second motion to compel by FLVS relating to the second request to produce was filed by FLVS on November 4, 2022 ("Second Motion"). D.E. 102.

### D. K12's Misrepresentations regarding Production of Documents Supporting the Summary Spreadsheets and the Court's Reliance on Same

On November 9, 2022, K12 filed a response to the Second Motion [Doc. 104], to which a declaration of Michael Johnson, K12's Vice President and Assistant Controller, was attached. DE 104-1. After noting that K12 "separately track[s] accounts related to schools managed by K12 in Florida," Johnson stated:

> 6. In response to discovery requests in this litigation, K12 generated financial statements and profit/revenue schedules directly from its electronic accounting systems – Netsuite and PBCS – that provided national revenue and expense line item information at the time the report was generated. K12 produced those to FLVS at Bates Nos. STRIDE0029406-08. K12 also produced line item information regarding the separate accounts maintained with respect to K12's Florida schools. STRIDE0029407-08 & STRIDE0030644. With regard to the Florida Schools, K12 provided specific breakdowns for marketing, advertising personnel,

8

> and computer expenses, as well as information from K12's balance sheets, profit and loss statements, and general ledgers. *See* STRIDE0003248-3368. For consolidated K12 information, the data was pulled at the top level with no school specific filtering.
>
> 7.   It is my understanding that FLVS has recently requested the underlying backup documentation that would demonstrate that the expenses reflected in K12's financial statements were actually incurred, as well as the sources of revenue for K12's operations.
>
> 8.   However, as I explained above, K12 has already produced most of what could be considered "backup documentation" for the schedules.  To locate, compile, and produce any additional backup documentation would pose a significant and labor-intensive burden on K12's finance and accounting personnel, especially for transaction-level information going back to the year 2015.

*Id.* at ¶¶ 5-8.  This Declaration was the first time that K12 cited the financial reports Bates stamped STRIDE0003248-3368 as support for the summary spreadsheets.

At a hearing on November 16, 2022, at which the First Motion and Second Motion were heard, K12's counsel Stephen Hollman, in reliance on Johnson's Declaration, represented to the Court that "documents substantiating the spreadsheet summaries have been produced."  *See* D.E. 110 at 23/25 – 24/1.  In response, Judge Kidd stated:

> So, you know, I'm looking at the discovery request, document sufficient to identify.  I agree with the Plaintiff that that doesn't necessarily mean you should create a document sufficient to identify, which is what happened here, rather you should produce the documents that are sufficient to identify.  *And I take it, Mr. Hollman, from your argument that it's your position that you have produced the documents themselves, even if they're not the specific documents that underlie, you know, each line of the spreadsheet.  Is that your contention?*

9

(emphasis added). *Id.* at 24/19–25/4. Mr. Hollman stated: "That's my understanding. Yes, Your Honor." *Id.* at 25/5-6. Judge Kidd then noted his inclination to "accept Mr. Hollman's representation that [] they have fully responded to the document request, the earlier document request, and that responding to this one [the second request] in terms of the underlying data would be unduly burdensome at this point…" *Id.* at 25/19-22. On November 16, 2022, Judge Kidd did just that, ruling as follows with regard to the First Motion and Second Motion:

> The Motions to Compel are **DENIED** as unduly burdensome in light of Defendant's representation that all documents responsive to Plaintiff's First Requests for Production have already been produced. *However, this ruling is made without prejudice as to Plaintiff's future ability to seek relief from the Court if it discovers that documents underlying the spreadsheets should have been produced in response to its First Requests for Production, but were not*.

D.E. 109 at ¶1.b (emphasis added).

Following additional submissions by the parties, a later order was entered on November 30, 2022, providing, in part, as follows:

> The Court is satisfied with the Defendants' response as to any outstanding discovery. This ruling does not preclude Plaintiff from seeking additional relief, including sanctions, if it later determines that Defendants failed to produce responsive documents.

D.E. 114 at ¶3.

10

**E. Falsity of K12's Representations regarding Supporting Documents**

Contrary to K12's representations, it has *not* produced documents sufficient to support the figures provided in the summary spreadsheets regarding K12's revenues, profits, and expenses since January 1, 2015. Rather, the financial reports identified by K12 as supporting the summary spreadsheets (STRIDE0003251-3368) are mislabeled, incomplete, unreliable, and do not reconcile with the summary spreadsheets. The financial reports provide no support whatsoever for the figures in the summary spreadsheets.

*Records are Mislabeled*: The financial reports pertaining to Florida Online School, n/k/a Digital Academy of Florida ("FLOS/DAOF") were mislabeled on the face of the documents as being Stride Inc. (Consolidated) documents. All the other individual school-related records were labeled with the name of the applicable school. FLVS was unaware of the mislabeling of the FLOS/DAOF documents until it notified K12 in November, 2022, that no FLOS/DAOF financial reports had been produced. In response, K12 pointed out that the metadata – not the titles on the face of the documents -- identified them as FLOS/DAOF records. FLVS should not be required to analyze metadata to determine whether a document is responsive

to a request, but such an analysis would have been fruitless anyway because the metadata was inconsistent with the titles on the documents themselves.

*Records are Incomplete*: The financial records produced by K12 in March of 2022 included inconsistent reports for each Florida school. None of them included financial information for the 2020-2021 and 2021-2022 school years. After being notified by FLVS on December 5, 2022, that there were missing documents from the original production, K12 produced additional records on December 8, 2022, December 16, 2022, January 9, 2023, and January 13, 2023, all of which were too late for FLVS to make use of them in the discovery period. No reason was given as to why the additional records were not previously produced. But even with the production of additional documents, the records are incomplete: missing documents for schools in Broward, Palm Beach, and Hillsborough Counties, as well as FLOS/DAOF, have still not been produced.

*Records are Unreliable*: Of the two balance sheets that were produced for FLOS/DAOF (for the 2019-2020 and 2020-2021 school years), which were mislabeled as Stride Inc. (Consolidated) records, neither of them actually balances Assets to Liabilities and Equity. As acknowledged by K12's own damages expert, Shirley Webster, this is a problem that calls into question the reliability of the

12

figures in those reports.[4]  Moreover, FLOS/DAOF's purported income statement for the 2020-2021 school year reflects no income, which cannot be correct according to K12's summary spreadsheets and other records produced in this case.  Finally, the amount of expenses shown on the income statements do not reconcile with the expenses reflected in the general ledger reports.

*The Financial Reports Cannot be Reconciled with the Summary Spreadsheets*:  The financial records produced by K12 also do not support or provide backup for the revenue and expenses identified in the summary spreadsheets.  For example, given the sheer volume of entries in the general ledger reports, many of which are not well-described, FLVS has been unable to determine which specific expenses contained in those reports were used to calculate the Corporate COGS and SGA expenses for each school found in the spreadsheet Bates stamped STRIDE0030644. In addition, the revenues reflected on the income statements (with one exception) do not reconcile with the revenues reflected on the summary spreadsheets.

---

[4]    When asked in her deposition what it means if a balance sheet doesn't balance, Ms. Webster testified "That means that the accountant needs to look at it, because a balance sheet is intended, so that the assets – total assets is equal to the total of the liabilities and the owner's equity.  I think because of the double-entry accounting system, it should balance. There may be other errors that exist or other adjustments that need to be made to meet accounting principles, but it's as a matter of course, balance means that the total assets equals total liabilities plus owner's equities, then those two numbers should always equal or be balanced, I guess."  *See* Deposition of Shirley Webster at 77/3-15.

### F. The Production of Backup Documents for FLOS/DAOF's Revenue was Clearly not Unduly Burdensome

K12 claimed, both to FLVS and this Court, that it would be unduly burdensome to produce more specific backup documentation to support the summary spreadsheets it prepared for this litigation. However, this claim is not supported, at least as it pertains to the revenue for DAOF/FLOS. On November 17, 2022, FLVS took the deposition of K12, Inc.'s corporate representatives, which was limited to financial issues. One of those witnesses, Thomas Graham, testified at length regarding the revenues of DAOF/FLOS. He identified the specific documents maintained by K12 that would show revenue paid to that school. *See* Dep. K12 Inc. corporate rep, at 172/18-180/1, 183/5-185/22, and 192/20-196/1.[5] At that point, most – if not all -- of the documents identified by Mr. Graham had not been produced by K12 in this case.

Less than a month later, on December 8, 2022, K12 finally produced records described by Mr. Graham. However, these records were not produced by K12 before the depositions of K12's corporate representatives, and thus FLVS was deprived of the opportunity to question Mr. Graham and others about them.

---

[5] Much of this testimony has been marked as Confidential by K12 and, therefore, is not attached as an exhibit to this motion.

Moreover, Mr. Gallogly, FLVS's damages expert, was deprived of the ability to consider the records in preparing his expert reports.

## II. STANDARD OF REVIEW

Pursuant to Federal Rule of Civil Procedure 37, the Court may impose broad sanctions for discovery-related abuses. Pursuant to Federal Rule of Civil Procedure 37(b)(2), the Court has "broad discretion in fashioning appropriate sanctions for violations of discovery orders." *Sussman v. Salem, Saxon & Nielsen, P.A.*, 154 F.R.D. 294, 298 (M.D. Fla. 1994). The Court may impose sanctions "against a party under Rule 37(b)(2) if there is non-compliance with a court order, notwithstanding a lack of willfulness or bad faith, although such factors 'are relevant ... to the sanction to be imposed for the failure."' *In re Seroquel Products Liability Litigation*, 244 F.R.D. 650, 656 (M.D. Fla. 2007). "Rule 37 sanctions are intended to prevent unfair prejudice to the litigants and insure the integrity of the discovery process." *Gratton v. Great Am. Commc'ns*, 178 F.3d 1373, 1374 (11th Cir.1999).

The Court may also impose sanctions based on its inherent power to manage its docket and its cases. *In re Mroz,* 65 F.3d 1567, 1575 (11th Cir.1995) (quoting *Chambers v. NASCO, Inc.,* 501 U.S. 32, 46, 111 S.Ct. 2123, 115

L.Ed.2d 27 (1991)); *Residential Funding Corp. v. Degeorge Fin. Corp.*, 306 F.3d 99, 106–07 (2d Cir. 2002) (courts have the "inherent power to manage [their] own affairs" via sanctions).

### III.     ARGUMENT

K12's failure to timely produce financial documents responsive to FLVS's discovery requests and which support their summary spreadsheets, combined with their misstatements to the Court that supporting documents had been produced when, in fact, they had not, warrants the imposition of sanctions in this case. There is no substantial justification for K12's actions. FLVS made repeated attempts to obtain backup documents for the summary spreadsheets so that it could properly address damages issues in this case, and K12 repeatedly blocked those attempts. K12 knew or should have known that the financial reports produced in March of 2022 did not support the figures reflected in the summary spreadsheets, and yet made misstatements regarding those documents to both FLVS and this Court.

K12's failure to timely produce the financial documents first requested by FLVS in August 2021 and then again in September 2022 has significantly prejudiced FLVS's prosecution of this action in multiple ways: (1) FLVS's damages

expert, Mr. Gallogly, was deprived of the ability to conduct a full analysis of K12's finances pertaining to its Florida schools, (2) Mr. Gallogly was deprived of the ability to do a full rebuttal to the expert report of K12's damages expert, Shirley Webster, and (3) FLVS was unable to fully question K12's corporate representatives and other fact and expert witnesses pertaining to the financial and damages issues relevant to the claims and defenses in this action. K12 should not be permitted to rely on the figures and calculations in its summary spreadsheets, particularly with regard to expenses for which K12 has the burden of proof, when FLVS could not test or verify those figures and calculations.

## IV.  CONCLUSION

FLVS respectfully requests that this Court enter an Order: (i) granting this motion; (ii) prohibiting K12 from disputing or otherwise challenging the calculations and opinions presented by FLVS's expert, Daniel Gallogly, with respect to K12's state and national business revenues; (iii) preventing K12 from introducing or offering any evidence of K12's business expenses; (iv) requiring K12 to reimburse and pay to FLVS all attorney's fees and costs it has incurred as a result of the above-referenced misconduct and discovery violations committed by

K12 and its counsel; and (v) granting to FLVS all additional relief as the Court deems just and appropriate.

FLVS maintains that K12's production of the long overdue—and clearly voluminous—financial data at this late juncture (more than two years after the inception of the case and on the eve of dispositive motion practice) would effectively sandbag and prejudice FLVS. However, to the extent that the Court should find it appropriate and necessary to permit K12's late production of such data, FLVS respectfully requests that the Court: (i) require K12 to produce all such financial data on or before February 10, 2023; (ii) require K12 to bear the financial burden to FLVS resulting from K12's discovery violations and misconduct, including all fees, costs, and expenses incurred by FLVS associated with the review and analysis of such untimely data by its counsel and experts, the retaking of any depositions (upon leave of Court), and supplementation or revision of any expert reports and/or rebuttals (upon leave of Court); and (iii) provide to FLVS the opportunity to serve and file—within 10 business days of its receipt of the outstanding financial discovery/data produced by K12—evidence of all such fees, costs, and expenses which FLVS has incurred and reasonably expects to incur as of the date of such filing arising from the previously-undisclosed financial data.

**CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 3.01(g)**

The undersigned counsel certifies that FLVS's counsel conferred via video conference with counsel for K12 on January 13, 2022, regarding the issues raised in this motion, but no resolutions were reached.  K12 opposes the relief requested in this motion.

Dated:  January 13, 2023

/s/  *Sally R. Culley*
Suzanne Barto Hill
Florida Bar No. 0846694
E-mail: shill@rumberger.com
Sally R. Culley
Florida Bar No. 0095060
E-Mail:  sculley@rumberger.com
Rumberger, Kirk & Caldwell, P.A.
300 South Orange Avenue, Suite 1400
Orlando, Florida 32801
Tel: 407.872.7300
Fax: 407.841.2133

Stephen H. Luther
Trial Counsel
Florida Bar No. 528846
LUTHER LAW PLLC
4767 New Broad Street, # 1029
Orlando, FL 32814
407 501-6711 x101 (Main)
407 501-7049 (Direct)
sluther@lutherlawgroup.com

David J. D'Agata, Esq.
General Counsel
Florida Bar No. 663891

>Luis R. Guzman, Esq.
>Sr. Asst. General Counsel
>Florida Bar No. 570613
>Florida Virtual School
>2145 Metrocenter Blvd., Suite 100
>Orlando, Florida 32835
>Office: 407-513-3451
>ddagata@flvs.net
>luguzman@flvs.net
>
>*Attorneys for Plaintiff, Florida Virtual School*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on January 13, 2023, I e-mailed the foregoing with to the following: **Abraham J. Shanedling** at ashanedling@sheppardmullin.com, 4048674420@filings.docketbird.com, cbrooks@sheppardmullin.com; **Charles H. Spencer-Davis** at cspencerdavis@sheppardmullin.com, **Daniel C. Johnson** at djohnson@carltonfields.com, atokarz@carltonfields.com, orlecf@cfdom.net; **Eleanor Martha Yost** at eyost@carltonfields.com, cstreb@carltonfields.com, IPLIT@carltonfields.com, rpoole@carltonfields.com, **Stephen H. Luther** sluther@lutherlawgroup.com; and **Steven P. Hollman** at shollman@sheppardmullin.com, cbrooks@sheppardmullin.com.

>/s/ *Sally R. Culley*
>Sally R. Culley
>Florida Bar No. 0095060
>E-mail: sculley@rumberger.com