IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**FLORIDA VIRTUAL SCHOOL,**

          **Plaintiff,**         Case No.: 6:20-cv-02354-GAP-EJK

vs.

**STRIDE, INC., formerly known as
K12 INC., and K12 FLORIDA LLC,**

          **Defendants.**
_____/

**STRIDE'S MOTION FOR RULE 37 SANCTIONS AND MEMORANDUM
OF LAW IN SUPPORT**

Pursuant to Rule 37 of the Federal Rules of Civil Procedure, Defendants Stride, Inc., and K12 Florida LLC (together, "Stride") hereby move for sanctions against Plaintiff Florida Virtual School ("Plaintiff or "FLVS") for its failure to comply with the Court's January 26, 2023, Order (Dkt. 123) granting Stride's Motion to Compel Financial Discovery (Dkt. 118).

## INTRODUCTION

With the discovery period now closed, and dispositive motions due in two weeks, Stride brings this Motion to obtain relief based upon Plaintiff's deliberate and repeated failure to produce crucial financial data requested by Stride more than 17 months ago; Plaintiff's clear non-compliance with the Court's Order mandating

such production; and misrepresentations made by Plaintiff's counsel to both Stride and this Court that fully responsive documents already had been produced.

Plaintiff's conduct has frustrated Stride's ability to defend against Plaintiff's claims, including hampering Stride's efforts to firmly establish that Plaintiff's claims that it suffered damages as a result of Stride's challenged conduct are entirely speculative and baseless. Plaintiff should not be allowed to benefit from such misconduct in this case. At the very least, Plaintiff should be forbidden from offering up or relying upon at trial or via dispositive motion practice any of the financial data which Plaintiff willfully and knowingly has refused to disclose to Stride, including all such data which purportedly formed the basis of the summary spreadsheets and schedules upon which its damages expert has relied.

## BACKGROUND

### A.   Plaintiff's Claims For Damages.

In its December 22, 2022, Complaint, Plaintiff alleged trademark infringement, unfair competition, false advertising, and breach of contract against Stride. *See generally* Dkt. 1 (Cmplt.). Based on those allegations (all of which Stride has denied), Plaintiff seeks compensation for a variety of claimed damages, including its own actual damages (including lost profits), disgorgement of Stride's profits, and compensatory and punitive damages incurred as a result of the challenged conduct, as well as legal fees and costs. *Id*. ¶¶ 28-143 & at pp. 20-21

(prayer for relief).  Plaintiff also specifically alleged that Stride's use of the FLORIDA ONLINE SCHOOL and FLOS marks "caused injury to FLVS, including, but not limited to, lost revenue from consumers." *Id*. ¶ 65.

**B.     Financial Discovery Propounded By Stride.**

To fully evaluate and defend against Plaintiff's damages claims, on August 20, 2021, Stride served its First Requests for Production ("RFPs") and Interrogatories ("ROGs") to Plaintiff.  Stride's RFP 32 sought "[a]ll documents and communications provided to or relied upon by any expert witness FLVS retains in this matter," and RFP No. 34 sought "[a]ll documents which evidence, or which were used in calculating, FLVS's claimed damages." Dkt. 118-2.[1]  Stride's ROGs 6, 10, and 13 also asked Plaintiff to explain the basis for its allegations that it suffered injury, including how Plaintiff contends it has been damaged by Stride's challenged alleged conduct and any calculation for Plaintiff's allegations that its injury included "lost revenue from consumers."

---

[1] Financial discovery is appropriate in this case because damages under the Lanham Act are based, in large part, on "damages sustained by the plaintiff," for which Plaintiff bears the burden of proof. *See* 15 U.S.C. § 1117(a); *Optimum Techs., Inc. v. Henkel Consumer Adhesives, Inc.*, 496 F.3d 1231, 1252 (11th Cir. 2007); *St. Charles Mfg. Co. v. Mercer*, 737 F.2d 891, 893 (11th Cir. 1983). Of course, Plaintiff also bears the burden of proof in establishing damages for its unjust enrichment and breach of contract claims. *Optimum Techs., Inc. v. Home Depot U.S.A., Inc.*, 217 F. App'x, 899, 903 (11th Cir. 2007); *Glover v. Gentiva Health Servs.*, No. 6:10-cv-1619-Orl-28KRS, 2012 WL 1389624, at *3 (M.D. Fla. Apr. 20, 2012) (citing *Vega v. T-Mobile USA, Inc.*, 564 F.3d 1256, 1272 (11th Cir. 2009)).

On October 12, 2021, Plaintiff objected to much of the RFPs, although notably, it did *not* lodge any objections based on burden or proportionality and agreed to produce any relevant, non-privileged documents. Plaintiff's concurrent responses to Stride's ROGs did not provide any specific detail or calculations for damages. Instead, Plaintiff objected that seeking damages calculations then was "premature" since the response was before the deadline for expert reports, and Plaintiff stated that it would supplement its responses "at the appropriate time in discovery."

On November 2, 2022, Plaintiff served supplemental responses to Stride's ROGs 10 and 13, which had asked for the basis for Plaintiff's allegations in paragraphs 60 and 65 of the Complaint that Plaintiff had been damaged and for Plaintiff's calculations of such losses. Plaintiff responded that it was relying on the reports of its damages expert, Daniel Gallogly, to calculate alleged damages. *See* Ex. A . Plaintiff's Rule 30(b)(6) representative, Samuel Verghese (who also verified Plaintiff's ROG responses), testified at his November 15, 2022, deposition that Plaintiff was relying on Gallogly to calculate alleged damages. *See* Ex. B (Verghese Rule 30(b)(6) Dep. Tr.) at 18:20-23:21.

On July 1, 2022, Plaintiff served Gallogly's initial expert report, and then on November 7, 2022, served his rebuttal report. Even though Plaintiff stated it was relying on Gallogly for the proposition that it suffered damages, including lost

-4-

profits and revenue, Gallogly stated he had merely *assumed* – without producing, or conducting any investigation of, any evidence whatsoever – that Plaintiff's liability, causation, and damages allegations were true. Gallogly Supp. Expert Report (July 1, 2022) ¶¶ 7-13; Gallogly Rebuttal Report (Nov. 7, 2022) ¶¶ 11-16.[2] Gallogly also did not allocate or apportion his damages calculations between the separate claims in FLVS's Complaint (*e.g.*, he provides no specific damages amount for Plaintiff's trademark infringement versus its false advertising or breach of contract claims).

Nevertheless, to form his opinions on hypothetical damages, Gallogly explicitly relied on various financial summaries, schedules, and spreadsheets from information Plaintiff apparently extracted from its financial databases, without having produced the underlying/backup/source documentation used to prepare those summary documents. *See* Dkt. 118-1. This was particularly so with regard to details and records on Plaintiff's revenues and profits generated from its programs in the relevant time periods of the Complaint. For example, Gallogly relied on Plaintiff's summarized "program cost reports" as well as reconciliations and summaries of Plaintiff's general ledger and journal files and of Plaintiff's student retention and Full Time Equivalent ("FTE") calculations, without providing to Stride the underlying information. *Id*. Thus, neither Stride, nor its rebuttal damages expert,

---

[2]  Both of Gallogly's expert reports were marked by Plaintiff as "Highly Confidential." Consequently, and because of their length, Stride has not attached them to this Motion, but it stands ready to do so upon request by the Court.

Shirley Webster, who submitted her rebuttal report on October 5, 2022, was able to confirm or test the financial information presented in Gallogly's or Plaintiff's summary financial materials supporting Plaintiff's damages calculations.

On November 22, 2022, Stride's counsel sent a written request to Plaintiff to produce the backup/source documentation used to prepare the schedules and spreadsheets upon which Gallogly relied. Dkt. 118-1. On December 2, 2022, Plaintiff agreed to produce "additional underlying documents" used to create the summary documents. Dkt. 118-3 at 2. On December 5, 2022, Plaintiff produced two more spreadsheets, which did not satisfy Stride's request, inasmuch as they did not contain the details or source material for the information referenced in Gallogly's reports.

On December 6, 2022, Stride took the deposition of Gallogly, during which he repeatedly confirmed that his opinions and tables in his reports were based on *summaries* of Plaintiff's relevant financial information, despite the fact that neither he nor Plaintiff had produced the underlying data. Gallogly Dep. Tr. (Dec. 6, 2022) at 12:16-15:16, 60:13-70:2, 201:5-207:8, 232:12-239:22, 271:1-5. At deposition and on the record, Stride's counsel requested that Plaintiff produce it. *Id*. at 203:20-24, 235:20-13 & 237:10-12.[3]

---

[3] Much of Gallogly's deposition testimony has been marked as Highly Confidential by Plaintiff and, therefore, is not attached as an exhibit to this Motion.

On December 14, 2022, Stride's counsel followed up on its requests with Plaintiff's counsel. Dkt. 118-4. On December 16, 2022, Plaintiff produced a handful of documents that appeared to have been sent to Gallogly for use in preparation of his expert report. But these documents also still were summaries and thus did not reflect the underlying details necessary to confirm their accuracy.

### C. Stride's Motion To Compel And The Court's Order Granting It.

On January 13, 2023, counsel for the parties conferred over Zoom, during which Plaintiff's counsel represented that Plaintiff had produced everything that was used to create the summary spreadsheets relied upon by Gallogly. Given that was not in fact so, later that day, Stride filed a motion to compel ("Motion to Compel") the underlying/backup/source documentation, including the information responsive to Stride's RFPs No. 32 and 34. Dkt. 118.

On January 18, 2023 – while Stride's Motion to Compel was still pending – Plaintiff made a supplemental production of documents containing two spreadsheets. Stride's counsel then emailed Plaintiff's counsel asking whether, in light of Plaintiff's production (and despite Plaintiff's counsel's earlier statement that Plaintiff had produced all of the backup information), Plaintiff would agree to additional depositions of Plaintiff's Rule 30(b)(6) representative and Gallogly

regarding the newly produced records. Ex. C at its Exhibit A thereto at 10.[4] Stride's counsel also asked if Plaintiff had produced all of the underlying/backup/source documentation (1) that shows what revenues and profits Plaintiff actually generated from its program during the relevant periods; and (2) that Plaintiff used to prepare the summary schedules and spreadsheet data relied upon by Gallogly. *Id*.

Plaintiff then filed a response to Stride's Motion to Compel, asserting to the Court that it had "***produced its own supporting financial documents***," general ledger reports, and the documents Gallogly used confirm that the "figures he used in his calculations reconciled with FLVS's audited financial statements." Dkt. 122 (emphasis added).

\* \* \*

On January 26, 2023, the Court granted Stride's Motion to Compel, ordering Plaintiff to produce the backup documents by the Court's discovery deadline (February 1, 2023). Dkt. 123; *see* Dkt. 116 (setting February 1, 2023 discovery deadline).

### D. Plaintiff's Continued Misrepresentations Regarding Production Of Documents Supporting Summary Spreadsheets

On January 25, 2023 – a day before the Court's Order – Plaintiff's counsel emailed that Plaintiff's January 18, 2023, production consisted of two general ledger

---

[4] Stride has redacted portions of Exhibit C, and its attached Exhibit A thereto, which depict material labeled Confidential or Highly Confidential.

-8-

reports that had "inadvertently not been produced," but that with those documents "*FLVS believes that it has produced all financial reports that support the record reviewed by Mr. Gallogly.*" Ex. C at its Exhibit A thereto at 10. Plaintiff's counsel also refused to make either Plaintiff's corporate representative or Gallogly available for additional deposition testimony regarding these materials. *Id*. at 9.

Stride's counsel responded on January 25, 2023 with a detailed email explaining why, even with Plaintiff's supplemental production and representations, Plaintiff still had not produced documentation supporting the summary records upon which Gallogly relied for his opinions on alleged damages. Ex. C at its Exhibit A thereto at 2.[5]

On February 1, 2023 (the discovery deadline), Plaintiff produced five additional documents, including what Plaintiff claimed to be spreadsheets showing Plaintiff's final FTE calculations for the 2020-2021 school year and the FTE source data for the 2021-2022 school year. Plaintiff's counsel then emailed that, with the exception of the document produced that day, Plaintiff had "produced all documents that Mr. Gallogly received and relied upon in the preparation of his reports," and that Plaintiff had "*produced the underlying financial data supporting Mr. Gallogly's calculations*." Ex. C at its Exhibit A thereto at 2 (emphasis added).

---

[5] The red text on pages 2-8 of the Exhibit A included with Exhibit C are responses from counsel for Plaintiff.

**E.      Falsity Of Plaintiff's Representations Regarding Supporting Documents**

Contrary to Plaintiff's and its counsel's representations, and in violation of the Court's January 26, 2023 Order, Plaintiff has *not* produced backup data or documentation "supporting" the figures provided in the summary spreadsheets and schedules regarding Plaintiff's revenues and profits upon which Gallogly relied.

Rather, as detailed to Plaintiff in a February 7, 2023 letter to counsel, and also during a February 14, 2023 Zoom conferral, the financial reports produced and identified by Plaintiff as supporting the summary numbers relied upon by Gallogly for his damages calculations are incomplete and unreliable, and they do not reconcile with the summary spreadsheets.  Ex. C.  The financial documents Plaintiff has produced do not adequately support the figures in its summary spreadsheets and schedules, and are deficient:

***Incomplete Student Retention Data***:   To calculate Plaintiff's "future" lost profits related to Stride's former Florida Online School for the school years 2021-2022 through 2032-2033,[6] Gallogly, among other steps, purported to use Plaintiff's historical student retention rates to project FTEs at Florida Online School for later years.  Gallogly July 1, 2022 Rep. at 17.  Gallogly said that Plaintiff maintains a "student information management system" with enrollment data that can be "queried

---

[6] Stride disputes Plaintiff can even establish "future" lost profits resulting from the Florida Online School, given that, among other obvious reasons, Stride already changed that school's name to Digital Academy of Florida ("DAOF") effective as of January 1, 2021.

by authorized FLVS staff to gather data" to calculate Plaintiff's retention rates, and that Stephen Sutton, a Senior Manager for "Data Science, Analysis, Assessment, and Accountability" for Plaintiff, performed certain "queries" of that data and then provided Gallogly with only a summary of it, which Gallogly reproduced as Table 6 to his report. *Id*.; *see also* Gallogly Dep. Tr. at 204:8-207:8 (admitting the same).[7]

In response to Stride's request for Plaintiff to produce the data underlying the summary spreadsheet, Plaintiff produced a spreadsheet Bates stamped FLVS00128136, which its counsel claims was used to create Gallogly's Table 6. However, this file essentially is a carbon copy of Gallogly's Table 6. Plaintiff still has not produced the underlying source data used to support that table. Nor, at a minimum, has Plaintiff (or Gallogly) provided any clarity into the "data queries" of Plaintiff's student management system to generate its retention rates. As such, Stride has no way of verifying the reliability of Plaintiff's retention figures.

***Incomplete FTE Source Documents*:**  On February 1, 2023, Plaintiff produced a spreadsheet Bates labeled FLVS00470382, which its counsel represented shows Plaintiff's FTE calculations for School Year 2020-2021 and School Year

---

[7]  Any argument that Stride should have taken the deposition of Stephen Sutton would be completely disingenuous. Until Gallogly's deposition on December 6, 2022, Stride reasonably assumed that Gallogly could testify to the processes Sutton used to query Plaintiff's data and that Plaintiff would produce the underlying data before the February 1, 2023 discovery deadline. That is why, once it became clear that neither assumption was correct, and even after Stride filed its Motion to Compel, on January 25, 2023, Stride's counsel requested an additional deposition of Plaintiff's corporate representative and of Gallogly in an attempt to resolve the matter. Ex. C at its Exhibit A thereto at 10. But Plaintiff refused that request. *Id*. at 9.

2021-2022 in summarized view. Plaintiff's counsel also represented that Plaintiff was producing the "source data" for these calculations. But based on Stride's and its rebuttal damages expert's review, only some of that source data matches up to the information in FLVS00470382, whereas other data, such as for Total FEFP (Florida Education Finance Program) still lack source data.

***Other Deficiencies In Reconciling Plaintiff's Financial Documents With Gallogly's Report:*** As further part of his analysis of damages for Plaintiff's claimed "future lost revenue," Gallogly also apparently was provided with a "reconciliation" of balances extracted from Plaintiff's general ledgers to totals on its program cost reports and the audited financial statements. Gallogly July 1, 2022 Rep. at 24. Gallogly presented that information in Exhibits E-2 to E-4 of his report. But because that was only summarized/extracted data, Stride subsequently requested the backup documentation. Dkt. 118-1 at 2. On January 18, 2023, Plaintiff produced general journal documents for Fiscal Years 2019 and 2020 Bates labeled FLVS00470381 and FLVS00470380, respectively. But based on Stride's and its rebuttal damages expert's review, the data provided in those files do not match or support the data in the general ledger information Plaintiff provided in the document FLVS00470287, and therefore the data do not match the corresponding Gallogly's Exhibit E-4.

Gallogly also relied on revenue and cost information from Plaintiff's Program cost reports (summaries of Plaintiff's financial information). Stride therefore

requested the underlying/backup/source documentation for those reports. Dkt. 118-1 at 2. While, in response, Plaintiff produced further program cost files, these files do not match or provide support for all of the expenses included in Gallogly's exhibits. Indeed, at counsel's February 14, 2023 meet and confer, Plaintiff's counsel admitted that Plaintiff's program cost reports do *not* show all revenue costs – only direct revenue and costs associated with each of Plaintiff's program. Accordingly, Stride is unable fully to verify that the numbers in Gallogly's report are testable, accurate, or reliable.

## ARGUMENT

Courts have broad discretion to impose sanctions on any party "for not obeying a discovery order." Fed. R. Civ. P. 37(b)(2)(A); *see also* Fed. R. Civ. P. 37(d); *Gratton v. Great Am. Commc'n*, 178 F.3d 1373, 1374 (11th Cir. 1999). That broad discretion includes the imposition of monetary sanctions against the parties or the attorneys, exclusion of evidence, and even dismissal of the action in whole or in part. Fed. R. Civ. P. 37(b)(2)(A)(i)-(vii); *see also* Fed. R. Civ. P. 41(b); *Bray & Gillespie Mgmt., LLC v. Lexington Ins. Co.*, No. 6:07-cv-0222-Orl-35KRS, 2010 WL 55595, at *2 (M.D. Fla. Jan. 5, 2010). Indeed "Rule 37 sanctions are intended to prevent unfair prejudice to the litigants and ensure the integrity of the discovery process." *CS Bus. Sys., Inc. v. Schar*, No. 5:17-cv-86-Oc-PGB-PRL, 2017 WL

9939116, at *1 (M.D. Fla. Sept. 5, 2017) (citation omitted)). Applying these standards, the Court should impose appropriate sanctions.

Plaintiff's failure timely to produce the requested financial documents first requested by Stride in August 2021 and requested again in November 2022 – and Plaintiff's refusal even to offer additional deposition testimony as a halfway measure – has significantly prejudiced Stride's defense of this action in multiple ways: (1) Stride's rebuttal damages expert, Webster, was deprived of the ability to conduct a full analysis of Plaintiff's relevant finances pertaining to its Florida Virtual School program; (2) Webster was deprived of the ability to do a full rebuttal to the expert report of Plaintiff's damages expert, Gallogly; and (3) Stride was unable fully to question Gallogly, Plaintiff's corporate representatives, and other fact and expert witnesses pertaining to the financial and damages issues relevant to the claims and defenses in this action. *See, e.g.*, *U & I Corp. v. Advanced Med. Design, Inc.*, No. 8:06-cv-2041-T-17EAJ, 251 F.R.D. 667, 674-76 (M.D. Fla. March 26, 2008) (imposing Rule 37 sanctions where "the record demonstrate[d] beyond dispute that AMD incurred unnecessary expense and delays in attempting to obtain U & I's compliance with legitimate discovery requests" and "U & I repeatedly delayed the production of responsive documents").

As Defendant, Stride "must be allowed to present its best defense and obtain the evidence allowing it do so," but because of Plaintiff's conduct, Stride "is left

-14-

with little or no ability to defend against some of the allegations and damage claims." *See Gorozhankin v. Klebener*, No. 3:09-cv-59-J-20TEM, 2011 WL 13295124, at \*3 (M.D. Fla. March 18, 2011) (granting Rule 37 sanctions to preclude from introduction and use at trial or in any dispositive motions any material that would have been responsive to the discovery requests contained in the motion to compel).

Just as in *Gorozhankin*, where the court found defendant was prejudiced "in having to file its potentially dispositive motion for summary judgment without the benefit of the sought discovery," so too here is Stride prejudiced, given that the dispositive motions deadline is merely two weeks away (Dkt. 116), and Plaintiff has not produced the necessary backup materials regarding its damages claims or even permitted limited follow up depositions. *Id*. at \*4.

Therefore, Plaintiff should not be permitted to rely on the figures and calculations of its damages claims or on Gallogly's summary spreadsheets, particularly with regard to any damages (including lost profits and revenue) for which Plaintiff has the burden of proof, when Stride has been prevented from testing or verifying those figures and calculations. *See e.g.*, *id*. (holding "Plaintiffs should not be permitted to reap any potential benefit from responsive discovery materials identified after the discovery deadline"); *see also Bray & Gillespie*, 2010 WL 55595 at \*6 (imposing Rule 37 sanctions on plaintiff and awarding fees and costs).

## CONCLUSION

For all of the foregoing reasons, the Court should grant this Motion, and enter an Order (i) prohibiting Plaintiff from introducing, offering any evidence, or otherwise supporting its claims with any opinion by its expert Daniel Gallogly with respect to damages sustained by Plaintiff, including any lost profits; (ii) preventing Plaintiff from introducing or offering any evidence of its damages, including historical or projected lost revenues and profits; (iii); awarding Stride its reasonable expenses and attorneys' fees incurred as a result of the above-referenced misconduct and discovery violations committed by Plaintiff and its counsel, *see* Fed. R. Civ. P. 37(a)(5)(A); and (iv) granting to Stride all additional relief as the Court deems just and appropriate.

Stride maintains that Plaintiff's production of the long overdue – and seemingly voluminous – financial data at this late juncture (more than two years after the inception of the case and on the eve of dispositive motions practice) effectively would sandbag and prejudice Stride. However, to the extent that the Court should find it appropriate and necessary to permit Plaintiff's late production of such data, Stride respectfully requests that the Court: (i) require Plaintiff to produce all such financial data within five days of the Court's order on this Motion; (ii) require Plaintiff to bear the financial burden to Stride resulting from Plaintiff's discovery violations and misconduct, including all fees, costs, and expenses incurred

by Plaintiff associated with the review and analysis of such untimely data by its counsel and experts, the retaking of any depositions (upon leave of Court), and supplementation or revision of any expert reports and/or rebuttals (upon leave of Court); and (iii) provide to Stride the opportunity to serve and file – within 10 business days of its receipt of the outstanding financial discovery/data produced by Plaintiff—evidence of all such fees, costs, and expenses which Stride has incurred and reasonably expects to incur as of the date of such filing arising from the previously-undisclosed financial data.

## **LOCAL RULE 3.01(g) CERTIFICATION**

The undersigned certifies that Defendants' counsel has meaningfully and in good faith conferred with counsel for Plaintiff via email as set forth above and during a Zoom conversation on February 14, 2023, but the Parties were unable to resolve the issues underlying this motion.

Dated:  February 15, 2023      /s/  *Steven P. Hollman*

Steven P. Hollman (admitted *pro hac vice*)
   Trial Counsel
Abraham Shanedling (admitted *pro hac vice*)
   Trial Counsel
Charles Spencer-Davis (admitted *pro hac vice*)
   Trial Counsel
SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
2099 Pennsylvania Ave., N.W., Suite 100
Washington, D.C. 20006-6801
Tel. (202) 747-1941
Fax (202) 747-3012
shollman@sheppardmullin.com
ashanedling@sheppardmullin.com
cspencerdavis@sheppardmullin.com

Daniel C. Johnson, Trial Counsel
Florida Bar No. 522880
CARLTON FIELDS, P.A.
200 S. Orange Avenue, Suite 1000
Orlando, Florida 32801-3456
Tel. (407) 849-0300
Fax (407) 648-9099
djohnson@carltonfields.com
Secondary:  dcarlucci@carltonfields.com
Secondary:  orlecf@cfdom.net

Eleanor M. Yost, Trial Counsel
Florida Bar No. 1003178
4221 W. Boy Scout Boulevard, Suite 1000
Tampa, Florida 33607-5780
Tel. (813) 229-4395
Fax (813) 229-4133
eyost@carltonfields.com

**Attorneys for Defendants**
**Stride, Inc., and K12 Florida LLC**