IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**FLORIDA VIRTUAL SCHOOL,**

        **Plaintiff,**        Case No.: 6:20-cv-02354-GAP-EJK

vs.

**STRIDE, INC., formerly known as
K12 INC., and K12 FLORIDA LLC,**

        **Defendants.**
_____/

**TIME SENSITIVE AND OPPOSED MOTION OF DEFENDANTS FOR LEAVE TO FILE A COMBINED SUMMARY JUDGMENT MOTION EXCEEDING TWENTY-FIVE PAGES AND MEMORANDUM OF LAW IN SUPPORT**

Pursuant to Middle District of Florida Local Rule 3.01(a) and (e), Defendants Stride, Inc., and K12 Florida LLC, hereby file this time sensitive motion and respectfully request leave to exceed the Court's 25 page limit for motions by filing a combined motion for summary judgment, not to exceed 50 pages. In support, Defendants state the following:

**<u>TIME SENSITIVE NATURE OF MOTION</u>**

In accordance with Local Rule 3.01(e), Defendants advise the Court that this is a Time Sensitive Motion because it seeks relief with respect to Defendants' motions for summary judgment due by March 1, 2023. Since those motions are due

by March 1, 2023, Defendants respectfully requests a ruling on this Motion by Monday, February 27, 2023.

## MOTION TO FILE COMBINED MOTION FOR SUMMARY JUDGMENT UP TO FIFTY (50) PAGES

1. Defendants each seek to move for summary judgment under Rule 56 of the Federal Rules of Civil Procedure.

2. While Local Rule 3.01(a) limits the length of motions to 25 pages, good cause exists for permitting Defendants to extend that limit to 50 pages for one combined summary judgment motion. As an initial matter, Stride, Inc. and K12 Florida LLC, are separately legal entities and are both named as defendants. Thus, each could file its own 25-page motion for summary judgment which, taken together, would total fifty (50) pages. In the interest of efficiency, however, given their arguments would essentially be duplicative, Defendants propose to file only one, combined summary judgment motion.

3. More than 25 pages is necessary for Defendants' combined motion. The facts relevant to this dispute span more than a decade, including the Parties' history of offering educational services in Florida, the Parties' prior litigation, and the settlement of the prior litigation. Discovery, which lasted nearly two years, resulted in considerable document production and deposition testimony from more than twenty deponents. Granting this motion will allow Defendants completely to

address the undisputed facts germane to the matters of law presently ripe for resolution.

4. Thorough application of the relevant law to the undisputed facts further necessitates additional pages for Defendants to argue their positions to the Court. FLVS's Complaint includes eight counts against Stride. *See* Dkt. 1 (Cmplt.). The law related to trademark infringement and unfair competition requires distinct application of multi-factor tests to the undisputed facts. So too the law related to false advertising and the law related to breach of contract require separate and distinct arguments. To fully and completely apprise the Court of the facts and matters of law pertinent to the resolution of the claims against Defendants, more than 25 pages is necessary.

5. Defendants do not make this request for any improper or unwarranted purpose. And no discernable prejudice would result to Plaintiff. To the contrary, permitting Defendants to file a combined summary judgment motion will increase judicial efficiency be requiring Plaintiff to only respond to one motion. The Court has the inherent power and jurisdiction to manage its docket and grant the relief sought in this Motion. *See Mingo v. Sugar Cane Growers Co-op. of Fla.*, 864 F.2d 101, 102 (11th Cir. 1989); *Murray v. CBRE, Inc.*, No. 8:20-cv-1760, 2021 WL 5167702, at *1 (M.D. Fla. Oct. 19, 2021).

\*   \*   \*

The Court should grant Defendants' motion for leave to file a motion for summary judgment not to exceed 50 pages.

## LOCAL RULE 3.01(g) CERTIFICATION

The undersigned certifies that Defendants' counsel has meaningfully and in good faith conferred with counsel for Plaintiff via email on February 22 & 23, 2023, and counsel for Plaintiff represented that Plaintiff opposes this motion.

Dated: February 23, 2023                /s/ *Steven P. Hollman*

                                         Steven P. Hollman (admitted *pro hac vice*)
                                            Trial Counsel
Abraham Shanedling (admitted *pro hac vice*)
   Trial Counsel
Charles Spencer-Davis (admitted *pro hac vice*)
   Trial Counsel
SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
2099 Pennsylvania Ave., N.W., Suite 100
Washington, D.C. 20006-6801
Tel. (202) 747-1941
Fax (202) 747-3012
shollman@sheppardmullin.com
ashanedling@sheppardmullin.com
cspencerdavis@sheppardmullin.com

Daniel C. Johnson, Trial Counsel
Florida Bar No. 522880
CARLTON FIELDS, P.A.
200 S. Orange Avenue, Suite 1000
Orlando, Florida 32801-3456
Tel. (407) 849-0300
Fax (407) 648-9099
djohnson@carltonfields.com
Secondary: dcarlucci@carltonfields.com
Secondary: orlecf@cfdom.net

Eleanor M. Yost, Trial Counsel
Florida Bar No. 1003178
4221 W. Boy Scout Boulevard, Suite 1000
Tampa, Florida 33607-5780
Tel. (813) 229-4395
Fax (813) 229-4133
eyost@carltonfields.com

***Attorneys for Defendants
Stride, Inc., and K12 Florida LLC***