UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

FLORIDA VIRTUAL SCHOOL**,**

 Plaintiff,

v.

         Case No. 6:20-CV-02354-GAP-EJK

K12, INC., and K12 FLORIDA, LLC,

 Defendants.

_____ /

## FLVS'S ANSWER AND AFFIRMATIVE DEFENSES TO K12'S COUNTERCLAIM

Plaintiff, Florida Virtual School ("FLVS"), by and through its undersigned counsel, answers and asserts affirmative defenses against the Counterclaim filed by Defendants, K12, Inc., and K12 Florida, LLC ("K12"), as follows:

### ANSWER

1. Neither admitted nor denied. FLVS re-asserts and incorporates herein by reference the assertions contained in its Complaint.

### Jurisdiction and Venue

2. Denied as to the Counterclaim.

3. Admitted.

**The Parties**

4. Admitted that: (1) K12 has a place of business at 2300 Corporate Park Drive, Herndon, VA, 20171; (2) K12 provides online educational services for public and private schools, school districts, charter boards, and individuals nationwide; and (3) K12 provides services in the Orlando Division of the Middle District of Florida. Otherwise denied.

5. Admitted.

6. Admit that FLVS is an agency of the Florida state government and owner of the referenced marks. Denied as to the address. FLVS's principal offices are located at: 5422 Carrier Drive, Suite 201, Orlando, Florida 32819.

**Facts**

7. Denied.

8. Admit that Stride used the marks at certain points in time. Otherwise denied.

9. Admitted that FLVS has developed and delivered online and distance learning education to Florida high school students since 1997. Otherwise denied.

10. Admitted that FLVS was originally named Florida Online High School. Otherwise denied.

11. Admitted.

12. Admitted that FLVS did not provide online programs for pre-kindergarten students. Otherwise denied.

13. Admitted that the 2007-2008 Legislative Report speaks for itself. Otherwise denied.

14. Admitted that the Strategic Plan for 2014-2017 speaks for itself. Otherwise denied.

15. Admitted that FLVS contracted with Connections Academy in 2008 and that the contract speaks for itself. Otherwise denied.

16. Admitted that the FLVS Board of Directors approved the transfer of sixth through eighth grade operations from Connections Academy to FLVS. Otherwise denied.

17. Admitted.

18. FLVS is without sufficient knowledge to admit or deny. Therefore denied.

19. FLVS is without sufficient knowledge to admit or deny. Therefore denied.

20. Denied as phrased. FLVS admits that it immediately began contesting K12's early infringement of FLVS's marks.

21. FLVS is without sufficient knowledge to admit or deny. Therefore denied.

22. Admitted that FLVS filed a trademark application for FLORIDA VIRTUALSCHOOL on September 22, 2009, and that the use-based application was assigned Serial No. 77832081. The relevant trademark application speaks for itself. Otherwise denied.

23. The December 23, 2009 Office Action speaks for itself. Otherwise denied.

24. The February 24, 2010 Response speaks for itself. Otherwise denied.

25. Denied.

26. The Labutta Declaration speaks for itself. Otherwise denied.

27. The Kruppenbacher Declaration speaks for itself. Otherwise denied.

28. Denied.

29. Admitted that the references cited in footnote 3 speak for themselves. Otherwise denied.

30. Denied.

31. Denied.

32. Denied.

33. Denied.

34. The February 26, 2010 Final Office Action speaks for itself. Otherwise denied.

35. Registration No. 3, 830, 765 speaks for itself. Otherwise denied.

36. Admitted that FLVS filed the referenced application which was assigned Serial No. 850004457.

37. Trademark Application Serial No. 850004457 speaks for itself. The referenced declaration speaks for itself. Otherwise denied.

38. Denied.

39. Denied.

40. Registration No. 3,873,393 speaks for itself. Otherwise denied.

41. Denied.

42. Denied.

43. Admitted that the referenced registrations speak for themselves and that FLVS filed the referenced lawsuit.

44. Admitted.

45. Admitted.

46. Admitted.

47. The quoted use-based applications speak for themselves. Otherwise denied.

48. Trademark Application Serial No. 87015611 speaks for itself. Otherwise denied.

49. Trademark Application Serial No. 87015741 speaks for itself. Otherwise denied.

50. Trademark Application Serial No. 87015761 speaks for itself. Otherwise denied.

51. Trademark Application Serial No. 87015917 speaks for itself. Otherwise denied.

52. Trademark Application Serial No. 87016109 speaks for itself. Otherwise denied.

53. Admitted that FLVS has sued K12 for, among other transgressions, its infringing use of "Florida Online School," and the Complaint speaks for itself. Otherwise denied.

## COUNT I

54. FLVS incorporates by reference its responses in Paragraphs 1–53.

55. Denied.

56. The Kruppenbacher Declaration speaks for itself. Otherwise denied.

57. Registration No. 3,830,765 speaks for itself. Otherwise denied.

58. Denied.

59. Admitted that FLVS applied to register its FLVS mark, Serial No. 850004457, in 2010. Otherwise denied.

60. The FLVS trademark application speaks for itself. Otherwise denied.

61. Registration No. 3,873,393 speaks for itself. Otherwise denied.

62. Denied.

63. Denied.

64. Denied.

65. Denied.

66. Denied.

67. Denied.

68. Denied.

69. Registration Nos. 5,113,225 and 5,113,235 speak for themselves. Otherwise denied.

70. Trademark Application Serial No. 87015917 speaks for itself. Otherwise denied.

71. Trademark Application Serial No. 87015761 speaks for itself. Otherwise denied.

72. Trademark Application Serial No. 87016109 speaks for itself. Otherwise denied.

73. Denied.

74. Denied.

75. Denied.

FLVS denies each and every allegation in the Counterclaim not specifically admitted above.

## Demand for Jury Trial

FLVS demands a trial by jury for all issues so triable.

## Prayer for Relief

WHEREFORE, FLVS prays that this Court enters judgment in favor of FLVS and against K12 as to K12's Counterclaim, award FLVS its reasonable attorneys'

fees and costs,  pre- and post-judgment interest, and provide to FLVS any and all such further relief as the Court deems just and appropriate.

## **AFFIRMATIVE DEFENSES**

### **First Affirmative Defense – Sovereign Immunity**

As an agency of the State of Florida, FLVS enjoys sovereign immunity from suits and claims such as those asserted in K12's counterclaim. Although the Florida Legislature established a limited waiver of such immunity for certain tort claims vis-à-vis section 768.28 of the Florida Statutes, this statutory waiver does not apply to claims arising from or premised upon the fraudulent conduct of agency employees or representatives.

### **Second Affirmative Defense – Waiver  and Release**

By way of the Parties' 2015 Settlement Agreement, K12 waived any right to sue upon and released FLVS from any and all liability and claims arising from the 2011 federal court action, such as the Counterclaim at hand.  K12 is therefore barred from asserting and pursuing the Counterclaim in this action.

### **Third Affirmative Defense – Res Judicata**

The 2015 Settlement Agreement, in part, resulted in a jointly filed stipulation for dismissal with prejudice of all claims asserted in or arising from the 2011

lawsuit—including K12's attempt to cancel FLVS's trademarks on the basis of fraud during the course of that lawsuit. The Court entered an Order so dismissing and closing the case in 2015. It follows that the Counterclaim is barred by the doctrine of res judicata.

### Fourth Affirmative Defense – Equitable Estoppel & Unclean Hands

FLVS detrimentally relied upon K12's promise in the 2015 Settlement Agreement that the parties would release any and all claims or potential claims between them when FLVS materially changed its position by entering into the Settlement Agreement. K12 cannot sue FLVS now to cancel its trademarks after inducing FLVS to enter into the Settlement Agreement with its promise not to sue for any existing or potential claims.

Dated: June 13, 2023

*/s/Stephen H. Luther*
Stephen H. Luther
Trial Counsel
Florida Bar No. 528846
LUTHER LAW PLLC
4767 New Broad Street, # 1029
Orlando, FL 32814
407 501-6711 x101 (Main)
407 501-7049 (Direct)
sluther@lutherlawgroup.com

Thomas E. Bishop

Florida Bar Number 956236
Katharine N. Roth
Florida Bar Number 106692
Kyle William Mason
Florida Bar Number 1045149
Bishop & Mills PLLC
510 N. Julia Street
Jacksonville, Florida 32202
(904) 598-0034/
(904)
598-0395 (facsimile)
tbishop@bishopmills.com
kroth@bishopmills.com

David J. D'Agata, Esq.
General Counsel
Florida Bar No. 663891
Luis R. Guzman, Esq.
Sr. Asst. General Counsel
Florida Bar No. 570613
Florida Virtual School
5422 Carrier Drive, Suite 201
Orlando, Florida 32819
Office: 407-513-3451
ddagata@flvs.net
luguzman@flvs.net

Leonard J. Dietzen
Florida Bar No.: 0840912
E-mail: ldietzen@rumberger.com
Rumberger, Kirk & Caldwell, P.A.
101 North Monroe Street, Suite 120
Tallahassee, Florida 32301
Tel: 850.222.6550
Fax: 850.222.8783
Suzanne Barto Hill

11

Florida Bar No. 0846694
E-mail: shill@rumberger.com
Sally R. Culley
Florida Bar No. 0095060
E-Mail: sculley@rumberger.com
Rumberger, Kirk & Caldwell, P.A.
300 South Orange Avenue, Suite 1400
Orlando, Florida 32801
Tel: 407.872.7300
Fax: 407.841.2133

*Attorneys for Plaintiff, Florida Virtual School*