UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

FLORIDA VIRTUAL SCHOOL,

        Plaintiff,                      Case No.: 6:20-cv-2354-GAP-EJK

v.

STRIDE, INC., formerly known as
K12, INC. and K12 FLORIDA, LLC,

        Defendants.

_____/

**JOINT STATEMENT ON PROPOSED TRIAL PROCEDURES**

Plaintiff, Florida Virtual School ("FLVS"), and Defendants, Stride, Inc., formerly known as K12, Inc., and K12 Florida, LLC ("Stride") (collectively "the Parties"), file this Joint Statement on Proposed Trial Procedures as directed by the Court during the summary judgment hearing on August 22, 2023. (*See* Dkt. 285 & 286).[1]

The Parties agree with the Court's proposed trial structure and respectfully offer the following additional comments:

1.      If the Court determines that there are triable issues of fact remaining after summary judgment with respect to Stride's counterclaim seeking cancellation

---

[1] The Parties submit this Joint Statement at the Court's suggestion, and do so without waiver of any claims, defenses, objections, or other legal and factual positions they have asserted over the course of this proceeding.

of FLVS marks, the Parties agree those issues should be heard by the Court in a bench trial.

2.      Following the counterclaim bench trial, any remaining infringement claims not resolved on summary judgment or by virtue of the counterclaim bench trial should be tried in a separate trial. FLVS requests that any claims at law be tried to a jury, and that any equitable claims be tried before an advisory jury. *See* Fed. R. Civ. P. 39(c). Stride opposes this request and believes any remaining factual issues relating to the FLVS infringement claims should be resolved by the Court as finder of fact.

3.      The Parties disagree about whether the Court should resolve remedies in a separate phase of the trial. As further discussed in their respective explanations appended hereto, FLVS proposes that the Court hold a single trial on both infringement and disgorgement, whereas Stride proposes that the Court try the issue of remedies in its own phase once the respective liabilities of the parties have been determined.

4.      In addition, FLVS agrees that a one-day mediation conference before a Magistrate Judge would be useful. Stride has requested that the mediation be conducted before Mark Stein, who is familiar with the case by virtue of his role as mediator earlier in the case. *See* Doc. 128.

5. The Parties have not reached agreement on any other proposed trial procedures, and their respective explanations are appended hereto.

**SEPARATE STATEMENT OF FLVS ON PROCEDURAL FRAMEWORK**

FLVS disagrees that a separate bench trial on trademark infringement and disgorgement is necessary. Rule 42(b) permits a court to order separate trials only "where such order would further convenience, avoid prejudice, or promote efficiency." *Medtronic Xomed, Inc. v. Gyrus ENT LLC*, 440 F. Supp. 2d 1333, 1334 (M.D. Fla. 2006) (quoting *Griffin v. City of Opa-Locka*, 261 F.3d 1295, 1301 (11th Cir. 2001)). In order to grant bifurcation, "the issue to be tried must be so distinct and separable from the other that a trial of it alone may be had without injustice." *Id.* at 1336.

Unlike with K12's counterclaim, there is substantial overlap between the evidence and witnesses relevant to the trademark infringement and disgorgement analyses. Disgorgement under the Lanham Act is "appropriate where: (1) the defendant's conduct was willful and deliberate, (2) the defendant was unjustly enriched, or (3) it is necessary to deter future conduct." *PlayNation Play Sys., Inc. v. Velex Corp.*, 924 F.3d 1159, 1170 (11th Cir. 2019). The "willful and deliberate" and deterrence prongs overlap with the "intent" factor in the likelihood of confusion test. *See Welding Servs., Inc. v. Forman*, 509 F.3d 1351, 1360 (11th Cir. 2007) (setting forth the likelihood of confusion test). The likelihood that K12 was unjustly

enriched overlaps with the remaining likelihood of confusion tests, including the similarities of the marks and the parties' efforts and the actual confusion in the market. *See id.* Therefore, a single trial on trademark infringement and disgorgement is most efficient as the Court will have to consider the same evidence for both. *See Medtronic*, F. Supp. 2d at 1336 (declining to bifurcate when bifurcation "could require re-calling witnesses who will or had testified at the jury trial" and thus "would not be the most efficient use of judicial resources").

FLVS also notes that disgorgement will remain an issue regardless of the outcome of the cancellation trial. The law is well-established that disgorgement is available as a remedy for infringement of common-law trademarks. *Hard Candy, LLC v. Anastasia Beverly Hills, Inc.*, 921 F.3d 1343, 1355–57 (11th Cir. 2019). Indeed, this is why the Eleventh Circuit held that disgorgement in trademark actions is an equitable remedy. *Id.*

FLVS also addresses other related matters raised at the August 22 summary judgment hearing.

First, the Court asked whether a settlement conference before a Magistrate Judge would be helpful. FLVS submits that it would be, and agrees to a settlement conference before a Magistrate Judge. FLVS does not agree to K12's proposal for further mediation before Mark Stein.

The Court indicated that it would grant summary judgment on FLVS's breach of contract claim due to lack of damages, and that the Court would review the law cited by FLVS regarding nominal damages. FLVS respectfully requests that the Court enter summary judgment in its favor on its breach of contract claim and award the proposed $1 in nominal damages.

K12 raised the issue of whether FLVS's Shirley Webster *Daubert* motion, (Doc. 275), is still live in light of the Court's ruling striking Gallogly. FLVS agrees with striking Webster's testimony in its entirety as moot. However, should K12 still intend to offer Webster as a disgorgement witness at the bench trial, FLVS respectfully requests that the Court consider and rule on its Webster *Daubert* Motion as that motion largely focused on Webster's disgorgement and causation opinions.

Additionally, FLVS notes that Gallogly's expert opinions did not form the evidentiary basis for its claim for actual damages. (Doc. 273 at 7; Doc. 273-1 ¶ 22). Accordingly, striking Gallogly's lost profits opinions should not, by itself, invalidate FLVS's claim for actual damages. *See* (Doc. 273 at 3–4). FLVS brings this matter to the Court's attention while it awaits the Court's written orders.

Finally, the Court mentioned that injunctive relief may be unnecessary in this case as K12 has ceased its infringement. In trademark infringement actions, injunctive relief is the "usual and normal remedy." *Hard Candy*, 921 F.3d at 1353. (quoted authority omitted). Given that courts retain "equitable discretion about

whether to issue an injunction after the conduct has ceased," *PODS Enterprises, LLC v. U-Haul Int'l, Inc.*, 126 F. Supp. 3d 1263, 1287 (M.D. Fla. 2015) (granting a permanent injunction in a trademark case even after the infringer "voluntarily ceased using the marks"), a permanent injunction would be appropriate here due to K12's history of past infringement. FLVS respectfully requests that the Court permit FLVS to seek a permanent injunction at the upcoming trial.

## SEPARATE STATEMENT OF DEFENDANTS/COUNTERCLAIM PLAINTIFFS STRIDE, INC. AND K12 FLORIDA, LLC ("STRIDE") ON PROCEDURAL FRAMEWORK

Stride agrees in principle with the Court's proposed trial structure (to the extent any triable issues remain following rulings on the pending summary judgment motions): (1) resolving any remaining triable issues on Stride's counterclaim; then (2) resolving any remaining issues pertaining to FLVS's infringement claim in a bench trial; and finally (3) considering equitable remedies in a separate phase once the parties' respective liabilities have been adjudicated.  Dkt. 285; Dkt. 286 at 48:25-49:6.  Stride, however, believes that whether there is a second phase and what is to be determined in the third phase is entirely dependent on whether or not Stride prevails in the first phase.  In other words, if the Court finds FLVS did commit fraud on the USPTO to secure its federal trademarks, the infringement liability determination would become moot and the remedies phase would resolve what equitable relief Stride is entitled to receive as a consequence of FLVS's fraud.

***Bench Trial.*** Because all remaining relief requested by the parties is equitable in nature, there are no remaining jury triable claims. Stride and FLVS already have agreed to waive their respective jury demands regarding Stride's cancellation counterclaim (which is equitable in any event). And based on the Court's holding that FLVS "has no evidence of actual damages" both for its remaining infringement claims and its breach of contract claim, "the only remedy available to Florida Virtual School is disgorgement," which "is an equitable remedy for which there's no right to a jury trial." Dkt. 286 at 47:17-48-19; *see also Hard Candy, LLC v. Anastasia Beverly Hills, Inc.*, 921 F.3d 1343, 1348 (11th Cir. 2019).

***Phase 2: Infringement Claim.*** If Stride prevails on its cancellation counterclaim – *i.e.*, a finding that FLVS committed fraud on the USPTO to secure registration of federal trademarks – then Stride does not see how a second trial phase on infringement can proceed. FLVS would no longer be able to pursue federal or common law infringement claims regarding its cancelled marks. *See* Dkt. 234 at 10.[2] The Court will determine in the remedies phase whether the fraud bars equitable remedies under normal equitable principles (e.g., unclean hands and equitable

---

[2] *See also e.g.*, *Select Exp. Corp. v. Richeson*, 2011 WL 13135114, *9 (S.D. Fla. May 5, 2011) (holding that because registration of plaintiff's mark was "obtained . . . by fraudulent means[,] . . . Plaintiff's claims for trademark infringement under federal *and state law* . . . all must fail" (emphasis added)); *Amusement Art, LLC v. Life is Beautiful, LLC*, 2016 WL 6998566, at *4-8 (C.D. Cal. Nov. 29, 2016) (granting defendants summary judgment on all causes of action for trademark infringement, *including common law infringement*, after finding plaintiffs obtained the marks via fraud on the USPTO), *aff'd,* 768 F. App'x 683 (9th Cir. 2019); 6 *McCarthy on Trademarks and Unfair Competition* § 31:73 (5th ed.) ("When a defendant charged with infringement in court proves that the trademark registration on which plaintiff relies was obtained by fraud, the unclean hands defense can bar all relief.").

estoppel). And FLVS's claim for breach of the parties' prior settlement agreement (including any claim for nominal damages) would be null given that, as the Court properly has recognized, "any settlement agreement arising from litigation over the use of fraudulently obtained marks would . . . have been induced by fraud on the contractual parties." Dkt. 234 at 15-16. Therefore, to the extent any breach claim survives summary judgment, its further disposition must await the disposition of the fraud counterclaim and its logical consequences.

Moreover, regardless of the outcome on Stride's counterclaim, the infringement phase of trial necessarily would be limited to FLVS's *federal* trademark registrations, because without any claim for actual damage or injunctive relief, there are no more available remedies to FLVS for its common law infringement. *See* Dkt. Dkt. 286 at 52:18-20 (finding FLVS has "no actual damages," that there is "no injunctive relief here" and that there "nothing [Stride is] doing now that can be enjoined").

***Phase 3: Disgorgement/Remedies.*** As the Court noted at the August 22nd hearing, if it is determined that Stride did not infringe on FLVS's marks, any subsequent determination on FLVS's disgorgement claims will not be required. Dkt. 286 at 49:4-6. To the extent the case gets there, however, Stride agrees with the Court that it makes most sense to keep liability/infringement and remedy/disgorgement as separate phases. *See Liberty Mut. Fire Ins. Co. v. S.-*

*Owners Ins. Co.*, 2019 WL 2103472, at *3 (S.D. Fla. Feb. 8, 2019) ("A well-established bifurcation exists between a claim and the relief sought thereunder."). While there may be some minimal overlap in witness testimony and evidence, disgorgement of profits requires a separate analysis of whether "(1) the defendant's conduct was willful and deliberate, (2) the defendant was unjustly enriched, or (3) it is necessary to deter future conduct." *Optimum Techs., Inc. v. Home Depot U.S.A., Inc.*, 217 F. App'x 899, 902 (11th Cir. 2007). Any disgorgement analysis also must assess Stride's deductible costs and expenses, and "any other equitable reasons for a reduction in the amount of sales," including FLVS's own inequitable conduct. *Hard Candy, LLC v. Anastasia Beverly Hills, Inc.*, 2018 WL 10322164, *6 (S.D. Fla. Jan. 13, 2018). For example, the issues raised in Stride's Rule 11 sanctions motion remain pending (Dkt. 137); Stride will maintain its unclean hands and equitable estoppel defenses; and Stride will pursue a setoff of any damages award based on FLVS's *literally* false advertising claim of superiority for 25 years in the K-12 online education marketplace.

***Mediation.*** At this stage, Stride considers a settlement conference in the coming weeks appropriate  However, while FLVS seeks conference before a magistrate judge, Stride has requested that the mediation be conducted before Mark Stein, who is familiar with the case by virtue of his role as mediator earlier in the case. *See* Dkt. 128. Conducting a mediation before Mr. Stein, who was initially

recommended by FLVS, would ensure an efficient use of the Parties' resources in

any efforts informally to resolve this dispute.

Dated August 25, 2023.


/s/ *Steven P. Hollman*
Steven P. Hollman (Lead Counsel)*
Abraham Shanedling*
Charles Spencer-Davis*
SHEPPARD, MULLIN, RICHTER &
    HAMPTON LLP
2099 Pennsylvania Ave., N.W., Ste 100
Washington, D.C. 20006-6801
Tel. (202) 747-1941
Fax (202) 747-3012
shollman@sheppardmullin.com
ashanedling@sheppardmullin.com
cspencerdavis@sheppardmullin.com

    *Admitted *pro hac vice*

Daniel C. Johnson, Trial Counsel
Florida Bar No. 522880
CARLTON FIELDS, P.A.
200 S. Orange Avenue, Suite 1000
Orlando, Florida 32801-3456
Tel. (407) 849-0300
Fax (407) 648-9099
djohnson@carltonfields.com
Secondary:
dcarlucci@carltonfields.com
Secondary: orlecf@cfdom.net

Eleanor M. Yost, Trial Counsel
Florida Bar No. 1003178
4221 W. Boy Scout Boulevard, Ste 1000
Tampa, Florida 33607-5780
Tel. (813) 229-4395

/s/ *Stephen H. Luther*
Stephen H. Luther
Trial Counsel
Florida Bar No. 528846
LUTHER LAW PLLC
4767 New Broad Street, # 1029
Orlando, FL 32814
407 501-6711 x101 (Main)
407 501-7049 (Direct)
sluther@lutherlawgroup.com

David J. D'Agata, Esq.
General Counsel
Florida Bar No. 663891
Luis R. Guzman, Esq.
Sr. Asst. General Counsel
Florida Bar No. 570613
5422 Carrier Drive, Suite 201
Orlando, Florida 32819
Orlando, Florida 32835
Office: 407-513-3451
ddagata@flvs.net
luguzman@flvs.net

Thomas E. Bishop
Katharine Roth
Kyle William Mason
BISHOP & MILLS, PLLC
Florida Bar No. 956236
510 N. Julia Street
Jacksonville, FL 32202
Tel. (904) 598-0034
Fax. (904) 598-0395

Fax (813) 229-4133
eyost@carltonfields.com

*Attorneys for Defendants*
*Stride, Inc., and K12 Florida, LLC*

tbishop@bishopmills.com
kroth@bishopmills.com
kmason@bishopmills.com

*Attorneys for Plaintiff Florida Virtual*
*School*