**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

FLORIDA VIRTUAL SCHOOL,

      Plaintiff,

v.                                                      Case No:   6:20-cv-2354-GAP-EJK

K12, INC. and K12 FLORIDA, LLC,

      Defendants

---

**ORDER**

This cause came before the Court for consideration on Defendants' Motion to Exclude Testimony of Daniel Gallogly (Doc. 267), to the extent that the Motion relates to the disgorgement opinions of Plaintiff's damages expert, and Plaintiff's Response in Opposition (Doc. 274).[1] In a prior Order, the Court ruled that the Motion is granted in part; however, it reserved ruling on any opinion testimony that Daniel Gallogly ("Mr. Gallogly") may be asked to present with respect to disgorgement. *See* Doc. 287 at 7 n.8.

---

[1] Unredacted versions of Defendants' Motion, Plaintiff's Response, and the exhibits thereto are filed under seal at Doc. 268 and Doc. 273, respectively.

## I.   Background

In this round of litigation between two competitors in the online education services market, Plaintiff Florida Virtual School [2] ("Plaintiff") sues Defendants K12, Inc. and K12 Florida, LLC, dba Stride, Inc.,[3] ("Defendants") for trademark infringement, unfair competition, and false advertising,[4] in addition to breach of a 2015 Settlement Agreement executed by the parties. Doc. 1; *see also* Doc. 155, ¶ 17. The parties' present dispute primarily relates to Defendants' allegedly improper use of certain marks registered to Plaintiff in 2010 and 2017. Doc. 1, ¶¶ 41-46; *see also* Doc. 1-1 at 1-19.

Recently, the Court ruled that Mr. Gallogly will not be allowed to testify regarding Plaintiff's actual damages because his lost profits opinion is wholly deficient. *See* Docs. 286, 287. Consequently, the Court determined that there are no remaining issues which would be appropriate (or necessary) for a jury's consideration and informed the parties that their case will be resolved by a bench trial. *See* Docs. 286, 287, 293. The Court now considers the admissibility of

---

[2] Plaintiff is an agency of the Florida state government, formed under Fla. Stat. § 1002.37. *See* Doc. 1, ¶¶ 2, 7-8; Doc. 155 ¶ 6.

[3] Defendants are a for-profit, nationwide provider of online and blended learning programs for public and private schools, school districts, and charter boards. Doc. 155, ¶¶ 3-4.

[4] The Court has already granted summary judgment against Plaintiff on its false advertising claim. *See* Doc. 261.

Mr. Gallogly's disgorgement opinions. *See* Doc. 267.

## II.     Legal Standard

Federal Rule of Evidence 702 governs the admission of expert witness testimony. It provides that:

> A witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if:
>
> (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine the fact at issue;
> (b) the testimony is based on sufficient facts or data;
> (c) the testimony is the product of reliable principles and methods; and
> (d) the expert has reliably applied the principles and methods to the facts of the case.

When applying this rule, the Court plays an important "gatekeeping" function to ensure that proposed expert testimony "rests on a reliable foundation and is relevant to the task at hand." *Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579, 597 (1993). "District courts are charged with this gatekeeping function to ensure that speculative, unreliable expert testimony does not reach the jury under the mantle of reliability that accompanies the appellation, expert testimony." *Hughes v. Kia Motors Corp.*, 766 F.3d 1317, 1328–29 (11th Cir. 2014) (internal citations omitted).

The *Daubert* court identified four factors that district courts should consider when assessing the reliability of an expert's testimony: (1) whether the expert's methodology has been tested or is capable of being tested; (2) whether the theory

or technique used by the expert has been subjected to peer review and publication; (3) whether there is a known or potential error rate of the methodology; and (4) whether the technique has been generally accepted in the relevant scientific community. *See id.* at 593–94. However, the Supreme Court has emphasized that these factors are not exhaustive and are intended to be applied in a "flexible" manner. *Kumho Tire Co., Ltd. v. Carmichael*, 526 U.S. 137, 150 (1999).

## III.   Analysis

In their Motion, Defendants seek to limit Mr. Gallogly's disgorgement testimony rather than exclude his opinions entirely. *See* Doc. 267 at 27-29. Specifically, Defendants argue that Mr. Gallogly should only be allowed to testify regarding revenue Defendants earned from their Hendry County program during the two years Defendants used "Florida Online School" as the name for that program. *See id.* Plaintiff, on the other hand, asserts that Mr. Gallogly should also be allowed to testify regarding revenue Defendants earned from their various statewide and nationwide programs because Defendants allegedly used the "FLVA.COM" domain name to redirect traffic to their website beyond the parameters set forth in the parties' 2015 Settlement Agreement and improperly described their Florida programs as "Florida virtual schooling" and "the Florida virtual school powered by K12." *See* Doc. 274 at 18-20.

Plaintiff's argument regarding the relevancy of Defendants' statewide and nationwide profits is simply meritless. Plaintiff has combined and conflated its own allegations related to its trademark infringement claims with allegations related to its claim that Defendants breached the parties' 2015 Settlement Agreement. *See* Doc. 274 at 3 ("These actions not only infringed upon FLVS's marks, but also constituted a breach of the 2015 Settlement Agreement which settled the parties' previous lawsuit before this Court. FLVS seeks to disgorge and recover profits unlawfully obtained by K12 vis-à-vis its U.S., Florida, and FLOS operations.") (citations omitted); *id.* at 18-20. Notably, however, disgorgement is not a remedy for a breach of contract claim. *See Burger King Corp. v. Mason*, 710 F.2d 1480, 1494 (11th Cir. 1983) ("Although an award of the infringer's profits can be an appropriate measure for damages for federal or state trademark infringement, disgorgement of profits earned is not the remedy for breach of contract.") (citations omitted). Rather, Plaintiff must prove that Defendants improperly used its marks to unlock the equitable remedy of disgorgement, which then applies only to Plaintiff's trademark infringement claims. *See id.*

The Court recognizes that, under the Lanham Act, Plaintiff need only prove Defendants' sales before the burden shifts to Defendants to prove their expenses and other deductions. *See Wesco Mfg., Inc. v. Tropical Attractions of Palm Beach, Inc.*, 833 F.2d 1484, 1488–89 (11th Cir. 1987); *see also* 15 U.S.C. § 1117(a) ("In assessing

profits the plaintiff shall be required to prove defendant's sales only; defendant must prove all elements of cost or deduction claimed."). That said, Plaintiff's obfuscation regarding the remedies available for its distinct claims does not open the door to revenue that is *unrelated* to Defendants' allegedly infringing use of the name "Florida Online School." Consequently, the Court will grant Defendants' Motion in part and limit Mr. Gallogly's opinions regarding disgorgement to revenue that is related to Defendants' Hendry County program between 2019 and 2021, *i.e.*, during the two years Defendants used "Florida Online School" as the name for that program.

## IV.   Conclusion

Accordingly, it is **ORDERED** that Defendants' Motion to Exclude Testimony of Daniel Gallogly is **GRANTED in part**. Mr. Gallogly's Report with respect to revenue that is unrelated to the revenue Defendants earned from their Hendry County program between 2019 and 2021 is hereby **STRICKEN**, and Mr. Gallogly will not be allowed to testify in that regard.

**DONE** and **ORDERED** in Chambers, Orlando, Florida on September 1, 2023.



GREGORY A. PRESNELL
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Party