**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION**

FLORIDA VIRTUAL SCHOOL,

        Plaintiff,

v.                                      Case No:   6:20-cv-2354-GAP-EJK

K12, INC. and K12 FLORIDA, LLC,

        Defendants

---

### ORDER

This cause came before the Court for consideration without oral argument on Plaintiff's Motion to Exclude the Expert Opinions of Shirley Webster (filed under seal at Doc. 275), and Defendants' Response in Opposition (Doc. 291).[1]

### I.    Background

In this round of litigation between two competitors in the online education services market, Plaintiff Florida Virtual School[2] ("Plaintiff") sues Defendants K12, Inc. and K12 Florida, LLC, dba Stride, Inc.,[3] ("Defendants") for trademark

---

[1] An unredacted version of Defendants' Response and the exhibits thereto is filed under seal at Doc. 292.

[2] Plaintiff is an agency of the Florida state government, formed under Fla. Stat. § 1002.37. *See* Doc. 1, ¶¶ 2, 7-8; Doc. 155 ¶ 6.

[3] Defendants are a for-profit, nationwide provider of online and blended learning

infringement, unfair competition, and false advertising,[4] in addition to breach of a 2015 Settlement Agreement executed by the parties. Doc. 1; *see also* Doc. 155, ¶ 17. The parties' present dispute primarily relates to Defendants' alleged infringement of certain marks registered to Plaintiff in 2010 and 2017. Doc. 1, ¶¶ 41-46; *see also* Doc. 1-1 at 1-19.

Recently, the Court ruled that Plaintiff's damages expert—Daniel Gallogly ("Mr. Gallogly")—will not be allowed to testify regarding Plaintiff's actual damages because his lost profits opinion is wholly deficient. *See* Docs. 286, 287. Consequently, the Court determined that there are no remaining issues which would be appropriate (or necessary) for a jury's consideration and informed the parties that their case will be resolved by a bench trial. *See* Docs. 286, 287, 293. The Court now considers the admissibility of the disgorgement opinions of Defendants' rebuttal damages expert, Shirley Webster ("Ms. Webster"). *See* Doc. 275.

## II.   Legal Standard

Federal Rule of Evidence 702 governs the admission of expert witness testimony. It provides that:

> A witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if:

---

programs for public and private schools, school districts, and charter boards. Doc. 155, ¶¶ 3-4.

[4] The Court has already granted summary judgment against Plaintiff on its false advertising claim. *See* Doc. 261.

> (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine the fact at issue;
> (b) the testimony is based on sufficient facts or data;
> (c) the testimony is the product of reliable principles and methods; and
> (d) the expert has reliably applied the principles and methods to the facts of the case.

When applying this rule, the Court plays an important "gatekeeping" function to ensure that proposed expert testimony "rests on a reliable foundation and is relevant to the task at hand." *Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579, 597 (1993). "District courts are charged with this gatekeeping function to ensure that speculative, unreliable expert testimony does not reach the jury under the mantle of reliability that accompanies the appellation, expert testimony." *Hughes v. Kia Motors Corp.*, 766 F.3d 1317, 1328–29 (11th Cir. 2014) (internal citations omitted).

The *Daubert* court identified four factors that district courts should consider when assessing the reliability of an expert's testimony: (1) whether the expert's methodology has been tested or is capable of being tested; (2) whether the theory or technique used by the expert has been subjected to peer review and publication; (3) whether there is a known or potential error rate of the methodology; and (4) whether the technique has been generally accepted in the relevant scientific community. *See id.* at 593–94. However, the Supreme Court has emphasized that

these factors are not exhaustive and are intended to be applied in a "flexible" manner. *Kumho Tire Co., Ltd. v. Carmichael*, 526 U.S. 137, 150 (1999).

**III.   Analysis**

Before the Court informed the parties that their case would be decided at a bench trial, Plaintiff moved to exclude Ms. Webster's Report and testimony. *See* Doc. 275. Although many of the arguments included in Plaintiff's Motion are now moot, Plaintiff's arguments regarding Ms. Webster's disgorgement opinions are still relevant.

Ms. Webster's disgorgement testimony can generally be divided into three opinions: a rebuttal opinion regarding Defendants' revenue, an opinion regarding Defendants' costs; and an opinion regarding apportionment. As set forth below, Plaintiff's general challenges to Ms. Webster's opinions fail; however, the Court finds it appropriate to limit Ms. Webster's opinion regarding Defendants' costs and to preclude her from relying on the Report and testimony of Defendants' rebuttal survey expert, Sarah Butler ("Ms. Butler").

Given the circumstances, there is no reason for the Court to wholly exclude any of Ms. Webster's opinions regarding Defendants' revenue, costs, and various deductions. Ms. Webster is sufficiently qualified to testify as to Defendants' profits and apportionment—among other things, she has provided financial and economic consulting services for more than thirty years—and her disgorgement opinions are

reasonably reliable and helpful. *See* Supplemental Expert Rebuttal Report of Shirley Webster (filed under seal at Doc. 275-1). Additionally, Ms. Webster's use of numbers that she gleaned from spreadsheets created by Defendants' employees is generally permissible pursuant to Federal Rule of Evidence 703. Generally speaking, the Court's gatekeeper role "is not intended to supplant the adversary system"; rather, "'[v]igorous cross-examination, presentation of contrary evidence, and careful instruction on the burden of proof are the traditional and appropriate means of attacking shaky but admissible evidence.'" *Allison v. McGhan Med. Corp.*, 184 F.3d 1300, 1311 (11th Cir. 1999) (quoting *Daubert*, 509 U.S. at 596); *see also United States v. Brown*, 415 F.3d 1257, 1269 (11th Cir. 2005) ("There is less need for the gatekeeper to keep the gate when the gatekeeper is keeping the gate only for himself.").

That said, the Court finds that Ms. Webster's second opinion regarding Defendants' costs is overbroad. In a prior Order, the Court limited Mr. Gallogly's opinion regarding disgorgement to Defendants' revenue that is related to Defendants' Hendry County program between 2019 and 2021, *i.e.*, during the two years Defendants used "Florida Online School" as the name for that program. *See* Doc. 295. Ms. Webster's testimony regarding Defendants' costs is subject to the same limitation—Ms. Webster may only testify as to costs that Defendants incurred from the operation of their Hendry County program between 2019 and 2021.

Throughout its Motion, Plaintiff primarily challenges Ms. Webster's apportionment analysis and opinions. As previously stated, Ms. Webster may generally testify regarding the proportion of Defendants' profits that she has determined are unrelated to Defendants' alleged infringment. *See* 15 U.S.C. § 1117(a) ("In assessing profits the plaintiff shall be required to prove defendant's sales only; defendant must prove all elements of cost or deduction claimed."); *see also Burger King Corp. v. Mason,* 710 F.2d 1480, 1495 (11th Cir. 1983); 5 J. Thomas McCarthy, *McCarthy on Trademarks and Unfair Competition* § 30:65 (5th ed. 2023). Assuming Defendants lay the appropriate foundation, Ms. Webster may testify as to how her own research and the statements of other witnesses impacted her apportionment analysis for the purpose of her disgorgement opinion.[5]

Ms. Webster may not, however, rely on Ms. Butler's expert opinions in testifying as to apportionment. Ms. Butler was specifically engaged by Defendants to rebut the expert opinions of Jeffery A. Stec, Plaintiff's *false advertising* expert. *See* Doc. 262; Doc. 193 at 1. Because the Court has granted summary judgment against Plaintiff on its false advertising claim, Ms. Butler no longer has anything to rebut;

---

[5] The Court notes that Plaintiff primarily takes issue with a 0.002% apportionment figure that Ms. Webster relied on in her original Report but not in her Supplemental Report. *Compare* Doc. 275-5 (filed under seal) *with* Doc. 275-1 (filed under seal). It seems unlikely that Ms. Webster will testify as to this specific figure at the upcoming bench trial. *See* Doc. 291 at 20-21. However, if she does, the Court will listen to the testimony and consider the reliability of the 0.002% figure at that time. *See Brown*, 415 F.3d at 1269.

therefore, her expert opinions are moot. *See* Doc. 261. Defendants may not convert Ms. Butler's false advertising rebuttal expert opinions to trademark apportionment expert opinions via Ms. Webster.

## IV.    Conclusion

Accordingly, it is **ORDERED** that Plaintiff's Motion to Exclude Expert Opinions of Shirley Webster is **GRANTED in part and DENIED in part.** Ms. Webster's Report with respect to costs that are unrelated to the costs Defendants incurred from their Hendry County program between 2019 and 2021 is hereby **STRICKEN**. Ms. Webster's Report to the extent it relies on the opinions of Ms. Butler is hereby **STRICKEN**. Ms. Webster will not be allowed to testify in those regards. The Motion is denied in all other respects.

**DONE** and **ORDERED** in Chambers, Orlando, Florida on September 5, 2023.



GREGORY A. PRESNELL
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Party