**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

FLORIDA VIRTUAL SCHOOL,

      Plaintiff,

v.                                        Case No:   6:20-cv-2354-GAP-EJK

K12, INC. and K12 FLORIDA, LLC,

      Defendants

**ORDER**

This cause came before the Court for consideration without oral argument on Plaintiff's Motion for Jury Trial and Reconsideration and Defendants' Response in Opposition. Docs. 299, 301.

The Court granted in part Defendants' motion to exclude the testimony of Daniel Gallogly on September 1, 2023. Doc. 295. The Court subsequently granted in part Defendants' motion for summary judgment and denied Plaintiff's motion for summary judgment on September 5, 2023. Doc. 297. With trial several weeks away, Plaintiff, seemingly unable to comprehend or unwilling to accept the Court's rulings in this case, now desperately moves for reconsideration of certain aspects of these orders. Its motion is patently without merit and will be denied.

Motions for reconsideration, which face a high hurdle to overcome, must "set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision." *Wyndham Vacation Ownership, Inc. v. Sussman*, 6:18-cv-2171-GAP-DCI, 2021 WL 5177359, *1 (M.D. Fla. Nov. 1, 2021). "Courts have distilled three major grounds justifying reconsideration: (1) an intervening change in controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or manifest injustice." *Id.* "A motion for reconsideration cannot be used to relitigate old matters, raise argument or present evidence that could have been raised prior to the entry of judgment." *Wilchombe v. TeeVee Toons, Inc.*, 555 F.3d 949, 957 (11th Cir. 2009).

### I.    Plaintiff's Demand for Jury Trial

In prior orders, this Court has held that because Plaintiff has no proof of actual damages, its only remedy is equitable in nature (ie. disgorgement of Defendants' profits or injunctive relief); and therefore, Plaintiff is not entitled to a jury trial.[1] *See* Doc. 287.

In its motion, Plaintiff cites to no new evidence or law, instead it makes the sophomoric argument that because it has evidence of confusion, it necessarily

---

[1] Plaintiff notes that the Court has not officially made this determination. Doc. 299 at 6. This Order will do so.

- 2 -

follows that it has been damaged. *See* Doc. 299 at 6-12. Confusion, of course, can be evidence of infringement, but standing alone it is not evidence of actual damage. To show actual damages, Plaintiff would first need to show that the confusion *caused* revenues to be diverted from its online school. *See Babbit Electronics, Inc. v. Dynascan Corp.*, 38 F.3d 1161, 1182 (11th Cir. 1994) (plaintiffs must prove both lost sales and that the loss was caused by the defendant's actions to show actual damages). Indeed, "the basis for recovery of actual damages must be demonstrated with specificity." *St. Charles Mfg. Co. v. Mercer*, 737 F.2d 891, 893 (11th Cir.1983).

Among the thousands of pages filed on this docket, however, the Court has not seen one sentence that genuinely attempts to demonstrate or calculate actual damages.[2] Instead, Plaintiff simply regurgitates the same unpersuasive evidence of confusion that it has already presented through its summary judgment and *Daubert* papers.[3] *See, e.g.,* Docs. 141 at 24-25, 273 at 3. Even Plaintiff acknowledges that it

---

[2] The Court recognizes that Plaintiff provided a framework for how one "could" calculate such lost profits, however, Plaintiff cannot point to any actual instances that *should* be so computed. *See* Doc. 299 at 9.

[3] For instance, Plaintiff artfully interprets Ms. Kalajian's confusion testimony to assert that it conclusively establishes that her daughter did not attend Plaintiff's school because of Defendants' use of the FLORIDA ONLINE SCHOOL and FLOS marks. Doc. 299 at 6-12. Upon review, however, Ms. Kalajian testified that she successfully unenrolled her daughter from FLOS after realizing her mistake *and attempted to enroll her with Plaintiff*, "but we just—we decided to go back to brick-and-mortar at the end of the day. So she never—she never went forward with FLVS." Doc. 171-1 at 17:1-12. This is not "specific" evidence of lost sales caused by Defendants. *See St. Charles Mfg. Co.,* 737 F.2d at 893.

must "establish[] the fact of damages" to take its case to a jury; it has not done so here. *See* Doc. 299 at 11; *see also ITT Corp. v. Xylemt Grp.*, 963 F.Supp.2d 1309, 1329 (N.D. Ga. 2013).

Plaintiff has asserted no change in controlling law or new evidence, nor has it made any showing—much less a compelling one—that any manifest injustice has occurred to warrant any further reconsideration of the Court's orders. That these paltry excuses for evidence of actual damages are all that Plaintiff can muster after more than three years of litigation speaks volumes. Therefore, the only remaining remedies available to Plaintiff are injunctive relief and/or limited equitable disgorgement, for which it is not entitled to a jury trial. *See Hard Candy, LLC v. Anastasia Beverly Hills, Inc.*, 921 F.3d 1343, 1359 (11th Cir. 2019); *see also* Doc. 295 at 6.

## II.    Disgorgement

In a last-ditch attempt to salvage its damages claims, Plaintiff argues that Mr. Gallogly should be permitted to testify in regard to disgorging Defendants' nationwide profits because their unauthorized use of the FLVA.com domain constitutes one of the bases for Plaintiff's trademark infringement claims. Doc. 299 at 12-14. This case now encompasses over three hundred docket entries; in none of these papers has Plaintiff based its trademark infringement arguments on

- 4 -

Defendants' use of the FLVA.com domain.[4] Plaintiff contends that it "naturally

alleged" as much because it "previously filed a separate lawsuit on this basis." *Id.*

at 14. This is a surprising admission to make whilst demanding the Court accept the

domain usage as a basis for its claims in *this* suit.

As Plaintiff is well-aware, it released any such claims for trademark

infringement on that basis when it executed the 2015 Settlement Agreement. *See*

Doc. 250-1, ¶ (6)(a).[5] Its only remedy for those alleged infractions in this litigation

was its breach of contract claim, which this Court disposed of on summary

judgment because Plaintiff could show no evidence of damages. *See* Doc. 297 at 7-

9. Plaintiff's deployment of vague language regarding its trademark infringement

---

[4] For example, in its Response in Opposition to Defendants' Motion to Dismiss, Plaintiff referred only to Defendants' "adoption and use of the FLOS and FLORIDA ONLINE SCHOOL marks" as the basis for its claims for trademark infringement. Doc. 20 at 9. Plaintiff also moved for partial summary judgment on its claims that Defendants infringed on their trademarks. Doc. 141 at 13-26. In discussing the similarity of the marks, Plaintiff exclusively compared the "Florida Online School" and "FLOS" marks, making no mention whatsoever of the website domains or the FLVA acronym. *See id.* at 16-18. It only referred to Defendants' tardy handover of the domains as "a direct contravention of the Settlement Agreement" under the intent factor, arguing the "totality of the circumstances" showed they intended to deceive customers. *Id.* at 21-22.

[5] In its Order on the parties' cross motions for summary judgment on Defendants' Counterclaim, the Court engaged in a detailed analysis of the 2015 Settlement Agreement, finding that its release clauses have preclusive effect in this case. Doc. 289 at 6-12. The Court incorporates that analysis by reference here in finding that the same release clause prohibits Plaintiff from reasserting Defendants' unauthorized use of the FLVA.com domain—which it did in that case—as a basis for its trademark infringement claims in this lawsuit. *See id.*; *see also* Doc. 250-1, ¶¶ 5, 6(a), 7.

counts throughout this litigation cannot preserve a claim that could never have been brought in the first place.

### III.   Conclusion

It remains to be seen from the evidence presented at trial whether Plaintiff's trademark has been infringed. But what is clear is that Plaintiff has produced no evidence whatsoever that it has been damaged by Defendants' alleged infringement. Plaintiff has presented no change in controlling law, no new evidence, and no manifest injustice; its futile attempt to relitigate these issues is unavailing.

Accordingly, it is **ORDERED** that:

1. Summary judgment is hereby **GRANTED** for Defendants and against Plaintiff on its claim for actual damages with respect to Plaintiff's trademark infringement claims; and

2. Plaintiff's request for a jury trial on its trademark infringement claims is **DENIED**. The Court does not need, nor will it use, an "advisory" jury.

3. Summary judgment is hereby **GRANTED** for Defendant with respect to Plaintiff's contention that Defendants' use of the FLVA.com domain serves as a basis for its trademark infringement claims. Plaintiff may not seek disgorgement as to this claim. The

disgorgement remedy only applies to trademark infringement claims regarding Plaintiff's marks in Florida for the two-year period identified in this Court's prior order (Doc. 295).

4. This case will proceed to a bench trial commencing October 16, 2023.

**DONE** and **ORDERED** in Orlando, Florida on September 28, 2023.



GREGORY A. PRESNELL
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties