**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

FLORIDA VIRTUAL SCHOOL,

          Plaintiff,                          Case No.: 6:20-cv-2354-GAP-EJK

v.

K12, INC. and K12 FLORIDA, LLC,

          Defendants.

_____/

**<u>FLVS BENCH BRIEF ON ACTUAL CONFUSION EVIDENCE</u>**

Plaintiff, Florida Virtual School ("FLVS"), respectfully requests that the Court admit its testimony and exhibits of actual confusion, and states:

**ARGUMENT**

Testimony from FLVS employees and emails demonstrating actual confusion in the market is admissible because (1) K12 has introduced extensive deposition testimony about this evidence and already tendered these same or similar emails into evidence; and (2) they are either not hearsay or admissible under the state of mind and business record exceptions. First, K12 has, itself, designated almost 100 pages of deposition testimony from FLVS employee Samuel Verghese wherein counsel for K12 examined Mr. Verghese about a dozen examples of emails exhibiting actual confusion between the parties' marks. (*See* Doc. 327-6). During the portions of this deposition designated into evidence, counsel for K12 introduced emails and social

1

media posts exhibiting actual market confusion as deposition exhibits, showed them to Mr. Verghese, read them into the transcript, and then questioned Mr. Verghese at length about how these exhibits may or may not have demonstrated actual confusion. *Id.* K12 then tendered these same deposition exhibits under seal with the Court. (Doc. 327-11).

K12 cannot introduce into evidence exhibits and testimony demonstrating actual market confusion while simultaneously objecting to FLVS introducing the same or similar testimony and exhibits. "It is settled law that one waives his right to object to the admission of evidence if he later introduces evidence of the same or similar import himself." *United States v. Truitt*, 440 F.2d 1070, 1071 (5th Cir. 1971)[1] (citing *Mercer v. Theriot*, 377 U.S. 152 (1964)). " As we have long said, 'one may not be heard to complain about the admission of evidence where, as here, he introduced that very evidence himself.'" *United States v. Hogan*, 778 F. App'x 642, 645 (11th Cir. 2019) (quoting *Truitt*, 440 F.2d at 1071). By designating extensive deposition testimony concerning actual confusion within the market and filing the same or similar exhibits with the Court, K12 waived any objections to the admissibility of such testimony and exhibits.

---

[1] Former Fifth Circuit decisions published before October 1, 1981 are binding precedent in the Eleventh Circuit. *Bonner v. City of Prichard, Ala.*, 661 F.2d 1206, 1207 (11th Cir. 1981) (en banc).

But this evidence would be admissible regardless. "There is no hearsay problem" with actual confusion evidence because "[h]earsay is an out-of-court statement admitted for the truth of the matter asserted," while actual confusion evidence is "probative of the declarant's confusion." *Fun-Damental Too, Ltd. v. Gemmy Indus. Corp.*, 111 F.3d 993, 1003–04 (2d Cir. 1997); *Citizens Fin. Grp., Inc. v. Citizens Nat. Bank of Evans City*, 383 F.3d 110, 133 (3d Cir. 2004) (agreeing that employee testimony about interactions with confused customers "is not hearsay"). FLVS introduces this evidence to show that parents, students, and school administrators *thought* there was a relationship between FLVS and FLOS, not to prove such a relationship existed. *Armco, Inc. v. Armco Burglar Alarm Co.*, 693 F.2d 1155, 1160 (5th Cir. 1982) (permitting testimony about actual confusion because it "was not being offered to show that Armco and Armco Burglar Alarm were the same business, but to show that people *thought* they were" (emphasis in original)); *Lyons P'ship, L.P. v. Morris Costumes, Inc.*, 243 F.3d 789, 804 (4th Cir. 2001) ("Lyons did not offer the children's statements or the newspaper articles to prove the truth of the matter asserted—i.e., that the persons wearing the Duffy costume were in fact Barney—but rather merely to prove that the children and the newspaper reporters *expressed their belief* that those persons were Barney." (emphasis in original)).

Further, "[t]o the extent that any of the customers' statements may be deemed hearsay, we believe Rule 803(3) would apply." *Citizens*, 383 F.3d at 133; *Fun-*

*Damental*, 111 F.3d at 1004 ("Further, Federal Rule of Evidence 803(3) allows statements, otherwise excluded as hearsay, to be received to show the declarant's then-existing state of mind."). Courts generally agree that actual confusion evidence is either not hearsay or admissible under Rule 803(3), the state of mind hearsay exception. *See, e.g., id.; Canes Bar & Grill of S. Fla., Inc. v. Sandbar Bay, LLC*, 343 F. Supp. 3d 1236, 1246 (S.D. Fla. 2018) (relying on *Fun-Damental, Citizens, Armco,* and *Lyons* to admit social media postings as evidence of actual confusion); *Conversive, Inc. v. Conversagent, Inc.*, 433 F. Supp. 2d 1079, 1091 (C.D. Cal. 2006) (holding the same and recognizing that "the majority of circuit courts that have considered this issue have relied on the evidence rules cited by plaintiff and found that such evidence is admissible").

Emails from and between K12 employees recognizing widespread confusion in response to inquiries from parents, students, and administrators are clearly admissible as statements by employees of an opposing party made in the course and scope of their duties. Fed. R. Evid. 801(d)(2)(D) (permitting statements offered against an opposing party that were "made by the party's agent or employee on a matter within the scope of that relationship and while it existed").

Records of consumer confusion are also admissible under the business records exception. "Computer generated business records are admissible under the following circumstances: '(1) The records must be kept pursuant to some

routine *procedure* designed to assure their accuracy, (2) they must be created for motives that would tend to assure accuracy (preparation for litigation, for example, is not such a motive), and (3) they must not themselves be mere accumulations of hearsay or uninformed opinion.'" *United States v. Glasser*, 773 F.2d 1553, 1559 (11th Cir. 1985) (quoting *Rosenberg v. Collins*, 624 F.2d 659, 665 (5th Cir. 1980)) (emphasis in original). "To be admitted under that exception 'the person who actually prepared the documents need not have testified so long as other circumstantial evidence and testimony suggest their trustworthiness.'" *United States v. Parker*, 749 F.2d 628, 633 (11th Cir. 1984) (quoting *Itel Cap. Corp. v. Cups Coal Co.*, 707 F.2d 1253, 1259 (11th Cir.1983)). "Nor is it required 'that the records be prepared by the business which has custody of them.'" *Id.* (quoting *United States v. Veytia-Bravo*, 603 F.2d 1187, 1191 (5th Cir.1979)). "The touchstone of admissibility under the business records exception is reliability, and a trial judge has broad discretion to determine the admissibility of such evidence." *United States v. Bueno–Sierra,* 99 F.3d 375, 378–79 (11th Cir.1996).

Here, the parties have stipulated to the authenticity of exhibits produced in discovery, including emails routinely (indeed, automatically) saved within the parties' respective databases. The inherent reliability of email records is demonstrated by the detailed metadata email records automatically generate, such as date, time, and the list of recipients. Additionally, regularly receiving and responding

to emails from students, parents, and school administrators is an intrinsic part of being an online education provider like K12 or FLVS. Students, parents, and school administrators email their online educational providers for assistance in their education or job duties, not in preparation for litigation, and these emails express their own thoughts, not an accumulation of hearsay from others. These emails are therefore admissible under the business records exception. *United States v. Parnell*, No. 1:13-CR-12 WLS, 2015 WL 3447250, at *8 (M.D. Ga. May 28, 2015) (holding that emails sent by non-witnesses but kept in the regular course of business were admissible business records); 7 Handbook of Fed. Evid. § 803:6 (9th ed.) ("Emails, of course, are included in the concept of 'records' constituting business records.").

The contrary authority cited by K12 in its trial brief is inapposite and unpersuasive. (Doc. 323 at 12 n.33). The *Doe* court excluded a LinkedIn page in a civil sexual assault lawsuit because "Plaintiff presents no testimony or affidavit to authenticate the LinkedIn profile" and "Plaintiff has not argued that a [hearsay] exception applies." *Doe v. New Coll. of Fla.*, No. 8:21-CV-1245-CEH-CPT, 2023 WL 6313931, at *8 (M.D. Fla. Sept. 28, 2023). Here, the parties have stipulated to the authenticity of evidence exchanged in discovery, (Doc. 302 at 28), and FLVS has presented arguments that this evidence is not hearsay and that hearsay exceptions apply. Similarly, the two Texas district court decisions cited by K12 excluded the exhibits in a short footnote, did not contain any analysis or citation, and there is no

6

indication that that the courts there considered the arguments raised by FLVS here. *See Provident Precious Metals, LLC v. Nw. Territorial Mint, LLC*, 117 F. Supp. 3d 879, 899 n.55 (N.D. Tex. 2015); *NLB Corp. v. PSI Pressure Sys. LLC*, No. CV H-18-1090, 2019 WL 6039932, at \*7 n.5 (S.D. Tex. Nov. 14, 2019).

Accordingly, FLVS respectfully requests that the Court admit its evidence of consumer confusion.

/s/ Stephen H. Luther
Stephen H. Luther
Trial Counsel
Florida Bar No. 528846
LUTHER LAW PLLC
4767 New Broad Street, # 1029
Orlando, FL 32814
407 501-6711 x101 (Main)
407 501-7049 (Direct)
sluther@lutherlawgroup.com

Thomas E. Bishop
Florida Bar Number 956236
Katharine N. Roth
Florida Bar Number 106692
Kyle William Mason
Florida Bar Number 1045149
BISHOP & MILLS PLLC
510 N. Julia Street
Jacksonville, Florida 32202
(904) 598-0034/(904) 598-0395 (facsimile)
tbishop@bishopmills.com
kroth@bishopmills.com
kmason@bishopmills.com
service@bishopmills.com

David J. D'Agata, Esq.

7

General Counsel
Florida Bar No. 663891
Luis R. Guzman, Esq.
Sr. Asst. General Counsel
Florida Bar No. 570613
Florida Virtual School
5422 Carrier Drive, Suite 201
Orlando, Florida 32819
Office: 407-513-3451
ddagata@flvs.net
luguzman@flvs.net

*Attorneys for Plaintiff, Florida
Virtual School*

8