# EXHIBIT A

| | |
|---|---|
| **From:** | Emily Dalessio |
| **Sent:** | Friday, February 3, 2023 7:18 PM |
| **To:** | Steven Hollman; sluther@lutherlawgroup.com; shill@rumberger.com; sculley@rumberger.com; ldietzen@rumberger.com; ddagata@flvs.net; luguzman@flvs.net; tbishop@bishopmills.com; krady@rumberger.com; cduquette@rumberger.com |
| **Cc:** | djohnson@carltonfields.com; Abraham Shanedling; Charles Spencer-Davis |
| **Subject:** | RE: Notice of Rule 11 Motion; Draft Motion; Exhibits to Motion |

**...berger.com ldietzen@rumberger.com ddagata@flvs.net luguzman@flvs.net tbishop@bishopmills.com krady@rumberger.com cdu...**

On behalf of Steven Hollman:

| | |
|---|---|
| Court Identity: | United States District Court, Middle District of Florida, Orlando Division |
| Case No.: | 6:20-cv-02354-GAP-EJK |
| Initial Party (Plaintiff): | Florida Virtual School |
| Initial Party (Defendant): | Stride Inc. (formerly K12, Inc.) and K12 Florida, LLC |
| | |
| Title of document(s) served: | Stride's Notice of Rule 11 Motion for Sanctions<br><br>Stride's DRAFT Rule 11 Motion For Sanctions (& Exhibits) |
| Sending Attorney's Name: | Steven P. Hollman |
| Sending Atty's Phone Number: | 202-747-1941 |

**Emily Dalessio**
+1 202-747-2185 | direct
EDalessio@sheppardmullin.com | Bio

**SheppardMullin**
2099 Pennsylvania Avenue, NW, Suite 100
Washington,  DC 20006-6801
+1 202-747-1900 | main
www.sheppardmullin.com | LinkedIn | Twitter

1

**From:** Steven Hollman <SHollman@sheppardmullin.com>
**Sent:** Friday, February 3, 2023 6:15 PM
**To:** 'sluther@lutherlawgroup.com' <sluther@lutherlawgroup.com>; 'shill@rumberger.com' <shill@rumberger.com>; 'sculley@rumberger.com' <sculley@rumberger.com>; 'ldietzen@rumberger.com' <ldietzen@rumberger.com>; 'ddagata@flvs.net' <ddagata@flvs.net>; 'luguzman@flvs.net' <luguzman@flvs.net>; 'tbishop@bishopmills.com' <tbishop@bishopmills.com>; Platt Rady, Kayla <krady@rumberger.com>; Duquette, Carlie <cduquette@rumberger.com>
**Cc:** Johnson, Daniel C. <djohnson@carltonfields.com>; Abraham Shanedling <AShanedling@sheppardmullin.com>; Charles Spencer-Davis <CSpencerDavis@sheppardmullin.com>; Emily Dalessio <edalessio@sheppardmullin.com>
**Subject:** Notice of Rule 11 Motion; Draft Motion; Exhibits to Motion

Counsel:

Please see the attached Notice of Rule 11 Motion, together with the accompanying draft Motion and Exhibits.


**Steven Hollman**
+1 202-747-1941 | direct
SHollman@sheppardmullin.com | Bio

# SheppardMullin
2099 Pennsylvania Avenue, NW, Suite 100
Washington, DC 20006-6801
+1 202-747-1900 | main
www.sheppardmullin.com | LinkedIn | Twitter

2

**SheppardMullin**

Sheppard, Mullin, Richter & Hampton LLP
2099 Pennsylvania Avenue, NW, Suite 100
Washington, D.C. 20006-6801
202.747.1900 main
202.747.1901 fax
www.sheppardmullin.com


Steven P. Hollman
202.747.1941 direct
shollman@sheppardmullin.com

February 3, 2023

***VIA FIRST CLASS MAIL & ELECTRONIC MAIL***

Stephen H. Luther
LUTHER LAW PLLC
4767 New Broad Street, # 1029
Orlando, FL 32814
sluther@lutherlawgroup.com

Suzanne Barto Hill
Sally R. Culley
300 South Orange Ave., Ste. 1400
Orlando, FL  32801
shill@rumberger.com
sculley@rumberger.com

Leonard J Dietzen, III
Rumberger, Kirk & Caldwell, P.A.
101 North Monroe St., Ste. 120
Tallahassee, FL 32301
ldietzen@rumberger.com

David J. D'Agata
Luis R. Guzman
Florida Virtual School
2145 Metrocenter Blvd., Ste. 100
Orlando, FL 32835
ddagata@flvs.net
luguzman@flvs.net

Thomas E. Bishop
BISHOP & MILLS, PLLC
510 N. Julia St.
Jacksonville, FL 32202
tbishop@bishopmills.com

**Re:    *Florida Virtual School v. Stride, Inc. (formerly K12, Inc.) and K12 Florida LLC,*
Case No. 6:20-cv-2354-GAP-EJK (M.D. Fla.); Notice of Rule 11 Motion for Sanctions**

Dear Counsel:

Pursuant to Rule 11 of the Federal Rules of Civil Procedure, attached is a service copy of a Motion
for Sanctions that Stride, Inc. (formerly K12, Inc.) and K12 Florida LLC (together, "Stride") intend

February 3, 2023
Page 2

to file unless Florida Virtual School ("FLVS") withdraws or corrects its unsupported claims against Stride for monetary damages alleged to arise from Stride's challenged conduct outside of Florida. In accordance with Rule 11, Stride will file this Motion after the expiration of the 21 day "safe harbor" provision of Rule 11 unless FLVS takes the action described above. *See* Fed. R. Civ. 11(b)(3) & (c)(2).

As you stated in FLVS's December 8, 2021 Motion to Compel financial discovery from Stride outside of Florida, "[o]nce all discovery is in, K12 can try to limit this dispute solely to Florida." Dkt. 52 at 3. Stride is now doing exactly what you invited it to do over a year ago, based on a now fully developed factual record, and after giving FLVS every opportunity to present evidence to substantiate its claims. But the factual record now confirms FLVS has no evidence for damages or any relief based on conduct outside of Florida—and never did.

As explained further below and in the attached draft Motion, FLVS filed and prosecuted baseless and demonstrably false claims for damages, lost profits, and injunctive relief based on Stride's conduct outside the state of Florida. In FLVS's Complaint, its trademark infringement allegations stemmed from Stride's use of FLORIDA ONLINE SCHOOL and FLOS for its online educational services program in Hendry County, Florida. Cmplt. ¶¶ 41-52. FLVS's false advertising claims rested on a comparison checklist (the "Checklist") available through a link on the About Page on Stride's website that encouraged parents to compare Stride school offerings to those of other providers before making a decision on where to send their child to school online. *Id*. ¶¶ 53-60.

FLVS made emphatic allegations of widespread confusion and resulting injury both within and outside of Florida purportedly caused by Stride's challenged actions. FLVS alleged its marks are "known to purchasers throughout the United States and are associated with [Plaintiff's] services," and that Stride allegedly used the FLOS marks in interstate commerce, *id.* ¶¶ 78, 80, 91, 104 & 119. FLVS further alleged it had been and would continue to be damaged by Stride's actions, and that these actions had caused and would "continue to cause irreparable harm" to FLVS. *Id.* ¶¶ 72, 82, 92, 93, 105, 106, 113, 114, 129, 130, 135, 136, 142 & 143.

After filing these claims, FLVS maintained throughout discovery that it would present proof for these claims of monetary injury and irreparable harm to FLVS outside of Florida. In order to justify an intrusive inquiry into Stride's financial operations outside of Florida which became available to in-house counsel who are involved in competitive business decisions for FLVS, FLVS stated in sworn written discovery responses that it had sustained and would continue to sustain irreparable harm outside of Florida. FLVS then proceeded to seek far-reaching nationwide and global financial discovery from Stride, and you even moved to compel Stride's national financials after Stride objected to producing irrelevant, highly-confidential materials. Notably, in that motion to compel, FLVS represented to the Court that it "expect[ed] that discovery will disclose *substantial evidence* of infringement, false advertising and other misconduct outside of the State of Florida." Dkt. 52 at 2 (emphasis added).

No such evidence – much less substantial evidence – was ever developed. To the contrary, the factual record adduced in discovery confirms that FLVS never had – and it does not now have – evidentiary support for its claims of widespread confusion/deception and causative injury damages outside of Florida, for at least the following reasons:

February 3, 2023
Page 3

1. Stride has never used Florida-centric branding – including the FLORIDA ONLINE SCHOOL and FLOS marks – outside of Florida, and FLVS has presented no evidence to the contrary.  Indeed, FLVS's internal documents show exactly why that is so:  it determined to change its own branding outside of Florida from FLVS to FlexPoint precisely because Florida-centric branding was not helpful to it in making sales to school district customers outside of Florida, and of course, non-Florida students cannot enroll in Florida-based online programs.  Consequently, Stride would have no reason or incentive to use Florida-based branding in other states;

2. FLVS does not have evidentiary support for its contention that the FLORIDA VIRTUAL SCHOOL and FLVS marks have any brand recognition or good will outside of Florida.  Indeed, FLVS's internal documents concede that the mark is not widely recognized outside of Florida, and third-party witness testimony confirms that fact.  That explains why FLVS actually initiated a rebrand of its outside of Florida services:  because it had such limited brand recognition and its trademarks actually limited its ability to do business outside of Florida.  FLVS therefore initiated the global rebrand at least a year and a half before filing its Complaint against Stride, and FLVS publicly announced the rebrand of its outside of Florida services to FlexPoint Education Cloud on October 6, 2021;

3. FLVS did not conduct any confusion survey – including for outside of Florida customers where FLVS's marks are not well-known – and FLVS has provided no evidence of actual point-of-sale confusion which could lead to monetary loss outside of Florida related to Stride's discontinued use within Florida of its FLORIDA ONLINE SCHOOL and FLOS program names; and

4. FLVS's putative deception survey was confined to Florida, and FLVS therefore has no survey evidence and no other evidence of any material deception outside of Florida that could result in monetary loss to FLVS (or undue gain to Stride).  Even if FLVS's Florida deception survey had been conducted in a methodologically correct way (it was not), if it had produced a probative level of material deception impacting FLVS (it did not), and even if the results somehow could be appropriately extrapolated to non-Florida markets (they cannot), the survey still would be irrelevant because the data analytics provided by Stride demonstrate that the Checklist was not seen by a sufficient number of prospective "customers" to qualify as having been distributed as an advertisement or promotion or to have made any material impact on prospective consumers.  Thus, FLVS does not have evidentiary support for any claim of monetary loss outside of Florida based on Stride's purported advertising or the availability of the Checklist on its About Page.

Rule 11 serves a purpose fundamental to the fair and proper functioning of our federal civil litigation system: "to deter baseless filings in the district court" that are prejudicial and waste the court's and the parties' time and resources.  *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 393 (1990).  Accordingly, parties and their counsel are duty-bound to ensure that its factual contentions are grounded in evidentiary support or will have such support "after a reasonable opportunity for further investigation or discovery."  Fed. R. Civ. P. 11(b)(3); *see also Massengale v. Ray*, 267 F.3d 1298, 1301-02 (11th Cir. 2001).  But FLVS's allegations that Stride's conduct has caused significant monetary harm and irreparable harm to FLVS outside of Florida have been

February 3, 2023
Page 4

baseless from inception, and discovery has proven that FLVS has no evidentiary support for those claims.

This Court, and Judge Presnell in particular, have granted Rule 11 motions for sanctions in similar circumstances.  *See NCM of Collier Cnty., Inc. v. Durkin Grp., LLC*, No. 2:11-CV-558-FTM-99DN, 2012 WL 2792802, at *2-3 (M.D. Fla. July 9, 2012) (Presnell, J.) (granting Rule 11 motion based on "objectively frivolous" claim and where "Plaintiffs did not amend their complaint, or rethink the legal sufficiency of their claims"); *Worldwide Primates, Inc. v. McGreal*, 26 F.3d 1089, 1091-93 (11th Cir. 1994) (affirming Rule 11 sanctions where "[t]he evidence shows [plaintiff] knew from the beginning that the letters had not harmed its business relationship with Delta" such that plaintiff pursued the claim "when it knew, or should have known, that its claim was legally and factually baseless").  This principles apply here with equal force for multiple, basic reasons.

1. **Stride never used Florida-centric branding – including the FLORIDA ONLINE SCHOOL and FLOS program name – outside of Florida, and you have presented no evidence to the contrary.**

FLVS has allege Stride has used its FLORIDA ONLINE SCHOOL and FLOS marks in interstate commerce in a manner likely to cause confusion, *see* Cmplt. ¶¶ 80, 91, 104 & 119, but discovery has proven Stride never used those marks for branding or marketing outside of Florida (or frankly even within Florida for that matter).  Todd Goldthwaite, Managing Director at Stride, swore in a declaration to the Court in response to FLVS's motion to compel financial discovery outside of Florida that "K12 limited the use of FLOS, FLORIDA ONLINE SCHOOL, and Florida-centric branding to the state of Florida because K12 is only authorized to enroll students in the Hendry County program and other Florida programs if those students are qualified to attend Florida public K-12 schools."  Dkt. 54-2 (Goldthwaite Decl.), ¶ 5.  He further stated:  "Because K12 is not authorized to enroll students who are not qualified to attend Florida K-12 public schools, K12 has not used the FLORIDA ONLINE SCHOOL and FLOS marks to promote its Florida services or programs outside of Florida or to market to students located outside of Florida … K12 never used Florida-branded or FLORIDA ONLINE SCHOOL-branded materials to appeal to students outside of Florida for a simple reason: doing so would be pointless, as those non-Florida students would not be qualified to enroll in the Florida-branded programs."  *Id.* ¶ 6.  Mr. Goldthwaite iterated the same point as Stride's corporate representative deponent, confirming that Stride does not use Florida-centric branding outside of Florida.  In fact, he testified that Stride takes steps to prevent people outside of Florida from seeing its FLOS materials by including a zip code filter on the K12 website to direct people to the correct school options in the correct state.  Goldthwaite Dep. Tr. at 349:19-350:4.

FLVS has not presented any evidence to the contrary in support of your contention that Stride had any incentive to use or did in fact use the FLORIDA ONLINE SCHOOL and FLOS program name in marketing its services outside of Florida.

2. **FLVS does not have any evidentiary support for its contention that the FLORIDA VIRTUAL SCHOOL and FLVS marks have any brand recognition or good will outside of Florida.**

February 3, 2023
Page 5

FLVS alleged that its marks are "known to purchasers throughout the United States and are associated with [Plaintiff's] services." Cmplt. ¶ 78. But discovery has proven FLVS's marks have limited recognition even within Florida, let alone outside the state.

Internal brand tracking surveys produced by FLVS in discovery have shown that "without prompting… only 1% [of respondents] named Florida Virtual School as an known online education provider." *See* FLVS00392092; *see also* Lysaught Dep. Tr. at 103:1-9. With *aided* awareness, FLVS the acronym has "less than **15% awareness** among prospective and current families" in Florida, while the full Florida Virtual School name "has less than **50% awareness** (only ~36% among prospective families)." *See* FLVS00469969; *see also* Draeger Dep. Tr. at 61:2-10; FLVS00247448.

Outside of Florida FLVS's marks lack any meaningful brand recognition at all, and FLVS has not presented evidentiary support to the contrary. Kate Lysaught testified that FLVS's "customer base [outside of Florida] is other school districts and school district administrators." Lysaught Dep. Tr. at 106:22-107:6. But Rebecca Kelley, Assistant to the Superintendent of the Wattsburg Area School District in Pennsylvania, said she had never heard of or learned of FLVS, its marks, or its services when her School District did its diligence to select an online school provider. *See* Kelley Dep. Tr. 10:15-11:1. FLVS's former Senior Digital Strategy Manager, Marissa Draeger, testified to FLVS's "brand strength outside of Florida," noting FLVS's branding "was a challenge with the geographic limitations but, also… there wasn't as high awareness as we'd like outside the state of [the Florida Virtual School] name." Draeger Dep. Tr. 47:17-48:1.

Discovery has shown that FLVS fully understood its brand had limited recognition, good will, and value outside of Florida. As early as May 2019, FLVS actively contemplated – and ultimately completed – a full rebrand of its outside of Florida educational service offerings. FLVS did so because the FLVS and FLORIDA VIRTUAL SCHOOL branding was not well recognized and limited Plaintiff's ability to "conduct[ ] business outside of Florida." FLVS00247448; *see also* Draeger Dep. Tr. at 50-58. Further, FLVS sought to rebrand because every single word in its FLORIDA VIRTUAL SCHOOL mark – the mark on which it claims Stride infringed outside of Florida – limited the ability of FLVS to do business outside of Florida. *Id.* As You well know, FLVS publicly announced the rebranding of its global services to FlexPoint Education Cloud on October 6, 2021.

3. **FLVS does not have evidentiary support for any claim of monetary loss outside of Florida based on Stride's use of the FLORIDA ONLINE SCHOOL and FLOS program name.**

FLVS alleged that it had suffered and would continue to suffer irreparable harm as a result of Stride's use of the FLORIDA ONLINE SCHOOL and FLOS marks. *See* Cmplt. ¶¶ 82, 93, 106, & 114. But FLVS's only "evidentiary support" for that allegation is nothing more than a "damages" expert report where Daniel Gallogly simply assumed every allegation in the Complaint as true.

FLVS's Rule 30(b)(6) representative testified that FLVS is relying on Mr. Gallogly's expert report for the proposition that FLVS has suffered monetary loss outside of Florida, in particular that "K12's use of the Florida Online School and FLOS has caused injury to FLVS including the basis

February 3, 2023
Page 6

for the allegation that the injury includes the lost revenue from consumers[.]"  Second Verghese Dep. Tr. at 20:19-21:7 & 23:10-21.  But Mr. Gallogly's report includes no evaluation, investigation, analysis, or provision of factual evidence to support these claims.  Instead, Mr. Gallogly admitted he simply *assumed* that all of Plaintiff's allegations regarding liability were true.  *See generally* Gallogly Rep.  He stated as much at his deposition: "[w]Whatever the complaint says i[s] what I assumed is true."  Gallogly Dep. Tr. at 282:3-6.  He admitted he "didn't do an assessment" of whether any confusion in the market "actually had a financial or monetary impact on FLVS," because "whatever's in the complaint is what [he] assumed is true."  *Id.* 282:8-17.

Nor did FLVS conduct any survey to measure point of sale confusion resulting from the alleged infringement.  It is no wonder why.  With its weak marks, its routine practice of using elements of Stride's marks descriptively, widespread third-party descriptive use of elements of the FLVS brand, residual confusion which FLVS attributed to the now-released use by Stride of the FLORIDA VIRTUAL ACADEMY and FLORIDA VIRTUAL PROGRAM names, and a high level of "noise" confusion measured by FLVS's survey evidence in the prior lawsuit, there is no way of separating confusion resulting from these facts from the confusion FLVS seeks to attribute to Stride's alleged discontinued infringement.

Finally, FLVS was not able to produce a single witnesses from among those listed in its Rule 26 disclosures as having knowledge of "[t]he injury suffered by FLVS resulting from the acts complained of in the Complaint" who actual could testify to having any knowledge of injury sustained by FLVS outside of Florida.  In fact, Courtney Calfee, FLVS's former Executive Director of Global Services, testified she was "not aware" of FLVS "having lost any money as a result of confusion between the name FLOS and FLVS."  Calfee Dep. Tr. at 112:22-25.  She even admitted that when she learned of Stride's launch of the FLOS program in Florida, she did not have any concerns about the use of that name because "[i]t didn't impact [FLVS's] work outside Florida."  Id. at 131:17-21.  Similarly, FLVS was unable to produce a single witness who could testify to point-of-sale confusion resulting in any monetary loss to FLVS, a stunning fact given the absence of a confusion survey and the magnitude of FLVS's claimed monetary injury.

   4. **FLVS does not have evidentiary support for any claim of monetary loss outside of Florida based on Stride's alleged advertising or the availability of the Checklist on its About Page.**

FLVS once again improperly relies on Mr. Gallogly's assumption-driven "damages" report as evidentiary support for Your claims of monetary loss outside of Florida purportedly caused by Stride's alleged advertising and the Checklist.  *See* FLVS Supplemental Response Rog. No. 10; *see also* Second Verghese Dep. Tr. at 20:19-21; Gallogly Dep. Tr. at 284:17-22 (answering "whatever the complaint said is what I assumed" in response to the question "you assumed the online comparison checklist . . on the K12 website actually led to people picking FLOS instead of FLVS, correct?").

But there is no evidence of widespread distribution of the Checklist outside of Florida.  Instead, while roughly one million people visit the K12.com website each month, no more than 46 people in a month actually access the Checklist page, and no more than 269 people in one month visited the "Why K12" page.  *See* STRIDE0031274;  *see also* Butler Dep. Tr. 42:11-17 ("[V]isits to the

February 3, 2023
Page 7

[About K12] page that contains the view checklist, are a tiny proportion of overall visits… And the viewed checklist is even a smaller proportion of that.").

Even if the Checklist had been widely distributed, there is no evidence it created any significant material deception that led to monetary loss for FLVS.  Dr. Stec – who limited his "deception" survey to Florida only – reported only 14.3% of Florida survey respondents indicated they were likely to be influenced by any "misleading" statements in the Checklist, Stec Rep. at 27, and Ms. Butler's survey shows that only 3.6% of respondents to Dr. Stec's survey believed that the Checklist was a comparison between only FLVS and Stride.  *See* Butler Rep. at 39.  Taken together, the number of people who saw the Checklist, identified it as referring to FLVS, and responded that they would be influenced by it in making a school selection was not statistically significant even for Florida.  Moreover, there is no basis for applying the survey results – even if they had been probative of material deception and injury – outside of Florida.  And FLVS has made no other showing of any actual loss associated with or caused by the Checklist that could form the basis of a monetary award outside of Florida.

Finally, since Stride removed the reference to "FLVS" from the Checklist after FLVS complained in August 2020, there is no evidence that any consumer seeing the Checklist without reference to "FLVS" would recognize the document as impliedly referring to or comparing Stride with FLVS.

In view of these factors, there is simply no basis in the record for any claim by FLVS of monetary loss outside of Florida, and no justification for any demand for monetary compensation for purported economic harm.

*        *        *

Discovery is closed and this dispute should now be limited solely to Florida, as it should have been from inception.  FLVS does not have any good faith basis for continuing to maintain its claims against Stride for monetary loss outside of Florida.  We therefore demand that you withdraw or correct these claims and allegations to limit them "solely to Florida."  If you do not agree to do so, then we will file the attached Motion for Rule 11 Sanctions against FLVS and its counsel for maintaining claims that utterly lack evidentiary support.

Stride reserves all rights and/or remedies, whether at law or in equity, in connection with this matter.

February 3, 2023
Page 8


Very sincerely yours,


Steven P. Hollman
Abraham J. Shanedling
Charles Spencer-Davis
for SHEPPARD, MULLIN, RICHTER & HAMPTON LLP



CC: Daniel Johnson, djohnson@carltonfields.com

Attachment: Stride's Draft Motion For Rule 11 Sanctions