# EXHIBIT I

**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

FLORIDA VIRTUAL SCHOOL,

       Plaintiff,              Case No.: 6:20-cv-2354-Orl-22 GAP EJK

v.

K12, INC. and K12 FLORIDA, LLC

       Defendants.

_____/

**<u>FLORIDA VIRTUAL SCHOOL'S AMENDED RULE 26 DISCLOSURES</u>**

Plaintiff Florida Virtual School ("FLVS"), pursuant to Rules 26(a)(1) and

Rule 26(f) of the Federal Rules of Civil Procedure hereby makes the following

amended disclosures:

**I.**     **<u>GENERAL LIMITATIONS AND EXCEPTIONS</u>**

1. These disclosures are based upon a good faith review of the information

readily available to FLVS at this time in the litigation with K12, Inc. and K12

Florida, LLC (collectively "K12"). FLVS reserves the right to supplement or

amend its disclosures pursuant to Federal Rules of Civil Procedure 26(a), if and

as it becomes aware of any additional individual(s), information or documents(s)

to be disclosed.

2. These disclosures are made expressly subject to and without waiving any

applicable privileges or exemptions from discovery, including, but not limited to,

the attorney-client privilege, the investigative privilege, the attorney work-

product doctrine, or any other applicable privilege or protection.

## II.    **DISCLOSURES**

**1.    Rule 26(a)(1)(A)(i):  The names and addresses of each individual likely to have discoverable information that FLVS may use to support its claims are as follows:**

| INDIVIDUALS: | AREAS OF INFORMATION: |
|---|---|
| 1.    Representatives of K12's Florida Online School c/o Steven Hollman Sheppard, Mullin 2099 Pennsylvania Avenue, NW, Suite 100 Washington, DC 20006-6801 | Knowledge concerning K12's business operations and use of marks that are confusingly similar to the "Asserted Marks" (as defined in paragraph 23 of the Complaint; K12's marketing, advertising, channels of trade and advertising media; K12's decision to adopt the infringing marks complained of in the Complaint (the "Infringing Marks") with prior knowledge and awareness of the Asserted Marks and engage in false advertising and unfair competition; the manner in which K12  has infringed the Asserted Marks and engaged in false advertising and unfair competition and the confusion resulting therefrom; K12's revenues and profits derived from the acts complained of in the Complaint; |

| 2. | Representatives of K12, Inc. c/o Steven Hollman Sheppard, Mullin 2099 Pennsylvania Avenue, NW, Suite 100 Washington, DC 20006-6801 | Knowledge concerning K12's business operations and use of marks that are confusingly similar to the Asserted Marks; K12's marketing, advertising, channels of trade and advertising media; K12's decision to adopt the Infringing Marks with prior knowledge and awareness of the Asserted Marks and engage in false advertising and unfair competition; the manner in which K12 has infringed the Asserted Marks and engaged in false advertising and unfair competition and the confusion resulting therefrom; K12's revenues and profits derived from the acts complained of in the Complaint; |
|---|---|---|
| 3. | Representatives of K12 Florida, LLC c/o Steven Hollman Sheppard, Mullin 2099 Pennsylvania Avenue, NW, Suite 100 Washington, DC 20006-6801 | Knowledge concerning K12's business operations and use of marks that are confusingly similar to the Asserted Marks; K12's marketing, advertising, channels of trade and advertising media; K12's decision to adopt the Infringing Marks with prior knowledge and awareness of the Asserted Marks and engage in false advertising and unfair competition; the manner in which K12 has infringed the Asserted Marks and engaged in false advertising and unfair competition and the confusion resulting therefrom; K12's revenues and profits derived from the acts complained of in the Complaint; |
| 4. | Records Custodian Florida Virtual School c/o Stephen Luther | Knowledge concerning the storage and maintenance of documents and other information by FLVS; |

3

| | | |
|---|---|---|
| | Luther Law Group PLLC<br>4767 New Broad Street,<br># 1029<br>Orlando, FL 32814 | |
| 5. | Records Custodian<br>K12, Inc. and K12 Florida, LLC<br>c/o Steven Hollman<br>Sheppard, Mullin<br>2099 Pennsylvania Avenue, NW, Suite 100<br>Washington, DC 20006-6801 | Knowledge concerning the storage and maintenance of documents and other information by K12; |
| 6. | Representatives of Hendry County Schools<br>25 E. Hickpochee Ave.<br>LaBelle, Fl. 33935<br>Phone: 863-674-4642 | Knowledge concerning K12's Florida Online Schools program and the financial and other terms under which the program is operated in connection with Hendry County Schools; |
| 7. | Jodi Marshall<br>Senior VP Partnership Services for K12<br>(Prior FLVS President/CEO)<br>c/o Steven Hollman<br>Sheppard, Mullin<br>2099 Pennsylvania Avenue, NW, Suite 100<br>Washington, DC 20006-6801 | Knowledge concerning FLVS's and K12's business operations, and K12's use of marks that are confusingly similar to the Asserted Marks; FLVS's and K12's marketing, advertising, channels of trade and advertising media; K12's decision to adopt the Infringing Marks with prior knowledge and awareness of the Asserted Marks and engage in false advertising and unfair competition; The manner in which K12 has infringed the Asserted Marks and engaged in false advertising and unfair competition and the confusion resulting therefrom; K12's revenues and profits derived from the acts complained of in the Complaint; |

4

| 8. | Brian Resnick Senior Director Partnership Services for K12 (Prior FLVS Executive) c/o Steven Hollman Sheppard, Mullin 2099 Pennsylvania Avenue, NW, Suite 100 Washington, DC 20006-6801 | Knowledge concerning FLVS's and K12's business operations, and K12's use of marks that are confusingly similar to the Asserted Marks; FLVS's and K12's marketing, advertising, channels of trade and advertising media; K12's decision to adopt the Infringing Marks with prior knowledge and awareness of the Asserted Marks and engage in false advertising and unfair competition; The manner in which K12 has infringed the Asserted Marks and engaged in false advertising and unfair competition and the confusion resulting therefrom; K12's revenues and profits derived from the acts complained of in the Complaint; |
|---|---|---|
| 9. | Clark Berry Head of School for K12's Florida Online School (Prior FLVS Chief Academic Officer) c/o Steven Hollman Sheppard, Mullin 2099 Pennsylvania Avenue, NW, Suite 100 Washington, DC 20006-6801 | Knowledge concerning FLVS's and K12's business operations, and K12's use of marks that are confusingly similar to the Asserted Marks; FLVS's and K12's marketing, advertising, channels of trade and advertising media; K12's decision to adopt the Infringing Marks with prior knowledge and awareness of the Asserted Marks and engage in false advertising and unfair competition; The manner in which K12 has infringed the Asserted Marks and engaged in false advertising and unfair competition and the confusion resulting therefrom; K12's revenues and profits derived from the acts complained of in the Complaint; |

5

| 10. | Kerrie DeMilio<br>Project Specialist for K12<br>(Prior FLVS Marketing<br>Specialist)<br>c/o Steven Hollman<br>Sheppard, Mullin<br>2099 Pennsylvania Avenue,<br>NW, Suite 100<br>Washington, DC 20006-6801 | Knowledge concerning FLVS's and K12's business operations, and K12's use of marks that are confusingly similar to the Asserted Marks; FLVS's and K12's marketing, advertising, channels of trade and advertising media; K12's decision to adopt the Infringing Marks with prior knowledge and awareness of the Asserted Marks and engage in false advertising and unfair competition; The manner in which K12 has infringed the Asserted Marks and engaged in false advertising and unfair competition and the confusion resulting therefrom; The injury suffered by FLVS resulting from the acts complained of in the Complaint; |
|-----|-----|-----|
| 11. | Ashley Reyes<br>Marketing &<br>Communications Director<br>Florida Virtual School<br>c/o Stephen Luther<br>Luther Law Group PLLC<br>4767 New Broad Street,<br># 1029<br>Orlando, FL 32814 | Knowledge concerning FLVS's and K12's business operations, and K12's use of marks that are confusingly similar to the Asserted Marks; FLVS's and K12's marketing, advertising, channels of trade and advertising media; K12's decision to adopt the Infringing Marks with prior knowledge and awareness of the Asserted Marks and engage in false advertising and unfair competition; The manner in which K12 has infringed the Asserted Marks and engaged in false advertising and unfair competition and the confusion resulting therefrom; The injury suffered by FLVS resulting from the acts complained of in the Complaint; |
| 12. | Tania Clow<br>Manager, Communications | Knowledge concerning FLVS's and K12's business operations, and K12's |

6

| | | |
|---|---|---|
| | Florida Virtual School<br>c/o Stephen Luther<br>Luther Law Group PLLC<br>4767 New Broad Street,<br># 1029<br>Orlando, FL 32814 | use of marks that are confusingly similar to the Asserted Marks; FLVS's and K12's marketing, advertising, channels of trade and advertising media; K12's decision to adopt the Infringing Marks with prior knowledge and awareness of the Asserted Marks and engage in false advertising and unfair competition; The manner in which K12 has infringed the Asserted Marks and engaged in false advertising and unfair competition and the confusion resulting therefrom; The injury suffered by FLVS resulting from the acts complained of in the Complaint; |
| 13. | Courtney Calfee<br>236 Northcliffe Drive<br>Gulf Breeze, FL 32561-4440 | Knowledge concerning FLVS's and K12's business operations, and K12's use of marks that are confusingly similar to the Asserted Marks; FLVS's and K12's marketing, advertising, channels of trade and advertising media; K12's decision to adopt the Infringing Marks with prior knowledge and awareness of the Asserted Marks and engage in false advertising and unfair competition; The manner in which K12 has infringed the Asserted Marks and engaged in false advertising and unfair competition and the confusion resulting therefrom; The injury suffered by FLVS resulting from the acts complained of in the Complaint; |
| 14. | Sabah Raja<br>Marketing Specialist for<br>FLVS<br>Florida Virtual School | The marketing, advertising and promotional work engaged in by FLVS and K12; |

| | | |
|---|---|---|
| | c/o Stephen Luther<br>Luther Law Group PLLC<br>4767 New Broad Street,<br># 1029<br>Orlando, FL 32814 | |
| 15. | Elizabeth Jones<br>Support Specialist, Social Media<br>Florida Virtual School<br>c/o Stephen Luther<br>Luther Law Group PLLC<br>4767 New Broad Street,<br># 1029<br>Orlando, FL 32814 | Actual confusion and other impacts of the actions complained of in the Complaint; |
| 16. | Marissa Draeger<br>2724 Big Timber Drive<br>Kissimmee, FL 34758 | Actual confusion and other impacts of the actions complained of in the Complaint; |
| 17. | Kate Lysaught<br>100 S. Eola Drive<br>Unit 1410<br>Orlando, FL 32801 | Knowledge concerning FLVS's and K12's business operations, and K12's use of marks that are confusingly similar to the Asserted Marks; FLVS's and K12's marketing, advertising, channels of trade and advertising media; K12's decision to adopt the Infringing Marks with prior knowledge and awareness of the Asserted Marks and engage in false advertising and unfair competition; The manner in which K12 has infringed the Asserted Marks and engaged in false advertising and unfair competition and the confusion resulting therefrom; The injury suffered by FLVS resulting from the acts complained of in the Complaint; |

8

**2.      Rule 26(a)(1)(A)(ii):  A copy or description by category and location of all documents within FLVS's possession, custody or control that may be used to support its claims or defenses:**

| DESCRIPTION: | LOCATION: |
|---|---|
| 1.    FLVS's trademark registrations and file histories for the Asserted Marks  along with documentation relating to the registration of the Asserted Marks | FLVS |
| 2.    Documents showing use of the Asserted Marks and the Infringing Marks | FLVS and K12 |
| 3.    Documents showing the strength of the Asserted Marks | FLVS |
| 4.    Documents showing the similarity of the Asserted Marks and Infringing Marks | FLVS and K12 |
| 5.    Documents showing the similarity of the goods and services offered by the parties under the Asserted Marks and Infringing Marks | FLVS and K12 |
| 6.    Documents showing the similarity of the parties' business operations and customers | FLVS, K12, and Third Parties |

9

| 7. | Documents showing the similarity of the advertising media used by both parties | FLVS, K12, and Third Parties |
|---|---|---|
| 8. | Documents establishing that K12 intended to infringe on the Asserted Marks and engage in false advertising and unfair competition | FLVS, K12 and Third Parties |
| 9. | Documents showing actual confusion resulting from K12's use of marks that are confusingly similar to the Asserted Marks | FLVS, K12 and Third Parties |
| 10. | Document sufficient to demonstrate that FLVS provides all the services omitted from the "Checklist" used by K12 to promote its services | FLVS and K12 |
| 11. | The K12 marketing and advertising material referenced in and/or attached to the Complaint | K12 |
| 12. | The agreement with and other documents showing or relating to the relationship between K12 and Hendry County to engage in business using the Infringing Marks and other false advertising and unfair competition | K12 and Hendry County Schools |
| 13. | Documents showing K12's purchase of and use of the FLVA.COM domain | K12 |
| 14. | The Settlement Agreement from the prior litigation | FLVS and K12 |
| 15. | Documents showing the matters litigated and those resolved in the prior litigation between the parties | FLVS and K12 |
| 16. | Documents showing the profit obtained by K12 from the conduct complained of in the Complaint | K12 |

| 17. | Documents showing the profit lost by FLVS because of the K12 conduct complained of in the Complaint | FLVS |
|---|---|---|
| 18. | Documents showing all other injury sustained by FLVS as a result of the conduct complained of in the Complaint | FLVS, K12 and Third Parties |

**3.      Rule 26(a)(1)(A)(iii):  Computation of categories of damages claimed:**

FLVS has not yet determined the full extent of its damages but reserves the right to seek all damages available under the Lanham act and relevant state law applicable in this litigation, including all attorneys' fees and costs that may be available.  Discovery is not yet complete, and a full response will not be available until further discovery is conducted.

**4.      Rule 26(a)(1)(A)(iv):  Any applicable insurance agreements:**

FLVS is not aware of any insurance agreements that apply to this litigation.

Respectfully submitted this 7th day of April,  2022.

/s/Stephen H. Luther
Stephen H. Luther
Trial Counsel
Florida Bar No. 528846
LUTHER LAW PLLC
4767 New Broad Street, # 1029
Orlando, FL 32814
407 501-6711 x101 (Main)

11

407 501-7049 (Direct)
sluther@lutherlawgroup.com

David J. D'Agata
Florida Bar No. 663891
Luis Guzman
Florida Bar No. 570613
Trial Counsel
Florida Virtual School
2145 Metrocenter Blvd #100
Orlando, FL 32835
ddagata@flvs.net
luguzman@flvs.net

and

Stephanie M. Marchman
Florida Bar No. 854301
Thomas C. McThenia, Jr.
Florida Bar No. 917141
Michael J. Colitz III
Florida Bar No. 164348
720 SW 2nd Avenue, Suite 106
Gainesville, FL 32601-6250
GRAY ROBINSON, P.A.
stephanie.marchman@gray-robinson.com
tom.mcthenia@gray-robinson.com

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY  CERTIFY that a true and correct copy of the foregoing has been furnished by e-mail transmission this 7th day of April, 2022 to all counsel of record.

/s/ Stephen H. Luther
Stephen H. Luther

13