**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION**

FLORIDA VIRTUAL SCHOOL,

   Plaintiff,      Case No.: 6:20-cv-2354-GAP-EJK

v.

STRIDE, INC. and K12 FLORIDA, LLC,

   Defendants.

_____/

**FLORIDA VIRTUAL SCHOOL'S MOTION TO STAY AND DEFER RULING ON DEFENDANTS' ORIGINAL AND AMENDED MOTIONS FOR RULE 11 SANCTIONS**

Plaintiff, Florida Virtual School ("FLVS"), respectfully requests that the Court defer ruling on Defendants' Original and Amended Motions for Rule 11 Sanctions (Doc. 137; Doc 212; Doc. 372) until the conclusion of the appeal to the Eleventh Circuit. In support thereof, FLVS states:

**ARGUMENT**

FLVS filed a response in opposition to Defendants' Amended Motion for Rule 11 Sanctions. Contemporaneously, FLVS filed a Notice of Appeal pursuant to Federal Rule of Appellate Procedure 4(a)(2), "Filing Before Entry of Judgment."[1]

_____

[1] FLVS submits that, pursuant to Federal Rule of Civil Procedure 58(b)(1)(c), the clerk must enter judgment because the Court has denied all relief.

1

In the interest of judicial economy and efficiency, FLVS requests that the Court stay and defer ruling on K12's various Rule 11 motions pending resolution of the appeal because the Eleventh Circuit's decision on these important matters may bear on the Court's order.[2] The Eleventh Circuit will consider and opine on the very matters referenced in the Rule 11 motions, including the trademark and false advertising summary judgment and trial rulings, particularly regarding damages. Indeed, as FLVS noted in response to K12's original Rule 11 motion, "K12's Motion under Rule 11 mirrors the relief set forth in its Motion for Summary Judgment, which seeks to eliminate the claim for nationwide damages. It is a dispositive motion dressed up as a motion for sanctions." (Doc. 157 at 4). The Eleventh Circuit's interpretation of those issues—whether affirming, affirming on a different basis, or reversing—will undoubtedly prove important in this collateral Rule 11 proceeding.

Courts have broad discretion to manage their dockets for a variety of reasons, including consideration of judicial economy and litigant resources. *Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1366 (11 Cir. 1997); *accord Clinton v. Jones*, 520 U.S. 681, 706 (1997) (a court enjoys discretion to stay proceedings and control its own docket). Deferring ruling on the K12's Rule 11 motions is consistent with

---

[2] Despite any appeal, the Court retains jurisdiction to decide a Rule 11 motion because imposition of a Rule 11 sanction is not a judgment on the merits, but the determination of a collateral issue regarding the judicial process. *Mahone v. Ray*, 326 F.3d 1176, 1180–81 (11th Cir. 2003).

the Court's inherent power to control its docket pending an appeal, as courts in this District have ruled before. *See, e.g.*, *Pinto v. Rambosk*, No. 2:19-cv-551-JLB-MRM, 2021 WL 4263404, at *2 (M.D. Fla. Sept. 20, 2021) (deferring ruling on Rule 11 motion pending appeal, and also observing that courts similarly and "routinely" defer ruling on motions for attorney's fees and costs pending appeal considering the same factors); *see also Jackson v. Hall Cnty. Gov't.*, 568 F. App'x 676, 680 (11 Cir. 2014) (affirming denial of Rule 11 motion without prejudice pending resolution of appeal).

Wherefore, in the interests of judicial economy, FLVS respectfully requests that the Court defer ruling on K12's Original and Amended Motions for Rule 11 Sanctions until conclusion of appeal, and other relief the Court deems just.

Dated: February 12, 2024

/s/ Thomas E. Bishop
Thomas E. Bishop
Florida Bar Number 956236
Katharine N. Roth
Florida Bar Number 106692
Kyle William Mason
Florida Bar Number 1045149
BISHOP PAGE & MILLS
510 N. Julia Street
Jacksonville, Florida 32202
(904) 598-0034/(904)
598-0395 (facsimile)
tbishop@bishoppagemills.com
kroth@bishoppagemills.com
kmason@bishoppagemills.com
service@bishoppagemills.com

Stephen H. Luther
Trial Counsel
Florida Bar No. 528846
LUTHER LAW PLLC
4767 New Broad Street, # 1029
Orlando, FL 32814
407 501-6711 x101 (Main)
407 501-7049 (Direct)
sluther@lutherlawgroup.com

David J. D'Agata, Esq.
General Counsel
Florida Bar No. 663891
Luis R. Guzman, Esq.
Sr. Asst. General Counsel
Florida Bar No. 570613
Florida Virtual School
5422 Carrier Drive, Suite 201
Orlando, Florida 32819
Office: 407-513-3451
ddagata@flvs.net
luguzman@flvs.net

*Attorneys for Plaintiff, Florida Virtual School*

## Local Rule 3.01(g) Certificate

Counsel for FLVS conferred with counsel for Defendants. Counsel for Defendants oppose the relief requested herein.