**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

FLORIDA VIRTUAL SCHOOL,

      Plaintiff,

v.                                                          Case No:  6:20-cv-2354-GAP-EJK

K12, INC., and K12 FLORIDA, LLC

      Defendants

---

**ORDER**

This cause came before the Court for consideration without oral argument on Plaintiff Florida Virtual School's ("Plaintiff's") Motion to Stay. Doc. 382. The Court has also considered Defendants K12, Inc. and K12 Florida, LLC's ("Defendants' ") Response in Opposition. Doc. 384.

The latest iteration of this Dickensian [1] trademark infringement case commenced on December 22, 2020, finally proceeding to trial from October 16-20, 2023. *See* Doc. 1; *see, e.g.*, Doc. 332; Doc. 335; Doc. 339; Doc. 340; Doc. 348. On January

---

[1] In the matter of *Jarndyce and Jarndyce*, however, the case finally came to a merciful end when the legal fees had consumed the entire underlying estate. *See* CHARLES DICKENS, BLEAK HOUSE (1852). But with the full might of the Floridian taxpayer sustaining this matter, the Court holds out little hope for such salvation here.

2, 2024, this Court issued its Memorandum and Opinion on Phase II of the trial, granting judgment for Defendants on Plaintiff's trademark infringement and unfair competition claims. Doc. 369. In its Opinion, the Court allowed Defendants the opportunity to amend their Motion for Sanctions, originally filed on March 1, 2023. *Id.* at 36.

Defendants filed their Amended Motion for Sanctions on January 19, 2024, and Plaintiff Responded in Opposition on February 12, 2024. [2] Doc. 378. Simultaneously, however, Plaintiff filed a Notice of Appeal to the Eleventh Circuit of this Court's Phase II Memorandum and Opinion entered on January 2, 2024. Doc. 381. Along with their Notice, Plaintiff also filed the instant Motion to Stay the case pending the outcome of their appeal. Doc. 382. Plaintiff argues that the Eleventh Circuit's determination on appeal "will undoubtedly prove important in this collateral Rule 11 proceeding." *Id.* at 2.

"[D]istrict courts enjoy broad discretion in deciding how best to manage the cases before them." *Equal Emp. Opportunity Comm'n v. STME, LLC*, 938 F.3d 1305, 1321 (11th Cir. 2019). Where, as here, the underlying issue in Defendants' Motion for Sanctions is closely related to the issue on appeal, efficiency and the interests of

---

[2] Responses in Opposition were also filed by each of the individual law firms representing Plaintiff in this matter. *See* Doc. 379; Doc. 380. One such Response in Opposition remains outstanding and is due on March 4, 2024. Doc. 377.

justice are best served by staying this case—and the resolution of Defendants' Motion for Sanctions—until the Eleventh Circuit has ruled on Plaintiff's appeal. *See, e.g., Blinco v. Green Tree Servicing, LLC*, 366 F.3d 1249, 1251 (11th Cir. 2004).

Other courts in this district have recognized that staying a motion for sanctions serves the interests of judicial economy where the appeal filed by the parties could, if successful, require an entire recalculation of any attorneys fees and costs awarded now. *Truesdell v. Thomas*, No. 5:13-cv-552-Oc-10PRL, 2016 WL 7049252, *2 (M.D. Fla. Dec. 5, 2016) (quoting *Nat'l Farmers' Org., Inc. v. Associated Milk Producers, Inc.*, 850 F.2d 1286, 1312 (8th Cir. 1988)) ("...rather than undertaking the time-consuming task of determining a reasonable attorneys fee, only to see the effort overturned on appeal,...the district court wisely deferred ruling on attorneys fees and costs pending appeal"), *cert. denied*, 489 U.S. 1081 (1989); *see also Hipp v. Liberty Nat'l Life Ins. Co.*, 65 F. Supp. 2d 1314, 1323 (M.D. Fla. 1999) *aff'd in part, rev'd on other grounds in part*, 252 F.3d 1208 (11th Cir. 2001). Ruling on Defendants' Motion for Sanctions could result in substantial attorneys fees awards—which would require payment now. *See* Doc. 372 at 29; *see also id.* "Deferring ruling on the issue of attorneys fees and costs would avoid the risk of having to effectuate recalculation, repayment, reimbursement or an offset of such an award later." *Truesdell*, 2016 WL 7049252 at *2.

Accordingly, it is **ORDERED** that Plaintiff's Motion to Stay the Court's ruling on Defendants' Motions for Sanctions is hereby **GRANTED**.

Consideration of Defendants' Amended Motion for Sanctions (Doc. 373) is **STAYED** pending resolution of Plaintiff's appeal in the Eleventh Circuit. The Court also **STAYS** any post-judgment application for costs pending the Eleventh Circuit's ruling.

Plaintiff is directed to file a Notice on this docket upon receipt of the Eleventh Circuit's ruling.

**DONE** and **ORDERED** in Orlando, Florida on February 28, 2024.



GREGORY A. PRESNELL
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties

- 4 -