UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

FLORIDA VIRTUAL SCHOOL,

      Plaintiff,             Case No.: 6:20-cv-2354-GAP-EJK

v.

STRIDE, INC. and K12 FLORIDA, LLC,

      Defendants.
_____/

## AMENDED NOTICE OF APPEAL

Notice is hereby given that Florida Virtual School, Plaintiff in the above named case, appeals to the United States Court of Appeals for the Eleventh Circuit from the Court's entry of judgment against FLVS on all its claims. (Doc. 389); (Exhibit A).

For clarity, FLVS intends this Amended Notice of Appeal to amend the Notice of Appeal it filed on February 12, 2024, and not to initiate a new and separate appeal other than FLVS's current Eleventh Circuit appeal with the Case Number 24-10449-J. (Doc. 381.) FLVS original Notice of Appeal was filed prior to the entry of judgment pursuant to Federal Rule of Appellate Procedure 4(a)(2), "Filing Before Entry of Judgment," and was intended to initiate a final appeal of the Court's final judgment against FLVS on all its claims. Especially because (1) FLVS's original Notice of Appeal was inaccurately labeled as an "interlocutory appeal" by the clerk

of the district court and (2) any uncertainties in the deadlines resulting from the early filing of the notice of appeal as described in FLVA's separate Motion to Correct Dates or, Alternatively, to File Documents Out of Time concurrently filed in the Eleventh Circuit, FLVS files this Amended Notice of Appeal out of an abundance of caution to remove any jurisdictional doubt that FLVS has properly appealed from the district court's final judgment on all of FLVS's claims in this case.

Dated March 12, 2024.

/s/ Thomas E. Bishop
Thomas E. Bishop
Florida Bar No. 956236
Katharine Roth
Kyle William Mason
BISHOP PAGE & MILLS, PLLC
510 N. Julia Street
Jacksonville, FL 32202
Tel. (904) 598-0034
Fax. (904) 598-0395
tbishop@bishoppagemills.com
kroth@bishoppagemills.com
kmason@bishoppagemills.com

Stephen H. Luther
Trial Counsel
Florida Bar No. 528846
LUTHER LAW PLLC
4767 New Broad Street, # 1029
Orlando, FL 32814
407 501-6711 x101 (Main)
407 501-7049 (Direct)
sluther@lutherlawgroup.com

David J. D'Agata, Esq.

General Counsel
Florida Bar No. 663891
Luis R. Guzman, Esq.
Sr. Asst. General Counsel
Florida Bar No. 570613
5422 Carrier Drive, Suite 201
Orlando, Florida 32819
Orlando, Florida 32835
Office: 407-513-3451
ddagata@flvs.net
luguzman@flvs.net

*Attorneys for Plaintiff Florida Virtual School*

# Exhibit A

# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

**FLORIDA VIRTUAL SCHOOL,**

      **Plaintiff,**

**v.**                                          **Case No: 6:20-cv-2354-GAP-EJK**

**K12, INC., K12 FLORIDA, LLC,
and RUMBERGER, KIRK &
CALDWELL, PA,**

      **Defendants.**

_____

## JUDGMENT IN A CIVIL CASE

**Decision by Court.** This action came before the Court and a decision has been rendered.

      **IT IS ORDERED AND ADJUDGED** that judgment is entered for the Defendants

on Plaintiff's Claims.

**Any motions seeking an award of attorney's fees and/or costs must be filed within the time and in the manner prescribed in Local Rule 7.01, United States District Court Middle District of Florida.**

Date: February 29, 2024

                                                     ELIZABETH M. WARREN,
                                                     CLERK

                                                     s/L. Silvia, Deputy Clerk

# CIVIL APPEALS JURISDICTION CHECKLIST

1. **Appealable Orders**: Courts of Appeals have jurisdiction conferred and strictly limited by statute:

    (a) **Appeals from final orders pursuant to 28 U.S.C. Section 1291**: Only final orders and judgments of district courts, or final orders of bankruptcy courts which have been appealed to and fully resolved by a district court under 28 U.S.C. Section 158, generally are appealable.  A final decision is one that "ends the litigation on the merits and leaves nothing for the court to do but execute the judgment." Pitney Bowes, Inc. V. Mestre, 701 F.2d 1365, 1368 (11th Cir. 1983).  A magistrate judge's report and recommendation is not final and appealable until judgment thereon is entered by a district court judge. 28 U.S.C. Section 636(c).

    (b) **In cases involving multiple parties or multiple claims**, a judgment as to fewer than all parties or all claims is not a final, appealable decision unless the district court has certified the judgment for immediate review under Fed.R.Civ.P. 54(b), Williams v. Bishop, 732 F.2d 885, 885-86 (11th Cir. 1984).  A judgment which resolves all issues except matters, such as attorneys' fees and costs, that are collateral to the merits, is immediately appealable. Budinich v. Becton Dickinson & Co., 486 U.S. 196, 201, 108 S. Ct. 1717, 1721-22, 100 L.Ed.2d 178 (1988); LaChance v. Duffy's Draft House, Inc., 146 F.3d 832, 837 (11th Cir. 1998).

    (c) **Appeals pursuant to 28 U.S.C. Section 1292(a)**:  Appeals are permitted from orders "granting, continuing, modifying, refusing or dissolving injunctions or refusing to dissolve or modify injunctions..." and from "[i]nterlocutory decrees...determining the rights and liabilities of parties to admiralty cases in which appeals from final decrees are allowed." Interlocutory appeals from orders denying temporary restraining orders are not permitted.

    (d) **Appeals pursuant to 28 U.S.C. Section 1292(b) and Fed.R.App.P.5:**  The certification specified in 28 U.S.C. Section 1292(b) must be obtained before a petition for permission to appeal is filed in the Court of Appeals.  The district court's denial of a motion for certification is not itself appealable.

    (e) **Appeals pursuant to judicially created exceptions to the finality rule:** Limited exceptions are discussed in cases including, but not limited to: Cohen V. Beneficial Indus. Loan Corp., 337 U.S. 541,546,69 S.Ct. 1221, 1225-26, 93 L.Ed. 1528 (1949); Atlantic Fed. Sav. & Loan Ass'n v. Blythe Eastman Paine Webber, Inc., 890 F. 2d 371, 376 (11th Cir. 1989); Gillespie v. United States Steel Corp., 379 U.S. 148, 157, 85 S. Ct. 308, 312, 13 L.Ed.2d 199 (1964).

2. **Time for Filing:** The timely filing of a notice of appeal is mandatory and jurisdictional.  Rinaldo v. Corbett, 256 F.3d 1276, 1278 (11th Cir. 2001).  In civil cases, Fed.R.App.P.4(a) and (c) set the following time limits:

    (a) **Fed.R.App.P. 4(a)(1)**: A notice of appeal in compliance with the requirements set forth in Fed.R.App.P. 3 must be filed in the district court within 30 days after the entry of the order or judgment appealed from.  However, if the United States or an officer or agency thereof is a party, the notice of appeal must be filed in the district court within 60 days after such entry. **THE NOTICE MUST BE RECEIVED AND FILED IN THE DISTRICT COURT NO LATER THAN THE LAST DAY OF THE APPEAL PERIOD - no additional days are provided for mailing.**  Special filing provisions for inmates are discussed below.

    (b) **Fed.R.App.P. 4(a)(3)**: "If one party timely files a notice of appeal, any other party may file a notice of appeal within 14 days after the date when the first notice was filed, or within the time otherwise prescribed by this Rule 4(a), whichever period ends later."

    (c) **Fed.R.App.P.4(a)(4)**: If any party makes a timely motion in the district court under the Federal Rules of Civil Procedure of a type specified in this rule, the time for appeal for all parties runs from the date of entry of the order disposing of the last such timely filed motion.

    (d) **Fed.R.App.P.4(a)(5) and 4(a)(6)**: Under certain limited circumstances, the district court may extend the time to file a notice of appeal.  Under Rule 4(a)(5), the time may be extended if a motion for an extension is filed within 30 days after expiration of the time otherwise provided to file a notice of appeal, upon a showing of excusable neglect or good cause.  Under Rule 4(a)(6), the time may be extended if the district court finds upon motion that a party did not timely receive notice of the entry of the judgment or order, and that no party would be prejudiced by an extension.

    (e) **Fed.R.App.P.4(c)**: If an inmate confined to an institution files a notice of appeal in either a civil case or a criminal case, the notice of appeal is timely if it is deposited in the institution's internal mail system on or before the last day for filing.  Timely filing may be shown by a declaration in compliance with 28 U.S.C. Section 1746 or a notarized statement, either of which must set forth the date of deposit and state that first-class postage has been prepaid.

3. **Format of the notice of appeal**: Form 1, Appendix of Forms to the Federal Rules of Appellate Procedure, is a suitable format.  See also Fed.R.App.P. 3(c).  A pro se notice of appeal must be signed by the appellant.

4. **Effect of a notice of appeal**: A district court loses jurisdiction (authority) to act after the filing of a timely notice of appeal, except for actions in aid of appellate jurisdiction or to rule on a timely motion of the type specified in Fed.R.App.P. 4(a)(4).