**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

FLORIDA VIRTUAL SCHOOL,

        Plaintiff,                  Case No.: 6:20-cv-2354-GAP-EJK

v.

STRIDE, INC. and K12 FLORIDA, LLC,

        Defendants.

_____/

## JOINT MOTION REGARDING ATTORNEY'S FEES AND SANCTIONS BRIEFING

Plaintiff Florida Virtual School ("FLVS") and Defendants Stride, Inc. and K12 Florida, LLC, ("Stride") respectfully request joint relief to establish deadlines regarding pending and forthcoming briefing and to permit Stride to file replies to two motions or sets of motions. In support thereof, the Parties state:

In early 2024, after the Court entered the Memorandum and Opinions on the bench trial in this action, Stride moved for sanctions against FLVS and its counsel or former counsel. (Docs. 372, 373.) Plaintiff FLVS, counsel Stephen Luther Law, Bishop & Page (formerly Bishop & Mills), and Rumberger, Kirk & Caldwell (and individual attorneys included with the firms) filed responses. (Docs. 378–80, 393.) FLVS also filed a notice of appeal.

FLVS moved to stay any hearing or ruling on the sanctions motion until the conclusion of the appeal. Additionally, the Parties jointly moved to stay the filing of any attorney's fee motions by Stride seeking to designate this as an "exceptional case" pursuant to 15 U.S.C. § 1117(a), and entitlement to fees, until after a mandate from the Eleventh Circuit on the appeal. The Court granted both motions. Regarding the sanctions motion, the Court stayed any hearing or ruling until after the appeal. (Doc. 386.) Regarding fee briefing, the Court ordered that "[a]ny post-judgment motions for costs, attorneys' fees, and/or 'exceptional case' designation pursuant to 15 U.S.C. § 1117(a) are due to be filed on this docket within 30 days after issuance of the mandate by the Eleventh Circuit." (Doc. 394 at 2.)

The Eleventh Circuit entered an opinion affirming this Court's rulings on January 15, 2026, but did not enter a mandate until March 27. In the interim, Stride moved for appellate fees pursuant to 15 U.S.C. § 1117(a), seeking to designate the case as an exceptional one entitling Stride to its appellate fees, and to determine that the amount of appellate fees is reasonable. Stride also moved to have the appellate fee motion transferred to this Court. FLVS moved for an extension of time to respond to the fee motion until whatever date the Eleventh Circuit deemed appropriate. The Circuit Court granted Stride's motion to transfer consideration of the appellate fee motion to this Court, and granted FLVS's extension motion, but did not set an actual response deadline for FLVS.

The Parties have since conferred regarding the pending sanctions briefing, appellate fee motion, and forthcoming motion by Stride seeking its fees incurred in this Court pursuant to 15 U.S.C. § 1117(a). The Parties have also conferred regarding Local Rule 7.01, which bifurcates attorney's fee briefing and directs that the Court must rule on entitlement to fees first, before a party may move regarding reasonableness of the amount. In light of these considerations, the Parties have agreed to the following deadlines, and respectfully ask that the Court set them and allow Stride to file replies to certain responses to aid the Court:

- FLVS may respond to Stride's appellate fee motion on entitlement only by **April 10, 2026**;

- Stride may file a reply of no more than 15 pages to FLVS's response within ten days of FLVS's filing (consistent with the Eleventh Circuit rule permitting a reply);

- Stride may file a reply of no more than 15 pages to the responses to the sanction motion by **April 24, 2026**;

- Stride may file any motion seeking entitlement to fees incurred in this Court, by **April 27, 2026**, consistent with this Court's Order.

Wherefore, the Parties respectfully request that the Court grant the relief requested herein.

Dated April 3, 2026.

/s/ *Steven P. Hollman*

Steven P. Hollman
(admitted *pro hac vice*)
Trial Counsel
shollman@sheppard.com
Abraham Shanedling
(admitted *pro hac vice*)
Trial Counsel
ashanedling@sheppard.com
SHEPPARD, MULLIN, RICHTER &
   HAMPTON LLP
2099 Pennsylvania Ave., N.W., Ste 100
Washington, D.C. 20006-6801
Tel. (202) 747-1941
Fax (202) 747-3012

Daniel C. Johnson, Trial Counsel
Florida Bar No. 522880
CARLTON FIELDS, P.A.
200 S. Orange Avenue, Suite 1000
Orlando, Florida 32801-3456
Tel. (407) 849-0300
Fax (407) 648-9099
djohnson@carltonfields.com
Secondary:
dcarlucci@carltonfields.com
Secondary: orlecf@cfdom.net

Eleanor M. Yost, Trial Counsel
Florida Bar No. 1003178
4221 W. Boy Scout Boulevard, Ste 1000
Tampa, Florida 33607-5780
Tel. (813) 229-4395
Fax (813) 229-4133
eyost@carltonfields.com

*Attorneys for Defendants*
*Stride, Inc., and K12 Florida LLC*

/s/ *Thomas E. Bishop*

Thomas E. Bishop
Katharine Roth
BISHOP & PAGE, PLLC
Florida Bar No. 956236
510 N. Julia Street
Jacksonville, FL 32202
Tel. (904) 598-0034
Fax. (904) 598-0395
tbishop@bishoppage.com
kroth@bishoppage.com

David J. D'Agata, Esq.
General Counsel
Florida Bar No. 663891
5422 Carrier Drive, Suite 201
Orlando, Florida 32819
Orlando, Florida 32835
Office: 407-513-3451
ddagata@flvs.net
luguzman@flvs.net

*Attorneys for Plaintiff Florida Virtual*
*School*

## Local Rule 3.01(g) Certificate

Counsel for Stride, Inc. and K12 Florida, LLC, and counsel for FLVS have conferred concerning the foregoing schedule, and the parties jointly consent to the relief requested herein.  Counsel for Stride, Inc. and K12 Florida, LLC also attempted to confer with both Stephen Luther and counsel for Rumberger, Kirk and Caldwell regarding their respective positions on Defendants' request to reply to the responses to Defendants' sanctions motions against them but was unable to reach them, and counsel for FLVS requested to proceed with this filing in view of the imminence of its response deadline on the appellate fee motion.  Counsel for Stride, Inc. and K12 Florida, LLC will continue its efforts to contact Mr. Luther and counsel for Rumberger, Kirk and Caldwell and will report back to the Court once it hears from them as to their respective positions on a reply to their opposition to the sanctions motion.