**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

FLORIDA VIRTUAL SCHOOL,

        Plaintiff,

                                         Case No.: 6:20-cv-2354-GAP-EJK

v.

K12, Inc., and K12 Florida, LLC,

        Defendants.

_____

**FLORIDA VIRTUAL SCHOOL'S RESPONSE TO APPELLEES' MOTION FOR ATTORNEYS' FEES ON APPEAL (ENTITLEMENT ONLY)**

Florida Virtual School ("FLVS") hereby responds to the Motion for Attorneys' Fees on Appeal ("Motion", Circuit Court Dkt. 76-1) filed by K12, Inc., and K12 Florida, LLC ("K12"). In support thereof, FLVS states:

**I.**      **PRELIMINARY STATEMENT**

K12 seeks an award of appellate fees for the appeal in this action pursuant to an "exceptional" case determination under the Lanham Act.[1]

_____

[1] K12's Motion, originally filed in the Circuit Court, asked the court to rule on both entitlement to and reasonableness of the fees. Now that the Circuit Court has transferred the Motion to this Court for disposition, the Parties have agreed, consistent with this Court's Local Rules, to brief first only the issue of entitlement as to this Motion and K12's forthcoming motion seeking fees incurred in the District Court.

1

The Eleventh Circuit has not yet opined on the parameters a court should consider—the appeal alone, the trial court proceedings alone, or some combination thereof—to determine whether a case is exceptional for purposes of awarding appellate fees, as opposed to trial court fees. Though the inquiry may be unclear, the facts here are not. This case is not exceptional under any of the above standards. However, for appellate fees, persuasive law directs that the focus should be on the exceptionality of the appeal, rather than on the trial court proceedings. K12 mostly ignores the appeal in its Motion, focusing instead on the litigation in this Court. An award of appellate fees is not warranted on that basis, even if a District Court case was exceptional (which it was not here). This appeal raised complex legal questions between two of the largest online education providers in Florida concerning the constitutional jury trial right, the proper application of the trademark likelihood-of-confusion factors, false advertising, and the admissibility of expert opinions. The Eleventh Circuit held oral argument on these issues. Affirmance on appeal does not make the appeal exceptional.

The analysis does not change even taking into consideration the actions in this Court. FLVS sued a competitor for opening a school that differed in one word and one acronym letter from its own name and commonly used acronym ("Florida Online School" and "FLOS"). This Court denied summary judgment to K12 on the heart of the matter, trademark confusion, and those claims proceeded to a bench trial.

2

Though FLVS did not prevail, its appeal and trial court case had support in law and fact, and FLVS litigated each in good faith and without exception.

For these reasons, K12 is not entitled to an award of appellate fees, and denial of the Motion is warranted.

## II.   ARGUMENT

Under the Lanham Act, "[t]he court in exceptional cases may award reasonable attorney fees to the prevailing party."[2] 15 U.S.C. § 1117(a). In *Tobinick v. Novella*, 884 F.3d 1110 (11th Cir. 2018), this Court adopted the meaning of exceptionality from the Patent Act, as enumerated in *Octane Fitness, LLC v. ICON Health & Fitness, Inc.*, 572 U.S. 545 (2014). An exceptional case is one "that stands out from others with respect to the substantive strength of the party's litigation position (considering both the governing law and the facts of the case) or the unreasonable manner in which the case was litigated." *Tobinick*, 884 F.3d at 1117 (citing *Octane Fitness*, 572 U.S. at 554). "A case will not qualify as exceptional under the Lanham Act merely because one side has zealously pursued or defended its claim." *Id.* at 1119.

---

[2] K12's fee motion contains one footnote referencing the Florida Deceptive and Unfair Trade Practices Act. (Dkt. 76-1 at 23 n.5.) FLVS brought no FDUTPA claims though, only common law trademark and unfair competition claims in conjunction with the Lanham Act claims.

An exceptional case may be one, for example, where a party "responded to a number of adverse decisions by accelerating the pace of his filings, repeatedly seeking to add parties and claims and bringing what the court viewed as baseless motions for sanctions and accusations of perjury." *Tobinick*, 884 F.3d at 1119. Or, where a plaintiff admitted that another party used a trademark first, and on appeal alleged that the District Court conspired with another party. *See Domond v. Peoplenetwork APS*, 750 Fed. Appx. 844, 848 (11th Cir. 2018).

## A. The appeal is not exceptional.

The Lanham Act does not provide, and the Eleventh Circuit apparently has not ruled on, whether and on what basis a court may award appellate fees as part of the "exceptional case" determination. Trial courts in this jurisdiction have noted and grappled with this gap, observing, for example:

> The Eleventh Circuit has not yet opined on the standard for awarding fees to the prevailing party on appeal in Lanham Act cases. However, different standards have been adopted by other circuits. For instance, the First Circuit Court of Appeals has rejected the argument that "whenever a case is deemed exceptional at the trial court level, attorneys' fees should automatically be awarded for the appeal." *Tamko Roofing Products, Inc. v. Ideal Roofing Co., Ltd.*, 294 F.3d 227, 230 (1st Cir. 2002). Instead, the First Circuit has found a middle ground, listing several factors that may indicate whether an appeal is "exceptional." …

> The Ninth Circuit has also opined on this issue, finding that attorneys' fees on appeal were not appropriate where the appeal was entirely reasonable and raised important legal questions. *See U-Haul International, Inc. v. Jartran, Inc.*, 793 F.2d 1034 (9th Cir. 1986).

*Marjam Supply Co. of Fla., LLC v. Pliteq, Inc.*, No. 1:15-CV-24363, 2021 WL 1200422, at *26 (S.D. Fla. Mar. 5, 2021), *report and recommendation adopted*, No. 15-CV-24363, 2021 WL 1198322 (S.D. Fla. Mar. 30, 2021).

Another trial court awarded Lanham Act appellate fees "without determining" whether they were recoverable because there was no objection from the opposing party and noted the distinction between fee language in the Lanham Act and other statutes in discussing the open question. *See Sprint Commc'ns, LLC v. Calabrese*, No. 18-CV-60788, 2025 WL 713048, at *10 n. 11 (S.D. Fla. Feb. 20, 2025), *report and recommendation adopted*, No. 18-60788-CIV, 2025 WL 708130 (S.D. Fla. Mar. 5, 2025). And another court analyzed the nature of the appeal in awarding appellate fees, observing that the appellant had essentially sought the wrong relief under an incorrect standard. *FIU Bd. of Trustees v. FNU, Inc.*, No. 13-21604, 2017 WL 3610581, at *4 (S.D. Fla. Aug. 11, 2017) (report and recommendation adopted) (awarding fees for the appeal independently and in conjunction with the trial court actions).

Other Circuit Courts have observed the same. For example, the Fifth Circuit noted:

> [W]e do not address here, whether appellate fees may be recovered under the Lanham Act only when an appeal itself is exceptional as several other circuits have held. *See, e.g., Tamko Roofing Prods., Inc. v. Ideal Roofing Co., Ltd.*, 294 F.3d 227, 230 (1st Cir. 2002) (applying a three-factor analysis to determine whether an appeal is exceptional); *Urban Outfitters, Inc. v. BCBG Max Azria Grp., Inc.*, 430 F. App'x 131,

5

134 (3d Cir. 2011) (unpublished) (applying the First Circuit's three-factor analysis); *U-Haul Int'l, Inc. v. Jartran, Inc.*, 793 F.2d 1034, 1044 (9th Cir. 1986) (declining to award appellate fees because the appeal was not exceptional); *see also Therasense*, 745 F.3d at 518 (declining to award appellate fees under the Patent Act because appeal was not exceptional); *Rohm & Haas*, 736 F.2d at 692 (allowing award of appellate fees under the Patent Act where "the appeal itself is exceptional"). We leave this question open for another day.

*All. for Good Gov't v. Coal. for Better Gov't*, 998 F.3d 661, 667 (5th Cir. 2021).

Importantly, *Octane Fitness* and *Tobinick* say nothing about appellate fees, only fees incurred in the District Court.

If appellate fees are available under the Lanham Act (for purposes of this Response, FLVS assumes, *arguendo*, that they would be) a reasoned approach dictates that a court should focus on the positions and actions taken in the appeal, rather than in the trial court, for an exceptional case award. The Federal Circuit, for example, has taken this approach in cases under the Patent Act. *See Rohm & Haas Co. v. Crystal Chem. Co.*, 736 F.2d 688, 692 (Fed. Cir. 1984) ("In section 285 we have an exception to the American rule, and it was enacted to further a different policy, that of preventing injustice to a party involved in a patent suit, as detailed above. We construe the language of § 285 as applicable to cases in which the appeal itself is exceptional, in furtherance of the latter policy."); *Therasense, Inc. v. Becton, Dickinson & Co.*, 745 F.3d 513, 517 (Fed. Cir. 2014) ("The law provides for

6

appellate and remand fees where those stages of litigation are deemed independently exceptional within the meaning of § 285.").[3]

As this Court in *Tobinick* applied the Patent Act standard to Lanham Act exceptionality cases because of identical statutory language and a historical practice of looking to the Patent Act for guidance on Lanham Act fees, *see* 884 F.3d at 1118, the same should apply here. The exceptionality focus should be on the appeal, and not on the proceedings below. This standard makes sense—a District Court may find a case exceptional for the way in which it was litigated, for example, but the case may have strong merits issues on the law for appeal, making an appeal not exceptional to warrant awarding fees.

Under that standard, this appeal is not exceptional, and K12 has really not argued otherwise except to identify the number of issues raised. As a general matter, multiple issues on appeal after a bench trial and summary judgment and *Daubert* rulings between large, sophisticated competitors involving an agency of the State of Florida is not exceptional. The appeal principally dealt with the infringement claim issues of the jury trial and accordingly the expert's lost profit opinion, and confusion

---

[3] The court in *Therasense* discussed viewing a case as an "'inclusive whole' rather than as a piecemeal process when analyzing fee-shifting under § 285," observing that "while the parties' postures on individual matters may be more or less justified, fee-shifting statutes favor treating a case as an inclusive whole, rather than as atomized line-items." 745 F.3d at 516 (alterations omitted). Undoubtedly the exceptionality analysis reflects a case wide analysis and not a motion-by-motion or claim-by-claim issue. Under this standard, the whole case, including the appeal, is given its due, without merely awarding appellate fees based on a finding that a District Court case was exceptional.

evidence.[4] (Eleventh Circuit Dkt. 30, 26–46.) The appeal was otherwise not prolonged or undue because of the issues raised, proceeding in the normal course with a normal briefing schedule. No other basis makes this appeal exceptional, either on the positions taken or the manner in which it was litigated. To find otherwise would have a chilling effect on future appeals, particularly on crucial issues like the right to a jury trial.

Neither at oral argument nor in the Eleventh Circuit's Opinion did the court indicate that any issue was spuriously raised or so clear as to be a "slam dunk" in favor of K12. As the court observed in *Therasense*, the act of pursuing appellate review, "available as a matter of right and frequently necessary to preserve future rights of appeal," does not somehow translate to an abuse of the legal system making a case exceptional. *See* 745 F.3d at 517. The appeal did not raise incorrect standards, did not seek incorrect relief, and was not motivated in any way to prolong litigation or for any other improper reason. The appeal raised serious and legitimate questions regarding the issues identified above, with no implication that any issues were unsupportable or improper. Rather, the court found that a "review of the record does not leave us with the definite and firm conviction that a mistake has been committed about the district court's basic finding that there was no likelihood of confusion." (Opinion at 29.) That FLVS was ultimately unsuccessful on the appeal in the face of

---

[4] FLVS raised four other arguments. (*See* Eleventh Circuit Dkt. 30 at iii.)

genuine appellate arguments does not make the case "stand out" as compared to others. For these reasons, the appeal is not exceptional, and the Motion is due to be denied.

**B.     The District Court case, nor any combination of the appeal or District Court proceedings, is not exceptional.**

Denial of the Motion is still warranted if the Court considers the District Court proceedings, alone or in tandem with the appeal, to determine whether this is an exceptional case. (The District Court proceedings will undoubtedly be addressed further by the Parties based on K12's forthcoming motion seeking an "exceptional" designation warranting its fees incurred in the District Court.) Unlike the plaintiff in *Tobinick*, FLVS proceeded on one operative complaint, never amended, for which the trademark claim, the feature of the case, survived K12's motion to dismiss, a summary judgment motion, and proceeded to a bench trial. FLVS was successful in dismissing K12's original counterclaim, and obtained judgment in its favor on K12's late-added counterclaim that proceeded to Phase I of the bench trial.

While the docket here may contain more docket entries than other cases, this does not signify work attributable to FLVS in the sense that FLVS acted out of turn or used sharp litigation tactics warranting an award of fees. FLVS filed its one and only complaint in December 2020. (Doc. 1.) The first seven months of the case dealt purely with pleading motion practice. K12 moved to dismiss the complaint. (Doc. 17.) The Court denied K12's motion to dismiss in March 2021. (Doc. 25.) K12

9

answered the complaint and brought a counterclaim. (Doc. 29.) FLVS moved to dismiss K12's counterclaim. (Doc. 32.) In July 2021, the Court granted FLVS's motion and dismissed K12's counterclaim. (Doc. 42.) Discovery motion practice followed from October 2021 to March 2022, with no award of fees to either party.

Then, substantial briefing unrelated to the merits occurred when K12 moved to disqualify FLVS's then counsel based on one attorney's prior work (with no allegation of misconduct). (Doc. 73.) The Court granted that motion in May 2022, and new counsel appeared for FLVS the same month. Additional substantial briefing and discovery, including additional rounds of depositions and summary judgment motion practice, occurred in 2023 due to K12's late-added counterclaim, unrelated to any actions in this case by FLVS.

Active discovery practice went both ways, none of which was alleged or found to have been out of turn. This case was prosecuted and defended robustly on both sides. That does not make it exceptional. FLVS still attempted to work with K12 when possible to minimize costs, for example, as evidenced by eight joint motions for relief filed by all parties designed to avoid unnecessary time and expense for the parties and the trial court. (Dkts. 56, 161, 213, 235, 238, 260, 321, and 391.) Any extrajudicial matters outside the proceedings before the District Court are out of context and not germane here. For these reasons, the Motion is due to be denied.

## III.    <u>CONCLUSION</u>

K12 has taken a contested trademark action between two sophisticated entities and attempted to turn it into something exceptional. It is not. This case, whether on appeal or in this Court, does not stand out either for the positions or actions taken. Because the case is not exceptional, K12 is not entitled to an award of fees under the Lanham Act.

Dated: April 10, 2026

Respectfully submitted,

<u>/s/ Thomas E. Bishop</u>
Thomas E. Bishop
Florida Bar Number 956236
Katharine Roth
Florida Bar Number 106692
BISHOP & PAGE
510 N. Julia Street
Jacksonville, Florida 32202
(904) 598-0034/(904)
598-0395 (facsimile)
tbishop@bishoppage.com
kroth@bishoppage.com

Stephen H. Luther
Florida Bar No. 528846
LUTHER LAW PLLC
4767 New Broad Street, # 1029
Orlando, FL 32814
407 501-6711 x101 (Main)
407 501-7049 (Direct)
sluther@lutherlawgroup.com

David J. D'Agata, Esq.
General Counsel

11

Florida Bar No. 663891
Florida Bar No. 570613
Florida Virtual School
5422 Carrier Drive, Suite 201
Orlando, Florida 32819
Office: 407-513-3451
ddagata@flvs.net


*Counsel for Appellant Florida Virtual School*