# UNITED STATES COURT OF APPEALS
## FOR THE ELEVENTH CIRCUIT

FLORIDA VIRTUAL SCHOOL,

     *Plaintiff/Appellant*,

     v.

K12 INC. AND K12 FLORIDA, LLC,

     *Defendants/Appellees*.

Case No. 24-10449

## APPELLEES' MOTION FOR ATTORNEYS' FEES ON APPEAL

CARLTON FIELDS, P.A.
Daniel C. Johnson
200 S. Orange Avenue, Ste. 1000
Orlando, Florida 32801-3456
(407) 849-0300
djohnson@carltonfields.com

SHEPPARD, MULLIN, RICHTER
& HAMPTON LLP
Steven P. Hollman
Abraham Shanedling
Maria-Laura Coltre
2099 Pennsylvania Ave., N.W., Ste. 100
Washington, D.C. 20006-6801
(202) 747-1941
shollman@sheppard.com
ashanedling@sheppard.com
mcoltre@sheppard.com

Anne-Marie Dao
12275 El Camino Real, Suite 100
San Diego, CA  92130
(858) 720-8900
adao@sheppard.com

*Counsel for K12 Inc. (n/k/a Stride, Inc.), and K12 Florida LLC*

Case 6:20-cv-02354-GAP-NWH    Document 412    Filed 03/19/26    Page 2 of 136 PageID
34778
USCA11 Case: 24-10449    Document: 76-1    Date Filed: 02/19/2026    Page: 2 of 29
*Florida Virtual School v. K12 Inc., et al.*
Case No. 24-10449

## <u>CERTIFICATE OF INTERESTED PERSONS AND CORPORATE<br>DISCLOSURE STATEMENT</u>

Pursuant to Rule 26.1 of the Federal Rules of Civil Procedure and Eleventh

Circuit Rule 26.1-1, the undersigned counsel for Defendants-Appellees K12 Inc.

(n/k/a Stride, Inc.), and K12 Florida LLC, certifies that, to the best of our knowledge,

the following is a complete list of all trial judges, attorneys, persons, associations of

persons, firms, partnerships, or corporations that have an interest in the outcome of

this particular case or appeal, including subsidiaries, conglomerates, affiliates,

parent corporations, including any publicly held company that owns 10% or more of

the party's stock:

1.      Barto Hill, Suzanne

2.      Bishop, Thomas E.

3.      Bishop Page & Mills, PLLC

4.      Carlton Fields, P.A.

5.      Coltre, Maria-Laura

6.      Conigliaro, Matthew J.

7.      Culley, Salley R.

8.      D'Agata, David J.

9.      Dao, Anne-Marie

10.     Dietzen, Leonard J.

11.     Florida Virtual School

*Florida Virtual School v. K12 Inc., et al.*

Case No. 24-10449

12. Guzman, Luis R.

13. Hollman, Steven P.

14. Johnson, Daniel C.

15. K12 Florida LLC

16. K12 Management, Inc.

17. Kidd, Embry J. – United States Magistrate Judge

18. Luther, Stephen H.

19. Luther Law PLLC

20. Mason, Kyle W.

21. Presnell, Gregory A. – Senior United States District Court Judge

22. Roth, Katharine

23. Rumberger, Kirk & Caldwell, P.A.

24. Shanedling, Abraham J.

25. Sheppard, Mullin, Richter & Hampton LLP

26. Spencer-Davis, Charles H.

27. Stride, Inc. (f/k/a K12 Inc.) (NYSE: "LRN")

28. Yost, Eleanor M.

Stride, Inc. is not aware of any publicly traded corporation or other publicly

held entity that owns ten percent or more of its stock.

Case 6:20-cv-02354-GAP-NWH   Document 412   Filed 03/19/26   Page 4 of 136 PageID
34780
USCA11 Case: 24-10449   Document: 76-1   Date Filed: 02/19/2026   Page: 4 of 29
*Florida Virtual School v. K12 Inc., et al.*
Case No. 24-10449

Pursuant to 11th Cir. R. 39-2, 15 U.S.C. § 1117(a), and Fla. Stat. § 495.141, Defendants-Appellees K12 Inc. (n/k/a Stride, Inc.) and K12 Florida LLC (together "Stride"), as the prevailing party, respectfully move the Court for entry of an Order awarding attorneys' fees against Plaintiff-Appellant Florida Virtual School ("FLVS").

## INTRODUCTION

This appeal marks the latest chapter in FLVS's decades-long effort to wield "its weak trademarks to bully its competitors" by claiming monopoly control over generic words commonly used to describe online educational services in Florida and by demanding pie-in-the-sky damages without any evidence that FLVS was damaged or that Stride unduly benefited as a consequence of its challenged conduct. Doc.369:25,36n.33.[1]

FLVS's behavior as a "trademark bully" and its overreach in asserting and maintaining baseless claims make this case "exceptional," warranting an attorneys' fees award. *See Octane Fitness, LLC v. ICON Health & Fitness, Inc.*, 572 U.S. 545, 554 (2014). As the district court observed, this was a "marathon trademark dispute," where FLVS dragged Stride through more than five years of litigation seeking more than *$6 billion* in damages. Doc.369:2. Had FLVS promptly and in good faith

---

[1] Cites used herein, such as "Doc.352-51:2-3", refer to district court docket entry 352-51, pages 2 through 3. "App.Doc." citations are to this Court's docket entries.

-1-

Case 6:20-cv-02354-GAP-NWH   Document 412   Filed 03/19/26   Page 5 of 136 PageID
34781
USCA11 Case: 24-10449   Document: 76-1   Date Filed: 02/19/2026   Page: 5 of 29
*Florida Virtual School v. K12 Inc., et al.*
Case No. 24-10449

intended to resolve the issues that were the subject of its claims – as required under the parties' settlement agreement ending earlier litigation – the dispute was easily remediable without litigation. Instead, FLVS pursued a "Dickensian trademark infringement case" against Stride. Doc.386:1.

FLVS's claims were exceptionally weak from the outset, yet it was afforded every opportunity to substantiate its allegations of "considerable" consumer confusion, deception, and lost enrollments. Nonetheless, Stride defeated every one of FLVS's claims at the district court, which found the claims to be based on "no good faith contention" (Doc.261:12); "absurd[ ]," "wholly deficient," and with "absolutely *no* evidentiary support" (Doc.287:6); "simply meritless" (Doc.295:5); "patently without merit" (Doc.306:1); and found the FLVS marks to be "among the most generic, descriptive—and therefore *weak*—marks the Court ha[d] seen" (Doc.369:35,36).

Seemingly stunned by this predictable outcome, FLVS appealed every significant factual determination and legal conclusion underlying the district court's rulings. But this Court affirmed "across the board." *Fla. Virtual Sch. v. K12, Inc.*, No. 24-10449, 2026 WL 127063, at *3 n.2 (11th Cir. Jan. 15, 2026) ("*FLVS*").

FLVS prosecuted its claims unreasonably from the start. It knew its claims of widespread consumer confusion and deception were meritless, tellingly choosing not to conduct any survey of confusion or of consumer deception beyond

Case 6:20-cv-02354-GAP-NWH   Document 412   Filed 03/19/26   Page 6 of 136 PageID
34782
USCA11 Case: 24-10449   Document: 76-1   Date Filed: 02/19/2026   Page: 6 of 29
*Florida Virtual School v. K12 Inc., et al.*
Case No. 24-10449

Florida.  Yet FLVS insisted on pursuing its damages claims against Stride on a *nationwide* basis and on obtaining discovery of Stride's sensitive financial information, despite no evidence of relevant confusion, deception, or damages from purportedly diverted enrollments.  FLVS inexplicably continued its case through trial until it lost on all counts (and did so again on appeal).  Little wonder that after trial, the district court invited Stride to renew a sanctions motion against FLVS.

Now that the courts have denied FLVS's quixotic pursuit, FLVS must be deterred from this conduct.  Stride paid a king's ransom in fees to defeat FLVS's claims and efforts to weaponize the Lanham Act to stifle fair competition.  Fortunately, that Act provides a mechanism to make the real injured party whole in this exceptional case through a fee award.

## PROCEDURAL BACKGROUND

Stride and FLVS have operated in the Florida online educational market since the early 2000s.  This dispute began in 2010, when FLVS registered the "FLORIDA VIRTUALSCHOOL" and "FLVS" marks with U.S. Patent & Trademark Office by overcoming a descriptiveness rejection through a claim of acquired distinctiveness in the marketplace purportedly founded on continuous and exclusive marketplace use, including in the "pre-kindergarten" and K through 5 primary school levels—

Case 6:20-cv-02354-GAP-NWH   Document 412   Filed 03/19/26   Page 7 of 136 PageID
34783
USCA11 Case: 24-10449   Document: 76-1   Date Filed: 02/19/2026   Page: 7 of 29
*Florida Virtual School v. K12 Inc., et al.*
Case No. 24-10449

even though FLVS never provided pre-K services and entered the Florida K-5

market years after Stride.  Doc.289:14;Doc.352-4:2.[2]

FLVS then sued Stride in 2011, alleging that Stride's use of the names

"Florida Virtual Academy" and "Florida Virtual Program" infringed on FLVS's

newly-registered marks.  The parties settled in 2015 before any judgment.  Stride

agreed to pay FLVS without any admission of fault or liability.  The settlement

agreement included a list of "Prohibited" and "Approved" marks for Stride's future

Florida-based online schools, but FLVS agreed there would "be no presumption

against [Stride's] choice of a mark" not on the approved list.  Doc.350-14:8.  The

agreement also required Stride to transfer the flva.com domain name and expressly

required the parties to negotiate in good faith to resolve any future dispute without

litigation.  Doc.350-14.

In 2019, Stride contracted with the Hendry County School District to launch

a new online school in Florida named "Florida Online School" ("FLOS")—a generic

name not prohibited by the settlement agreement.  The school publicly launched in

June 2019.  FLVS's leadership was fully aware of it from the get-go but raised no

issues with Stride or Hendry County.  App.Doc.43.  Not until *fourteen months later*

---

[2] FLVS admitted that "made at least one material misrepresentation" to the USPTO
in its 2010 application (regarding pre-K use), and there was "evidence that [FLVS]
made further misrepresentations in its effort to establish secondary meaning."
Doc.369:11n.12.

Case 6:20-cv-02354-GAP-NWH   Document 412   Filed 03/19/26   Page 8 of 136 PageID
34784
USCA11 Case: 24-10449   Document: 76-1   Date Filed: 02/19/2026   Page: 8 of 29
*Florida Virtual School v. K12 Inc., et al.*
Case No. 24-10449

(August 2020) did FLVS's counsel send demand letters challenging Stride's use of Florida Online School; complaining about Stride's continued use of flva.com as a redirect to other Stride sites; and complaining for the first time about Stride's reference to FLVS in a comparative checklist inviting consumers to undertake their own comparison between the attributes of Stride's schools and those of other providers.  Doc.369:2-3;Doc.139-17.

Taking to heart its obligation under the settlement agreement to "negotiate in good faith," Stride promptly addressed FLVS's concerns.  App.Doc.43:21-22.  It agreed to entirely rebrand Florida Online School to "Digital Academy of Florida" and initiated that process just two months after FLVS complained—even though FLVS took over fourteen months to communicate its concerns to Stride.  The rebrand was complete within just a year, in time for the 2021-2022 school year, meaning the FLOS name was used only for two years (2019-2021).  App.Doc.43:21.  Stride also immediately coordinated with FLVS to complete transfer of the flva.com domain name, even though Stride had not used it for any promotions.  *Id*.  And even though Stride told FLVS the checklist content was both literally true and a non-misleading comparison, Stride nonetheless removed reference to FLVS as a subject of the comparison.  Doc.1:10.

"But that was not enough to stop Florida Virtual school from suing" Stride in December 2020, alleging trademark infringement, unfair competition, false

Case 6:20-cv-02354-GAP-NWH   Document 412   Filed 03/19/26   Page 9 of 136 PageID
USCA11 Case: 24-10449   Document: 76-1   Date Filed: 02/19/2026   Page: 9 of 29
34785   *Florida Virtual School v. K12 Inc., et al.*
Case No. 24-10449

advertising, and breach of the settlement agreement. *FLVS*, at *2. FLVS alleged

that Stride's FLOS program names (which Stride already had begun changing) had

caused "*considerable* market confusion," that the checklist was false advertising,

and that Stride's (already remedied) delay in transferring flva.com and other conduct

breached the settlement agreement. Doc.1:8-19. FLVS claimed Stride's actions had

caused FLVS extensive monetary injury and had caused and would continue to cause

irreparable harm, and it sought disgorgement of Stride's statewide and nationwide

profits—well over *$6 billion* in damages. Doc.1:8-21;Doc.268-1:¶¶26,63.

But once extensive fact and expert discovery closed – during which Stride

deposed every one of FLVS's purported "confusion" and damages witnesses – it was

clear FLVS lacked the evidentiary support it professed to have for its claims. Having

focused discovery specifically on FLVS's bases for asserting causal injury and

damages, Stride moved for summary judgment on all of FLVS's claims and to strike

FLVS's jury demand. Doc.139. Stride also moved to exclude the testimony of

FLVS false advertising survey expert Jeffrey Stec and its damages expert Daniel

Gallogly. Doc.170;Doc.267.

Eventually, "by the time of trial – three-hundred and twenty-nine docket

entries later – numerous aspects of [FLVS's] case had been resolved against it."

Doc.369:3; *see also FLVS*, at *2-3. The district court:

-6-

Case 6:20-cv-02354-GAP-NWH    Document 412    Filed 03/19/26    Page 10 of 136 PageID
USCA11 Case: 24-10449    Document: 78-1  34786 Date Filed: 02/19/2026    Page: 10 of 29
*Florida Virtual School v. K12 Inc., et al.*
Case No. 24-10449

- Granted Stride's motion to exclude Stec, finding his survey inherently "flawed" and showing no evidence of consumer confusion, and absent admissible evidence of literal or implied falsity, granted Stride summary judgment on FLVS's false advertising claim. Doc.261.

- Granted Stride's motion to exclude Gallogly's opinions on actual damages/lost profits, finding his opinions "entirely speculative" and therefore agreeing with Stride that FLVS had "*zero* evidence of actual damages, and there [was] nothing for a jury to consider regarding this issue." Doc.286:46-47;Doc.287:4-6.

- Granted Stride's motion to exclude Gallogly's disgorgement opinions regarding revenue unrelated to Stride's FLOS program, thereby restricting Gallogly's testimony (and FLVS's claims) only to revenue Stride earned between 2019 and 2021 from that program. Doc.295:4-5.

- Granted Stride summary judgment on FLVS's breach of contract claim for which FLVS presented no evidence of damage. Doc.297:8-9.

- Denied a "last-ditch attempt" by FLVS to move for a jury trial and for the district court to reconsider its disgorgement limitations, finding that FLVS's arguments were "patently without merit"; and that its flva.com claim was one that should "never have been brought in the first place" under the settlement agreement. Doc.306. The district court therefore

Case 6:20-cv-02354-GAP-NWH    Document 412    Filed 03/19/26    Page 11 of 136 PageID
34787
USCA11 Case: 24-10449    Document: 78-1    Date Filed: 02/19/2026    Page: 11 of 29
*Florida Virtual School v. K12 Inc., et al.*
Case No. 24-10449

granted Stride summary judgment on FLVS's actual damages claim and its flva.com claim, and it affirmed denial of FLVS's jury demand. Doc.306:2-4,6.

Although the district court held that disputed questions of material fact remained regarding FLVS's infringement and unfair competition claims and permitted FLVS to present those claims at trial, the district court in September 2023 warned that with no confusion survey and only "limited proof of actual confusion," FLVS "face[d] an uphill battle" in proving its claims and "justif[ying] the millions it seeks in disgorgement damages." Doc.297:17-18.

In October 2023, the district court held a week-long bench trial during which it permitted FLVS fully to present its case and admitted virtually all of FLVS's proffered evidence. FLVS's only remaining relief going into trial was to enjoin Stride's already discontinued use of FLOS and to disgorge Stride's profits from using those names for two years. Doc.369:4. On January 2, 2024, the district court granted judgment for Stride on FLVS's "feeble claim[s]" for trademark infringement and unfair competition, holding that to be the "only reasonable outcome given the dearth of evidence supporting [FLVS's] claims." Dkt 369:35-36. The court found that FLVS had "presented little credible evidence that [Stride's] use of the Florida Online School mark infringed on its trademarks"; that FLVS's marks were "among the most generic, descriptive—and therefore *weak*—marks the Court ha[d] seen";

Case 6:20-cv-02354-GAP-NWH   Document 412   Filed 03/19/26   Page 12 of 136 PageID
34788
USCA11 Case: 24-10449   Document: 78-1   Date Filed: 02/19/2026   Page: 12 of 29
*Florida Virtual School v. K12 Inc., et al.*
Case No. 24-10449

that there was "no credible evidence of actual confusion occasioned by the similarity

of these marks"; and that there was a "complete dearth of evidence of any ill intent

on behalf of [Stride]."  Doc.369:7-35.

Finding FLVS's "prosecution of this lawsuit . . . akin to a 'trademark bully'

harassing a competitor,"  the district court found it "notable that this case proceeded

to trial after years of contentious litigation even though [FLVS] suffered no damage

by reason of [Stride's] conduct, and had no beneficial remedy available to it."

Doc.369:25,36n.33.  The court held that FLVS's weak "trademark does not entitle

it to a monopoly on generic and descriptive terms for describing online education."

Doc.369:29n.26.

The district court also invited Stride to file an amended motion for sanctions

against FLVS's attorneys, Doc.369:36, which Stride did in January 2024.

Doc.372;Doc.373.  Stride notified the district court it intended to file a separate

motion for "exceptional case" designation under the Lanham Act and for a fee

award.  Doc.372:1n.1.  Briefing was almost complete on Stride's sanctions motion

when FLVS prematurely appealed before entry of a final judgment.  FLVS also

moved to stay consideration of the sanctions motion or any fee request.

Doc.381;Doc.382.  The district court granted the stay pending resolution of the

appeal and ordered that it would hear motions for costs, attorneys' fees, and/or

Case 6:20-cv-02354-GAP-NWH   Document 412   Filed 03/19/26   Page 13 of 136 PageID
USCA11 Case: 24-10449   Document: 78-1 789 Date Filed: 02/19/2026   Page: 13 of 29
34789   *Florida Virtual School v. K12 Inc., et al.*
Case No. 24-10449

"exceptional case" designation within 30 days after issuance of the appellate court's mandate. Doc.386;Doc.394.

On appeal, FLVS raised at least *nine* issues for review, seeking to reverse essentially all of the district court's dispositive rulings by regurgitating essentially the same arguments and theories it unsuccessfully advanced in the district court. Incredibly, FLVS devoted four pages of its brief to arguing that the case should be reassigned on remand, claiming the district court judge showed "animus" and bias towards FLVS. App.Doc.30.

But following oral argument, this Court unanimously affirmed the district court, denying FLVS relief "across the board."

## ARGUMENT

### I.   Stride Is Entitled To Attorneys' Fees Under The Lanham Act.

The Lanham Act provides that "in exceptional cases" a court "may award reasonable attorney fees to the prevailing party." 15 U.S.C. § 1117(a). An "exceptional" case is "one that stands out from others with respect to the substantive strength of a party's litigating position" or "the unreasonable manner in which the case was litigated." *Octane*, 572 U.S. at 554; *see also Tobonick v. Novella*, 884 F.3d 1110, 1118 (11th Cir. 2018) ("[T]he Lanham Act requires only that a case 'stands out from others,' *either* based on the strength of the litigating positions *or* the manner in which the case was litigated." (emphasis added)). Courts "determine whether a

Case 6:20-cv-02354-GAP-NWH    Document 412    Filed 03/19/26    Page 14 of 136 PageID
USCA11 Case: 24-10449    Document: 78-1790 Date Filed: 02/19/2026    Page: 14 of 29
34790
*Florida Virtual School v. K12 Inc., et al.*
Case No. 24-10449

case is 'exceptional' in the case-by-case exercise of their discretion, considering the totality of the circumstances." *Off Lease Only, Inc. v. Lakeland Motors, LLC*, 846 F. App'x 772, 775 (11th Cir. 2021).

This case – a "marathon trademark dispute [over] twelve years in the making" aggressively pursued by a "trademark bully" (Doc.369:2,36) – stood out through "ample evidence that [FLVS's] legal claims were weak and undeveloped from the outset" and because FLVS dragged Stride in an "unreasonable manner" through years of litigation and appeal. *See Most Worshipful Nation Grand Lodge v. United Grand Lodge GA AF & AYM, Inc.*, 813 F. App'x 455, 460 (11th Cir. 2020).  It also stood out based on the number and "complexity" of issues on appeal, as FLVS admitted.  App.Doc.26 at 4-6.

## A.    FLVS's 'Litigating Position' Was Weak From The Start.

FLVS's "litigation position was unusually weak" and its "case was baseless." *Domond v. PeopleNetworks APS*, 750 F. App'x 844, 848 (11th Cir. 2018).  FLVS "had a continuing obligation to assess the strength of its claims throughout the course of this litigation, but it never did." *Pro Video Instruments, LLC v. Thor Fiber, Inc.*, No. 6:18cv1823-ORL-31LRH, 2021 WL 487020, at *5 (M.D. Fla. Feb. 10, 2021) (Presnell, J.) (finding extraordinary case).

### 1.    FLVS's Damages Claims Were Baseless.

In the district court and on appeal FLVS claimed it had "ample evidence" of

Case 6:20-cv-02354-GAP-NWH    Document 412    Filed 03/19/26    Page 15 of 136 PageID
USCA11 Case: 24-10449    Document: 78-1  34791  Date Filed: 02/19/2026    Page: 15 of 29
*Florida Virtual School v. K12 Inc., et al.*
Case No. 24-10449

actual damages, including enrollments diverted to Stride caused by "considerable market confusion." Doc.1:8,11; App.Doc.30:38.  But at no stage in this case did FLVS ever present a shred of evidence of any monetary loss proximately caused by Stride's use of the FLOS program name.  Indeed, not a single witness whom FLVS disclosed as having knowledge of "[t]he injury suffered by FLVS resulting from the acts complained of in the Complaint" had any such knowledge.  App.Doc.43:24-25.

Nor could FLVS's corporate representative identify any actual damages, confirming instead that FLVS was relying solely on the opinions of Gallogly for the very proposition that FLVS suffered monetary harm.    Doc.139:12;Doc.139-23;Doc.139-24:3-6;Doc.139-32:5-11.    But Gallogly merely *presumed* causal damage without analyzing any substantiating evidence.    Doc.268:8-9,17-26;Doc.268-1:¶5;Doc.268-2.  Gallogly admitted he had "*zero actual evidence*" of any damage to FLVS and merely assumed the facts alleged in FLVS's complaint were true.    Doc.268-1:¶¶5,18,22;Doc.268-2:166,282.    Gallogly preposterously assumed lost profits from FLOS starting three years before the conduct began and *12 years* after it ceased, Doc.268-1:¶¶21,25,31-32, and he assumed that "*every* student who attended Florida Online School would have attended [FLVS] absent the confusion." *FLVS*, at *5.

The district court unsurprisingly excluded Gallogly's lost profits opinions, finding them "absurd[ ]" and "wholly deficient" and holding they "fail[ed] to meet

-12-

Case 6:20-cv-02354-GAP-NWH   Document 412   Filed 03/19/26   Page 16 of 136 PageID
USCA11 Case: 24-10449   Document: 78-1   Date Filed: 02/19/2026   Page: 16 of 29
34792
*Florida Virtual School v. K12 Inc., et al.*
Case No. 24-10449

even basic standards of reliability and helpfulness" because they were "simple math" based on "absolutely *no* evidentiary support." Doc.287:4-6;Doc.286:46-47 (Gallogly's opinions "could be done by a middle school student in 90 seconds"). The district court therefore agreed FLVS had "zero evidence of actual damages" and was not entitled to a jury. Doc.287:6-7; *see also* Doc.297:8-9 (finding FLVS "offered no evidence of actual damages" for its breach claim). And yet when FLVS "desperately mov[ed] for reconsideration," the district court repeated that "[a]mong the thousands of pages filed on this docket, . . . the Court ha[d] not seen one sentence that genuinely attempt[ed] to demonstrate or calculate actual damages." Doc.306:3-4.

Incredibly, the only "confused" parent FLVS relied on for damages admitted she withdrew her daughter from FLOS before attending a *single class* and sent her back to her brick-and-mortar school when it reopened instead of FLVS. Doc.171-1:16-19,24-28,44. That was not the requisite *specific* evidence of lost profits directly caused by Stride, as the district court and this Court agreed. Doc.306:3n.3; *FLVS*, at *3-5.[3] "That these paltry excuses for evidence of actual damages [were] all that [FLVS] [could] muster after more than [five] years of litigation speaks volumes" and establishes its exceptional nature. Doc.306:4; *see also* Doc.369:36n.33 (finding

---

[3] On appeal FLVS's counsel misstated that enrollment payments for two purported confusion witnesses went to Stride when in fact Stride did not receive a penny from either enrollment. June 6, 2025 Oral Argument at 0:50-2:12,13:29-15:25.

Case 6:20-cv-02354-GAP-NWH  Document 412  Filed 03/19/26  Page 17 of 136 PageID
34793
USCA11 Case: 24-10449  Document: 78-1  Date Filed: 02/19/2026  Page: 17 of 29
*Florida Virtual School v. K12 Inc., et al.*
Case No. 24-10449

it "notable that this case proceeded to trial . . . even though Plaintiff suffered no damage").

Even more baseless were FLVS's claims to disgorge over $6.2 *billion* in Stride's profits. Doc.137:4-14;Doc.372:11-12. FLVS claimed that 100% of Stride's total Florida and U.S.-based revenues resulted from the claimed infringement. Doc.268:10-11,27-29;Doc.268-1:¶63;Doc.268-2:247-57,281-82. But that included revenue from Stride's "Florida Cyber Charter Academy"—an "approved" name under the settlement agreement for which FLVS had no colorable claim. Doc.350-14:16;Doc.1:8;Doc.168:8n.3;Doc.248:79-80. And it was clear well before FLVS filed its complaint that only *Florida* students could enroll in FLOS; that Stride did not use Florida-centric branding outside of Florida; and that FLVS *itself* recognized its brand outside of Florida had next-to-zero name recognition or sales utility. Doc.150-15:3;Doc.139-18:59-60. Gallogly also did not consider *any* evidence regarding whether any of Stride's profits outside of Florida actually were attributable to any Florida-centric branding. Doc.268-2:250,252,282.

The district court therefore struck Gallogly's disgorgement testimony about revenue unrelated to the revenue Stride earned from it FLOS program between 2019 and 2021, finding FLVS's "argument regarding the relevancy of [Stride's] statewide and nationwide profits [was] **simply meritless**" because FLVS had "combined and conflated its own allegations related to its trademark infringement claims with

Case 6:20-cv-02354-GAP-NWH   Document 412   Filed 03/19/26   Page 18 of 136 PageID
USCA11 Case: 24-10449   Document: 78-1   Date Filed: 02/19/2026   Page: 18 of 29
34794   *Florida Virtual School v. K12 Inc., et al.*
Case No. 24-10449

allegations related to its claim that [Stride] breached the parties' 2015 Settlement Agreement," including regarding the flva.com domain.  Doc.295:4-6 (emphasis added).  And when FLVS made a "last-ditch attempt to salvage" its nationwide disgorgement claim, the district court stressed it was "***patently without merit***," because the flva.com issue was released in the settlement agreement and was thus "***a claim that could never have been brought in the first place***."  Doc.306:1,5-6 (emphasis added).

This Court affirmed that in a footnote.  *FLVS*, at \*6 n.4.

Nor was FLVS's false advertising claim a means to unlock nationwide damages.  FLVS never had any proof that the checklist caused it any actual damage in or outside of Florida and it produced no evidence of national deception—it even limited Stec's survey about the checklist to Florida only. Doc.170-3:143-44. There was nothing false or misleading about the checklist in any event.  Doc.261; *FLVS*, at \*5-6.

FLVS's damages claims were weak out of the gate, and it should never have pursued them.  *See Most Worshipful*, 813 F. App'x at 460 (affirming finding of exceptionalness where it was "apparent that [plaintiff] failed to 'conduct a proper prefiling investigation'" that "would have informed it of the weakness of it claims").

2.   FLVS's False Advertising Claim Was Baseless.

FLVS's claim that the checklist was "false" advertising was exceptionally

-15-

Case 6:20-cv-02354-GAP-NWH    Document 412    Filed 03/19/26    Page 19 of 136 PageID
USCA11 Case: 24-10449    Document: 78-1795 Date Filed: 02/19/2026    Page 19 of 29
34795
*Florida Virtual School v. K12 Inc., et al.*
Case No. 24-10449

weak too.  There was nothing literally false about the checklist, as FLVS's corporate

representative    and    expert    agreed.        Doc.139-32:15-18;Doc.170-3:115-

125,202Doc.248:49-50,61-62;Doc.261:12.  It was clearly a "marketing tool inviting

the reader to compare the features of [Stride's] program with competing online

educational programs."  Doc.261:7-9.  The checklist could *not* reasonably be read to

"state" that Stride's program possessed all of the enumerated attributes, whereas

others possessed none.  Doc.248:49-56,61-62.  There could "***be no good faith***

***contention***" otherwise, as the district court found.  Doc.261:12 (emphasis added).

And FLVS's late-found theory that the checklist was "false by necessary

implication" was meritless because both FLVS and Stec admitted the checklist was

susceptible to multiple interpretations.  Doc.248:20-24,49.  Indeed, Stec admitted

that as to Time4Learning (one of the competitors identified in the challenged

content), the "statements" were *literally true*, because Time4Learning is a

curriculum seller that, unlike Stride, does not offer live classes, certified teachers,

transcripts, or degrees.  Doc.248:9-17,30-37.

FLVS's only "evidence" the checklist was misleading was Stec's survey.  But

that was "flawed" and "based upon a misleading premise" because it assumed, rather

than demonstrated, the checklist was deceptive and "ultimately portray[ed] [Stride's]

website and the Checklist out of context."  Doc.261:7-10; *see also FLVS*, at *6.  If

accepted, FLVS's false advertising claim would have rendered "almost all marketing

Case 6:20-cv-02354-GAP-NWH    Document 412    Filed 03/19/26    Page 20 of 136 PageID
USCA11 Case: 24-10449    Document: 78-1    34796    Date Filed: 02/19/2026    Page: 20 of 29
*Florida Virtual School v. K12 Inc., et al.*
Case No. 24-10449

illegal in the United States."  Doc.248:50-56; *see also FLVS*, at *6 (affirming).  That

is exceptional.

### 3.    FLVS's Infringement Claims Were Baseless.

FLVS's trademark infringement claims were severely deficient, making

judgment for Stride at the district court "the only reasonable outcome."  Doc.369:36.

But that was apparent from the start.  FLVS "inexplicably failed to perform a

likelihood of confusion survey."  Doc.369:35;Doc.297:18.  But the surveys it *did*

conduct internally before filing suit showed FLVS's geographic, descriptive marks

were incredibly weak: just 1% of Florida respondents could name FLVS as an online

provider without prompting, and its acronym had less than 15% *aided* awareness

among even *current* families.  Doc.369:13-14; *FLVS*, at *7.  Indeed, in only 25 years,

FLVS had changed its logo six times and spent nearly $5 million to rebrand its global

operations.  Doc.369:12-13; *FLVS*, at *7.

The district court therefore warned FLVS in September 2023 that its "best

evidence" of actual confusion was only "of questionable effect" and was doubtful to

prevail at trial.  Doc.297:17-18; *see* Doc.285:54-56.  FLVS thus "could not have

reasonably expected to succeed on its trademark claims."  *Pro Video*, 2021 WL

487020, at *3.

But FLVS proceeded undeterred and not only lost, but earned a district court

finding that FLVS's showing on the most important factors was "feeble" and

Case 6:20-cv-02354-GAP-NWH   Document 412   Filed 03/19/26   Page 21 of 136 PageID
USCA11 Case: 24-10449   Document: 78-1   Date Filed: 02/19/2026   Page: 21 of 29
34797
*Florida Virtual School v. K12 Inc., et al.*
Case No. 24-10449

"grossly insufficient." Doc.369:35; *see also Bluegreen Vacations Unlimited, Inc. v. Timeshare Laws. P.A.*, No. 20-CV-24681, 2024 WL 3738890, at *3-4 (S.D. Fla. July 18, 2024) (noting "throughout the litigation, the Court repeatedly found that the [non-prevailing party] . . . held an 'extremely weak' litigation position"), *adopted,* 2024 WL 4297089 (S.D. Fla. Sept. 26, 2024).

FLVS's marks were the most "patently descriptive and weak" marks the court "ha[d] seen." Doc.369:17,35. The district court found it "unsurprising that [FLVS] ha[d] not presented any credible evidence of actual confusion." Doc.369:17. It mustered only *two* "confusion" witnesses. One was legally blind, and the other admitted she did little due diligence because she erroneously assumed there was only one Florida online education provider and her confusion arose from that misconception. Doc.338:106-16;Doc.342:14-24;Doc.369:18-20. Nor did FLVS prove Stride acted with any ill-intent: Stride chose a name *not* prohibited by the settlement agreement and nevertheless voluntarily agreed to change the FLOS name *before FLVS filed suit*. Doc.369:35-37. To the contrary, "the intent evidence support[ed] a strong inference against *Plaintiff*, not [Stride]," "expos[ing] [FLVS's] attempt to use its weak trademarks to bully its competitors." Doc.369:25,35.

Therefore, it was "no surprise" that this Court affirmed. *FLVS*, at *7-11; *see also Off Lease*, 845 F. App'x at 775 (affirming fee award where factors "weighed *heavily* against a finding of likelihood of confusion"); *Pro Video*, 2021 WL 487020,

Case 6:20-cv-02354-GAP-NWH    Document 412    Filed 03/19/26    Page 22 of 136 PageID
USCA11 Case: 24-10449    Document: 78-1798 Date Filed: 02/19/2026    Page: 22 of 29
34798

*Florida Virtual School v. K12 Inc., et al.*
Case No. 24-10449

at *5 (finding "dearth of evidence supporting Plaintiff's trademark claims . . . rais[ed] a reasonably strong inference that Plaintiff sued Defendant as a competitive weapon rather than to redress a lawful harm.").

## B.    FLVS Litigated This Case Unreasonably And Exhibited Bad Faith.

A case may be exceptional based on the "unreasonable manner in which the case was litigated." *Octane*, 572 U.S. at 554-55.  Applying that rule, courts have found cases exceptional where the plaintiff failed to "exercise due diligence before filing suit" and "should have known its claim was meritless and/or lacked substantive strength," but "initiated litigation to extract settlements from defendants who wanted to avoid costly litigation"; "litigated the case with *only de minimis* evidence of actual confusion and no study of consumers related to possible confusion"; and sought monetary damage when "there was not a single dollar of tuition that had been misdirected as a result of [defendant's] mark." *Fla. Int'l Univ. Bd. of Trs. v. Fla. Nat'l Univ., Inc.*, No. 13-21604-CIV, 2017 WL 3610583, at *4, 7 (S.D. Fla. Aug. 11, 2017), *adopted*, 2018 WL 4409885 (S.D. Fla. June 25, 2018); *see also Bluegreen*, 2024 WL 3738890 at *4-5.  This fits FLVS to a tee.

Just months before suing Stride, FLVS's General Counsel, David D'Agata, boasted about wielding FLVS's trademarks "aggressively" to "compete, compete, compete" to drive up revenues.  Doc.352-87:8-9.  That is exactly what FLVS did, prosecuting its case like a harassing "trademark bully." Doc.369:36n.33.

-19-

*Florida Virtual School v. K12 Inc., et al.*
Case No. 24-10449

***First,*** FLVS ignored its settlement agreement obligation to "negotiate in good faith" with Stride "to resolve [any dispute] without litigation." Doc.350-14:12. It waited over *14 months* from Stride's public announcement of the FLOS program to complain about the name, then refused to provide any evidence of "widespread" confusion, deception, or loss to justify its demand that Stride pay millions of dollars. Doc.337:77-79;Doc.342:170-73,188-92;Doc.369:2-3. Even after Stride agreed to change the name and undertook various other remedial measures, FLVS still sued and asserted weak claims. *See supra.* Remarkably, in response to Stride's counterclaim charging FLVS with fraud on the USPTO, FLVS argued it was immune from any claims of "bad faith," *i.e.*, that it had no enforceable obligation to act in *good faith* (as in the settlement agreement). Doc.250:11;Doc.271:18; *see Domond*, 750 F. App'x at 848 (case exceptional where plaintiff threatened defendant "would be begging for mercy" and demanded "a licensing fee to settle the dispute").

***Second,*** FLVS forced Stride to endure years of burdensome discovery into Stride's competitively sensitive, national financial information, telling the district court it expected to reveal "*substantial additional evidence* of infringement, false advertising and other misconduct outside of the State of Florida." Doc.52:2 (emphasis added). Stride resisted that discovery, maintaining the information was overly burdensome and disproportionate to FLVS's claims, and that the appearance of FLVS's General Counsel as a litigating attorney in the case unfairly afforded him

Case 6:20-cv-02354-GAP-NWH    Document 412    Filed 03/19/26    Page 24 of 136 PageID
34800
USCA11 Case: 24-10449    Document: 78-0    Date Filed: 02/19/2026    Page: 24 of 29
*Florida Virtual School v. K12 Inc., et al.*
Case No. 24-10449

access to Stride's completive financial information despite a protective order. Doc.54;Doc.57.  While the district court initially took FLVS at its word, once discovery closed, the record established that FLVS's $6 billion claims for nationwide damages were baseless from inception.  Stride asked FLVS to withdraw that damages claim.  FLVS refused.  Stride accordingly moved for sanctions in March 2023 and renewed the motion post-trial at the district court's direction. Doc.137;Doc.212;Doc.372.

*Third,* FLVS ignored repeated warnings by Stride and the district court about the weakness of its claims.  *See Off Lease,* 2020 WL 9455591, at \*3 ("Given Defendant's repeated warnings to Plaintiff about the shortcomings of the claims and the Court's findings on Plaintiff's trademark infringement . . . claims . . ., this case qualifies as an exceptional case.").  For example, FLVS was "seemingly unable to comprehend or unwilling to accept the Court's ruling" on Gallogly's useless lost profit opinions (Doc.287) and forced Stride to have to respond to a motion for reconsideration the district court found "sophomoric" and "patently without merit." Doc.306:1-2; *see also Pro Video*, 2021 WL 487020, at \*5 (finding "Plaintiff litigated in an unreasonable manner" by submitting a "useless" expert report that "caused Defendant to incur the unnecessary expense of filing a *Daubert* motion" and trying to "resuscitate" a claim that had no evidence behind it).  FLVS also ignored the district court's warnings at summary judgement that FLVS's trademark

infringement claim had only "limited proof," "faced an uphill battle" and was "unpersuasive."   Doc.297:18;Doc.306:3; *see* Doc.285:54-56.   That "caused the Court and [Stride] additional and unnecessary work." *Pro Video*, 2021 WL 487020, at *5.

*Fourth*, while aggressively suing Stride for false advertising, FLVS falsely claimed in *its own* nationwide advertising – continuing today – that it has served students in the K-12 market for 25 years, longer than any competitor.   Doc.352-41;Doc.352-42;Doc.352-79.[4]   But at trial, FLVS's head of marketing admitted that, with respect to the K-5 market, that is *literally false*, Doc.331:52:4-55:7:Doc.337:107:17-25—or, as the Court observed, "partially incorrect"—because FLVS did not start serving the K-5 market until after *Stride*. Doc. 337:108:20-109:6;Doc.363:4; *see also Upper Deck Co. v. Flores*, 569 F. Supp. 3d 1050, 1064 (S.D. Cal. 2021) (a "partially incorrect statement" is false advertising).

## II.    Stride Is Entitled To Attorneys' Fees Under Florida State Law.

Section 495.141(1) of the Florida Statutes permits an award of reasonable attorneys' fees to a party that has prevailed on a state law trademark infringement claim "according to the circumstances of the case."   Fla. Stat. § 495.141(1).   If a "case qualifies as an exceptional case, Defendant is entitled to fees under § 495.141

---

[4] https://www.flvs.net ("Leading the way in Kindergarten-12th online education for more than 25 years throughout Florida.").

Case 6:20-cv-02354-GAP-NWH    Document 412    Filed 03/19/26    Page 26 of 136 PageID
USCA11 Case: 24-10449    Document: 78-802  Date Filed: 02/19/2026    Page: 26 of 29
34802  *Florida Virtual School v. K12 Inc., et al.*
Case No. 24-10449

for the same reasons as under 15 U.S.C. § 1117(a)." *Off Lease Only, Inc. v. Lakeland Motors, LLC*, No. 6:18cv1555-Orl-37-DCI, 2020 WL 9455591, at *4 (M.D. Fla. June 30, 2020), *aff'd,* 846 F. App'x 772 (11th Cir. 2021).

Here, FLVS asserted Florida state law claims for trademark infringement and unfair competition arising from the same alleged facts underlying its federal claims. Doc.1:18-19. But the district court rejected FLVS's state law claims under the same analysis as the Lanham Act claims. Doc.369:7n.7 (holding analysis of state law infringement and unfair competition claims, including under the Florida Deceptive and Unfair Trade Practices Act, mirror federal infringement analysis); Doc.302:22. This Court then affirmed all of the district court's dispositive findings. *FLVS*, at *11. Accordingly, because this is an "exceptional case," *see supra* Section I, for the same reasons Stride is entitled to attorneys' fees under the Lanham Act, Stride also is entitled to fees under Florida law.[5]

## III.    Stride's Requested Fees Are Reasonable.

Attorneys' fees are determined using the "lodestar" method, "multiplying the number of hours reasonably expended on the litigation by a reasonable hourly rate."

---

[5] Because FLVS's Lanham Act claims were coextensive with its unfair competition claim, fees are also warranted pursuant to FDUTPA, which provides that a prevailing party "may receive [its] reasonable attorney's fees and costs from the nonprevailing party" after exhaustion of all appeals. Fla. Stat. § 501.2105(1); *see also Suntree Techs., Inc. v. Ecosense Int'l, Inc.*, 693 F.3d 1338, 1345 (11th Cir. 2012) ("[T]he legal standards we apply to [the FDUTPA] claim are the same as those we have applied under section 43(a) of the Lanham Act.").

Case 6:20-cv-02354-GAP-NWH    Document 412    Filed 03/19/26    Page 27 of 136 PageID
USCA11 Case: 24-10449    Document: 78-803    Date Filed: 02/19/2026    Page: 27 of 29
34803
*Florida Virtual School v. K12 Inc., et al.*
Case No. 24-10449

*Domond*, 750 F. App'x at 847. Applied here, Stride should be awarded **$699,323.81** in attorneys' fees incurred in connection with this appeal.

This amount  is supported by the attached declarations of Steven P. Hollman ("Hollman Decl.") and Daniel C. Johnson ("Johnson Decl.") and their accompanying documentation, setting forth information about each timekeeper who worked on this appeal, descriptions of the work, the exact amount of time charged for those tasks, and the billing rates.

As further demonstrated by the attached declaration of Richard E. Fee, the rates charged by Stride's attorneys on this appeal each reflected their experience level practicing law and were reasonable given the market rates for sophisticated intellectual property litigators and appellate attorneys but also the number of issues on appeal and the enormous stakes of FLVS's claims against Stride (over $6 billion).

## CONCLUSION

For all the foregoing reasons, this motion should be granted, and Stride should be awarded **$699,323.81** in attorneys' fees.

*Florida Virtual School v. K12 Inc., et al.*
Case No. 24-10449

Dated:  February 19, 2026          Respectfully submitted,

By:  /s/  *Steven P. Hollman*

SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
   Steven P. Hollman
   Abraham Shanedling
   Maria-Laura Coltre
   2099 Pennsylvania Ave., N.W., Suite 100
   Washington, D.C. 20006-6801
   (202) 747-1941
   shollman@sheppard.com
   ashanedling@sheppard.com
   mcoltre@sheppard.com

   Anne-Marie Dao
   12275 El Camino Real, Suite 100
   San Diego, CA  92130
   (858) 720-8900
   adao@sheppard.com

CARLTON FIELDS, P.A.
   Daniel C. Johnson (Florida Bar No. 522880)
   200 S. Orange Avenue, Suite 1000
   Orlando, Florida 32801-3456
   (407) 849-0300
   djohnson@carltonfields.com

*Counsel for Defendants-Appellees*

Case 6:20-cv-02354-GAP-NWH    Document 412    Filed 03/19/26    Page 29 of 136 PageID
USCA11 Case: 24-10449    Document: 78-1    34805 Date Filed: 02/19/2026    Page: 29 of 29
*Florida Virtual School v. K12 Inc., et al.*
Case No. 24-10449

## CERTIFICATE OF COMPLIANCE

This document complies with the word limit of Fed. R. App. P. 27(d)(2)(a) because, excluding the parts of the document exempted by Fed. R. App. P. 32(f), this document contains 5,197 words, excluding the signatures and certificates. This document complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type-style requirements of Fed. R. App. P. 32(a)(6).

*/s/ Steven P. Hollman*
Steven P. Hollman

## CERTIFICATE OF SERVICE

I certify that on February 19, 2026, the foregoing brief was filed and served on all counsel of record using the Court's Appellate PACER system.

*/s/ Steven P. Hollman*
Steven P. Hollman

**UNITED STATES COURT OF APPEALS FOR THE ELEVENTH CIRCUIT**
**Form to Accompany Application for Attorney's Fees**

Summary of work performed by (name): Steven P. Hollman

Total compensation requested for this person: $305,778.58

Hourly rate of compensation requested for this person: $884 - $1032.75

This person is an:

☒ attorney    ☐ law student/graduate    ☐ certified paralegal    ☐ other: _____

| Category | Total Hours |
|---|---|
| Interviews and conferences | 33.1 |
| Obtaining and reviewing records | 0 |
| Legal research | 0 |
| Brief writing | 55.5 |
| Preparing for and attending oral argument | 152.7 |
| Other (specify on additional sheets if necessary): | 78 (see attached for break down) |
| Total hours claimed for this person | 319.3 |

*Instructions: on the applicable lines, enter the total time spent in each category. A separate form must be completed for each person for whom time is claimed. Attach contemporaneous time records reflecting all hours listed and indicating the dates on which the work was performed. An affidavit attesting to the truthfulness of the information contained in the application and demonstrating the basis for the hourly rate(s) requested must also accompany the application.*

Rev.: 1/03

**UNITED STATES COURT OF APPEALS FOR THE ELEVENTH CIRCUIT**
**Attachment to Accompany Application for Attorney's Fees**
**Steven Hollman**

| CATEGORY | TOTAL HOURS |
|---|---|
| Other – Review and Analysis | 63.7 |
| Other – Review and Prepare for Filing | 3.0 |
| Other – Mediation | 11.3 |
|  |  |

## UNITED STATES COURT OF APPEALS FOR THE ELEVENTH CIRCUIT
### Form to Accompany Application for Attorney's Fees

Summary of work performed by (name): Abraham J. Shanedling

Total compensation requested for this person: $215.726.18

Hourly rate of compensation requested for this person: $675.75 - $790.50

This person is an:

☒ attorney    ☐ law student/graduate    ☐ certified paralegal    ☐ other:

| Category | Total Hours |
|---|---|
| Interviews and conferences | 6 |
| Obtaining and reviewing records | 9.9 |
| Legal research | 18.1 |
| Brief writing | 176.6 |
| Preparing for and attending oral argument | 58.6 |
| Other (specify on additional sheets if necessary): | 38.9 (see attached for break down) |
| Total hours claimed for this person | 308.10 |

*Instructions: on the applicable lines, enter the total time spent in each category. A separate form must be completed for each person for whom time is claimed. Attach contemporaneous time records reflecting all hours listed and indicating the dates on which the work was performed. An affidavit attesting to the truthfulness of the information contained in the application and demonstrating the basis for the hourly rate(s) requested must also accompany the application.*

Rev.: 1/03

**UNITED STATES COURT OF APPEALS FOR THE ELEVENTH CIRCUIT**
**Attachment to Accompany Application for Attorney's Fees**
**Abraham Shanedling**

| CATEGORY | TOTAL HOURS |
|---|---|
| Other – Review and Analysis | 16.9 |
| Other – Review and Prepare for Filing | 3 |
| Other – Mediation | 19 |
|  |  |

# UNITED STATES COURT OF APPEALS FOR THE ELEVENTH CIRCUIT
### Form to Accompany Application for Attorney's Fees

Summary of work performed by (name): Maria-Laura Coltre

Total compensation requested for this person: $135,161.05

Hourly rate of compensation requested for this person: $650.25 - $773.50

This person is an:

☒ attorney    ☐ law student/graduate    ☐ certified paralegal    ☐ other:

| Category | Total Hours |
|---|---|
| Interviews and conferences | 5.3 |
| Obtaining and reviewing records | 7.8 |
| Legal research | 16.3 |
| Brief writing | 68.4 |
| Preparing for and attending oral argument | 31.4 |
| Other (specify on additional sheets if necessary): | 72.5 (see attached for break down) |
| Total hours claimed for this person | 201.70 |

*Instructions: on the applicable lines, enter the total time spent in each category. A separate form must be completed for each person for whom time is claimed. Attach contemporaneous time records reflecting all hours listed and indicating the dates on which the work was performed. An affidavit attesting to the truthfulness of the information contained in the application and demonstrating the basis for the hourly rate(s) requested must also accompany the application.*

Rev.: 1/03

**UNITED STATES COURT OF APPEALS FOR THE ELEVENTH CIRCUIT**
**Attachment to Accompany Application for Attorney's Fees**
**Maria-Laura Coltre**

| CATEGORY | TOTAL HOURS |
|---|---|
| Other – Review and Analysis | 21.1 |
| Other – Review and Prepare for Filing | 46.3 |
| Other – Mediation | 5.1 |
| | |

**UNITED STATES COURT OF APPEALS FOR THE ELEVENTH CIRCUIT**
**Form to Accompany Application for Attorney's Fees**

Summary of work performed by (name): Daniel C. Johnson

Total compensation requested for this person: $24,757.00

Hourly rate of compensation requested for this person: 595-670 per hour

This person is an:

☒ attorney    ☐ law student/graduate    ☐ certified paralegal    ☐ other:

| Category | Total Hours |
|---|---|
| Interviews and conferences | 8.3 |
| Obtaining and reviewing records | |
| Legal research | |
| Brief writing | 5.0 |
| Preparing for and attending oral argument | |
| Other (specify on additional sheets if necessary) Work on mediation statement and attend mediation (3.6); Review Appellant's Initial Brief (1.9); Review Reply Brief (5.4); Work on attorney admissions (2.1); Miscellaneous (14.6) | 27.6 |
| Total hours claimed for this person | 40.90 |

*Instructions: on the applicable lines, enter the total time spent in each category. A separate form must be completed for each person for whom time is claimed. Attach contemporaneous time records reflecting all hours listed and indicating the dates on which the work was performed. An affidavit attesting to the truthfulness of the information contained in the application and demonstrating the basis for the hourly rate(s) requested must also accompany the application.*

Rev.: 1/03

**UNITED STATES COURT OF APPEALS FOR THE ELEVENTH CIRCUIT**
**Form to Accompany Application for Attorney's Fees**

Summary of work performed by (name): Matthew J. Conigliaro

Total compensation requested for this person: $13,281.00

Hourly rate of compensation requested for this person: 615-630

This person is an:

☒ attorney    ☐ law student/graduate    ☐ certified paralegal    ☐ other:

| Category | Total Hours |
| --- | --- |
| Interviews and conferences | |
| Obtaining and reviewing records | |
| Legal research | |
| Brief writing | |
| Preparing for and attending oral argument | 20.3 |
| Other (specify on additional sheets if necessary): | .8 |
| Total hours claimed for this person | 21.1 |

*Instructions: on the applicable lines, enter the total time spent in each category. A separate form must be completed for each person for whom time is claimed. Attach contemporaneous time records reflecting all hours listed and indicating the dates on which the work was performed. An affidavit attesting to the truthfulness of the information contained in the application and demonstrating the basis for the hourly rate(s) requested must also accompany the application.*

Rev.: 1/03

**UNITED STATES COURT OF APPEALS FOR THE ELEVENTH CIRCUIT**
**Form to Accompany Application for Attorney's Fees**

Summary of work performed by (name): Claudia M. Luna

Total compensation requested for this person: $4,620

Hourly rate of compensation requested for this person: $275

This person is an:

☐ attorney    ☐ law student/graduate    ☒ certified paralegal    ☐ other:

| Category | Total Hours |
|---|---|
| Interviews and conferences | |
| Obtaining and reviewing records | 16.8 |
| Legal research | |
| Brief writing | |
| Preparing for and attending oral argument | |
| Other (specify on additional sheets if necessary): | |
| Total hours claimed for this person | 16.8 |

*Instructions: on the applicable lines, enter the total time spent in each category. A separate form must be completed for each person for whom time is claimed. Attach contemporaneous time records reflecting all hours listed and indicating the dates on which the work was performed. An affidavit attesting to the truthfulness of the information contained in the application and demonstrating the basis for the hourly rate(s) requested must also accompany the application.*

Rev.: 1/03

# UNITED STATES COURT OF APPEALS
## ELEVENTH CIRCUIT

FLORIDA VIRTUAL SCHOOL,

     *Plaintiff/Appellant,*

  v.

K12 INC. AND K12 FLORIDA, LLC,

     *Defendants/Appellees.*

Case No. 24-10449

## DECLARATION OF STEVEN P. HOLLMAN IN SUPPORT OF APPELLEES' MOTION FOR ATTORNEYS' FEES ON APPEAL

SMRH:4935-9127-2588.7

I, Steven P. Hollman, hereby declare and state the following:

1.      I am an attorney licensed to practice and am in good standing in state and federal courts in the District of Columbia and the State of Maryland.  I am also admitted to practice in this Court, including in the captioned matter.  I practice at the law firm of Sheppard, Mullin, Richter & Hampton LLP ("Sheppard") in its Washington, D.C. office.

2.      Along with other attorneys at Sheppard, I represent Defendants-Appellees K12 Inc. (n/k/a Stride, Inc.) and K12 Florida LLC (together "Stride").

3.      As lead counsel for Stride, I have been the attorney responsible for managing Stride's defense to the litigation brought by Plaintiff-Appellant Florida Virtual School ("FLVS"), including FLVS's appeal, and I have supervised this firm's representation in this proceeding and the proceeding before the District Court, as well as our consultations with Florida counsel, led by Daniel Johnson of Carlton Fields, P.A. ("Carlton Fields").

4.      I submit this declaration in support of Stride's Motion for Attorneys' Fees on Appeal.  This declaration is based on my personal knowledge and on the business records of Sheppard, including its billing records created at or near the time of the activity or transaction recorded in such records, by or from information recorded, provided or transmitted by persons with knowledge of the activity or transaction reflected in such records, which are maintained at Sheppard in the regular

-1-

conduct of its business activity.

5.    I have had principal supervisory responsibility with respect to the billing practices engaged in by the Sheppard attorneys who have represented Stride throughout this appeal.  Although a handful of firm attorneys participated to some degree in the appeal proceedings, I had principal responsibility, together with then-senior associate Abraham J. Shanedling and associate Marie-Laura Coltre.

6.    All Sheppard personnel who worked on this case maintained contemporaneous records of the time they spent on this matter.  Those records were kept in the regular course of the firm's business, and they included a summary description of the services rendered and the time expended on a daily basis.  The billing records were submitted to the firm's Accounting Department on a regular contemporaneous basis and were entered into the firm's computerized billing system.

7.    As part of my supervisory role at Sheppard with respect to client billing for this matter, I have reviewed all charges on a monthly basis to ensure their accuracy and reasonableness, and I have exercised billing judgment with respect to the charges, including writing off time that appears duplicative or excessive.  I have conducted such a review of all of the client charges associated with this matter for the purposes of preparing exhibits to this declaration.  In the course of that review, I have exercised billing judgment prior to submission of the declaration and

attachments to the Court to eliminate additional charges, including charges for attorneys who billed fewer than ten hours in total for their work on the appeal.

8. The exhibits attached to this declaration were prepared at my direction utilizing contemporaneous records, our Accounting Department's billing memoranda and Sheppard billing statements. These exhibits reflect only those charges actually billed to and paid by Stride, with the exception of fees and costs billed but not yet paid for the months of December 2025 and January 2026 and unbilled fees and costs from the month of February, through February 19, 2026, which are in the process of being billed.

9. **Exhibit A,** attached hereto, contains firm biographical information webpages for the Sheppard attorneys involved in the appeal for whose services Stride seeks reimbursement. As explained below, all of the Sheppard attorneys are resident in Sheppard's Washington, D.C. office. Due to the magnitude of this case in which Plaintiff/Appellant sought over $6 billion, Stride understandably retained a firm with the depth of experience necessary to represent it in what is clearly – based on the value placed on the case by FLVS – a "bet the company"-type case.

10. I have over forty years of experience as an attorney in private practice. I am a member of the Business Trials and Intellectual Property Practice Groups at Sheppard, with a primary focus on intellectual property litigation. I formerly practiced at the law firm of Hogan Lovells, LLP, where I was a member of the

Intellectual Property and Litigation, Arbitration and Employment Practice Groups. At Hogan, I spent several years assisting in the management of the firm's trademark practice, encompassing all aspects of trademark portfolio management including trademark search and clearance; preparation of trademark opinions; prosecution; contested *inter partes* opposition and cancellation proceedings before the USPTO; enforcement and litigation.  I also co-led the firm's Advertising Team.  I have Lanham Act trademark and advertising jury trial experience.  I have taught trademark enforcement for the D.C. Bar since 2001 and have published on trademark and false advertising litigation issues.  Representative disputes in which I served as lead counsel are described in Exhibit A.

11.    Abraham J. Shanedling is Special Counsel in the Business Trials practice group at Sheppard and has eleven years of experience out of Washington, D.C. in commercial litigation before federal and state trial and appellate courts, as well as administrative agencies.

12.    Marie-Laura Coltre is a mid-level associate in the Business Trials practice group at Sheppard with six years experience out of Washington, D.C. in commercial litigation before state and federal trial and appellate courts.

13.    Claudia M. Luna formerly was a Senior Litigation Paralegal with 33 years experience.  Ms. Luna, a UCLA graduate, had significant experience in handling administrative tasks for appellate and trial court proceedings.

14.     Stride has a long-standing relationship with Sheppard, and the hourly rates charged to it in this matter reflect a reasonable, agreed-upon rate.  Moreover, based on my nearly forty years of experience in this field, the billing rates set forth in Exhibit A for the Sheppard attorneys who worked on this matter are reasonable and are comparable to the prevailing rates charged by similarly experienced attorneys at other law firms with national practices.

15.     My effective hourly rate charged to Stride for this appeal was $884 to $1032.75 from 2024 to 2025 (the firm's charges reflect a fixed percentage discount off standard rates, and those rates are adjusted annually, which accounted for the increase in 2025).  The effective hourly rate for Mr. Shanedling was $675.75 to $790.50 from 2024 to 2025.  The effective hourly rate for Ms. Coltre was $650.25 to $773.50 from 2024 to 2025.  The effective hourly rate for Ms. Luna was $429.25, but we have reduced that rate to $275 per hour for purposes of our fee petition in recognition of the fact that the hourly rates in Florida markets for paralegal services are significantly less than in Los Angeles, where Ms. Luna worked.

16.     Based on my experience in this field, the billing rates set forth on the **Exhibit B** invoice summary attached hereto for the Sheppard attorneys who worked on this appeal are less than those of similarly experienced attorneys with national trademark and false advertising practices at peer firms.

17.     The reasonableness of the billing rates for the three Sheppard attorneys

with respect to whom a fee award is sought is further supported by recent surveys of prevailing market rates for comparable legal services.  For purposes of this declaration, I have reviewed a confidential fee-based database and market survey compiled by industry leader Thomson Reuters called "Financial Insights." "Financial Insights" is a benchmarking program that provides its subscribers with various metrics about private law firms in the U.S. markets based on data submitted by 60 participating private "AmLaw50" law firms, including Sheppard.  Among other metrics, Financial Insights provides its subscribers with information about the average standard rates charged by participating firms for partners and associates of varying years of experience.  This data can be analyzed by practice group and geographic market. My review involved data from 2024 and 2025 for AmLaw50 participating firms in Atlanta GA, Charlotte NC, Charleston SC, Jacksonville FL, Miami FL, Naples FL, Orlando FL, Raleigh/Durham NC, Tallahassee FL, Tampa FL, and Washington DC.  According to this data, the rates sought here for the three Sheppard attorneys for whose fees are being sought is substantially below the AmLaw50 average rates for attorneys of comparable experience in the specified cities (the majority of which are located in the Eleventh Circuit).

18.     **Exhibit B**, attached hereto, is a true and correct copy of my team's time entries for which reimbursement is sought, including for each hour detailed descriptions of the work performed, who performed the work, and the exact amount

of time charged for the recorded tasks.  As reflected in these time entries, each timekeeper recorded his/her time contemporaneously in increments of tenths of an hour and provided a detailed description of the services rendered by task.

19.    Based on the time and fees shown on Exhibit B, Stride seeks to recover 319.30 hours for my time, accounting for approximately 37.7% of the total Sheppard hours; 308.10 hours of Abraham Shanedling's time, accounting for approximately 36.4% of the total; 201.70 hours of Marie-Laura Coltre's time, accounting for approximately 23.8% of the total; and 16.80 hours of Claudia Luna's time, accounting for approximately 1.9% of the total.  In sum, Stride seeks recovery for **845.90 hours** of work performed by Sheppard attorneys, representing fees totaling **$661,285.80** in fees incurred by Sheppard.

20.    In addition, Stride seeks recovery for **62.0 hours** of work performed by Carlton Fields attorneys, representing fees totaling **$38,038.00**.  As the lead attorney in the case, I reviewed and approved for Stride payment the billing statements of Carlton Fields.

21.    Adding the fees of the two firms, the total for which compensation is sought equals **$699,323.81.**

22.    While numerous additional Sheppard attorneys and support staff contributed to the appellate effort in this matter, and billed an additional 115.9 hours of time related to this appeal representing $52,399.53 in earned fees, Stride has

voluntarily removed this additional time from the set of fees it seeks to recover.  By doing so, Stride voluntarily has reduced the amount of Sheppard fees it seeks to recover in this Motion by almost 6%.

23.    With respect to the factors set forth in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714 (5th Cir. 1974), I advise the Court as follows:

a.    Time and labor required:  FLVS raised nine separate issues on appeal, including challenges to *Daubert* and summary judgment determinations granting judgment to Stride on the FLVS false advertising claim; a challenge to the trial court's factual determination as to the absence of evidence of actual injury, which in turn implicated FLVS's claimed right to a jury trial; a challenge to the trial court's *Daubert* determination excluding expert testimony on actual damages; a challenge to the trial court's determination entering summary judgment on the FLVS claim relating to use by Stride of the flva.com domain name as a redirect; a challenge to the trial court's likelihood of confusion analysis; a challenge to the district court's limitations on any disgorgement remedy; a challenge to the trial court's findings of fact and conclusions of law made on a full trial record resulting in a finding of no infringement; and a demand for reassignment of the case to another judge on remand. These challenges implicated nearly the entirety of the factual record before the trial court, including some 394 docket entries on the District Court Docket.  *See* App.Doc.26 at 4-6 (FLVS itself asserting the case required expanded and "detailed

briefing" because of the "number of issues, the complexity of the factual and procedural background," the "voluminous" record, and the "sheer volume of evidence, procedural background, law, and arguments" in this case).

b. <u>Novelty and difficulty of questions</u>: In view of the expansive scope of the appeal and the factual and legal determinations being challenged, the entirety of FLVS's damage claims exceeding $6 billion represented Stride's exposure risk on this appeal. The issues raised by FLVS included: whether it was entitled to recover for claimed injury outside of Florida for alleged false advertising even though FLVS could not identify any literal false statement in the challenged content and failed to conduct a survey of any consumer audience outside of Florida, and whether FLVS could proceed on a theory that the challenged content was literally false by necessary implication; whether FLVS could proceed on a theory of actual injury based on confusion that did not result in diverted enrollments even though its expert's analysis was entirely based on diverted enrollments; and whether the trial court's determination that FLVS acted like a "trademark bully" lacked factual support in the record such as to warrant an inference of bias and justified reassignment of the case.

c. <u>Skill requisite to perform the legal service properly</u>: Mr. Shanedling, Ms. Coltre, and I possess the skills necessary to perform our respective work on this appeal properly and efficiently, ably assisted by Florida counsel that had experience dealing with a factual record of significant complexity and a case exposure value of

billions of dollars.

    d. <u>Preclusion of other employment</u>: Representation of Stride did not preclude the Sheppard attorneys from other employment.

    e. <u>The customary fee for similar work in the community</u>: for the reasons set forth above, I believe the rates charged by the Sheppard attorneys for its representation fall well within the range for work of a similar level of sophistication and complexity on an appeal of a case of this magnitude. The hourly rates range from a low of $650.25 per hour to a high of $1032.75 as the representation has spanned several years. As explained above, this was a very significant case in which Appellant sought very substantial damages and presented numerous complex factual and legal issues.

    f. <u>Contingent or fixed fee</u>: Consistent with the terms of its engagement, Sheppard charged Stride on an hourly basis. Sheppard's fee was not contingent on the outcome of this appeal.

    g. <u>Time limitations</u>: No extraordinary time limitations were imposed by this appeal.

24. Amount involved and results obtained: A victory for FLVS in this appeal would have confronted Stride with an exposure risk of disgorgement of its profits earned on a nationwide basis, for a total exposure value exceeding $6 billion. Appellee prevailed "across the board" on the appeal.

\*        \*        \*

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the

foregoing is true and correct.

Signed this 19th day of February, 2026

By:           _____

Steven P. Hollman

# EXHIBIT A

**Sheppard**



# Steven P. Hollman

Of Counsel

---

◉ Washington, DC

T:  +1.202.747.1941

✉  shollman@sheppard.com

---

LANGUAGES

French

## Overview

Steven Hollman is of counsel in the Business Trial Practice Group in the firm's Washington, D.C. office and Co-Leader of the Trade Secrets Team.

Steven has jury-tried patent, trademark and advertising cases during his career expanding over 35 years and has successfully tried section 337 patent and trademark investigations before the ITC. Steve has handled numerous labeling and advertising disputes for major pharma and food companies, including class action advertising litigation, and for pharmaceutical innovators and life sciences companies. He also puts his advocacy skills to use, arguing successfully before the Court of Appeals for the Federal Circuit.

In addition to his IP practice, Steven has handled numerous contract disputes; internet, telecommunications and high-technology disputes; health provider, health insurance and CMS conflicts; professional negligence matters; real estate and land use disputes; and employment litigation. His vibrant pro bono practice has included a broad range of civil rights and constitutional law cases involving claims under the First, Fifth and Fourteenth Amendments to the Constitution; the Voting Rights Act; the National Environmental Policy Act; the Administrative Procedure Act; Title VI; and federal immigration laws. He has been President of the Court of Federal Claims Bar Association, a member of the Board of Governors of the

CAPABILITIES

**Practices**

Intellectual Property

Copyright

Patent Litigation

Trade Secrets

Trademark

Litigation

Class Action Defense

Real Estate

**Industries**

Automotive

Fintech

Food and Beverage

Healthcare

Life Sciences

Retail, Fashion & Beauty

---

**Sheppard**

**Steven P. Hollman**

---

Federal Bar Association for Maryland and Co-Chair of the Washington Lawyers'

Committee for Civil Rights and Urban Affairs. He is a Fellow of the American Bar

Foundation.

Steven has been a top-rated lawyer in IP from 2012-2019 and recognized by

S*uper Lawyers* in its IP section from 2013-2019. He has had a Martindale

Hubbell AV Preeminent Rating from 2000-2019 and enjoys a current Judicial

AV Preeminent Rating, and he has been named repeatedly as an IP Star by

*Managing IP Magazine.*

## Experience

**Condemnation Litigation**

- Represented the Campbell Estate in litigation against the U.S. government in federal district court in Hawaii challenging on due process, APA and Fifth Amendment takings and inverse condemnation grounds the efforts of U.S. military agencies to restrict development of land surrounding Naval Air Station Barbers Point. Also handled similar matters in Southern California for the Irvine Company involving Marine Corps Air Stations El Toro and Tustin.

- Obtained $9.7 million jury verdict following three week trial in Maryland case involving valuation of utility property in connection with condemnation proceeding. On appeal to Maryland Court of Appeals, verdict was affirmed and statue directing reduction of jury's just compensation award to account for front foot benefit charges paid by residents was held to be an unconstitutional taking.

- Challenged public use condemnations in multiple condemnation proceedings.

**Patent**

- Invalidated Eveready alkaline battery patent after five-week ITC trial and Federal Circuit appeal as lead trial and appellate counsel.

- Represented household products company in successfully protecting one of leading brands of enhanced sensitivity prophylactics in ITC patent proceeding.

- Represented Japanese camera and copying company in patent infringement lawsuit in Eastern District of Texas involving mass data storage systems.

- Represented Japanese company defending patent infringement case involving currency counting and enumerating equipment in Northern District of Illinois.

- Represented Taiwan companies in successfully protecting their liquid crystal display devices in ITC patent proceeding.

- Lead trial counsel in patent jury trial in District of Wisconsin involving method for urine drug testing for opioid patients.

- Successfully defended designer and manufacturer of laser-based speed and distance measuring devices in Delaware patent infringement action.

**Sheppard**

**Steven P. Hollman**

- Defended patent infringement action in Delaware involving business method patents covering e-sourcing and web-based auction services.

- Successfully overcame best mode defense in Alabama patent infringement action on behalf of manufacturer of high power radio broadcast transmitters.

- Defended manufacturer of nuclear imaging devices (gamma cameras) used for medical diagnostic purposes in Maryland infringement lawsuit.

- Asserted patents covering digital interactive program guides in ITC proceeding.

**Trademarks**

- Won a trial and appellate victory in the Middle District of Florida and Eleventh Circuit Court of Appeals on behalf of provider of online learning programs (Stride, Inc.), defeating all of the trademark infringement, false advertising, breach of contract, and unfair competition claims (for multi-billion dollars) of Stride's public agency competitor, and affirming that victory "across the board" on appeal. *Fla. Virtual School v. K12, Inc.*, No. 6:20-CV-2354-GAP-EJK, 2024 WL 22039 (M.D. Fla. Jan. 2, 2024), aff'd No. 24-10449, 2026 WL 127063 (11th Cir. Jan. 15, 2026).

- Secured a trial victory before the Trademark Trial and Appeal Board on behalf of BCS Properties, LLC securing registration of client's COLLEGE FOOTBALL PLAYOFF trademark for NCAA Division I Bowl Eligible Championship Series Playoff over charge by on-line gambling enterprise Lile, Inc., owner of claimed mark "cfbplayoff.com," that BCS mark was generic or descriptive and registrable.

- Secured trial victory before the Trademark Trial and Appeal Board on behalf of maker of SAVe simplified automated ventilator in precedential decision recognizing that product testing or experimental use is sufficient bona fide use in commerce to sustain trademark priority.

- Represented the Public Interest Law Institute in a trademark infringement action initiated by the Public Interest Law Initiative in the Northern District of Illinois involving the respective names of the two public interest, non-profit organizations, as well as the acronym "PILI."

- Handled a trademark opposition proceeding before the Trademark Trial and Appeal Board involving the trademark SALTWORKS and the related domain name saltworks.com.

- Counseled a National Hockey League franchise in trademark, trade dress and right of publicity issues in connection with commercial sponsorships.

- Represented Czech brewery in ITC trademark proceeding to protect limited right to import BUDVAR beer for consumption at certain foreign embassies located within the U.S.

- Successfully prosecuted action against food service provider in District of Maryland for infringing use of SPICE OF LIFE service mark.

- Represented provider of online learning programs to primary school students in Middle District of Florida proceeding involving marks FLORIDA VIRTUAL PROGRAM and FLORIDA VIRTUAL ACADEMY.

**Sheppard**

**Steven P. Hollman**

---

- First chair jury trial on behalf of creator of GUARDIAN ANGEL greeting cards and pins in South Carolina infringement action. Secured exceptional case award of attorneys' fees and costs and successfully defended award in Fourth Circuit appeal.

- Defeated effort by company in employee mobility services market to obtain temporary restraining order in Colorado to bar supposed competitor from appearing at trade show in Denver under its new name.

**UDRP Domain Name Arbitration Proceedings**

- Alibaba Group Holding Ltd. v. Jianliang Fei, Claim Number FA1012001364507 (National Arbitration Forum Feb. 7, 2011)

- Alibaba Group Holding Ltd. v. Dan Wang, Claim Number FA1012001365375 (National Arbitration Forum Feb. 9, 2011)

- Elan Home Systems, LLC v. domains Ventures, Claim Number FA0605000720783 (National Arbitration Forum July 10, 2006)

- People For the American Way v. Glenn Williamson, WIPO Case No. 2001-1006 (Oct. 24, 2001)

**Trade Secrets**

- Illinois Candy Company: Defended trade secret misappropriation enforcement case in federal court in Delaware involving product formulation information.

- Seattle Biotech Company: Defeated effort in Delaware Chancery Court by biotech company to enjoin client's use of lentiviral vectors in clinical trials for cancer treatment based on claim that use by both companies of common manufacturer violated plaintiff's contractual exclusivity with manufacturer and purportedly enabled client to misappropriate plaintiff's claimed trade secrets.

- Texas Distance Learning Company: Successfully resolved trade secret misappropriation and non-competition enforcement claims by private, for-profit education provider in state court in Dallas, Texas.

- Maryland Biotech Company: Prosecuted state court action in Maryland to protect trade secrets and enforce non-competition agreement in connection with genetic therapy techniques.

**Copyright**

- Academic Art Historian: Prosecuted lawsuit in Court of Federal Claims against federal gallery concerning unauthorized use of text of client's manuscript in published exhibition catalog for French Impressionist painter.

- Presidential Inaugural Committee: Negotiated for use in video for inaugural gala of copyrighted photograph of young Bill Clinton shaking hands with President Kennedy.

- Amnesty International Poster: Negotiated with representatives for architect Maya Lin over use of photograph of Alabama Civil Rights Memorial in "Imagine" poster promotional campaign.

- Public Broadcasting Program Formats: Successfully resolved copyright dispute involving allegations of theft of programming formats.

---

**Sheppard**                                                        Steven P. Hollman

**False Advertising**

<u>Competitor Cases</u>

- *Millennium Dental Technologies, Inc. v. Dr. Allen Scott Terry, D.D.S. and Fotona, LLC (C.D. Cal.)* Settled Lanham Act false advertising case involving competing claims of sellers of periodontal laser dental devices.

- *Millennium Laboratories, Inc. v. Ameritox, Ltd.* (D. Md. 2010) Won a jury verdict as lead counsel in Lanham Act false advertising case that challenged advertisements concerning urine drug testing services were literally false.

- *West-Ward Pharmaceutical Corp. v. Sandoz Inc.* (D.N.J.) Successfully resolved Lanham Act claim asserting that client's labeling and its conduct in marketing its phenylephrine injunction products constituted false and misleading advertising and unfair competition.

- *Genzyme Corp. v. Shire Human Genetic Therapies, Inc.* (D. Mass. 2012) Won ruling on preliminary motion in pharmaceutical advertising case that press release announcing study results and making product superiority claims constituted commercial advertising and not protected scientific expression.

- *International Bottled Water Association v. Eco Canteen, Inc.* (W.D.N.C. 2009) Obtained permanent injunction against false and misleading advertising claims by stainless steel water bottle distributor about putative health and safety risks of single use consumable plastic water bottles.

- *International Bottled Water Association v. Zero Technologies, LLC* (E.D. Va. 2010) Established organizational standing of industry association on behalf of bottled water companies against filtered water company making false and misleading comparative claims.

- *Regeneration Technologies, Inc. v. Musculoskeletal Transplant Foundation, Inc.* (N.D. Fla. 2001) Resolved competitor's challenge to client's "Everyone in the pool" advertising campaign concerning practice of pooling donor tissues.

- *Forum Publications, Inc. v. P.T. Publishers, Inc.* (E.D. Pa. 1989) Client prevailed after jury trial in defending Lanham Act lawsuit challenging comparative claims by trade publications for physical therapy professionals.

<u>Class Actions</u>

- *Ma v. Harmless Harvest, Inc.* (E.D.N.Y. filed Dec. 23, 2016) Negotiated settlement of putative consumer class action challenging "100% Organic" claims of coconut juice manufacturer.

- *National Consumers League v. Bimbo Bakeries USA* (D.C. Superior Court 2016) Negotiated settlement of claims that product labels for multi-grain muffins and honey wheat bread created erroneous belief among consumers that whole wheat was a principal ingredient in products.

- *Koenig v. Boulder Brands, Inc.* (S.D.N.Y. 2013) Negotiated settlement of claims challenging product labeling for fat free milk with Omega 3s.

- *Mitchell v. Boulder Brands, Inc.* (S.D. Cal. 2012) Settled putative class action challenging product labeling for spreadable butter with plant sterols.

![Sheppard logo]

**Steven P. Hollman**

- *Stewart v. Boulder Brands, Inc.* (D.N.J. 2011) Successfully resolved claims challenging product labeling for fat free milk with Omega 3s. *Hirsch v. Cadbury Adams* (N.Y. Supreme Ct., Queens County 2011) Defeated class action challenging "strengthening and rebuilding teeth" advertising claims for Trident Xtra Care chewing gum.

**International Trade Commission**

- *Certain Periodontal Laser Devices and Components Thereof*
  Investigation No. 337-TA-1070 (USITC filed 08/10/17; instituted 09/08/17)

- *Certain Liquid Crystal Display Devices, Including Monitors, Televisions, and Modules, and Components Thereof*
  Investigation No. 337-TA-749 (USITC filed 10/25/10; instituted 11/23/10)

- *Certain Liquid Crystal Display Devices, Includ ing Monitors, Televisions, and Modules, and Components Thereof*
  Investigation No. 337-TA-741 (USITC 9/16/10; instituted 10/12/10)

- *Certain Male Prophylactic Devices*
  Investigation No. 337-TA-546 (USITC 12/5/06), *on remand* (USITC 6/21/07), *af f'd sub nom Portfolio Technologies, Inc. v. ITC ,* No. 2007-1520 (Fed. Cir. Jun. 10, 2008)

- *Certain Zero-Mercury-Ad ded Alk aline Batteries, Part s thereof, and Prod ucts Containing Same*
  Investigation No. 337-TA-493 (USITC 10/18/04), *rev'd sub nom Energizer Holdings, Inc. v. ITC ,* 435 F.3d 1366 (Fed. Cir. 2006), *on remand* (USITC 2/23/07), *af f'd ,* 275 F. App'x 969(Fed. Cir. 2008), *cert. denied ,* 556 U.S. 1126 (2009)

- *Certain Bearings and Pack aging Thereof*
  Investigation No. 337-TA-469 (USITC 5/24/04), *af f'd sub nom SKF USA, Inc. v. ITC,* 423 Fed.3d 1307 (Fed. Cir. 9/14/05)(trademark, parallel imports/grey market goods)

- *Certain Set-Top Boxes and Components Thereof*
  Investigation No. 337-TA-454 (USITC 8/29/02), *rev'd sub nom Gemstar-TV Guide International, Inc. v. ITC,* 383 F.3d 1352 (Fed. Cir. 2004)

- *Certain Beer Products*
  Investigation No. 337-TA-420 (USITC 5/27/99) (trademark, Anheuser-Busch v. Budejovicky Budvar, N.P.)

- *Certain Semiconductor Memory Devices and Products Containing Same*
  Investigation No. 337-TA-414 (USITC 11/29/99)

**Reported Cases**

- *Fla. Virtual School v. K12, Inc.*, No. 6:20-CV-2354-GAP-EJK, 2024 WL 22039

  (M.D. Fla. Jan. 2, 2024)

  Won a trial victory in the Middle District of Florida on behalf of provider of online

  learning programs (Stride, Inc.), defeating all of the trademark infringement, false

  advertising, breach of contract, and unfair competition claims (for multi-billion

  dollars) of Stride's public agency competitor following three years of litigation.

![Sheppard]

Steven P. Hollman

- *Charter Commc'ns, Inc. v. Prewitt Mgmt., Inc.*, No. 1:16-CV-1268-LY, 2023 WL 3859027 (W.D. Tex. Apr. 28, 2023)

  **Communications Law/Contract Dispute** – Secured trial victory for national cable operator in case involving contract, constitutional, and statutory issues over the cable operator's obligations to pay royalty fees under municipally-issued permits that expired when the state of Texas took over issuance of cable franchises. The ruling relieved our client of the obligation to pay millions of dollars for expired, city-issued permits.

- *Trout Unlimited et al. v. Pirzadeh et. al.*, No. 20-35504, 2021 WL 2460989 (9th Cir. June 17, 2021)

  **Environmental Law/Administrative Procedure Act** – Obtained a landmark appellate victory for not-for-profit organization at Ninth Circuit Court of Appeals for not-for-profit organization on issue of first impression under the Clean Water Act and Administrative Procedure Act.

- *Theravectys SA v. Immune Design Corp.,* Civil Action No. 9950-VCN (Del. Chanc. Mar. 9, 2015), http://cases.jus-tia.com/delaware/court-of-chancery/2015-ca-9950-vcn-0.pdf?ts=1426896044

- **Trade Secrets** – Defeated effort by biotech company to enjoin client's use of lentiviral vectors in clinical trials for cancer treatment based on claim that use by both companies of common manufacturer to produce lentiviral vectors violated plaintiff's contractual exclusivity with manufacturer and enabled client to misappropriate plaintiff's claimed trade secrets.

- *Genzyme Corp. v. Shire Human Genetic Therapies, Inc.*, 906 F.Supp.2d 9 (D. Mass. 2012)
  **False Advertising** – Court ruled on preliminary motion in pharmaceutical advertising case that press release making product superiority claims constituted commercial advertising and not protected scientific expression.

- *Victor Stanley, Inc. v. Creative Pipe, Inc.*, 2011 WL 4596043 (D. Md. Sept. 30, 2011)
  **Copyright and Design Patent Infringement/False Advertising --** Obtained judgment and fee award in copyright infringement, unfair competition, false advertising and design patent infringement case involving design drawings for outdoor furniture.

**Sheppard**

**Steven P. Hollman**

---

- *M&G Polymers USA, LLC v. Carestream Health, Inc.*, 2010 WL 1611042 (Apr. 21, 2010), http://courts.state.de.us/opinions(ud53ujzwg43xydrzfekpgj55)/download.aspx?ID=137090
  *aff'd sub nom Carestream Health, Inc. v. M&G Polymers USA, LLC*, 9 A.3d 475 (2010), http://courts.delaware.gov/opinions/downloads.aspx?ID=146820.
  **Supply Contract for Medical Equipment** – $15.5 million jury verdict plus sanctions totaling $850,000 for litigation conduct in breach of requirements contract case involving medical film.

- *Automedx, Inc. v. Artivent Corp.,* 95 USPQ2d 1976 (TTAB 2010)
  **Trademark for Medical Device** – Precedential decision sustaining client's trademark opposition to competitor's application to register the mark SAVE for simulated automated ventilators; product testing recognized as sufficient bona fide use in commerce to sustain trademark priority.

- *Aronson & Company v. Fetridge*, 181 Md. App. 650, *cert. granted*, 406 Md. 743 (2008)
  **Attempted Non-Compete Enforcement/Wage Act Claim** – $1,302,820.07 jury verdict for breach of employment contract, trebled to $3,908,460.21 under Wage Act, reported as largest Wage Act recovery in Maryland history.

- *Energizer Holdings, Inc. v. Int'l Trade Comm'n*, 435 F.3d 1366 (Fed Cir. 2006), *on remand* (USITC Feb. 23, 2007), *aff'd*, 275 F. App'x 969 (Fed. Cir. 2008), *cert. denied*, 556 U.S. __ (S. Ct. Mar. 23, 2009)
  **Patent Infringement/ITC § 337** – Invalidated Eveready zero-mercury added alkaline battery patent on which royalties had been paid by Duracell, Rayovac and Matsushita, among other battery manufacturers.

- *Cummins-Allison Corp. v. Glory, Ltd.*, 2003 WL 22125212 (N.D. Ill. Sept. 5, 2003)(adopting Report and Recommendation of Magistrate Judge)
  **Patent Infringement** – Denying preliminary injunction in patent infringement lawsuit involving currency counting equipment.

- *Washington Suburban Sanitary Commission v. Utilities, Inc. of Maryland*, 775 A.2d 1178 (Md. 2001)
  **Eminent Domain –** Successfully obtained a just compensation jury verdict of $9,700,000, and successfully challenged a state statute that unconstitutionally reduced the jury's award to account for front foot benefit charges, causing condemning authority to abandon the take and pay client's attorneys' fees and costs.

- *Jersey Heights Neighborhood Ass'n v. Glendenning,* 174 F.3d 180 (4th Cir. 1999)
  **NEPA/Environmental Justice**– Affirming right of African-American citizens to consider discriminatory impact of highway placement decision on their community.

- *Latin Investment Corp. v. L&L Construction Associates, Inc.,* 168 B.R. 1 (Bankr. D.D.C. 1993)
  **Bankruptcy** – Decision affirming bankruptcy trustee's standing to maintain claims for mismanagement of debtor's business and misuse of corporate funds.

---

**Sheppard**

**Steven P. Hollman**

---

- *Armistead Homes Corp. v. Pinchback*, 907 F.2d 1447 (4th Cir.), *cert. denied*, 498 U.S. 983 (1990).
  **Public Accommodations Civil Rights Case –** Affirming award and denying further review of determination that defendant engaged in discriminatory housing practices.

- *Forum Communications of Nevada, Inc. v. P.T. Publishers, Inc.*, 1989 WL 30713 (E.D. Pa. 1989)
  **False Advertising** – Defeating claim of trade journal for physical therapy professionals that rival publication engaged in false advertising.

- *Blue Cross & Blue Shield of Maryland, Inc. v. Chestnut Lodge, Inc.*, 81 Md. A. 149, 567 A.2d 147 (1989), *cert. denied*, 570 A.2d 864 (1990)
  **Health Insurance/Coverage for Pre-Existing Conditions** – Confirming that all material terms of plan must be disclosed in benefit booklet.

- *Shaare Tefila v. Cobb*, 481 U.S. 615 (1987)
  **Civil Rights/Hate Crimes** – affirming coverage of Civil Rights Act of 1866, which prohibits racial discrimination, to individuals subjected to intentional discrimination on account of ancestry or ethnic characteristics.

## Credentials

**Education**

J.D., University of Virginia School of Law, 1983

A.B., Harvard College, 1980, *magna cum laude*

**Admissions**

District of Columbia

Maryland

U.S. Court of Appeals for the D.C., Fourth, Eleventh and Federal Circuits

U.S. Court of Federal Claims

U.S. District and Bankruptcy Courts for the District of Columbia

U.S. District Court for the District of Maryland

U.S. District Court for the Western District of Wisconsin

U.S. Supreme Court

## Honors

Bob Gerber Pro Bono Award, *Sheppard*, 2025

Litigation Star, *Benchmark Litigation*, 2025-2026

Gardner Gillespie Environmental Pro Bono Award, 2024

Intellectual Property Editorial Advisory Board, Law360, 2021

Leading Individual, *World Trademark Review*, 2017-2019

Top-rated lawyer in IP, 2012-2016

IP Super Lawyer, *Super Lawyers*, 2013-2024

**Sheppard**

<strong>Steven P. Hollman</strong>

---

Martindale Hubbell AV Preeminent Rating, 2000-2016

IP Star, *Managing IP Magazine*, 2017-2020, 2022-2025

## Memberships

Board of Governors and President, Court of Federal Claims Bar Association

Member, Quarterly Journal Editorial Board, American Intellectual Property Law
Association, 2017-2019

Member, Board of Directors, ACLU of Maryland, 2003-2004

American Bar Foundation Fellow, 2011-present

Member, American Intellectual Property Law Association

Member, Board of Directors, Court of Federal Claims Bar Association, 2006-2011

President, Board of Directors, Court of Federal Claims Bar Association, 2010

Member, Steering Committee, Section on Criminal Law and Individual Rights, DC
Bar,1993-1995

Member, Election Board, D.C. Bar, 1992-1994

Member, Maryland Chapter Board of Governors, Federal Bar Association, 2007-2009

Member, GW Inn of Court

President, Board of Directors, Harvard Club of Washington, 2004-2006

Member, Board of Directors, Harvard Club of Washington, 1998-2007

Member, Board of Directors, Hebrew Home of Greater Washington, 2003-2017

Member, International Trademark Association

Member, Board of Directors, Montgomery County Community Foundation

Elected Representative, Montgomery County Democratic Central Committee,
1998-2002

Member, Board of Directors, Montgomery County Workforce Development

Member, Board of Directors, Strathmore Hall Foundation, Inc., 2014-2019

Member, Board of Directors, Washington Council of Lawyers, 1986-2017

President, Board of Directors, Washington Council of Lawyers, 1991-1992

Member, Board of Directors, Washington Hebrew Congregation, 1999-2007

Trustee, Washington Lawyers' Committee for Civil Rights & Urban Affairs, 2006-2009

Member, Board of Directors, Washington Lawyers' Committee for Civil Rights &
Urban Affairs, 2010-2019

Co-Chair, Washington Lawyers' Committee for Civil Rights & Urban Affairs,
2014-2017

## Thought Leadership

**Sheppard**

**Steven P. Hollman**

"Avoiding Copyright and Trademark Infringement Online," D.C. Bar Seminar, 2001-2025

"Life Sciences Advertising Challenges Around the World," Webinar, October 28, 2015

"Social Media: Let's Give Them Something to Talk About," International Trademark Association (INTA) 137th Annual Meeting, San Diego, May 4, 2015

"Developments in Lanham Act False Advertising Food Cases," GMA 2014 Litigation Conference, Dana Point, California, February 26, 2014

"Update: Patent Litigation in the U.S. and Europe," The American Chamber of Commerce in Hong Kong, January 18, 2013

"Litigation in the International Trade Commission (ITC)," Tokyo Seminar October 7, 2012

"Survey Evidence in Deceptive Advertising Cases," American Intellectual Property Law Association (AIPLA) 2012 Annual Meeting, September 25, 2012

"The ITC and Beyond: What Does It Mean to Be a Responding in the International Trade Commission," Seminar, Tokyo, July 10, 2012

Nuts and Bolts of U.S. IP Litigation, Part 3, Developing a Case Theme, Preparing for, Taking and Defending Depositions, Tokyo and Osaka, October 2011

Nuts and Bolts of U.S. IP Litigation, Part 1, Preparing for a Lawsuit, Tokyo, February 23, 2011

"Opening Statements and Closing Arguments," CLE International Eminent Domain Institute, Fifth Annual Eminent Domain Conference, May 5, 2008

Moderator, "Patents: A Need for Uniformity in the Law of Patents, Recent Supreme Court Decisions, Other Hot Topics," with Panelists Chief Judge Edward J. Damich, PTO Deputy General Counsel John Whealan, General Electric Vice President Q. Todd Dickinson, U.S. Court of Federal Claims 20th Judicial Conference, Boulder, Colorado, October 11, 2007

"Kelo and the Invitation to Act: State Legislative Responses," CLE International Eminent Domain Institute, Eminent Domain National Conference: A Retrospective on Kelo, Las Vegas, April 19, 2007

Speaker, Closing Arguments in Eminent Domain Cases, CLE International, Las Vegas, April 19, 2007

"Openings, Closings and the Art of Persuasion," Washington Council of Lawyers Litigation Skills Training Program, Washington, D.C., April 26, 2007, and March 15, 2005

**Sheppard**

**Steven P. Hollman**

---

"Trial at the U.S. Court of Federal Claims: Effective Openings and Closings," U.S. Court of Federal Claims 19th Judicial Conference, Washington, D.C., October 25, 2006

"Trade Secrets: Are Your Clients Protecting Their Crown Jewels? Are You?" February 28, 2005

"Eminent Domain in the District of Columbia: Delegations of Authority, Public Use, and Practice," D.C. Bar Real Estate, Housing and Land Use Section, September 23, 2004

"Discovery Plans in Federal Practice," Montgomery County, Maryland Bar Foundation CLE Seminar, November 11, 2003

Participated as faculty in multiple trial advocacy training sessions with the National Institute for Trial Advocacy

## Related Insights

- The Proliferation of Trade Secret Misappropriation and U.S. Enforcement Choices, December 11, 2024

- The Branding of a President, October 23, 2024

- The Rise of Trade Secret Litigation, September 23, 2024

- Ad Law Symposium, May 4, 2022

- Trade Secret Litigation and Protection: A Practice Guide to the DTSA and the CUTSA, April 30, 2022

- Trade Secret vs. Patent – a False Dichotomy, August 30, 2021

- Maryland Breaks Ground with Digital Advertising Tax, March 17, 2021

- Inaugural Ad Law Symposium, January 27, 2021

- The China Pivot: Closing the "Back Door" to Trade Secret and IP Theft, January 15, 2021

- Why Patents Can Matter In Trade Secret Cases, September 23, 2020

- Trade Secret Protection & the COVID-19 Cure: Observations on Federal Policy-Making & Potential Impact on Biomedical Advances, September 14, 2020

- IP Protection and the Open COVID Cure Chase, May 4, 2020

## Related News & Events

- Landmark Win for Stride, Inc. in Eleventh Circuit Trademark Appeal, January 19, 2026

- Steve Hollman and Katherine Anne Boy Skipsey Receive Sheppard Mullin's 2025 Bob Gerber Pro Bono Award, January 5, 2026

---

**Sheppard**                                                            **Steven P. Hollman**

- Sheppard Mullin Assists Maryland Family In Reopening 39-Year-Old Death In-vestigation, November 4, 2025

- Benchmark Litigation Names Sheppard Mullin a Leading Litigation Firm, October 28, 2025

- Managing IP Recognizes Sheppard Mullin and 11 Partners in 2025 "IP Stars" Guide, June 4, 2025

- Benchmark Litigation Names Sheppard Mullin a Leading Litigation Firm, October 4, 2024

- Sheppard Mullin Recognized Nationally for Trademark Disputes by Managing IP, June 10, 2024

- Sheppard Mullin Files Motion to Intervene on Behalf of Trout Unlimited To Protect Alaskan Watershed , May 17, 2024

- Sheppard Mullin Attorneys Named 2024 Washington, D.C. Super Lawyers and Rising Stars, April 22, 2024

- U.S. Supreme Court Denies Alaska's Request to Challenge EPA's Clean Water Act Veto, January 8, 2024

- Sheppard Mullin Secures Sweeping Victory for Online Education Leader Stride, Inc., January 3, 2024

- Sheppard Mullin Bolsters Fight to Mend DC Police's Mental Health Response, July 7, 2023

- Sheppard Mullin Co-Counsels With the ACLU to Challenge Washington, D.C.'s Response to Mental Health Emergencies, July 6, 2023

- Ten Sheppard Mullin Partners Named 2023 "IP Stars", May 18, 2023

- Sheppard Mullin Attorneys Named 2023 Washington, D.C. Super Lawyers and Rising Stars, April 23, 2023

- Sheppard Mullin Helps to Establish DC Health's At-Home COVID-19 Testing Program Accessible for the Visually Impaired, December 2, 2022

- Neil Popovi  Recognized as Deans Emeritus Lecturer by Berkeley Law, June 30, 2022

- Eleven Sheppard Mullin Partners Named 2022 "IP Stars" by Managing IP, June 15, 2022

- Ad Law Symposium, May 4, 2022

- Sheppard Mullin Attorneys Named 2022 Washington, D.C. Super Lawyers and Rising Stars, April 28, 2022

- Judge Tosses Trump-Era Pebble Mine Approval in Bristol Bay, November 1, 2021

- EPA Moves to Reinstate Clean Water Act Protections for Pristine Bristol Bay, Alaska Watershed, September 9, 2021

- Litigator of the Week Runners-Up and Shout Outs, August 13, 2021

**Sheppard**

Steven P. Hollman

---

- Sheppard Mullin Pro Bono Team Achieves Groundbreaking 9th Circuit Decision For Trout Unlimited, June 21, 2021

- 9th Circ. Says EPA's Move On Alaska Mine Can Be Challenged, June 17, 2021

- EPA Reversal on Pebble Mine Pollution Limits is Reviewable, June 17, 2021

- Sheppard Mullin Helps Secure Win For Voters With Disabilities, May 16, 2021

- Sheppard Mullin Attorneys Named 2021 Washington, D.C. Super Lawyers and Rising Stars, April 27, 2021

- Coalition of Disability Groups Demand Access to Virginia's Inaccessible Absentee Voting, July 27, 2020

- Sheppard Mullin Named 2020 IP Stars by Managing Intellectual Property, June 25, 2020

- Sheppard Mullin Attorneys Named 2020 Washington, D.C. Super Lawyers and Rising Stars, April 17, 2020

- Enviros Can Restart Alaska Mine Suit Despite COVID-19 Stay, April 10, 2020

- Enviros Seek Restart In Alaska Mine Suit Despite Virus Pause, April 7, 2020

- Sheppard Mullin Recognized in World Trademark Review's 2020 WTR 1000, March 1, 2020

- Sheppard Mullin Helps Expand Absentee Voting Options For Voters With Disabilities In West Virginia, February 6, 2020

- Native, Green Groups Want Pebble Mine Restrictions Revived, February 3, 2020

- EPA Says It Can't Be Sued For Nixing Pebble Mine Restrictions, December 11, 2019

- ACC-SFBA Patent Law Committee Meeting, December 11, 2019

- ACC-SFBA Patent Law Committee Meeting Sponsored, December 10, 2019

- Daily Dicta: Sheppard Mullin Goes Fishing for Justice, October 10, 2019

- Trout Unlimited Joins Legal Fray over EPA's Pebble Mine Plan, October 9, 2019

- EPA Sued For Lifting Restrictions On Pebble Mine Project, October 9, 2019

- Sheppard Mullin Represents Trout Unlimited In Challenge To EPA'S Withdrawal Of Protections For Bristol Bay, October 9, 2019

- Sheppard Mullin Scores Trial Victory Over Trademark Registrability of COLLEGE FOOTBALL PLAYOFF, July 22, 2019

- Sheppard Mullin Named 2019 IP Stars by Managing Intellectual Property, May 20, 2019

- Sheppard Mullin Attorneys Named 2019 Washington, D.C. Super Lawyers and Rising Stars, April 19, 2019

- World Trademark Review Recognizes Sheppard Mullin, February 6, 2019

---

**Sheppard**

### Steven P. Hollman

---

- Licensing Agent Sues Va. Children's Theater Over Musicals, June 6, 2018

- Seven Sheppard Mullin Partners Named 2018 IP Stars by Managing Intellectual Property, May 24, 2018

- Sheppard Mullin Attorneys Named 2018 Washington, D.C. Super Lawyers and Rising Stars, April 23, 2018

- World Trademark Review Recognizes Sheppard Mullin, January 26, 2018

- Six Sheppard Mullin Partners Named 2017 IP Stars by Managing Intellectual Property, June 13, 2017

- World Trademark Review Recognizes Sheppard Mullin, January 18, 2017

- Partner Steven Hollman Brings Trial Expertise to Sheppard Mullin Washington, D.C., November 1, 2016

- World Trademark Review Recognizes Sheppard Mullin, January 19, 2016

**Sheppard**



# Abraham J. Shanedling

Special Counsel

---

⊙ Washington, DC

T:  +1.202.747.2644

✉  ashanedling@sheppard.com

## Overview

Abram Shanedling is special counsel in the Business Trial Practice Group in the firm's Washington, D.C. office and a member of the firm's Communications Team.

Abram is a seasoned commercial litigator specializing in administrative and regulatory litigation and disputes. He has extensive experience assisting clients in the communications sector, including cable operators, broadband providers, and technology companies, navigate the complex landscape of litigation, government rulemaking proceedings, and competitive network deployment. With a deep understanding of the intricacies involved in communications law, Abram has become a trusted advisor for clients dealing with local franchising, access to rights-of-way, PEG programming, pole attachments, infrastructure deployment, and a broad spectrum of other issues critical to the communications industry.

Abram's representations have been before state and federal trial and appellate courts across the country, as well as administrative agencies such as the Federal Communications Commission (FCC) and state public utility commissions. In addition to his regulatory litigation work, Abram handles various business disputes and controversies involving federal and state statutory, constitutional, energy, environmental, intellectual property, false advertising, defamation, unfair competition, contract, privacy, and administrative law issues.

CAPABILITIES

**Practices**

Litigation

Class Action Defense

Public Policy and Government Affairs

Intellectual Property

Trade Secrets

Trademark

Global Reach

**Industries**

Artificial Intelligence

Construction

Telecom

**Sheppard**

**Abraham J. Shanedling**

---

In addition to his practice, Abram is actively involved in the firm, currently serving on Sheppard's Pro Bono Committee and Recruiting Committee. Abram is dedicated to pro bono service and public interest litigation in Washington, D.C. and across the country. He has long represented Trout Unlimited, which is dedicated to protecting and restoring America's coldwater fisheries and watersheds, in federal environmental litigation under the Clean Water Act to protect Bristol Bay, Alaska. Abram has also represented several clients in immigration, asylum, and civil rights matters and successfully aided a federal inmate in securing compassionate release.

Outside of the firm, Abram is a Co-Chair of the State & Local Practice Committee of the Federal Communications Bar Association and an Associate Trustee of the Washington Lawyers' Committee for Civil Rights and Urban Affairs.

Abram previously served as a law clerk for the U.S. Senate Committee on the Judiciary and as a legal intern in the Office of the Chief Counsel of the U.S. Department of Homeland Security.

## Experience

**Generally**

- Represents national cable operator in litigation in federal and state court regarding franchise fees, access to rights-of-way, and pole attachments.

- Has represented a broad coalition of cable providers in pole attachment rulemaking proceedings before state public utilities commissions, including in Connecticut, Georgia, Louisiana, Maine, South Carolina, and Texas.

- Represents clients from across the country and in different industries in commercial litigation matters.

- Advises clients on compliance with telecommunications laws and regulations.

**Representative Matters**

- Won a trial and appellate victory in the Middle District of Florida and Eleventh Circuit Court of Appeals on behalf of provider of online learning programs (Stride, Inc.), defeating all of the trademark infringement, false advertising, breach of contract, and unfair competition claims (for multi-billion dollars) of Stride's public agency competitor, and affirming that victory "across the board" on appeal. *Fla. Virtual School v. K12, Inc.*, No. 6:20-CV-2354-GAP-EJK, 2024 WL 22039 (M.D. Fla. Jan. 2, 2024), aff'd No. 24-10449, 2026 WL 127063 (11th Cir. Jan. 15, 2026).

---

**Abraham J. Shanedling**

---

- Secured trial victory for national cable operator in case involving contract, constitutional, and statutory issues over the cable operator's obligations to pay royalty fees under municipally-issued permits that expired when the state of Texas took over issuance of cable franchises. The ruling relieved the client of the obligation to pay millions of dollars for expired, city-issued permits. *Charter Commc'ns, Inc. v. Prewitt Mgmt., Inc.*, No. 1:16-CV-1268-LY, 2023 WL 3859027 (W.D. Tex. Apr. 28, 2023)

- Successfully represented national cable operator before South Carolina Public Service Commission in dispute concerning access for broadband infrastructure and terms and conditions for pole attachments on utility poles. *Spectrum Southeast, LLC v. York Elec. Coop.,* No. 2022-188-EC, 2023 WL 2755207 & 2022 WL 18024803 (S.C. Pub. Serv. Comm'n Mar. 27, 2023 & Dec. 22, 2022)

- Resolved cases brought by Texas cities over interpretation of key provisions of Texas's Public Utility Regulatory Act governing calculation of franchise fees, after obtaining favorable summary judgment on client's behalf. *City of San Antonio v. Time Warner Cable, Texas, LLC*, 552 F. Supp. 3d 402 (W.D. Tex. 2021); *City of Allen et. al., v. Time Warner Cable Texas LLC*, No. 6:19-cv-345-ADA-JCM (W.D. Tex.)

- Successfully represented national cable operator at Seventh Circuit Court of Appeals and Southern District of Indiana in case affirming that Section 621 of the federal Cable Act authorizes cable operators' compatible use of easements dedicated to utility purposes. *West v. Louisville Gas & Elec. Co. et al*, No. 4:16-cv-00145RLYTAB, 2018 WL 321686 (S.D. Ind. Jan. 8, 2018), *appeal dismissed,* 920 F.3d 499 (7th Cir. 2019), and *aff'd sub nom.*951 F.3d 827 (7th Cir. 2020)

- Obtained dismissal of breach contract and various tort claims against technology services client in North Carolina federal court. *Saad v. Slivinski et al.*, No. 1:20-v-20 (M.D.N.C. 2020)

- Represented national cable operator in obtaining unanimous victory before the Texas Supreme Court regarding uniform pole attachment rate and anti-discrimination requirements in the Texas Public Utility Regulatory Act. *Time Warner Cable Texas LLC v. CPS Energy*, 593 S.W.3d 291 (Tex. 2019).

- Secured dismissal of all claims brought against government defense/robotics contractor for defamation, tortious interference with contractual relationships, civil conspiracy and unfair competition. *Robo-Team NA, Inc. v. Endeavor Robotics*, 313 F. Supp. 3d 19 (D.D.C. 2018).

- Successfully represented the Louisiana Cable & Telecommunications Association in negotiating a favorable settlement of claims brought by electric utility company before the Louisiana Public Service Commission regarding pole attachment rental rates. *In re: Complaint and Petition for Declaratory Ruling on Proper Formula for the Pole Attachment Rental Rate Under Louisiana Public Service Commission Order Dated September 4, 2014*, Docket No. U-34688 (La. Pub. Serv. Comm'n filed 2017)

---

**Sheppard**                                                    **Abraham J. Shanedling**

- Represented national cable operator in defeating a request for a temporary restraining order and a motion to remand, and securing voluntary dismissal of breach of contract action brought by landowner in U.S. District Court for the Northern District of Texas. *See Smalley v. Charter Commc'ns Holding Co., LLC*, 2017 WL 7520467 (N.D. Tex. Apr. 10, 2017); 2017 WL 2335518 (N.D. Tex. May 26, 2017).

**Pro Bono**

- Obtained a landmark appellate victory for not-for-profit organization at Ninth Circuit Court of Appeals for not-for-profit organization on issue of first impression under the Clean Water Act and Administrative Procedure Act. *Trout Unlimited v. Pirzadeh*, 1 F.4th 738 (9th Cir. 2021).

- Has successfully represented several clients seeking asylum in U.S. Immigration Court.

- Represented federal inmate suffering severe sickle cell anemia in obtaining early compassionate release under federal First Step Act.

## Credentials

**Education**

J.D., Georgetown University Law Center, 2015, *cum laude*, Managing Editor,

*Georgetown Journal of International Law*

B.A., University of Wisconsin, 2009, *with honors*

**Admissions**

District of Columbia

Maryland

U.S. Supreme Court

U.S. Court of Appeals for the Fifth Circuit

U.S. Court of Appeals for the Seventh Circuit

U.S. Court of Appeals for the Ninth Circuit

U.S. Court of Appeals for the Eleventh Circuit

U.S. District Court for the District of Columbia

U.S. District Court for the District of Maryland

U.S. District Court for the Western District of Texas

## Honors

- Gardner Gillespie Environmental Pro Bono Award, 2024

- Ones to Watch — Litigation, *Best Lawyers,* 2021-2026

- Recommended Attorney - Telecoms and Broadcast: Regulatory, *Legal 500 US*, 2019-2022, 2024

- Burton Distinguished Legal Writing Award, 2015

- Washington, D.C. Rising Star, *Super Lawyers*, 2020-2024

**Sheppard**

**Abraham J. Shanedling**

## Memberships

- 2025 Telecommunications Editorial Advisory Board, *Law360*

- Co-Chair, State & Local Practice Committee, Federal Communications Bar Association

- Associate Trustee, Washington Lawyers' Committee for Civil Rights and Urban Affairs

- Member, American Bar Association

- Member, Federal Communications Bar Association

- Member, Bar Association of the District of Columbia

## Thought Leadership

Speaker, "Billions for Broadband: An Update on the BEAD Grant Process and What's

Next for State Broadband Offices in 2024," FCBA, February 6, 2024

- "Removing Weapons of Mass Destruction From the World's Most Volatile Region: How to Achieve a WMD-Free Zone in the Middle East," 46 *Georgetown Journal of International Law* 315, 2014

## Related Insights

- West Virginia Public Service Commission Clarifies Rules on Pole Replacement Cost Allocations, October 23, 2025

- FCC Adopts New Pole Attachment Rules to Streamline Broadband Deployment, July 28, 2025

- UPDATE: FCC's New Pole Attachment Rules are Now Effective, July 29, 2024

- With Net Neutrality Order, FCC Grants Broadband-Only ISPs New Pole Attachment Protections, May 6, 2024

- FCC Adopts New Pole Attachment Rules to Promote Broadband Expansion, December 18, 2023

- FCC To Vote on New Pole Attachments Rules to Promote Broadband Expansion, December 4, 2023

- Building Better Broadband: A Practical Guide to Converting Federal and State Grants and Subsidies to Expand Broadband, September 20, 2023

- White House Announces $42.5 Billion in Broadband Funding Allocations, June 27, 2023

- Florida Enacts Pole Attachment Regulations for Electric Cooperatives, June 5, 2023

- FCC Assures State Lawmakers of Commitment to Pole Attachment Rules Promoting Broadband Deployment and Competition, May 25, 2023

**Sheppard**

**Abraham J. Shanedling**

- Sunshine State Becomes 24th to Certify Regulation of Pole Attachments, June 14, 2022

- The FCC's Latest Pole Attachment Ruling: "Just Another Brick In The Wall" for Electric Utilities, or "Satisfaction" for ILECS?, September 30, 2021

- Sixth Circuit Affirms FCC Rule That Most In Kind Contributions Are Franchise Fees, June 2, 2021

- Ninth Circuit Rejects Challenges to FCC's One-Touch Make-Ready, Small Cell Deployment, and Local Moratoria Orders, August 18, 2020

- Second Circuit Affirms "Snap" Removal Practice, March 29, 2019

- FCC Seeks "Large Step" Toward Advancing Broadband Infrastructure Goals With Draft One-Touch Make-Ready Order, July 16, 2018

## Related News & Events

- Landmark Win for Stride, Inc. in Eleventh Circuit Trademark Appeal, January 19, 2026

- Sheppard Mullin Attorneys Named 2026 "Best Lawyers in America", August 21, 2025

- Legal 500 US 2025 Recognizes Sheppard Mullin Partners and Practice Groups Among the Best in the Country, June 11, 2025

- Sheppard Mullin Attorneys Named to Law360's 2025 Editorial Advisory Boards, March 24, 2025

- Fast-Tracking Broadband Deployment: How Can States Streamline Pole Attachments, October 29, 2024

- Sheppard Mullin Attorneys Named 2025 "Best Lawyers in America", August 16, 2024

- Legal 500 US 2024 Recognizes Sheppard Mullin Partners and Practice Groups Among the Best in the Country, June 12, 2024

- Sheppard Mullin Files Motion to Intervene on Behalf of Trout Unlimited To Protect Alaskan Watershed  , May 17, 2024

- Sheppard Mullin Attorneys Named 2024 Washington, D.C. Super Lawyers and Rising Stars, April 22, 2024

- Sheppard Mullin's Trout Unlimited and Oceana Litigation Teams Awarded Inaugural Gardner Gillespie Environmental Pro Bono Award, April 22, 2024

- U.S. Supreme Court Denies Alaska's Request to Challenge EPA's Clean Water Act Veto, January 8, 2024

- Sheppard Mullin Secures Sweeping Victory for Online Education Leader Stride, Inc., January 3, 2024

**Sheppard**

**Abraham J. Shanedling**

- 266 Sheppard Mullin Attorneys Named 2024 "Best Lawyers in America", August 17, 2023

- Sheppard Mullin Attorneys Named 2023 Washington, D.C. Super Lawyers and Rising Stars, April 23, 2023

- 245 Sheppard Mullin Attorneys Named 2023 "Best Lawyers in America", August 18, 2022

- Neil Popovi  Recognized as Deans Emeritus Lecturer by Berkeley Law, June 30, 2022

- Legal 500 US 2022 Recognizes Sheppard Mullin Partners and Practice Groups Among the Best in the Country, June 9, 2022

- Sheppard Mullin Attorneys Named 2022 Washington, D.C. Super Lawyers and Rising Stars, April 28, 2022

- Judge Tosses Trump-Era Pebble Mine Approval in Bristol Bay, November 1, 2021

- EPA Moves to Reinstate Clean Water Act Protections for Pristine Bristol Bay, Alaska Watershed, September 9, 2021

- 185 Sheppard Mullin Attorneys Named 2022 "Best Lawyers in America", August 19, 2021

- Litigator of the Week Runners-Up and Shout Outs, August 13, 2021

- Sheppard Mullin Pro Bono Team Achieves Groundbreaking 9th Circuit Decision For Trout Unlimited, June 21, 2021

- 9th Circ. Says EPA's Move On Alaska Mine Can Be Challenged, June 17, 2021

- EPA Reversal on Pebble Mine Pollution Limits is Reviewable, June 17, 2021

- Sheppard Mullin Attorneys Named 2021 Washington, D.C. Super Lawyers and Rising Stars, April 27, 2021

- 192 Sheppard Mullin Attorneys Named 2021 "Best Lawyers in America", August 20, 2020

- Sheppard Mullin Attorneys Named 2020 Washington, D.C. Super Lawyers and Rising Stars, April 17, 2020

- Enviros Can Restart Alaska Mine Suit Despite COVID-19 Stay, April 10, 2020

- Enviros Seek Restart In Alaska Mine Suit Despite Virus Pause, April 7, 2020

- 7th Circ. Lets Charter Run Fiber Over Litigant's Land, March 3, 2020

- Native, Green Groups Want Pebble Mine Restrictions Revived, February 3, 2020

- EPA Says It Can't Be Sued For Nixing Pebble Mine Restrictions, December 11, 2019

- Daily Dicta: Sheppard Mullin Goes Fishing for Justice, October 10, 2019

- Trout Unlimited Joins Legal Fray over EPA's Pebble Mine Plan, October 9, 2019

**Abraham J. Shanedling**

- EPA Sued For Lifting Restrictions On Pebble Mine Project, October 9, 2019

- Sheppard Mullin Represents Trout Unlimited In Challenge To EPA'S Withdrawal Of Protections For Bristol Bay, October 9, 2019

- Texas Justices Side With Time Warner In Utility Fees Row, May 17, 2019

- Appeal Of Charter's Exit From Tower Suit Premature: 7th Circ., April 5, 2019

**Sheppard**



# Maria-Laura Coltre

Associate

---

 Washington, DC

T:  +1.202.747.2658

 mcoltre@sheppard.com

## Overview

Maria-Laura Coltre is an associate in the Business Trial Practice Group in the firm's Washington, D.C. office.

Maria-Laura represents clients in complex commercial disputes, including litigating claims for breach of contract, breach of fiduciary duty, fraud, and tort claims. She represents clients before various state and federal courts, domestic and international arbitral bodies, and federal and state agencies. Maria-Laura's practice involves a range of industries, including healthcare, telecommunications, technology services, and financial services.

Maria-Laura also enjoys working with and representing her pro bono clients. Her work focuses on helping victims of human trafficking moving through the United States immigration system.

In addition to her practice, Maria-Laura is an active member of the firm's Women's Law Group and enjoys supporting the firm's recruiting activities.

## Experience

- Won a trial and appellate victory in the Middle District of Florida and Eleventh Circuit Court of Appeals on behalf of provider of online learning programs (Stride, Inc.), defeating all of the trademark infringement, false advertising, breach of contract, and unfair competition claims (for multi-billion dollars) of Stride's public agency competitor, and affirming that victory "across the board" on appeal. *Fla. Virtual School v. K12, Inc.*, No. 6:20-CV-2354-GAP-EJK, 2024 WL 22039 (M.D. Fla. Jan. 2, 2024), aff'd No. 24-10449, 2026 WL 127063 (11th Cir. Jan. 15, 2026).

CAPABILITIES

**Practices**
Appellate
Litigation

**Industries**
Healthcare
Telecom

**Sheppard**

**Maria-Laura Coltre**

## Credentials

**Education**

J.D., University of Illinois College of Law, 2017, *cum laude*

B.A., College of William and Mary, 2014

**Admissions**

District of Columbia

New York

U.S. District Court for the Southern District of New York

U.S. District Court for the Eastern District of New York

Virginia

U.S. District Court for the Eastern District of Virginia

## Related Insights

- Supreme Court takes on FCC's taxing power: A game-changer for telecom?, December 27, 2024

## Related News & Events

- Landmark Win for Stride, Inc. in Eleventh Circuit Trademark Appeal, January 19, 2026

- Sheppard Mullin Scores Another Win in Litigation Against Former Octo Executive, May 8, 2025

- Sheppard Mullin Business Trial Team Scores Win In Multi-Jurisdictional Litigation Against Former Octo Executive, July 19, 2023

- Sheppard Mullin Trial Team Defeats Effort To Enjoin Critical Mortgage Transaction, April 6, 2023

# EXHIBIT B

| Work Date | Timekeeper | Timekeeper Name | Narrative | Hours Billed | Rate | Amount |
|---|---|---|---|---|---|---|
| 2/13/2024 | 003437 | Hollman, Steven | Review 11th Circuit Notice of Docketing of Appeal. | 0.30 | 884.00 | 265.20 |
| 2/13/2024 | 003453 | Shanedling, Abraham | Confer with S. Hollman, A. Dao, and D. Johnson regarding FLVS's notice of appeal. | 0.50 | 675.75 | 337.88 |
| 2/14/2024 | 003437 | Hollman, Steven | Review FLVS appellate filings and procedural implications, and prepare entry of appearance and renewal of 11th Circuit Bar membership. | 2.00 | 884.00 | 1,768.00 |
| 2/14/2024 | 003453 | Shanedling, Abraham | Prepare initial appellate papers, including appearances and applications for admission. | 2.70 | 675.75 | 1,824.53 |
| 2/14/2024 | 003453 | Shanedling, Abraham | Review research regarding Federal Rule of Appellate Procedure 4(a). | 0.60 | 675.75 | 405.45 |
| 2/19/2024 | 003437 | Hollman, Steven | Attention to 11th Circuit entry of appearance. | 0.30 | 884.00 | 265.20 |
| 2/20/2024 | 003437 | Hollman, Steven | Review conditional cross appeal issues. | 0.30 | 884.00 | 265.20 |
| 2/22/2024 | 003453 | Shanedling, Abraham | Research appellate standards of review for FLVS appeal. | 0.30 | 675.75 | 202.73 |
| 2/26/2024 | 003437 | Hollman, Steven | Confer with E. Harter regarding potential cross appeal and consider cross-appeal and alternative strategies. | 0.80 | 884.00 | 707.20 |
| 2/26/2024 | 003453 | Shanedling, Abraham | Revise certificate of interested parties/corporate disclosure statement. | 1.50 | 675.75 | 1,013.63 |
| 2/27/2024 | 003437 | Hollman, Steven | Confer with A. Shanedling and D. Johnson regarding strategy with respect to cross appeal. | 0.50 | 884.00 | 442.00 |
| 2/27/2024 | 003437 | Hollman, Steven | Confer with V. Mathis and E. Harter regarding strategy with respect to cross appeal and possible false advertising claim against FLVS. | 0.80 | 884.00 | 707.20 |
| 2/27/2024 | 003437 | Hollman, Steven | Review requirement for 11th Circuit appeal statement. | 0.30 | 884.00 | 265.20 |
| 2/27/2024 | 003453 | Shanedling, Abraham | Meet with V. Mathis, E. Harter, and S. Hollman regarding FLVS's appeal and false advertising claim against FLVS. | 1.00 | 675.75 | 675.75 |
| 2/28/2024 | 003453 | Shanedling, Abraham | Review FLVS appellate case deadlines. | 0.30 | 675.75 | 202.73 |
| 3/1/2024 | 003437 | Hollman, Steven | Review FLVS entries of appearance and Civil Appeal Statement and confer with E. Harter regarding same. | 1.30 | 884.00 | 1,149.20 |
| 3/1/2024 | 003453 | Shanedling, Abraham | Review FLVS civil appeal statements. | 0.10 | 675.75 | 67.58 |
| 3/1/2024 | 003453 | Shanedling, Abraham | Email E. Harter regarding FLVS appellate filings. | 0.10 | 675.75 | 67.58 |
| 3/4/2024 | 003437 | Hollman, Steven | Review FLVS Appeal filings including statement of issues, briefing schedule, and filing requirements. | 1.80 | 884.00 | 1,591.20 |
| 3/4/2024 | 003453 | Shanedling, Abraham | Confer with D. Johnson regarding FLVS's appeal deadlines. | 0.20 | 675.75 | 135.15 |
| 3/11/2024 | 003437 | Hollman, Steven | Review Eleventh Circuit Order regarding schedule and confer with E. Harter, D. Johnson and A. Shanedling regarding same. | 0.80 | 884.00 | 707.20 |
| 3/11/2024 | 003437 | Hollman, Steven | Review Eleventh Circuit notice regarding mandatory mediation and schedule and draft, review and revise email to E. Harter regarding same. | 1.00 | 884.00 | 884.00 |
| 3/11/2024 | 003453 | Shanedling, Abraham | Review 11th Circuit's mediation order. | 0.20 | 675.75 | 135.15 |
| 3/11/2024 | 003453 | Shanedling, Abraham | Email with S. Hollman and D. Johnson regarding 11th Circuit mediation. | 0.30 | 675.75 | 202.73 |
| 3/12/2024 | 003437 | Hollman, Steven | Reviewing likely briefing schedule and draft, review and revise email to E. Harter regarding newest FLVS appeal filings and strategy for possible response. | 0.80 | 884.00 | 707.20 |
| 3/12/2024 | 003437 | Hollman, Steven | Review FLVS's Amended Notice of Appeal, Submission on Transcript Request, and Motion to Correct to adjust briefing schedule, and confer with A. Shanedling and D. Johnson regarding same. | 1.80 | 884.00 | 1,591.20 |
| 3/12/2024 | 003453 | Shanedling, Abraham | Review FLVS motion for correction of notice of appeal and related deadlines. | 0.50 | 675.75 | 337.88 |
| 3/13/2024 | 003437 | Hollman, Steven | Review strategy in response to FLVS motion concern docketing of appeal and timing for making a settlement demand and potential false advertising filing, and confer with E. Harter regarding same. | 1.50 | 884.00 | 1,326.00 |
| 3/13/2024 | 003453 | Shanedling, Abraham | Confer with E. Harter and S. Hollman regarding response to FLVS motion regarding appeal deadlines. | 0.60 | 675.75 | 405.45 |
| 3/13/2024 | 003453 | Shanedling, Abraham | Research for response to FLVS's motion to discharge dismissal notice. | 0.60 | 675.75 | 405.45 |
| 3/14/2024 | 003437 | Hollman, Steven | Review and revise response to FLVS motion to clarify filing date of appeal. | 0.50 | 884.00 | 442.00 |
| 3/15/2024 | 003437 | Hollman, Steven | Review correspondence with D. Johnson regarding FLVS motion to clarify regarding docketing of appeal. | 0.30 | 884.00 | 265.20 |
| 3/15/2024 | 003453 | Shanedling, Abraham | Correspond with S. Hollman regarding 11th Circuit docketing of new appeal. | 0.20 | 675.75 | 135.15 |
| 3/19/2024 | 003437 | Hollman, Steven | Review mandate and motion of FLVS for clarification as to appeal status and schedule. | 0.80 | 884.00 | 707.20 |
| 3/19/2024 | 003453 | Shanedling, Abraham | Email with D. Johnson regarding appellate filings. | 0.20 | 675.75 | 135.15 |
| 3/20/2024 | 003437 | Hollman, Steven | Confer with E. Harter regarding appeal status and schedule. | 0.30 | 884.00 | 265.20 |
| 3/20/2024 | 003453 | Shanedling, Abraham | Correspond with E. Harter regarding status of FLVS's appeal. | 0.10 | 675.75 | 67.58 |
| 3/21/2024 | 003437 | Hollman, Steven | Review comments of C. Spencer Davis, A. Shanedling and D. Johnson regarding response to FLVS motion concerning appeal docketing. | 0.50 | 884.00 | 442.00 |
| 3/21/2024 | 003453 | Shanedling, Abraham | Revise response to FLVS's motion to correct appeal date. | 0.50 | 675.75 | 337.88 |
| 3/22/2024 | 003437 | Hollman, Steven | Review status of briefing schedule and Eleventh Circuit order regarding same and confer with A. Shanedling, D. Johnson, and E. Harter regarding same. | 1.00 | 884.00 | 884.00 |
| 3/22/2024 | 003453 | Shanedling, Abraham | Prepare response to FLVS's motion to amend appeal date. | 0.10 | 675.75 | 67.58 |
| 3/22/2024 | 003453 | Shanedling, Abraham | Email with E. Harter regarding procedural status in 11th Circuit. | 0.20 | 675.75 | 135.15 |
| 3/22/2024 | 003453 | Shanedling, Abraham | Review Court's orders on FLVS motion to amend deadlines. | 0.30 | 675.75 | 202.73 |

| Date | ID | Name | Description | Hours | Rate | Amount |
|---|---|---|---|---|---|---|
| 3/25/2024 | 003437 | Hollman, Steven | Review notice from 11th Circuit regarding telephone extension request and resulting briefing deadlines and correspondence with E. Harter regarding same. | 0.60 | 884.00 | 530.40 |
| 3/25/2024 | 003453 | Shanedling, Abraham | Review order from Court on FLVS extension request. | 0.20 | 675.75 | 135.15 |
| 4/1/2024 | 003437 | Hollman, Steven | Review 11th Circuit order deferring mediation deadline and transmit to E. Harter. | 0.50 | 884.00 | 442.00 |
| 4/2/2024 | 003437 | Hollman, Steven | Review requirements for 11th Circuit mediation statement and strategy regarding same. | 0.30 | 884.00 | 265.20 |
| 4/10/2024 | 003437 | Hollman, Steven | Review notice resetting mediation date and confer with E. Harter regarding same. | 0.40 | 884.00 | 353.60 |
| 4/11/2024 | 003453 | Shanedling, Abraham | Confer with C. Spencer-Davis regarding appellate research. | 0.40 | 675.75 | 270.30 |
| 4/12/2024 | 003437 | Hollman, Steven | Review outline of issues for appeal brief. | 0.30 | 884.00 | 265.20 |
| 4/12/2024 | 003453 | Shanedling, Abraham | Confer With M. Coltre regarding appellate briefing. | 0.30 | 675.75 | 202.73 |
| 4/12/2024 | 004387 | Laura Coltre, Maria | Review and analyze correspondence and confer with litigation team for appeal preparation. | 1.80 | 650.25 | 1,170.45 |
| 4/16/2024 | 003453 | Shanedling, Abraham | Meet with S. Hollman, C. Spencer-Davis, and M. Coltre regarding appellate briefing and case strategy. | 1.50 | 675.75 | 1,013.63 |
| 4/16/2024 | 004387 | Laura Coltre, Maria | Review and analysis of correspondence and pleadings and briefing for appeal and confer with litigation team. | 3.60 | 650.25 | 2,340.90 |
| 4/17/2024 | 003437 | Hollman, Steven | Confer with T. Bishop and E. Harter regarding FLVS request for extension of time to filing opening brief. | 0.50 | 884.00 | 442.00 |
| 4/17/2024 | 003453 | Shanedling, Abraham | Confer with S. Hollman regarding FLVS request for an extension. | 0.20 | 675.75 | 135.15 |
| 4/18/2024 | 003437 | Hollman, Steven | Confer with T. Bishop and E. Harter regarding FLVS request for extension of time to submit opening brief. | 0.50 | 884.00 | 442.00 |
| 4/18/2024 | 003453 | Shanedling, Abraham | Review FLVS motion for briefing extension. | 0.30 | 675.75 | 202.73 |
| 4/29/2024 | 004387 | Laura Coltre, Maria | Review and analysis of correspondence and pleadings and briefing for appeal and confer with litigation team. | 2.20 | 650.25 | 1,430.55 |
| 4/30/2024 | 003453 | Shanedling, Abraham | Prepare opposition to FLVS's motion to exceed word limits. | 2.00 | 675.75 | 1,351.50 |
| 5/1/2024 | 003437 | Hollman, Steven | Confer with T. Bishop, A. Shanedling and E. Harter regarding FLVS request to exceed word count in brief and review FLVS filing requesting same and basis for opposition. | 1.30 | 884.00 | 1,149.20 |
| 5/1/2024 | 003453 | Shanedling, Abraham | Confer with S. Hollman, D. Johnson, and M. Coltre regarding FLVS's request for additional words for appellate brief. | 0.50 | 675.75 | 337.88 |
| 5/1/2024 | 004387 | Laura Coltre, Maria | Review and analyze correspondence and FLVS for leave to file non-compliant brief and outline opposition to brief. | 1.20 | 650.25 | 780.30 |
| 5/2/2024 | 003453 | Shanedling, Abraham | Prepare opposition to FLVS's motion to exceed word limits. | 3.40 | 675.75 | 2,297.55 |
| 5/2/2024 | 004387 | Laura Coltre, Maria | Draft opposition to motion for leave to file non-compliant brief. | 3.90 | 650.25 | 2,535.98 |
| 5/3/2024 | 003437 | Hollman, Steven | Revise and finalize opposition to FLVS motion to exceed word limit and draft, review and revise email to E. Harter regarding same. | 0.80 | 884.00 | 707.20 |
| 5/3/2024 | 003453 | Shanedling, Abraham | Prepare opposition to FLVS's motion to exceed word limits. | 2.10 | 675.75 | 1,419.08 |
| 5/9/2024 | 003437 | Hollman, Steven | Review 11th Circuit order denying FLVS request to exceed word limit and confer with E. Harter regarding same. | 0.30 | 884.00 | 265.20 |
| 5/9/2024 | 004387 | Laura Coltre, Maria | Review and analyze correspondence and analyze appeal issues. | 1.30 | 650.25 | 845.33 |
| 5/13/2024 | 004387 | Laura Coltre, Maria | Review and analyze summary judgment briefing for appeal research. | 2.20 | 650.25 | 1,430.55 |
| 5/16/2024 | 004387 | Laura Coltre, Maria | Research standard of appellate review applicable to appellate briefing. | 1.20 | 650.25 | 780.30 |
| 5/20/2024 | 004387 | Laura Coltre, Maria | Reviewed and analyzed pleadings and appeal briefs for issues on appeal. | 3.10 | 650.25 | 2,015.78 |
| 5/21/2024 | 004387 | Laura Coltre, Maria | Research caselaw for appellate standard of review for appellate briefing and confer with litigation team regarding research. | 4.30 | 650.25 | 2,796.08 |
| 5/22/2024 | 003453 | Shanedling, Abraham | Review memo from. M. Coltre on appellate standards of review. | 0.50 | 675.75 | 337.88 |
| 5/22/2024 | 004387 | Laura Coltre, Maria | Research applicable standards of review on appeal and update research memorandum with caselaw analysis. | 4.30 | 650.25 | 2,796.08 |
| 5/22/2024 | 004387 | Laura Coltre, Maria | Confer with litigation team about upcoming research assignments for appellate briefing. | 0.30 | 650.25 | 195.08 |
| 5/23/2024 | 003437 | Laura Coltre, Maria | Review and analyze FLVS appeal brief and draft, review and revise email to E. Harter regarding same. | 1.80 | 650.25 | 1,170.45 |
| 5/23/2024 | 004387 | Laura Coltre, Maria | Review and analyze FLVS appellate brief for appellee brief. | 1.80 | 650.25 | 1,170.45 |
| 5/24/2024 | 003437 | Hollman, Steven | Analyze FLVS arguments in brief and outline Stride responsive arguments. | 4.00 | 884.00 | 3,536.00 |
| 5/24/2024 | 003437 | Hollman, Steven | Prepare for and confer with E. Harter regarding analysis of FLVS arguments in brief and outline of Stride responsive arguments and strategy. | 0.50 | 884.00 | 442.00 |
| 5/24/2024 | 004387 | Laura Coltre, Maria | Confer with litigation team regarding analysis of FLVS appellate brief and upcoming drafting of brief and filings. | 1.30 | 650.25 | 845.33 |
| 5/26/2024 | 003437 | Hollman, Steven | Analysis of FLVS appellate arguments. | 1.00 | 884.00 | 884.00 |
| 5/28/2024 | 003437 | Hollman, Steven | Review and analyze FLVS arguments in appellate brief and draft, review, revise and distribute to team comments regarding same. | 5.00 | 884.00 | 4,420.00 |
| 5/28/2024 | 003453 | Shanedling, Abraham | Analyze FLVS's appellant brief and citations. | 4.00 | 675.75 | 2,703.00 |
| 5/28/2024 | 003453 | Shanedling, Abraham | Confer with S. Hollman regarding FLVS brief. | 0.40 | 675.75 | 270.30 |
| 5/28/2024 | 004387 | Laura Coltre, Maria | Review and analyze appellant's brief and research their caselaw support for arguments on appeal. | 1.90 | 650.25 | 1,235.48 |

| Date | Matter | Name | Description | Hours | Rate | Amount |
|---|---|---|---|---|---|---|
| 5/29/2024 | 003437 | Hollman, Steven | Review and analyze arguments in FLVS brief and prepare outline for opposing brief. | 3.30 | 884.00 | 2,917.20 |
| 5/29/2024 | 003453 | Shanedling, Abraham | Analyze FLVS's appellant brief and cited authorities. | 0.70 | 675.75 | 473.03 |
| 5/29/2024 | 004387 | Laura Coltre, Maria | Review and analyze appellant's brief and confer with litigation team about upcoming drafting of appellee's brief in response. | 2.00 | 650.25 | 1,300.50 |
| 5/30/2024 | 003437 | Hollman, Steven | Review strategy for appellate brief and possible false advertising claim and confer with team regarding same. | 4.00 | 884.00 | 3,536.00 |
| 5/30/2024 | 003437 | Hollman, Steven | Prepare for and confer with V. Mathis and E. Harter regarding strategy for appellate brief and possible false advertising claim and sovereign immunity issues. | 1.00 | 884.00 | 884.00 |
| 5/30/2024 | 003453 | Shanedling, Abraham | Review FLVS's appellant brief and citations. | 2.70 | 675.75 | 1,824.53 |
| 5/30/2024 | 003453 | Shanedling, Abraham | Meet with S. Hollman and M. Coltre to discuss response to FLVS brief. | 1.50 | 675.75 | 1,013.63 |
| 5/30/2024 | 003453 | Shanedling, Abraham | Confer with E. Harter, V. Mathis, and S. Hollman regarding FLVS appellate brief. | 1.00 | 675.75 | 675.75 |
| 5/30/2024 | 004387 | Laura Coltre, Maria | Confer with litigation team about appellee's brief, research to be done for brief, and analysis of appellant's arguments. | 2.50 | 650.25 | 1,625.63 |
| 5/31/2024 | 003453 | Shanedling, Abraham | Annotate FLVS's appellant brief. | 1.10 | 675.75 | 743.33 |
| 5/31/2024 | 004387 | Laura Coltre, Maria | Review and analyze filed record on appeal. | 0.40 | 650.25 | 260.10 |
| 6/3/2024 | 003453 | Shanedling, Abraham | Analyze appellate index. | 0.90 | 675.75 | 608.18 |
| 6/3/2024 | 003437 | Hollman, Steven | Review appeal binders and issues for appeal. | 1.30 | 884.00 | 1,149.20 |
| 6/3/2024 | 004387 | Laura Coltre, Maria | Download and review record on appeal. | 1.10 | 650.25 | 715.28 |
| 6/4/2024 | 004387 | Laura Coltre, Maria | Analyze record on appeal for responsive briefing. | 2.60 | 650.25 | 1,690.65 |
| 6/4/2024 | 003437 | Hollman, Steven | Review Stride extension request for appellate brief. | 0.30 | 884.00 | 265.20 |
| 6/4/2024 | 003437 | Hollman, Steven | Review issues for mediation and confer with A. Shanedling regarding same. | 1.00 | 884.00 | 884.00 |
| 6/4/2024 | 003453 | Shanedling, Abraham | Prepare 11th Circuit mediation statement. | 2.60 | 675.75 | 1,756.95 |
| 6/5/2024 | 003453 | Shanedling, Abraham | Prepare appellee brief. | 5.20 | 675.75 | 3,513.90 |
| 6/5/2024 | 003437 | Hollman, Steven | Review article on appellate review in the 11th Circuit and review oral argument statement. | 1.80 | 884.00 | 1,591.20 |
| 6/5/2024 | 004387 | Laura Coltre, Maria | Review and research outstanding areas for appellate briefing. | 2.00 | 650.25 | 1,300.50 |
| 6/6/2024 | 003453 | Shanedling, Abraham | Review and analyze FLVS appendix. | 2.80 | 675.75 | 1,892.10 |
| 6/6/2024 | 003453 | Shanedling, Abraham | Confer with S. Hollman regarding appellee brief outline. | 1.90 | 675.75 | 1,283.93 |
| 6/6/2024 | 000342 | Luna, Claudia M. | Converted Appellant's Appendix to Initial Brief to Excel and compared exhibits and filings cited in Memorandum Opinion to documents listed in Appellant's Appendix. | 2.70 | 275.00 | 742.50 |
| 6/6/2024 | 003437 | Hollman, Steven | Review FLVS brief and Daubert transcript for Stride arguments. | 2.50 | 884.00 | 2,210.00 |
| 6/6/2024 | 003437 | Hollman, Steven | Prepare for and meet with A. Shanedling regarding issue framing and order for Stride brief. | 1.30 | 884.00 | 1,149.20 |
| 6/6/2024 | 004387 | Laura Coltre, Maria | Analyze Appendix to Appellant's Opening Brief for Supplemental Appendix draft. | 2.00 | 650.25 | 1,300.50 |
| 6/7/2024 | 003437 | Hollman, Steven | Review Daubert transcript for appellate brief. | 2.00 | 884.00 | 1,768.00 |
| 6/7/2024 | 003453 | Shanedling, Abraham | Prepare 11th Circuit mediation statement. | 4.50 | 675.75 | 3,040.88 |
| 6/10/2024 | 003453 | Shanedling, Abraham | Review appellate record. | 0.50 | 675.75 | 337.88 |
| 6/10/2024 | 003437 | Hollman, Steven | Review Stec survey flaws and summary judgment arguments regarding false advertising for appeal brief. | 1.80 | 884.00 | 1,591.20 |
| 6/10/2024 | 003437 | Hollman, Steven | Review and revise mediation statement. | 1.00 | 884.00 | 884.00 |
| 6/10/2024 | 003453 | Shanedling, Abraham | Prepare mediation statement to 11th Circuit. | 6.10 | 675.75 | 4,122.08 |
| 6/11/2024 | 003453 | Shanedling, Abraham | Prepare argument regarding flva.com domain name. | 2.50 | 675.75 | 1,689.38 |
| 6/11/2024 | 003453 | Shanedling, Abraham | Meet with S. Hollman and M. Coltre regarding research for appellee brief. | 1.00 | 675.75 | 675.75 |
| 6/11/2024 | 003437 | Hollman, Steven | Review record regarding flva.com claim and FLVS interrogatory answers and Rule 30b6 testimony regarding same, and discuss research issues with team. | 2.50 | 884.00 | 2,210.00 |
| 6/11/2024 | 004387 | Laura Coltre, Maria | Confer with litigation team regarding outstanding research issues for appellate briefing. | 0.80 | 650.25 | 520.20 |
| 6/12/2024 | 003437 | Hollman, Steven | Confer with Florida counsel regarding false advertising claim against FLVS and potential sovereign immunity defenses. | 0.50 | 884.00 | 442.00 |
| 6/12/2024 | 003437 | Hollman, Steven | Attention to Stride appeal brief, including false advertising and flva.com claims. | 0.80 | 884.00 | 707.20 |
| 6/12/2024 | 003437 | Hollman, Steven | Further revisions to mediation statement and transmit for review to E. Harter and D. Johnson. | 0.80 | 884.00 | 707.20 |
| 6/13/2024 | 003437 | Hollman, Steven | Review Daubert brief regarding rulings on FLVS survey expert Stec and on FLVS false advertising claim, and review authority for disregarding survey when plain meaning of advertising is literally true. | 3.80 | 884.00 | 3,359.20 |
| 6/13/2024 | 004387 | Laura Coltre, Maria | Outline argument sections on trademark infringement and case reassignment. | 1.90 | 650.25 | 1,235.48 |
| 6/13/2024 | 003453 | Shanedling, Abraham | Revise mediation statement. | 0.60 | 675.75 | 405.45 |
| 6/14/2024 | 003453 | Shanedling, Abraham | Prepare appellee brief. | 2.60 | 675.75 | 1,756.95 |
| 6/14/2024 | 003437 | Hollman, Steven | Review survey submissions and orders regarding FLVS claim of falsity by necessary implication. | 1.80 | 884.00 | 1,591.20 |
| 6/14/2024 | 004387 | Laura Coltre, Maria | Confer with litigation team for outstanding research issues and topics. | 1.30 | 650.25 | 845.33 |
| 6/14/2024 | 004387 | Laura Coltre, Maria | Review and analyze caselaw on judge reassignment argument. | 0.50 | 650.25 | 325.13 |

| Date | Code | Name | Description | Hours | Rate | Amount |
|---|---|---|---|---|---|---|
| 6/17/2024 | 000342 | Luna, Claudia M. | Updated Excel version of Appellant's Appendix to Initial Brief with missing cited documents and Stride Appendix folder. | 5.80 | 275.00 | 1,595.00 |
| 6/17/2024 | 003437 | Hollman, Steven | Review appeal index issues. | 0.30 | 884.00 | 265.20 |
| 6/17/2024 | 003437 | Hollman, Steven | Confer with E. Harter regarding mediation. | 0.30 | 884.00 | 265.20 |
| 6/18/2024 | 000342 | Luna, Claudia M. | Updated Excel version of Appellant's Appendix to Initial Brief with missing cited documents and Stride Appendix folder. | 4.60 | 275.00 | 1,265.00 |
| 6/18/2024 | 003437 | Hollman, Steven | Review authorities regarding trademark bullying. | 0.80 | 884.00 | 707.20 |
| 6/18/2024 | 003437 | Hollman, Steven | Further review of issues on appeal. | 0.30 | 884.00 | 265.20 |
| 6/18/2024 | 004387 | Laura Coltre, Maria | Outline motion for extension of time and argument section for reassignment argument in appellee's brief. | 1.70 | 650.25 | 1,105.43 |
| 6/20/2024 | 003453 | Shanedling, Abraham | Prepare appellate brief. | 5.10 | 675.75 | 3,446.33 |
| 6/20/2024 | 003437 | Hollman, Steven | Review and revise outline of issues for brief. | 0.50 | 884.00 | 442.00 |
| 6/20/2024 | 003437 | Hollman, Steven | Revise and finalize mediation statement and confer with E. Harter and A. Shanedling regarding same. | 2.00 | 884.00 | 1,768.00 |
| 6/20/2024 | 003453 | Shanedling, Abraham | Prepare mediation statement. | 1.30 | 675.75 | 878.48 |
| 6/20/2024 | 004387 | Laura Coltre, Maria | Review and revise mediation statement. | 2.60 | 650.25 | 1,690.65 |
| 6/21/2024 | 003453 | Shanedling, Abraham | Prepare appellate brief. | 4.60 | 675.75 | 3,108.45 |
| 6/21/2024 | 003437 | Hollman, Steven | Review authority on trademark bullying and on who is the relevant consumer for purposes of the confusion inquiry. | 1.00 | 884.00 | 884.00 |
| 6/21/2024 | 003437 | Hollman, Steven | Review article concerning 11th Circuit mediation and confer with A. Shanedling regarding same. | 0.50 | 884.00 | 442.00 |
| 6/24/2024 | 003453 | Shanedling, Abraham | Prepare appellate brief. | 1.00 | 675.75 | 675.75 |
| 6/24/2024 | 003437 | Hollman, Steven | Review factual record regarding evidence of FLVS bad faith with respect to settlement agreement and duty to negotiate in good faith. | 1.00 | 884.00 | 884.00 |
| 6/25/2024 | 003437 | Hollman, Steven | Review counter statement of facts and reassignment argument sections of brief. | 1.80 | 884.00 | 1,591.20 |
| 6/26/2024 | 003453 | Shanedling, Abraham | Research caselaw on actual damages findings. | 0.60 | 675.75 | 405.45 |
| 6/26/2024 | 003437 | Hollman, Steven | Confer with A. Shanedling and L. Coltre regarding schedule for drafts of sections of brief and review standard of review for damages determinations. | 0.50 | 884.00 | 442.00 |
| 6/26/2024 | 003437 | Hollman, Steven | Prepared for mediation and  conferred with E. Harter regarding same. | 2.00 | 884.00 | 1,768.00 |
| 6/27/2024 | 003453 | Shanedling, Abraham | Confer with M. Coltre regarding research on brief. | 0.20 | 675.75 | 135.15 |
| 6/27/2024 | 003453 | Shanedling, Abraham | Research caselaw on false advertising arguments. | 1.30 | 675.75 | 878.48 |
| 6/27/2024 | 003437 | Hollman, Steven | Prepare for and attend mediation before M. Hodes, 11th Circuit mediator. | 2.50 | 884.00 | 2,210.00 |
| 6/27/2024 | 003453 | Shanedling, Abraham | Prepare for and attend 11th Circuit mediation. | 3.40 | 675.75 | 2,297.55 |
| 6/27/2024 | 004387 | Laura Coltre, Maria | Prepare for and attend court-ordered mediation. | 2.50 | 650.25 | 1,625.63 |
| 7/1/2024 | 003453 | Shanedling, Abraham | Prepare appellee brief. | 7.60 | 675.75 | 5,135.70 |
| 7/1/2024 | 003437 | Hollman, Steven | Confer with A. Shanedling and review and revise motion for extension of time for appellate brief and draft, review and revise email to T. Bishop confirming FLVS consent. | 1.80 | 884.00 | 1,591.20 |
| 7/1/2024 | 004387 | Laura Coltre, Maria | Draft and revise motion for extension of time to file appellee brief, including conferring with legal team on same. | 2.30 | 650.25 | 1,495.58 |
| 7/2/2024 | 003437 | Hollman, Steven | Review FLVS consent to extension of time and finalize motion for extension to file appellate brief. | 0.50 | 884.00 | 442.00 |
| 7/2/2024 | 003437 | Hollman, Steven | Review issues for appellate brief and confer with A. Shanedling regarding same. | 1.50 | 884.00 | 1,326.00 |
| 7/2/2024 | 003453 | Shanedling, Abraham | Prepare appellee brief. | 8.80 | 675.75 | 5,946.60 |
| 7/2/2024 | 004387 | Laura Coltre, Maria | Draft and revise motion for extension of time to file appellee brief. | 1.10 | 650.25 | 715.28 |
| 7/3/2024 | 003453 | Shanedling, Abraham | Prepare appellee brief. | 3.00 | 675.75 | 2,027.25 |
| 7/5/2024 | 003453 | Shanedling, Abraham | Prepare appellee brief. | 3.70 | 675.75 | 2,500.28 |
| 7/8/2024 | 003453 | Shanedling, Abraham | Prepare appellee brief. | 6.40 | 675.75 | 4,324.80 |
| 7/9/2024 | 003437 | Hollman, Steven | Review 11th Circuit order granting extension on brief deadline and confer with E. Harter regarding same. | 0.50 | 884.00 | 442.00 |
| 7/9/2024 | 003453 | Shanedling, Abraham | Prepare appellee brief. | 7.90 | 675.75 | 5,338.43 |
| 7/9/2024 | 004387 | Laura Coltre, Maria | Confer with litigation team regarding revised briefing schedule and extension of time. | 0.50 | 650.25 | 325.13 |
| 7/10/2024 | 003453 | Shanedling, Abraham | Prepare appellee brief. | 3.70 | 675.75 | 2,500.28 |
| 7/10/2024 | 004387 | Laura Coltre, Maria | Confer with litigation team regarding appellate brief factual organization. | 0.30 | 650.25 | 195.08 |
| 7/11/2024 | 003453 | Shanedling, Abraham | Prepare appellee brief. | 4.10 | 675.75 | 2,770.58 |
| 7/12/2024 | 003453 | Shanedling, Abraham | Prepare appellee brief. | 3.50 | 675.75 | 2,365.13 |
| 7/15/2024 | 003453 | Shanedling, Abraham | Prepare appellee brief. | 6.40 | 675.75 | 4,324.80 |
| 7/15/2024 | 004387 | Laura Coltre, Maria | Confer with litigation team regarding appellee brief drafting. | 0.50 | 650.25 | 325.13 |
| 7/16/2024 | 003437 | Hollman, Steven | Review research concerning domain name use as trademark use in commerce and testimony concerning use of FLVS with full spelled out name. | 0.80 | 884.00 | 707.20 |
| 7/16/2024 | 003453 | Shanedling, Abraham | Prepare appellee brief. | 2.80 | 675.75 | 1,892.10 |
| 7/17/2024 | 003453 | Shanedling, Abraham | Prepare appellee brief. | 5.20 | 675.75 | 3,513.90 |

| Date | Matter | Timekeeper | Description | Hours | Rate | Amount |
|---|---|---|---|---|---|---|
| 7/18/2024 | 003453 | Shanedling, Abraham | Prepare appellee brief. | 3.70 | 675.75 | 2,500.28 |
| 7/19/2024 | 003453 | Shanedling, Abraham | Prepare appellee brief. | 3.80 | 675.75 | 2,567.85 |
| 7/22/2024 | 003437 | Hollman, Steven | Review strategy and record concerning contract issues involving domain name transfer and arguments for brief. | 1.80 | 884.00 | 1,591.20 |
| 7/22/2024 | 003453 | Shanedling, Abraham | Prepare appellee brief. | 5.30 | 675.75 | 3,581.48 |
| 7/22/2024 | 004387 | Laura Coltre, Maria | Draft appellee brief sections including statement of jurisdiction and standard of review, and outline false advertising argument section. | 5.50 | 650.25 | 3,576.38 |
| 7/23/2024 | 003437 | Hollman, Steven | Review arguments for appeal brief. | 1.30 | 884.00 | 1,149.20 |
| 7/23/2024 | 003453 | Shanedling, Abraham | Prepare appellee brief. | 2.90 | 675.75 | 1,959.68 |
| 7/23/2024 | 004387 | Laura Coltre, Maria | Draft appellee brief argument sections on reassignment and trademark infringement based on flva.com usage. | 3.90 | 650.25 | 2,535.98 |
| 7/24/2024 | 003437 | Hollman, Steven | Review research on domain name use as trademark use in commerce and judicial estoppel by admission and review record concerning alleged confusion from flva.com domain name use. | 4.50 | 884.00 | 3,978.00 |
| 7/24/2024 | 004387 | Laura Coltre, Maria | Revise appellee brief sections on reassignment and use of flva.com domain. | 3.80 | 650.25 | 2,470.95 |
| 7/25/2024 | 003437 | Hollman, Steven | Draft, review and revise fact section of brief. | 2.30 | 884.00 | 2,033.20 |
| 7/25/2024 | 004387 | Laura Coltre, Maria | Draft and revise appellee brief argument sections on false advertising, flva.com usage, and reassignment. | 3.80 | 650.25 | 2,470.95 |
| 7/26/2024 | 003437 | Hollman, Steven | Review statement of facts and record for appeal brief. | 4.30 | 884.00 | 3,801.20 |
| 7/26/2024 | 003453 | Shanedling, Abraham | Prepare appellee brief. | 4.60 | 675.75 | 3,108.45 |
| 7/26/2024 | 004387 | Laura Coltre, Maria | Review and analyze arguments for appellee brief on false advertising summary judgment order. | 2.20 | 650.25 | 1,430.55 |
| 7/27/2024 | 003437 | Hollman, Steven | Review arguments and order for brief and confer with A. Shanedling regarding status of draft. | 0.50 | 884.00 | 442.00 |
| 7/28/2024 | 003453 | Shanedling, Abraham | Prepare appellee brief. | 4.30 | 675.75 | 2,905.73 |
| 7/29/2024 | 003437 | Hollman, Steven | Review trial court record in relation to advertising and infringement arguments. | 2.30 | 884.00 | 2,033.20 |
| 7/29/2024 | 003453 | Shanedling, Abraham | Prepare appellee brief. | 3.70 | 675.75 | 2,500.28 |
| 7/29/2024 | 004387 | Laura Coltre, Maria | Draft and revise appellee brief argument sections on FLVA.com, false advertising, and reassignment arguments. | 7.40 | 650.25 | 4,811.85 |
| 7/30/2024 | 003437 | Hollman, Steven | Review record and authority for appeal arguments. | 3.50 | 884.00 | 3,094.00 |
| 7/30/2024 | 003453 | Shanedling, Abraham | Prepare appellee brief. | 8.80 | 675.75 | 5,946.60 |
| 7/30/2024 | 004387 | Laura Coltre, Maria | Confer with litigation team regarding revisions to appellee brief and draft additional sections of appellee brief (argument sections on flva.com, false advertising, and reassignment). | 7.90 | 650.25 | 5,136.98 |
| 7/31/2024 | 003437 | Hollman, Steven | Review and revise appeal brief arguments. | 4.00 | 884.00 | 3,536.00 |
| 7/31/2024 | 003453 | Shanedling, Abraham | Prepare appellee brief. | 13.50 | 675.75 | 9,122.63 |
| 7/31/2024 | 004387 | Laura Coltre, Maria | Draft and revise argument sections, statement of issues, and summary of the argument for appellee brief. | 4.10 | 650.25 | 2,666.03 |
| 8/1/2024 | 003437 | Hollman, Steven | Review and revise Appellee brief. | 5.50 | 884.00 | 4,862.00 |
| 8/1/2024 | 003453 | Shanedling, Abraham | Revise Appellee brief. | 2.80 | 675.75 | 1,892.10 |
| 8/1/2024 | 004387 | Laura Coltre, Maria | Review and analyze draft Appellee brief for cite checking and assembly of appendix. | 4.90 | 650.25 | 3,186.23 |
| 8/2/2024 | 003437 | Hollman, Steven | Review and revise Appellee brief. | 7.00 | 884.00 | 6,188.00 |
| 8/2/2024 | 003453 | Shanedling, Abraham | Revise Appellee brief. | 6.60 | 675.75 | 4,459.95 |
| 8/2/2024 | 004387 | Laura Coltre, Maria | Revise Appellee brief and incorporate revisions from A. Shanedling and S. Hollman and cite check and prepare appendix. | 7.70 | 650.25 | 5,006.93 |
| 8/5/2024 | 003437 | Hollman, Steven | Review and revise Appellee brief. | 6.30 | 884.00 | 5,569.20 |
| 8/5/2024 | 003453 | Shanedling, Abraham | Revise Appellee brief. | 7.40 | 675.75 | 5,000.55 |
| 8/5/2024 | 004387 | Laura Coltre, Maria | Revise Appellee brief and confer with litigation team about brief preparation. | 7.90 | 650.25 | 5,136.98 |
| 8/6/2024 | 003437 | Hollman, Steven | Review and revise Appellee brief. | 3.00 | 884.00 | 2,652.00 |
| 8/6/2024 | 003453 | Shanedling, Abraham | Revise Appellee brief. | 2.10 | 675.75 | 1,419.08 |
| 8/6/2024 | 004387 | Laura Coltre, Maria | Revise Appellee brief for filing. | 9.10 | 650.25 | 5,917.28 |
| 8/7/2024 | 004387 | Laura Coltre, Maria | Review and revise Appellee brief for filing. | 12.70 | 650.25 | 8,258.18 |
| 8/7/2024 | 003437 | Hollman, Steven | Review and revise Appellee brief. | 2.00 | 884.00 | 1,768.00 |
| 8/7/2024 | 003453 | Shanedling, Abraham | Revise Appellee brief. | 2.60 | 675.75 | 1,756.95 |
| 8/8/2024 | 000342 | Luna, Claudia M. | Assisted with Stride Appendix preparation matters. | 2.50 | 275.00 | 687.50 |
| 8/8/2024 | 003437 | Hollman, Steven | Finalize Appellee brief, prepare for filing and transmit to E. Harter. | 2.50 | 884.00 | 2,210.00 |
| 8/8/2024 | 003453 | Shanedling, Abraham | Revise Appellee brief. | 2.40 | 675.75 | 1,621.80 |
| 8/8/2024 | 004387 | Laura Coltre, Maria | Revise Appellee brief and prepare Appellee appendix. | 6.00 | 650.25 | 3,901.50 |
| 8/9/2024 | 004387 | Laura Coltre, Maria | Review and analyze documents for appendix preparation. | 1.30 | 650.25 | 845.33 |
| 8/12/2024 | 003437 | Hollman, Steven | Confer with E. Harter, A. Shanedling and D. Johnson regarding possible extensions for FLVS reply brief. | 0.80 | 884.00 | 707.20 |
| 8/12/2024 | 003437 | Hollman, Steven | Review arrangements for compilation of Appendix to Appellee brief. | 0.80 | 884.00 | 707.20 |
| 8/12/2024 | 003453 | Shanedling, Abraham | Correspond with M. Coltre regarding appellate appendix. | 0.50 | 675.75 | 337.88 |

| Date | ID | Name | Description | Hours | Rate | Amount |
|---|---|---|---|---|---|---|
| 8/12/2024 | 004387 | Laura Coltre, Maria | Confer with litigation team regarding reply briefing and appendix filing. | 3.00 | 650.25 | 1,950.75 |
| 8/13/2024 | 003437 | Hollman, Steven | Review 11th Circuit Order regarding Appellee briefs and coordinate preparation of Appendix to brief. | 0.30 | 884.00 | 265.20 |
| 8/13/2024 | 003453 | Shanedling, Abraham | Compile materials for appellate appendix. | 1.00 | 675.75 | 675.75 |
| 8/13/2024 | 004387 | Laura Coltre, Maria | Confer with litigation team regarding Appellee index, review and analyze Appellee appendix tables, and revise appendix. | 5.30 | 650.25 | 3,446.33 |
| 8/14/2024 | 003437 | Hollman, Steven | Review arrangements for appendix. | 0.30 | 884.00 | 265.20 |
| 8/14/2024 | 003453 | Shanedling, Abraham | Prepare Appellee appendix. | 5.60 | 675.75 | 3,784.20 |
| 8/14/2024 | 003453 | Shanedling, Abraham | Confer with S. Hollman and M. Coltre regarding Appellee brief and appendix. | 0.20 | 675.75 | 135.15 |
| 8/14/2024 | 004387 | Laura Coltre, Maria | Review and analyze revisions to Appellee appendix and confer with litigation team on additional changes. | 3.30 | 650.25 | 2,145.83 |
| 8/15/2024 | 003437 | Hollman, Steven | Review Appellate Briefs and prepare Appendix for filing. | 0.80 | 884.00 | 707.20 |
| 8/15/2024 | 003453 | Shanedling, Abraham | Prepare Appellee index materials. | 2.60 | 675.75 | 1,756.95 |
| 8/15/2024 | 004387 | Laura Coltre, Maria | Confer with litigation team to finalize Appellee appendix. | 2.00 | 650.25 | 1,300.50 |
| 8/16/2024 | 003437 | Hollman, Steven | Review FLVS request for extension to file reply and transmit to E. Harter. | 0.50 | 884.00 | 442.00 |
| 8/16/2024 | 003437 | Hollman, Steven | Review 11th Circuit notice regarding record. | 0.30 | 884.00 | 265.20 |
| 8/16/2024 | 003453 | Shanedling, Abraham | Review and process Appellee index. | 2.60 | 675.75 | 1,756.95 |
| 8/16/2024 | 003453 | Shanedling, Abraham | Review 11th Circuit rules pertaining to timing and requirements for FLVS's reply brief. | 0.80 | 675.75 | 540.60 |
| 8/16/2024 | 004387 | Laura Coltre, Maria | Review and analyze correspondence on FLVS reply briefing schedule. | 0.20 | 650.25 | 130.05 |
| 8/19/2024 | 003453 | Shanedling, Abraham | Confer with S. Hollman regarding Appellee next steps. | 0.30 | 675.75 | 202.73 |
| 8/21/2024 | 003437 | Hollman, Steven | Confer with A. Shanedling regarding Appendix to brief. | 0.30 | 884.00 | 265.20 |
| 9/4/2024 | 003437 | Hollman, Steven | Confer with E. Harter regarding Appendix to Appellee brief. | 0.30 | 884.00 | 265.20 |
| 9/5/2024 | 003437 | Hollman, Steven | Review recent authority regarding FLVS request for reassignment of case on remand to another judge. | 0.80 | 884.00 | 707.20 |
| 9/5/2024 | 003453 | Shanedling, Abraham | Review new 11th Circuit briefing on judge reassignment. | 0.30 | 675.75 | 202.73 |
| 9/24/2024 | 003437 | Hollman, Steven | Review E. Harter questions about strategy and timing and confer with A. Shanedling and M. Coltre regarding same and regarding budget for appeal and remand. | 1.00 | 884.00 | 884.00 |
| 9/25/2024 | 003437 | Hollman, Steven | Review D. Johnson timing estimates for oral argument and disposition of appeal, and review procedure and strategy for fee recovery. | 0.50 | 884.00 | 442.00 |
| 9/25/2024 | 003453 | Shanedling, Abraham | Respond to questions from E. Harter regarding timeline for next stages in appeal. | 1.40 | 675.75 | 946.05 |
| 9/26/2024 | 003437 | Hollman, Steven | Review strategy and timing for oral argument and decision and prepare email to E. Harter regarding same. | 0.80 | 884.00 | 707.20 |
| 9/30/2024 | 003437 | Hollman, Steven | Review FLVS Reply Brief and confer with A. Shanedling regarding same. | 2.00 | 884.00 | 1,768.00 |
| 9/30/2024 | 003437 | Hollman, Steven | Draft, review and revise summary for V. Mathis and E. Harter regarding FLVS Reply Brief. | 0.50 | 884.00 | 442.00 |
| 9/30/2024 | 004387 | Laura Coltre, Maria | Review and analyze appellant reply brief. | 0.60 | 650.25 | 390.15 |
| 10/1/2024 | 003437 | Hollman, Steven | Assess FLVS arguments from Reply Brief and confer with A. Shanedling regarding same. | 1.50 | 884.00 | 1,326.00 |
| 10/1/2024 | 003453 | Shanedling, Abraham | Review FLVS's Reply Brief. | 1.00 | 675.75 | 675.75 |
| 10/1/2024 | 004387 | Laura Coltre, Maria | Review and analyze FLVS Reply Brief. | 0.50 | 650.25 | 325.13 |
| 10/2/2024 | 003437 | Hollman, Steven | Review FLVS Reply Brief. | 4.00 | 884.00 | 3,536.00 |
| 10/2/2024 | 004387 | Laura Coltre, Maria | Confer with litigation team concerning FLVS Reply Brief. | 0.30 | 650.25 | 195.08 |
| 10/3/2024 | 003453 | Shanedling, Abraham | Analyze FLVS Reply Brief. | 1.00 | 675.75 | 675.75 |
| 10/7/2024 | 000342 | Luna, Claudia M. | Processed Appellant's Supplemental Appendix to Reply and researched US Court of Appeals for the Eleventh Circuit Rules regarding authority to supplement Appendix to a Reply. | 0.70 | 275.00 | 192.50 |
| 10/7/2024 | 003437 | Hollman, Steven | Review issues from FLVS Reply Brief regarding proper standard of review for summary judgment determinations and regarding materials added to record in supplemental appendix and prepare for client meeting regarding Reply arguments. | 1.50 | 884.00 | 1,326.00 |
| 10/7/2024 | 003453 | Shanedling, Abraham | Confer with S. Hollman regarding FLVS Reply Brief. | 1.20 | 675.75 | 810.90 |
| 10/7/2024 | 004387 | Laura Coltre, Maria | Review and analyze correspondence and review Appellant's supplemental appendix filing. | 0.40 | 650.25 | 260.10 |
| 10/8/2024 | 000342 | Luna, Claudia M. | Compared documents cited in Appellant's Supplemental Appendix to Reply to prior Appendices. | 0.50 | 275.00 | 137.50 |
| 10/8/2024 | 003437 | Hollman, Steven | Review Reply Brief, appellate review standard for summary judgment determinations and supplemental appendix to assess strength of FLVS reply arguments in preparation for meeting with client. | 3.30 | 884.00 | 2,917.20 |
| 10/8/2024 | 004387 | Laura Coltre, Maria | Review and analyze appellant's supplemental appendix for new additions to the appellate record. | 0.40 | 650.25 | 260.10 |
| 10/9/2024 | 003437 | Hollman, Steven | Review appellate standard of review for summary judgment determinations and review supplement to appellate record in preparation for meeting with E. Harter and V. Mathis assessing FLVS Reply Brief and conduct meeting. | 2.30 | 884.00 | 2,033.20 |
| 10/9/2024 | 003453 | Shanedling, Abraham | Research standard of review of District Court's determination of no damages after summary judgment. | 1.50 | 675.75 | 1,013.63 |
| 10/9/2024 | 003453 | Shanedling, Abraham | Meet with E. Harter and V. Mathis regarding FLVS Reply Brief and next appeal steps. | 1.50 | 675.75 | 1,013.63 |
| 10/14/2024 | 003437 | Hollman, Steven | Prepared for and conferred with D. Johnson regarding FLVS Reply Brief and strategy regarding oral argument. | 0.80 | 884.00 | 707.20 |
| 10/16/2024 | 003453 | Shanedling, Abraham | Confer with S. Hollman regarding FLVS Reply Brief and oral argument. | 0.50 | 675.75 | 337.88 |

| Date | Matter | Name | Description | Hours | Rate | Amount |
|---|---|---|---|---|---|---|
| 10/22/2024 | 004387 | Laura Coltre, Maria | Review and analyze correspondence for oral argument prep. | 0.20 | 650.25 | 130.05 |
| 11/5/2024 | 003437 | Hollman, Steven | Review internal operating procedures and rules concerning non-argument panel disposition of appeal. | 0.50 | 884.00 | 442.00 |
| 11/5/2024 | 003453 | Shanedling, Abraham | Confer with S. Hollman regarding oral argument calendar. | 0.30 | 675.75 | 202.73 |
| 11/11/2024 | 003437 | Hollman, Steven | Further analysis of standard of review for summary judgment issue on argument not fully developed in summary judgment briefing, by reference to other appellate authority. | 0.50 | 884.00 | 442.00 |
| 11/12/2024 | 003437 | Hollman, Steven | Review appellate case law on application of de novo review where trial court addressed plaintiff's arguments sua sponte on summary judgment. | 0.50 | 884.00 | 442.00 |
| 11/13/2024 | 003437 | Hollman, Steven | Draft, review and revise email to E. Harter regarding oral argument status. | 0.50 | 884.00 | 442.00 |
| 11/15/2024 | 003437 | Hollman, Steven | Confer with D. Johnson regarding oral argument and procedures for cases assigned to non-argument docket. | 0.30 | 884.00 | 265.20 |
| 12/10/2024 | 003437 | Hollman, Steven | Review E. Harter email regarding prospects for oral argument and check docket. | 0.30 | 884.00 | 265.20 |
| 12/11/2024 | 003437 | Hollman, Steven | Draft, review and revise update on appeal status and prospects for oral argument for E. Harter. | 0.30 | 884.00 | 265.20 |
| 12/13/2024 | 003437 | Hollman, Steven | Correspondence with D. Johnson regarding oral argument. | 0.30 | 884.00 | 265.20 |
| 3/3/2025 | 003437 | Hollman, Steven | Review 11th Circuit Notice of Oral Argument and FLVS briefs regarding likely issues for argument and confer with A. Shanedling, D. Johnson, and E. Harter regarding same. | 4.00 | 1,032.75 | 4,131.00 |
| 3/3/2025 | 003437 | Hollman, Steven | Draft, review and revise email to T. Bishop regarding extra time for providing copies of appendices to Court. | 0.50 | 1,032.75 | 516.38 |
| 3/3/2025 | 003453 | Shanedling, Abraham | Confer with S. Hollman and D. Johnson regarding oral argument. | 1.60 | 790.50 | 1,264.80 |
| 3/4/2025 | 003437 | Hollman, Steven | Confer with A. Shanedling and E. Harter regarding oral argument. | 0.50 | 1,032.75 | 516.38 |
| 3/4/2025 | 003437 | Hollman, Steven | Review FLVS reply and outline issues for argument. | 0.50 | 1,032.75 | 516.38 |
| 3/4/2025 | 003453 | Shanedling, Abraham | Coordinate production of appendix to Court. | 0.20 | 790.50 | 158.10 |
| 3/4/2025 | 004387 | Laura Coltre, Maria | Review and analyze correspondence and confer with appellate team. | 0.40 | 773.50 | 309.40 |
| 3/5/2025 | 003437 | Hollman, Steven | Confer with Clerk's Office regarding scheduling of argument and regarding timing for submission of additional copies of brief and appendices. | 0.50 | 1,032.75 | 516.38 |
| 3/5/2025 | 003437 | Hollman, Steven | Review FLVS reply brief, draft, review and revise outline for oral argument and confer with A. Shanedling regarding same. | 1.50 | 1,032.75 | 1,549.13 |
| 3/5/2025 | 003453 | Shanedling, Abraham | Correspond with S. Hollman regarding filing of appendix. | 0.20 | 790.50 | 158.10 |
| 3/5/2025 | 003453 | Shanedling, Abraham | Confer with S. Hollman regarding oral argument. | 0.90 | 790.50 | 711.45 |
| 3/5/2025 | 004387 | Laura Coltre, Maria | Assess and analyze correspondence and confer with appellate team. | 0.70 | 773.50 | 541.45 |
| 3/6/2025 | 003437 | Hollman, Steven | Draft, review and revise outline for oral argument. | 0.50 | 1,032.75 | 516.38 |
| 3/7/2025 | 003437 | Hollman, Steven | Prepare argument points for oral argument. | 0.80 | 1,032.75 | 826.20 |
| 3/10/2025 | 003437 | Hollman, Steven | Draft, review and revise outline for oral argument. | 0.50 | 1,032.75 | 516.38 |
| 3/12/2025 | 003437 | Hollman, Steven | Review issues for oral argument. | 0.70 | 1,032.75 | 722.93 |
| 3/19/2025 | 003437 | Hollman, Steven | Confer with D. Johnson regarding moot for oral argument. | 0.30 | 1,032.75 | 309.83 |
| 3/20/2025 | 003453 | Shanedling, Abraham | Confer with S. Hollman regarding oral argument preparation. | 0.80 | 790.50 | 632.40 |
| 3/24/2025 | 003437 | Hollman, Steven | Confer with E. Harter regarding briefing for GC G. McMullin. | 0.30 | 1,032.75 | 309.83 |
| 3/24/2025 | 004387 | Laura Coltre, Maria | Review and analyze correspondence and confer with litigation team. | 0.20 | 773.50 | 154.70 |
| 3/25/2025 | 003437 | Hollman, Steven | Review FLVS appeal arguments and rebuttal and review record regarding same. | 1.30 | 1,032.75 | 1,342.58 |
| 3/25/2025 | 003453 | Shanedling, Abraham | Find record cites regarding evidence that FLVS lost profits as a result of the Florida Executive Order. | 0.80 | 790.50 | 632.40 |
| 3/26/2025 | 003437 | Hollman, Steven | Review issues for oral argument. | 1.30 | 1,032.75 | 1,342.58 |
| 3/26/2025 | 003453 | Shanedling, Abraham | Prepare presentation for new Stride General Counsel with overview of litigation and appeal. | 0.70 | 790.50 | 553.35 |
| 3/27/2025 | 003437 | Hollman, Steven | Prepare for and confer with E. Harter and G. McMullen regarding appeal status and strategy and confer with A. Shanedline regarding moot court budget for argument preparation. | 1.00 | 1,032.75 | 1,032.75 |
| 4/1/2025 | 003437 | Hollman, Steven | Prepare for oral argument, including review of key arguments based on factual findings of trial court. | 1.00 | 1,032.75 | 1,032.75 |
| 4/2/2025 | 003437 | Hollman, Steven | Confer with E. Harter and A. Shanedling regarding Notice of oral argument. | 0.50 | 1,032.75 | 516.38 |
| 4/2/2025 | 003437 | Hollman, Steven | Review and revise outline for oral argument. | 1.30 | 1,032.75 | 1,342.58 |
| 4/2/2025 | 003453 | Shanedling, Abraham | Confer with S. Hollman regarding oral argument schedule. | 0.80 | 790.50 | 632.40 |
| 4/3/2025 | 003437 | Hollman, Steven | Review appendices to brief and trial court decisions. | 1.00 | 1,032.75 | 1,032.75 |
| 4/4/2025 | 003437 | Hollman, Steven | Review responses to FLVS appeal arguments and review record evidence and factual findings relevant to lower court decisions. | 2.50 | 1,032.75 | 2,581.88 |
| 4/8/2025 | 003437 | Hollman, Steven | Detailed review of Appellants Appendix to Appeal Brief for record citations supporting Stride's key appeal arguments. | 4.00 | 1,032.75 | 4,131.00 |
| 4/9/2025 | 003437 | Hollman, Steven | Review and revise outline for oral argument. | 2.50 | 1,032.75 | 2,581.88 |

| Date | Matter | Name | Description | Hours | Rate | Amount |
|---|---|---|---|---|---|---|
| 4/10/2025 | 003437 | Hollman, Steven | Prepare for oral argument, including outlining 9 issues raised by appellant and standard of review and lead arguments for each issue, and confer with A. Shanedling regarding same. | 6.00 | 1,032.75 | 6,196.50 |
| 4/10/2025 | 003453 | Shanedling, Abraham | Confer with S. Hollman regarding oral argument. | 1.50 | 790.50 | 1,185.75 |
| 4/11/2025 | 003437 | Hollman, Steven | Review all orders of Judge Presnell directed to merits resolution. | 3.00 | 1,032.75 | 3,098.25 |
| 4/14/2025 | 003437 | Hollman, Steven | Review entered confusion evidence and Judge Presnell evaluation of same. | 1.80 | 1,032.75 | 1,858.95 |
| 4/16/2025 | 003453 | Shanedling, Abraham | Prepare oral argument response to FLVS argument about actual damages. | 1.80 | 790.50 | 1,422.90 |
| 4/17/2025 | 003437 | Hollman, Steven | Review record and summary judgment briefing regarding issues resolved on summary judgment and absence of material issues of fact in dispute. | 2.50 | 1,032.75 | 2,581.88 |
| 4/21/2025 | 003437 | Hollman, Steven | Review record relating to factual determinations on actual  confusion and damage. | 0.80 | 1,032.75 | 826.20 |
| 4/25/2025 | 003437 | Hollman, Steven | Review record, including deposition testimony of S. Verghese, D. Gallogly, and R. Stec regarding confusion, deception and injury. | 6.00 | 1,032.75 | 6,196.50 |
| 4/27/2025 | 003437 | Hollman, Steven | Review record on appeal relating to summary judgment disposition of actual damage and state- and nation-wide damage claims. | 4.00 | 1,032.75 | 4,131.00 |
| 4/28/2025 | 003437 | Hollman, Steven | Prepare for oral argument including review of record pertaining to use of flva.com as a redirect as breach and/or act of trademark infringement. | 2.50 | 1,032.75 | 2,581.88 |
| 4/29/2025 | 003437 | Hollman, Steven | Confer with A. Shanedling regarding strategy and moot court and review key arguments. | 2.00 | 1,032.75 | 2,065.50 |
| 4/29/2025 | 003453 | Shanedling, Abraham | Confer with S. Hollman regarding oral argument. | 0.90 | 790.50 | 711.45 |
| 4/30/2025 | 003437 | Hollman, Steven | Confer with D. Johnson and A. Shanedling and prepared for oral argument. | 1.80 | 1,032.75 | 1,858.95 |
| 4/30/2025 | 003453 | Shanedling, Abraham | Prepare materials for oral argument. | 2.30 | 790.50 | 1,818.15 |
| 4/30/2025 | 003453 | Shanedling, Abraham | Confer with S. Hollman and Florida counsel regarding oral argument. | 0.40 | 790.50 | 316.20 |
| 5/1/2025 | 003437 | Hollman, Steven | Prepare for oral argument. | 0.80 | 1,032.75 | 826.20 |
| 5/2/2025 | 003437 | Hollman, Steven | Review record and prepare for oral argument. | 1.00 | 1,032.75 | 1,032.75 |
| 5/2/2025 | 003453 | Shanedling, Abraham | Prepare materials for oral argument. | 1.40 | 790.50 | 1,106.70 |
| 5/2/2025 | 004387 | Laura Coltre, Maria | Review and analyze correspondence; review and analyze appellate briefs in preparation for oral argument. | 0.80 | 773.50 | 618.80 |
| 5/5/2025 | 003437 | Hollman, Steven | Review and revise budget for appeal argument and moot plan. | 1.00 | 1,032.75 | 1,032.75 |
| 5/5/2025 | 003453 | Shanedling, Abraham | Prepare materials for oral argument. | 3.10 | 790.50 | 2,450.55 |
| 5/6/2025 | 003437 | Hollman, Steven | Confer with A. Shanedling and analysis of strategy for oral argument. | 1.80 | 1,032.75 | 1,858.95 |
| 5/6/2025 | 003453 | Shanedling, Abraham | Confer with M. Coltre regarding oral argument preparation. | 1.00 | 790.50 | 790.50 |
| 5/6/2025 | 003453 | Shanedling, Abraham | Confer with S. Hollman regarding oral argument. | 0.60 | 790.50 | 474.30 |
| 5/6/2025 | 004387 | Laura Coltre, Maria | Prepare for oral argument - review and analyze key documents for reference sheets. | 1.50 | 773.50 | 1,160.25 |
| 5/7/2025 | 003437 | Hollman, Steven | Confer with A. Shanedling, D. Johnson and E. Harter regarding plan for mooting oral argument and revise, finalize and transmit updated budget to E. Harter. | 1.30 | 1,032.75 | 1,342.58 |
| 5/7/2025 | 003437 | Hollman, Steven | Review record and prepare for oral argument. | 0.80 | 1,032.75 | 826.20 |
| 5/7/2025 | 004387 | Laura Coltre, Maria | Prepare for Oral Argument - review and analyze appellee brief for key evidence to be included in reference guides. | 1.90 | 773.50 | 1,469.65 |
| 5/8/2025 | 003453 | Shanedling, Abraham | Confer with S. Hollman regarding oral argument. | 0.20 | 790.50 | 158.10 |
| 5/9/2025 | 003437 | Hollman, Steven | Prepare for oral argument, including review of summary judgment papers and court orders. | 1.50 | 1,032.75 | 1,549.13 |
| 5/9/2025 | 003453 | Shanedling, Abraham | Prepare materials for oral argument. | 1.00 | 790.50 | 790.50 |
| 5/9/2025 | 004387 | Laura Coltre, Maria | Prepare for Oral Argument - prepare and revise evidence quick reference guides. | 2.50 | 773.50 | 1,933.75 |
| 5/12/2025 | 003437 | Hollman, Steven | Prepare for oral argument. | 1.50 | 1,032.75 | 1,549.13 |
| 5/12/2025 | 003453 | Shanedling, Abraham | Prepare oral argument outline. | 1.60 | 790.50 | 1,264.80 |
| 5/12/2025 | 004387 | Laura Coltre, Maria | Prepare for oral argument - draft and revise evidence summary for oral argument prep; review and analyze correspondence; confer with legal team. | 2.90 | 773.50 | 2,243.15 |
| 5/13/2025 | 003437 | Hollman, Steven | Review trial transcripts and deposition abstracts for Kalajian, Kornheisl, Verghese 30b6 and Gallogly. | 1.50 | 1,032.75 | 1,549.13 |
| 5/13/2025 | 003453 | Shanedling, Abraham | Prepare outline and relevant record excerpts for oral argument. | 3.90 | 790.50 | 3,082.95 |
| 5/13/2025 | 004387 | Laura Coltre, Maria | Prepare for oral argument - draft and revise evidence summary for oral argument prep; review and analyze correspondence; confer with legal team. | 4.50 | 773.50 | 3,480.75 |
| 5/14/2025 | 003437 | Hollman, Steven | Revise issue outlines and prepare for oral argument. | 0.80 | 1,032.75 | 826.20 |
| 5/14/2025 | 003453 | Shanedling, Abraham | Prepare outline and relevant record excerpts for oral argument. | 5.90 | 790.50 | 4,663.95 |
| 5/15/2025 | 003437 | Hollman, Steven | Confer with E. Harter and D. Johnson regarding moot court exercise and review and revise issue outlines. | 0.80 | 1,032.75 | 826.20 |
| 5/15/2025 | 003453 | Shanedling, Abraham | Prepare oral argument record and case outlines. | 3.40 | 790.50 | 2,687.70 |
| 5/15/2025 | 003453 | Shanedling, Abraham | Correspond with and prepare materials for M. Conigliaro regarding oral argument. | 0.60 | 790.50 | 474.30 |
| 5/15/2025 | 004387 | Laura Coltre, Maria | Review and analyze correspondence; confer with litigation team; prepare materials for oral argument moot and prep sessions; review and analyze record cites for oral argument prep. | 3.60 | 773.50 | 2,784.60 |

| Date | ID | Name | Description | Hours | Rate | Amount |
|---|---|---|---|---|---|---|
| 5/16/2025 | 003437 | Hollman, Steven | Review issue outlines, briefs, record, and lower court decisions and orders in preparation for oral argument. | 3.50 | 1,032.75 | 3,614.63 |
| 5/16/2025 | 003453 | Shanedling, Abraham | Confer with M. Coltre regarding preparation for oral argument. | 0.60 | 790.50 | 474.30 |
| 5/16/2025 | 004387 | Laura Coltre, Maria | Review and analyze correspondence; confer with litigation team; prepare additional materials and case citations for oral argument prep. | 2.30 | 773.50 | 1,779.05 |
| 5/18/2025 | 003437 | Hollman, Steven | Review issue outlines for oral argument. | 0.50 | 1,032.75 | 516.38 |
| 5/19/2025 | 003437 | Hollman, Steven | Review issue outlines and record and prepare for oral argument. | 2.00 | 1,032.75 | 2,065.50 |
| 5/19/2025 | 003453 | Shanedling, Abraham | Prepare for moot oral argument. | 2.00 | 790.50 | 1,581.00 |
| 5/19/2025 | 004387 | Laura Coltre, Maria | Prepare for Oral Argument Moot Round Table. | 1.70 | 773.50 | 1,314.95 |
| 5/20/2025 | 003437 | Hollman, Steven | Prepare for and participate in roundtable discussion for mooting of argument. | 2.50 | 1,032.75 | 2,581.88 |
| 5/20/2025 | 003437 | Hollman, Steven | Review and revise issue briefs and review record in preparation for argument. | 1.80 | 1,032.75 | 1,858.95 |
| 5/20/2025 | 003453 | Shanedling, Abraham | Prepare for and conduct moot argument. | 3.90 | 790.50 | 3,082.95 |
| 5/20/2025 | 003453 | Shanedling, Abraham | Research relevant caselaw from judges assigned to oral argument. | 1.30 | 790.50 | 1,027.65 |
| 5/20/2025 | 004387 | Laura Coltre, Maria | Prepare for oral argument - moot round table discussion; review and analyze appellate briefs for oral argument preparation; confer with litigation team. | 2.50 | 773.50 | 1,933.75 |
| 5/21/2025 | 003437 | Hollman, Steven | Review appeal arguments and issue outlines, briefs, and record and reveal panel members and relevant authority. | 6.00 | 1,032.75 | 6,196.50 |
| 5/21/2025 | 003453 | Shanedling, Abraham | Research recent caselaw by judges assigned to oral argument panel. | 2.60 | 790.50 | 2,055.30 |
| 5/21/2025 | 004387 | Laura Coltre, Maria | Prepare for oral argument - confer with litigation team on oral argument preparation. | 0.50 | 773.50 | 386.75 |
| 5/22/2025 | 003437 | Hollman, Steven | Review issue outlines, court orders, briefs, and record documents and prepare for moot court exercise. | 4.50 | 1,032.75 | 4,647.38 |
| 5/23/2025 | 003437 | Hollman, Steven | Review issue outlines and prepare for and participate in moot court exercise with M. Conigliaro, E. Harter, A. Shanedling and L. Coltre. | 6.00 | 1,032.75 | 6,196.50 |
| 5/23/2025 | 003453 | Shanedling, Abraham | Conduct moot oral argument. | 2.60 | 790.50 | 2,055.30 |
| 5/23/2025 | 004387 | Laura Coltre, Maria | Prepare for oral argument - moot preparation with litigation team. | 3.70 | 773.50 | 2,861.95 |
| 5/24/2025 | 003437 | Hollman, Steven | Revise issue outlines for oral argument. | 0.50 | 1,032.75 | 516.38 |
| 5/26/2025 | 003437 | Hollman, Steven | Review and revise issue outlines regarding actual damages, flva.com domain name and likelihood of confusion. | 0.50 | 1,032.75 | 516.38 |
| 5/27/2025 | 003437 | Hollman, Steven | Revise issue outlines and review transcript of Daubert hearings. | 0.50 | 1,032.75 | 516.38 |
| 5/28/2025 | 003437 | Hollman, Steven | Prepare for oral argument including review of briefs, record and decisions and opinions of district court. | 1.50 | 1,032.75 | 1,549.13 |
| 5/28/2025 | 003453 | Shanedling, Abraham | Review new 11th Circuit caselaw on false advertising. | 0.20 | 790.50 | 158.10 |
| 5/29/2025 | 003437 | Hollman, Steven | Prepare for and conduct moot court exercise with M. Conigliaro, A. Shanedling and L. Coltre and prepare for oral argument. | 5.30 | 1,032.75 | 5,473.58 |
| 5/29/2025 | 003453 | Shanedling, Abraham | Conduct moot oral argument. | 2.00 | 790.50 | 1,581.00 |
| 5/29/2025 | 004387 | Laura Coltre, Maria | Prepare for oral argument - prepare for and moot oral argument with legal team. | 2.50 | 773.50 | 1,933.75 |
| 5/30/2025 | 003437 | Hollman, Steven | Prepare for oral argument. | 3.50 | 1,032.75 | 3,614.63 |
| 5/31/2025 | 003437 | Hollman, Steven | Prepare for oral argument, including review of record documents on strength of mark and review of Gallogly report and Daubert motion concerning evidentiary basis for calculation of actual damages. | 4.50 | 1,032.75 | 4,647.38 |
| 6/1/2025 | 003437 | Hollman, Steven | Prepare for Oral Argument, including update outline of response to 8 issues raised by FLVS on appeal. | 4.50 | 1,032.75 | 4,647.38 |
| 6/1/2025 | 003437 | Hollman, Steven | Final review of trial court orders and hearing transcripts. | 4.00 | 1,032.75 | 4,131.00 |
| 6/2/2025 | 003437 | Hollman, Steven | Prepare for oral argument, including review of outline for each of 8 issues raised by FLVS on appeal. | 7.80 | 1,032.75 | 8,055.45 |
| 6/3/2025 | 003437 | Hollman, Steven | Prepare for oral argument. | 13.00 | 1,032.75 | 13,425.75 |
| 6/3/2025 | 003453 | Shanedling, Abraham | Prepare for oral argument, including meetings with S. Hollman and E. Harter. | 5.00 | 790.50 | 3,952.50 |
| 6/4/2025 | 003437 | Hollman, Steven | Prepare for and present oral argument and confer with team regarding same. | 7.00 | 1,032.75 | 7,229.25 |
| 6/4/2025 | 003453 | Shanedling, Abraham | Prepare for and attend oral argument. | 6.00 | 790.50 | 4,743.00 |
| 6/4/2025 | 003453 | Shanedling, Abraham | Confer and debrief regarding oral argument with E. Harter, G. McMullen, and S. Hollman. | 2.00 | 790.50 | 1,581.00 |
| 6/4/2025 | 004387 | Laura Coltre, Maria | Confer with appellate team after oral argument. | 0.30 | 773.50 | 232.05 |
| 6/5/2025 | 003437 | Hollman, Steven | Review oral argument transcript regarding multiple ways in which T. Bishop mischaracterized factual record. | 1.00 | 1,032.75 | 1,032.75 |
| 1/15/2026 | 003437 | Hollman, Steven | Review appeal decision and draft, review and revise summary, review timeline for further proceedings, and confer with A. Shanedling, D. Johnson, and E. Harter regarding same | 4.00 | 1,032.75 | 4,131.00 |
| 1/15/2026 | 003453 | Shanedling, Abraham | Determine post-appeal deadlines. | 1.00 | 790.50 | 790.50 |
| 1/16/2026 | 003437 | Hollman, Steven | Draft, review and revise summary of appellate decision and of next steps and timeline, and attention to Stride questions regarding strategy. | 3.50 | 1,032.75 | 3,614.63 |
| 1/16/2026 | 003453 | Shanedling, Abraham | Analyze next procedural steps post appeal. | 0.80 | 790.50 | 632.40 |
| **TOTAL** | | | | **845.90** | | **661,285.80** |

# UNITED STATES COURT OF APPEALS
## ELEVENTH CIRCUIT

FLORIDA VIRTUAL SCHOOL,

        *Plaintiff/Appellant*,

    v.

K12 INC. AND K12 FLORIDA, LLC,

        *Defendants/Appellees*.

Case No. 24-10449

## DECLARATION OF DANIEL C. JOHNSON IN SUPPORT OF APPELLEES' MOTION FOR ATTORNEYS' FEES ON APPEAL

I, Daniel C. Johnson, hereby declare and state the following:

1.    I am an attorney licensed to practice in the courts of the State of Florida and am in good standing in those courts.  I am also admitted to practice before this Court and the United States District Courts for the Northern, Middle and Southern Districts of the State of Florida.

2.    I am an attorney at Carlton Fields, P.A. ("Carlton Fields") in its Orlando, Florida office.

3.    I represent Defendants-Appellees K12 Inc. (n/k/a Stride, Inc.) and K12 Florida LLC (together "Stride").

4.    I submit this declaration in support of Stride's Motion for Attorney's Fees on Appeal.  This Declaration is based upon my personal knowledge or the business records of Carlton Fields, which business records are made at or near the time of the activity or transaction set forth in the records, by or from information provided or transmitted by persons with knowledge of the activity or transaction reflected in such records, and are kept in the course of the regularly conducted business activity of Carlton Fields.

5.    Fees are sought for the work conducted by two Carlton Fields attorneys in this appeal: Matthew J. Conigliaro and myself.  The total fees sought are $30,038.00; comprising 62.0 hours of attorney time.  Mr. Conigliaro and I provided limited representation and assistance described below to Stride's lead counsel, at the

I, Daniel C. Johnson, hereby declare and state the following:

1.    I am an attorney licensed to practice in the courts of the State of Florida and am in good standing in those courts. I am also admitted to practice before this Court and the United States District Courts for the Northern, Middle and Southern Districts of the State of Florida.

2.    I am an attorney at Carlton Fields, P.A. ("Carlton Fields") in its Orlando, Florida office.

3.    I represent Defendants-Appellees K12 Inc. (n/k/a Stride, Inc.) and K12 Florida LLC (together "Stride").

4.    I submit this declaration in support of Stride's Motion for Attorney's Fees on Appeal. This Declaration is based upon my personal knowledge or the business records of Carlton Fields, which business records are made at or near the time of the activity or transaction set forth in the records, by or from information provided or transmitted by persons with knowledge of the activity or transaction reflected in such records, and are kept in the course of the regularly conducted business activity of Carlton Fields.

5.    Fees are sought for the work conducted by two Carlton Fields attorneys in this appeal: Matthew J. Conigliaro and myself. The total fees sought are $30,038.00; comprising 62.0 hours of attorney time. Mr. Conigliaro and I provided limited representation and assistance described below to Stride's lead counsel, at the

-1-

law firm of Sheppard, Mullin, Richter & Hampton LLP ("Sheppard").

6.      I have reviewed all time entries charged to Stride related to Carlton Fields' work on FLVS's appeal in this case, from the inception of the appeal through the filing of this motion. I exercised billing judgment in my review of that document before its submission to the Court to eliminate charges for duplicative work and for tasks related to the appeal for which I did not consider it appropriate to seek reimbursement.

7.      Attached as **Exhibit A** is a true and correct copy of the firm biographies for Mr. Conigliaro and myself. In addition, I advise the Court as follows:

a.      Matthew J. Conigliaro.   Mr. Conigliaro is a shareholder at Carlton Fields specializing in appellate work. He has been board certified by the Florida Bar in appellate practice since 2004, holds an av rating by Martindale-Hubbell, and is **incredibly well credentialed** as demonstrated by his attached biography. He has practiced law for more than 30 years, having graduated from the Tulane University Law School *cum laude* in 1995. He billed to Stride at an hourly rate of $615 - $630 from 2024-2025 and accounts for 21.10 hours for a total of $13,281.00; approximately 34% of the total Carlton Fields hours Stride seeks to recover in appellate fees. As demonstrated by Exhibit B, Mr. Conigliaro provided discrete assistance on appellate issues and assisted in preparing for and conducting a mock oral argument for Sheppard's lead counsel who presented the oral argument

-2-

in this case.

    b.    <u>Daniel C. Johnson</u>. I am also a shareholder at Carlton Fields. I have practiced commercial litigation for over 40 years. I hold an av rating by Martindale-Hubbell. I graduated from Cornell University Law School in 1985 where I was a member of the moot court board. I billed to Stride at an hourly rate of $595-670 from 2024-2026 and account for 40.90 hours for a total of $24,757.00; approximately 66% of the total Carlton Fields hours Stride seeks to recover in appellate fees. As demonstrated by Exhibit B, I monitored the appeal from inception to conclusion and was involved in strategic decisions. I reviewed and provided edits on Stride's answer brief. My participation in the appellate proceedings was efficient in light of my familiarity with the legal and factual issues presented on appeal from my work as Florida counsel for Stride before the trial court and my familiarity with the trial court record.

8.    Attached as **Exhibit B** is a true and correct copy of my team's time entries for which compensation is sought, including for each hour, detailed descriptions of the work performed, who performed the work, and the exact amount of time charged for those tasks. As reflected in these time entries, each timekeeper recorded his time contemporaneously in increments of tenths of an hour and provided a detailed description of the services rendered by task.

9.    Stride was charged less than Carlton Fields' standard rates for Mr.

-3-

Conigliaro and myself. Based on my nearly forty years of the practice of law in the commercial litigation field (including significant experience in intellectual property litigation matters), the billing rates set forth in Exhibit B for Mr. Conigliaro and myself are reasonable and are comparable to the prevailing rates charged by similarly experienced attorneys at other law firms who practice before this Court.

10.    With respect to the factors set forth in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714 (5th Cir. 1974), I advise the Court as follows:

a. Time and labor required: As explained above, Carlton Fields assisted Sheppard in this appeal. The time entries show Carlton Fields' work was discretely limited to certain specific tasks. The overwhelming majority of Mr. Conigliaro's work related to preparing for and assisting in a mock oral argument, work for which he was well qualified as he is a regular practitioner before this Court.

b. Novelty and difficulty of questions: As explained in the contemporaneously submitted declaration of Steven Hollman, this was an extremely complicated appeal combining numerous factual and legal issues and a very extensive record (including, without limitations, significant *Daubert* and summary judgment motion practice).

c. Skill requisite to perform the legal service properly: Mr. Conigliaro and I possess the skill to perform our respective work on this appeal properly and efficiently.

d. Preclusion of other employment: Representation of Stride did not preclude Carlton Fields from other employment.

e. The customary fee for similar work in the community: I believe the rates Carlton Fields charged for its representation fall well within the range for similar work on an appeal of a case of this magnitude. The hourly rates range from a low of $595 per hour to a high of $670 as the representation has spanned several years. As explained by Mr. Hollman, this was a very significant case in which Appellant sought very substantial damages and presented many legal issues.

f. Contingent or fixed fee: Carlton Fields charged Stride on an hourly basis. Carlton Fields' fee was not contingent on success of this appeal.

g. Time limitations: No extraordinary time limitations were imposed by this appeal.

h. Amount involved and results obtained: This was a very significant appeal in which Plaintiff/Appellant sought billions of dollars of damages. Appellee completely prevailed on the appeal.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Signed this 19th day of February, 2026

By: _____

Daniel C. Johnson

-5-

# EXHIBIT A

**CARLTON FIELDS**



# Daniel C. Johnson

**SHAREHOLDER**

ORLANDO

📞 407.244.8237

🖨 407.648.9099

CONNECT

✉ djohnson@carltonfields.com

## Overview

Dan Johnson handles a broad array of litigation matters in state and federal courts. These include commercial litigation, intellectual property litigation, insurance litigation, environmental and toxic tort litigation, employment litigation, and product liability litigation. He has extensive trial experience having litigated in federal courts in Orlando, Tampa, Miami, and Jacksonville, as well as the U.S. Tax Court and state courts throughout Florida.

Dan has extensive experience handling complex litigation disputes, including complex business disputes, intellectual property litigation of all types, insurance litigation including coverage disputes, toxic tort and environmental litigation, employment litigation, and products litigation. He has also litigated a wide range of cases for telecommunications carriers, equipment manufacturers, and service providers in both state and federal courts.

## Areas of Focus

### Practices

- Litigation and Trials
- Aviation
- Creditors' Rights and Bankruptcy
- Environmental Regulation & Litigation

### Industries

- Technology
- Telecommunications

- Government Law & Consulting
- Intellectual Property
- Intellectual Property, Data & Technology
- Labor & Employment
- Life, Annuity, and Retirement Litigation
- Mass Tort and Product Liability
- Real Property Litigation
- Tax
- Tax Litigation & Controversy
- Technology
- Telecommunications
- Trade Secrets / Noncompete Litigation and Consulting

## Insights

01.01.2005

Fraud, Misrepresentation, Nondisclosure and Concealment: Model Jury Instructions

## News

03.29.2018

Daniel C. Johnson Named "BTI Client Service All-Star" for 2018

08.15.2017

78 Carlton Fields Attorneys Named "Best Lawyers in America"

## Recognition

- AV Rated by Martindale-Hubbell
- *The Best Lawyers in America*, Commercial Litigation (2008–2026)
- Florida Super Lawyers, *Super Lawyers Magazine* (2007, 2009–2016)

# Professional & Community Involvement

- American Bar Association
- The Florida Bar
  - Labor and Employment Law Section
- Orange County Bar Association
- Leadership Orlando, Graduate
- Southern Ballet Theatre
  - Past Member, Board of Directors

# Speaking Engagements

- "Real Estate Contracts and Litigation Monsters," ACC Central Florida, Orlando, FL (February 15, 2018)
- "Getting Serious: The Last 30 Days Before Trial," ABA Litigation Section Annual Meeting, Washington, D.C. (1997)

# Credentials

## Education

- Cornell Law School (J.D., 1985)
- Stetson University (B.A., magna cum laude, 1982)

## Bar Admissions

- Florida

## Court Admissions

- U.S. Tax Court
- U.S. Court of Appeals, Eleventh Circuit
- U.S. District Court, Middle District of Florida
- U.S. District Court, Northern District of Florida
- U.S. District Court, Southern District of Florida

**CARLTON FIELDS**



# Matthew J. Conigliaro

**SHAREHOLDER**

**TAMPA**

📞 813.229.4254

🖨 813.229.4133

**CONNECT**

✉ mconigliaro@carltonfields.com

## Overview

Matt Conigliaro is a board certified appellate specialist who has been recognized as one of Florida's top appellate attorneys. His work involves legal issues in trial and appellate courts across Florida, in federal court, and in other states. He focuses on complex cases, from product liability and other complex tort matters to health care, insurance, and constitutional litigation.

Matt has obtained the reversal of numerous multimillion and even a multibillion-dollar judgment and has successfully defended many judgments and rulings. He also regularly prepares amicus curiae briefs in precedential cases.

Matt has appeared in more than 35 trials to assist trial counsel with legal issues that may be further litigated on appeal. He helps devise strategies that place trial counsel in the best position to win the trial and place the client in the best position to win any appeal that follows.

One of Florida's most frequent speakers on legal matters, Matt is grateful for often being invited by bar, civic, and other organizations to present on myriad topics.

Apart from law, one of Matt's favorite things is running. He loves to run. He has completed more than 60 marathons, including one in each of the 50 states. He has run many of the country's largest marathons, such as Boston, New York, Chicago, Walt Disney World, Marine Corps, and Houston, but his favorite ones have been the smaller races in the heartland. Matt has coached marathon runners for years and has led long-distance relay teams from coast to coast. Sometimes during a trial, or even before big appellate arguments, Matt likes to sneak off for a mind-clearing run.

# Experience

- *Illinois Union Ins. Co. v. McGinley*, 401 So. 3d 572 (Fla. 2d DCA 2025). Won reversal of order permitting plaintiffs to litigate against insurer post-judgment in original tort action.

- *Williams v. State*, 363 So. 3d 150 (Fla. 4th DCA 2023). Won reversal of order denying expungement for human trafficking victim.

- *Maddox v. Maddox*, 357 So. 3d 270 (Fla. 2d DCA 2023). Won reversal of divorce judgment that interfered with employer's rights.

- *Thakkar v. Good Gateway, LLC*, 351 So. 3d 192 (Fla. 5th DCA 2022). Won reversal of $3.6 million judgment in commercial collection case.

- *Taneja v. First Street & Fifth Avenue, LLC*, 338 So. 3d 362 (Fla. 2d DCA 2022). Won reversal of order permitting appellee to avoid prior appellate decision.

- *Hernandez v. CGI Windows & Doors, Inc.*, 347 So. 3d 113 (Fla. 3d DCA 2022). Won reversal of judgment following defense verdict in commercial case.

- *Crime v. Looney,* 328 So. 3d 1157 (Fla. 1st DCA 2021). Won reversal of $6 million merits and fees judgments, remanding for a new trial in personal injury case.

- *Llauro v. Linville,* 2021 WL 5767935 (11th Cir. Nov. 6, 2021). Won affirmance of dismissal of civil rights case.

- *Taneja v. First Street & Fifth Avenue LLC*, 310 So. 3d 1275 (Fla. 2d DCA 2021). Won reversal of $9.8 million judgment in commercial case.

- *Lasswell Found. for Learning & Laughter, Inc. v. Schwartz*, 834 Fed. App'x 493 (11th Cir. 2020). Won reversal of sanctions order dismissing complaint with prejudice.

- *Merle Wood & Assocs. v. Frazer,* 307 So. 3d 773 (Fla. 4th DCA 2020). Won reversal for entry of defense judgment after $185,000 verdict in yacht broker commission case.

- *Union Carbide Corp. v. Font*, 299 So. 3d 491 (Fla. 3d DCA 2020). Won reversal of $2.8 million judgment, and $6.9 million verdict, in products liability case, remanding for a third trial.

- *Universal Prop. & Cas. Ins. Co. v. Loftus*, 276 So. 3d 849 (Fla. 4th DCA 2019). Won affirmance in first impression case involving condominium law.

- *Citizens for Strong Sch., Inc. v. Fla. State Bd. of Educ.*, 262 So. 3d 127 (Fla. 2019). Amicus curiae brief supporting the ultimate result in education litigation.

- *S. Fla. Fair & Palm Beach Cty. Expositions, Inc. v. Joseph*, 256 So. 3d 875 (Fla. 4th DCA 2018). Won reversal in first impression case involving sovereign immunity and fair associations.

- *Bechtel Corp. v. Batchelor*, 250 So. 3d 187 (Fla. 3d DCA 2018). Won reversal for entry of defense judgment after $21 million verdict in product liability case.

- *Waite v. All Acquisition Corp.*, 901 F.3d 1307 (11th Cir. 2018). Won affirmance of personal jurisdiction dismissal in asbestos case.

- *Graham v. Uphold*, 245 So. 3d 964 (Fla. 1st DCA 2018). Won reversal of order appointing custodian to operate a business.

- *Doe v. Valencia Coll.*, 903 F.3d 1220 (11th Cir. 2018). Won affirmance of summary judgment in First Amendment, due process case regarding educational discipline.

- *Knight v. Chief Judge of Florida's Twelfth Jud. Cir.*, 235 So. 3d 996 (Fla. 2d DCA 2017). Won denial of sheriff's petition challenging chief judge's decisions involving courthouse security.

- *Llano Fin. Grp., LLC v. Kerr*, 230 So. 3d 46 (Fla. 4th DCA 2017). Amicus curiae brief supporting appellee who did not appear to defend trial court ruling, won affirmance.

- *Plaza Tower Realty Grp., LLC v. 300 S. Duval Assocs., LLC*, 223 So. 3d 1079 (Fla. 3d DCA 2017). Amicus curiae brief on operation of commissions, supporting ultimate result.

- *Kelly v. Georgia-Pacific, LLC*, 211 So. 3d 340 (Fla. 4th DCA 2017). Won affirmance in asbestos case involving operation of wrongful death act.

- *Gainesville Woman Care, LLC v. State*, 210 So. 3d 1243 (Fla. 2017). Amicus curiae brief on issues of public importance.

- *Mirzataheri v. FM E. Developers, LLC*, 193 So. 3d 19 (Fla. 3d DCA 2016). Amicus curiae brief on specific performance involving homestead property, supporting ultimate result.

- *Aubin v. Union Carbide Corp.*, 177 So. 3d 489 (Fla. 2015). Cutting-edge product liability case, won restoration of learned intermediary defense for asbestos suppliers.

- *Jax Utils. Mgmt., Inc. v. Hancock Bank*, 164 So. 3d 1266 (Fla. 1st DCA 2015). Won affirmance in first impression case involving construction loan lenders, preemption of common law claims.

- *Plancher v. UCF Athletics Ass'n, Inc.*, 175 So. 3d 724 (Fla. 2015). Won approval of decision reversing $10 million judgment based on sovereign immunity.

- *Christian v. Dep't of Health*, 161 So. 3d 416 (Fla. 2d DCA 2014). Won reversal of administrative disciplinary order.

- *Gen. Elec. Capital Corp. v. Shattuck*, 132 So. 3d 908 (Fla. 2d DCA 2014). Won reversal of $1.1 billion judgment in health care matter.

- *UCF Athletics Ass'n, Inc. v. Plancher*, 121 So. 3d 616 (Fla. 5th DCA 2013). Won reversal of attorneys' fees judgment based on interplay of sovereign immunity and settlement proposals.

- *City of Palm Bay v. Wells Fargo Bank, N.A.*, 114 So. 3d 924 (Fla. 2013). Won approval of decision affirming preemption of municipal ordinance.

- *Raymond James Fin. Servs., Inc. v. Phillips*, 126 So. 3d 186 (Fla. 2013). Amicus brief supporting ultimate result in arbitration case.

- *Health First, Inc. v. Hynes*, 114 So. 3d 995 (Fla. 5th DCA 2012). Won reversal of order finding fraud on court.

- *Rich v. Kaiser Gypsum Co., Inc.*, 103 So. 3d 903 (Fla. 4th DCA 2012). Won affirmance in asbestos case involving former testimony evidence.

- *McKesson Medication Mgmt., LLC v. Slavin*, 75 So. 3d 508 (Fla. 3d DCA 2010). Won reversal of $6 million judgment in medical malpractice case.
- *Godfrey v. Precision Airmotive Corp.*, 46 So. 3d 1020 (Fla. 5th DCA 2010). Won affirmance of new trial order following $55 million verdict in product liability case.
- *Odak v. Vitrano*, 45 So. 3d 487 (Fla. 4th DCA 2010). Won reversal of order treating severance pay as marital asset
- *Kristensen-Kepler v. Cooney*, 39 So. 3d 518 (Fla. 4th DCA 2010). Won affirmance of medical malpractice summary judgment.
- *Howell v. Ed Bebb, Inc.*, 35 So. 3d 167 (Fla. 2d DCA 2010). Won reversal of summary judgment in real property case.
- *MasTec, Inc. v. Suncoast Underground, Inc.*, 27 So. 3d 705 (Fla. 3d DCA 2010). Won reversal in construction case.
- *Burgess v. Prince*, 25 So. 3d 705 (Fla. 2d DCA 2010). Won reversal in probate case.
- *Keith v. ManorCare, Inc.*, 218 P.3d 1257 (N.M. Ct. App. 2009). Won reversal of $55 million judgment in healthcare case.

# Areas of Focus

## Practices

- Appellate & Trial Support
- Alternative Dispute Resolution and Neutral Services
- Health Care
- Litigation and Trials

## Industries

- Health Care

# Insights

09.26.2024

Beware of Nonbinding Precedent

11.16.2021

All Things Reconsidered: Getting It Right the First Time

06.09.2021

Live Trials During the COVID-19 Pandemic: What's Changed?

02.16.2021

Another Consideration Involving Unpreserved Error

07.20.2020

Orders Subject to Review

*Florida Appellate Practice*

04.17.2019

Using Post-Trial Motions to Argue Error for the First Time

03.01.2019

50 Ways to Leave Your Worries

*Paraclete*

10.01.2018

Contributor, This Week's Florida Appeals Court Decisions

10.01.2018

Orders Subject to Review

*Florida Appellate Practice*

09.17.2018

It Can Be Easy to Fail to Preserve, Or Even to Waive, Jury Instruction Error

01.26.2017

Pitfalls Of Relying On Evidence Previously Filed "For Any Purpose" When Opposing Summary
Judgment

08.03.2016

Be Wary About A Trial Court's Assurances of Preservation

---

03.01.2016

Avoiding Trouble Following In Limine Rulings

---

01.01.2014

Orders Subject To Review

---

01.01.2014

Berman's Florida Civil Procedure

---

01.01.2014

Extraordinary Writs and Remedies

---

08.27.2013

New Twists on Florida's 'Tipsy Coachman' Doctrine

---

01.01.2013

Extraordinary Writs and Remedies

---

06.01.2012

Message From The Outgoing Chair: Here's How We All Can Help, And Why We Should

---

04.01.2012

Chair's Message: Consider This Your Invitation

---

01.01.2012

Orders Subject To Review

06.01.2011

An Appellate Watershed Moment Awaits

01.06.2011

Top 10 Florida Appellate Business Decisions of 2010

01.01.2011

Extraordinary Writs and Remedies

09.01.2010

Highlights From Appellate Practice Decisions

12.01.2009

The Continuing Story of Certiorari

01.01.2009

The Business of Betting or Wagering: A Unifying View of Federal Gaming Law

02.01.2007

The Strategic Advantage of Having Appellate Support at Trial

11.01.2006

Thoughts on On-line Access and High Profile Cases

01.01.2006

Frye and the Admissibility of Scientific Evidence under Florida Law

06.08.2005

Significant Appellate Decisions - Arbitration Agreements

01.01.2004

Extraordinary Writs and Remedies

---

08.01.2003

Misapplication of Section 48(a) of the Investment Company Act of 1940 as a 'Controlling Person'
Provision

---

12.01.2001

Foreseeability in Patent Law

---

11.01.2001

Demanding Reliability From Experts Under Florida Law

---

08.01.2001

Challenging the Reliability of Expert Testimony

---

06.01.2000

A Law Clerk's View on Appellate Briefs

---

01.01.2000

Extraordinary Writs and Remedies

---

01.01.1995

Walton v. Alexander: The Fifth Circuit Limits a State's Fourteenth Amendment Duty to Protect to
Instances of Involuntary Restraint

---

# News

08.18.2022

Nine Carlton Fields Attorneys Named 2023 "Lawyers of the Year"

05.21.2021

Carlton Fields Ranks Among Best in Chambers USA 2021 Guide

04.23.2020

Carlton Fields Ranks Among Best in Chambers USA 2020 Guide

10.03.2019

Protecting the Courts in a High-Profile Constitutional Battle

05.03.2019

Carlton Fields Ranks Among Best in Chambers USA 2019 Guide

09.05.2018

Carlton Fields' Appellate Win Featured in Daily Business Review and Law360

07.09.2018

Super Lawyers Honors 81 Carlton Fields Attorneys on 2018 Florida "Super Lawyers" and "Rising Stars"

06.29.2018

Carlton Fields Ranked Top Firm and Attorneys Named Legal Leaders in Florida Trend Magazine's 2018 "Legal Elite"

05.04.2018

Carlton Fields Ranks Among Best in 2018 Chambers USA Guide

08.15.2017

78 Carlton Fields Attorneys Named "Best Lawyers in America"

06.23.2017

Florida Super Lawyers Ranks 92 Carlton Fields Attorneys as 2017 "Super Lawyers" and "Rising Stars"

06.21.2017

Carlton Fields Ranked Top Firm and Attorneys Named Legal Leaders in Florida Trend Magazine's 2017 "Legal Elite"

# Recognition

- Board Certified in Appellate Practice by the Florida Bar
- AV Rated by Martindale-Hubbell
- *Chambers USA* (2011–2019, 2021–2025)
- *The Best Lawyers in America*, Appellate Practice, Bet-the-Company Litigation, Commercial Litigation (2012–2026)
  - Tampa "Lawyer of the Year," Appellate Practice (2016, 2023, 2025); Bet-the-Company Litigation (2024)
- Florida Super Lawyers, *Super Lawyers Magazine* (2007–2025)
- Top 50 Tampa Bay Super Lawyers, *Super Lawyers Magazine* (2020–2021, 2023)
- Top 100 Florida Super Lawyers, *Super Lawyers Magazine* (2012, 2020–2021)
- Florida Legal Elite, *Florida Trend Magazine* (2006, 2009, 2011–2012, 2015–2020)
- Most Effective Lawyers Award, *Daily Business Review* (2016)

# Professional & Community Involvement

- American Academy of Appellate Lawyers
  - Fellow
- American Bar Association
- Defense Research Institute
- Florida Defense Lawyers Association
- The Federalist Society

- The Florida Bar
    - Appellate Practice Section
        - Chair (2011–2012)
        - Chair-Elect (2010–2011)
        - Vice Chair (2009–2010)
        - Secretary/Treasurer (2007–2009)
        - Treasurer (2006–2007)
        - CLE Committee Chair (2005–2006)
        - Executive Council (2004–2006, 2014–present)
    - Council of Sections
        - Chair (2014–2015)
        - Chair-Elect (2013–2014)
        - Secretary/Treasurer (2012–2013)
- St. Petersburg Bar Association
    - Chair, Appellate Practice Section (2005–2019)
- American Stage Theatre Company
    - Board of Trustees
        - Chair (2013–2015)
        - Vice Chair and Secretary (2011–2013)
        - Secretary (2010-2011)
        - Member (2009–2010, 2015–2018)
- St. Mary Our Lady of Grace Catholic Church
    - Chair (2009–2011); Member (2007–2009), Finance Council
- Tampa Bay Fit Marathon Training Program
    - Head Coach (2008–2020)

# Speaking Engagements

- "Appellate Law 2021 Year In Review," The Florida Bar Appellate Practice Section  (January 18, 2022)
- "Recent Developments in Florida Law," The Florida Bar Advanced Appellate Practice and Certification Review, Tampa, FL (January 14, 2022)
- "Our Appellate Courts: How It's Going - The Unrecorded Version," Hillsborough County Bar Association, Tampa, FL (December 15, 2021)

- "The Rules of Civil Procedure," The Florida Bar Civil Trial Update & Board Certification Review, Tampa, FL (February 11, 2021)

- "Appellate Law 2020 Year In Review," The Florida Bar Appellate Practice Section  (January 19, 2021)

- "The Rules of Civil Procedure," The Florida Bar Civil Trial Update & Board Certification Review, Tampa, FL (February 13, 2020)

- "Appellate Law Update: 2019 Year in Review," The Florida Bar Appellate Practice Section (January 21, 2020)

- "Recent Developments in Florida Law," The Florida Bar Advanced Appellate Practice and Certification Review, Tampa, FL (January 17, 2020)

- "Electing the Electoral College," Pinellas County Young Republicans, St. Petersburg, FL (November 12, 2019)

- Faculty, Panel Discussions on Brief Writing, Appellate Ethics, and How to Prepare for Oral Argument, The William A. Van Nortwick Appellate Workshop 2019, Davie, FL (August 7–9, 2019)

- "Working With Appellate Lawyers at the Trial Level," The Art of Objecting: A Trial Lawyer's Guide to Preserving Error for Appeal, The Florida Bar, Tampa, FL (June 5, 2019)

- "A Roundup of Recent Appellate Decisions and a Look Ahead," Hillsborough County Bar Association, Tampa, FL (April 17, 2019)

- "What's Appealable?," The Florida Bar's Basic Appellate Practice, Tampa, FL (February 22, 2019)

- "Florida Civil Procedure 2019 Update," Florida Department of Health CLE (February 21, 2019)

- "Constitutional Law," Pinellas County Teachers Law School, Largo, FL (February 18, 2019)

- "The Rules of Civil Procedure," The Florida Bar Civil Trial Update & Board Certification Review, Tampa, FL (February 14, 2019)

- "Courts and the Right to Life," Florida Right to Life, Winter Park, FL (February 2, 2019)

- "Appellate Law Update: 2018 Year in Review," The Florida Bar Appellate Practice Section CLE (January 15, 2019)

- "Federal Appellate Practice in 2019: Trends, Pitfalls, and Hot Topics," Carlton Fields In-House Seminar, Tampa, FL (December 6, 2018)

- "The No-Contempt Zone: Judges and Practitioners Share What Each Wishes the Other Knew," Appellate Judges Education Institute/Eleventh Circuit Appellate Practice Institute, Atlanta, GA(November 9, 2018)

- Debating Florida's 2018 Proposed Constitutional Amendments, The Junior League of St. Petersburg, St. Petersburg, FL (October 16, 2018)

- Florida's 2018 Proposed Constitutional Amendments, Pinellas County Young Republicans, St. Petersburg, FL (October 9, 2018)

- "Merits Briefs," Practicing Before the Supreme Court, The Florida Bar, Tallahassee, FL (June 7, 2018)

- "Boring Appellate Stuff That No One Should Care About — Except You," Hillsborough County Bar Association, Tampa, FL (April 18, 2018)

- "Update for Trial and Appellate Lawyers: Decisional, Statutory, and Rules Developments," Carlton Fields In-House CLE (March 1, 2018)

- "The Rules of Civil Procedure," The Florida Bar Civil Trial Update & Board Certification Review, Tampa, FL (February 1, 2018)

- "Recent Developments in Florida Law," The Florida Bar Advanced Appellate Practice and Certification Review, Tampa, FL (January 29, 2018)

- "Preserving Issues for Appeal," 2017 Federal Practice Seminar, Federal Bar Association, Tampa, FL (July 13, 2017)

- "Update You on Appellate Cases, Yoda Will," Hot Topics in Appellate Law: Appellate Forces in the New Millennium, The Florida Bar, Orlando, FL (May 4, 2017)

- "Use and Effect of Key Appellate Doctrines," Hidden Essentials of Appellate Practice, The Florida Bar, Tampa, FL (February 10, 2017)

- "2017 Appellate Update," Practice in the Second District: A Seminar for Trial and Appellate Lawyers, St. Petersburg Bar Association, St. Petersburg, FL (February 9, 2017)

- "The Rules of Civil Procedure," The Florida Bar Civil Trial Update & Board Certification Review, Tampa, FL (January 19, 2017)

- "Appellate Law Update: 2016 Year in Review," The Florida Bar Appellate Practice Section CLE (January 17, 2017)

- "Florida Civil Procedure," Tampa Bay Paralegal Association's Paralegal Training Camp, St. Petersburg, FL (November 11, 2016)

- "What's Appealable?," The Florida Bar's Basic Appellate Practice, Tampa, FL (October 14, 2016)

- "Preserving Issues for Appeal," 2016 Federal Practice Seminar, Federal Bar Association, Tampa, FL (July 7, 2016)

- Forum on Judicial Topics, Pinellas County Young Republicans, St. Petersburg, FL (July 5, 2016)

- "Merits Briefs Panel Discussion," Practicing Before the Supreme Court, The Florida Bar, Tallahassee, FL (June 9, 2016)

- "A Closer Look at Social Media 2016," Wm. Reece Smith Inn of Court, Tampa, FL (April 26, 2016)

- "10 New Appellate Items We Ought to Know," Practice in the Second District: A Seminar for Trial and Appellate Lawyers, St. Petersburg Bar Association, St. Petersburg, FL (February 11, 2016)

- "The Rules of Civil Procedure," The Florida Bar Civil Trial Update & Board Certification Review, Tampa, FL (February 4, 2016)

- "Appellate Law Update: 2015 Year in Review," The Florida Bar Appellate Practice Section CLE (January 19, 2016)

- "Recent Developments in Florida Law," The Florida Bar Advanced Appellate Practice and Certification Review, Tampa, FL (January 14, 2016)

- "Appellate Practice," Stetson University College of Law, Tampa, FL (October 12, 2015).

- "Issues on Experts: Florida's Significant Change From *Frye* to *Daubert*," Third Annual Appellate Forum for Trial Lawyers, Miami, FL (October 23, 2015)

- "Appellate Brief Writing: The Facts," Successful Appellate Advocacy Workshop, The Florida Bar, Davie, FL (August 5, 2015)

- "Preserving Issues for Appeal," 2015 Federal Practice Seminar, Federal Bar Association Tampa, FL (July 17, 2015)

- "Appellate Practice: Recent Developments in the Second District and Beyond," Hillsborough County Bar Association's Breakfast and CLE with the Second District Court of Appeal, Tampa, FL (March 4, 2015)

- "The Rules of Civil Procedure," The Florida Bar Annual Civil Trial Update & Board Certification Review, Tampa, FL (February 26, 3015)

- "Appellate Law Update: 2014 Year in Review," The Florida Bar Annual Civil Trial Update & Board Certification Review (January 20, 2015)

- "Recent Developments in Florida Law 2015," The Florida Bar Advanced Appellate Practice and Certification Review, Tampa, FL (January 15, 2015)

- "Bar Sections & Exam Review Courses" The Florida Bar Certification Leadership Conference (September 18, 2014)

- "Conservative Messaging," Pinellas County Young Republicans, Clearwater, FL (July 8, 2014).

- "Merits Briefs Panel Discussion," Practicing Before the Supreme Court, The Florida Bar, Tallahassee, FL (June 5, 2014)

- "Criminal Cases – What's Appealable and When," The St. Petersburg Bar Association's Annual Beach and Bar Seminar, St. Pete Beach, FL (May 23, 2014)

- "Tips for Effective Oral Argument in the Second District," Practicing Before the Second District Court of Appeal, The Florida Bar, Tampa, FL (May 16, 2014)

- "15 Things I Know Now That I Wish I Knew Then," Practice in the Second District: A Seminar for Trial and Appellate Lawyers, St. Petersburg Bar Association, St. Petersburg, FL (April 1, 2014)

- "What's Appealable?," The Florida Bar's Basic Appellate Practice, Tampa, FL (March 28, 2014)

- "Social Media in Litigation," Carlton Fields In-House Counsel Forum, Orlando, FL (March 8, 2014)

- "Civil Procedure," The Florida Bar Annual Civil Trial Update & Board Certification Review, Tampa, FL (February 17, 2014)

- "Oral Argument Tactics," National Association of Attorneys General's Appellate Practice Seminar, Tallahassee, FL (January 28, 2014)

- "Appellate Law Update: 2013 Year in Review," The Florida Bar Appellate Practice Section CLE (January 21, 2014)

- "Recent Developments in Florida Law 2014," The Florida Bar Advanced Appellate Practice and Certification Review, Tampa, FL (January 16, 2014)

- "Presentation & Persuasion Skills," TAG Academy, St. Petersburg, FL (November 15, 2013)

- "An Appellate Perspective on the New *Daubert* Standard of Admissibility," St. Petersburg Bar Association's *Daubert* Seminar: The Change in Admitting Expert Testimony (October 22, 2013)

- "Discussion on Ethical Responsibilities," Practicing Before the Supreme Court, The Florida Bar, Tallahassee, FL (June 6, 2013)

- "Civil Case Law Update," Hot Topics in Appellate Practice, The Florida Bar, Jacksonville, FL (May 17, 2013)

- "Professionalism in Appellate Practice," Practicing Before the Fifth District Court of Appeal, The Florida Bar, Lake Mary, FL (April 5, 2013)

- "How Not to Handle an Appeal," Practice in the Second District: A Seminar for Trial and Appellate Lawyers, St. Petersburg Bar Association, St. Petersburg, FL (March 28, 2013)

- "2012: The Year in Appellate Review, Key Decisions and Developments in Appellate Practice," Hillsborough County Bar Association's Breakfast and CLE with the Second District Court of Appeal, Tampa, FL (March 6, 2013)

- Panel Discussion on Motion Practice in the Eleventh Circuit, Eleventh Circuit Appellate Practice Institute, Miami, FL (February 7–8, 2013)

- "Appellate Law Update: 2012 Year in Review," The Florida Bar Appellate Practice Section CLE (January 22, 2013)

- "Civil Procedure," The Florida Bar Civil Trial Update & Board Certification Review (January 17, 2013)

- "Recent Developments in Florida Law 2013," The Florida Bar Advanced Appellate Practice and Certification Review, Tampa, FL (January 17, 2013)

- "Presentation & Persuasion Skills," TAG Academy, St. Petersburg, FL (November 9, 2012)

- "Impact of Bankruptcy on a Pending Appeal," The Florida Bar Appellate Practice Section CLE (September 18, 2012)

- "Panel on Oral Argument and Ethics," Practicing Before the Supreme Court, The Florida Bar, Tallahassee, FL (June 7, 2012)

- "Famous Florida Trials," Florida State University School of Law, Tallahassee, FL (March 21, 2012)

- "Recent Developments You Need to Know," Practice in the Second District: A Seminar for Trial and Appellate Lawyers, St. Petersburg Bar Association, St. Petersburg, FL (February 23, 2012)

- "Appellate Law Update: 2011 Year in Review," The Florida Bar Appellate Practice Section CLE (February 21, 2012)

- "The Art of Making Objections at Trial," St. Petersburg Bar Association, St. Petersburg, FL (February 15, 2012)

- "Recent Developments in Florida Law 2012," The Florida Bar Advanced Appellate Practice and Certification Review, Tampa, FL (February 2, 2012)

- "Civil Procedure," The Florida Bar Civil Trial Certification Review Course, Orlando, FL (January 26, 2012)

- "Presentation & Persuasion Skills," TAG Academy, St. Petersburg, FL (November 11, 2011).

- "Panel on Oral Argument," Practicing Before the Supreme Court, The Florida Bar, Tallahassee, FL (June 9, 2011)

- "Practice in the Second District Court of Appeal: An In-Depth Look," The Florida Bar, Tampa, FL (May 20, 2011)

- "Can Corporate America Catch Up to the Social Media Frenzy, and Should It?," Product Liability Advisory Council, Coral Gables, FL (April 28, 2011)

- "Topics in Appellate Law and Policy," Florida State University School of Law, Tallahassee, FL(March 16, 2011)

- "The Future of Appellate Law," DRI Appellate Advocacy Seminar, Orlando, FL (March 11, 2011)

- "Civil Case Law Update," Hot Topics in Appellate Practice, The Florida Bar, Jacksonville, FL (March 4, 2011)

- "Recent Developments in Florida Law 2010," The Florida Bar Advanced Appellate Practice and Certification Review, Miami, FL (February 4, 2011)

- "Presentation & Persuasion Skills," TAG Academy, St. Petersburg, FL (November 12, 2010)

- "What's Appealable?," The Florida Bar's Basic Appellate Practice, Tampa, FL(October 8, 2010)

- "Amicus Briefs" and "Briefs in Support of and in Opposition to Requests for Discretionary Review," Practicing Before the Supreme Court, The Florida Bar, Tallahassee, FL (June 10, 2010)

- "Famous Florida Trials," Florida State University School of Law, Tallahassee, FL (March 24, 2010)

- "Important Lessons for Practitioners to Learn," Practicing Before the Fifth District Court of Appeal, The Florida Bar, Altamonte Springs, FL (March 5, 2010)

- "Nuts & Bolts of Practice in the Second District," Practice in the Second District: A Seminar for Trial and Appellate Lawyers, St. Petersburg Bar Association, St. Petersburg, FL (March 4, 2010)

- "Significant Recent Appellate Practice Decisions," The Florida Bar Advanced Appellate Practice and Certification Review, Tampa, FL (February 4, 2010)

- "Presentation & Persuasion Skills for Attorneys," TAG Academy, St. Petersburg, FL (November 13, 2009)

- "The Internet and Jurors: Modern Problems for Trial Counsel," Florida Defense Lawyers Association, Miami, FL (August 7, 2009)

- "How to Perform Statutory Research," Carlton Fields In-House Seminar, Tampa, FL(July 10, 2009)

- "Briefs in Support of and in Opposition to Requests for Discretionary Review," Practicing Before the Supreme Court, The Florida Bar, Tallahassee, FL (June 4, 2009)

- "Using Social Networking and Web 2.0 Internet Sites for Research and Jury Selection," Florida Liability Claims Conference, Orlando, FL (May 28, 2009)

- "Appellate Review of Non-Final Orders," Hillsborough County Bar Association's Appellate Practice Section Seminar, Tampa, FL (May 1, 2009)

- Professionalism Discussion, The Florida Bar's Practicing With Professionalism, St. Petersburg, FL (February 28, 2009)

- "Recent Developments in Florida Law 2009," The Florida Bar Advanced Appellate Practice and Certification Review, Fort Lauderdale, FL (February 13, 2009)

- "Practice in the Second District Court of Appeal: A Seminar for Trial and Appellate Lawyers," St. Petersburg Bar Association, St. Petersburg, FL (February 12, 2009)

- "What's Appealable?," The Florida Bar's Basic Appellate Practice, Tampa, FL (November 13, 2008)

- Panel Discussion on Motion Practice in the Eleventh Circuit, Eleventh Circuit Appellate Practice Institute, Atlanta, GA (October 24, 2008)

- "Briefs in Support of and in Opposition to Requests for Discretionary Review," Practicing Before the Supreme Court, The Florida Bar, Tallahassee, FL (June 12, 2008)

- "Florida Appellate Practitioners' Online Resource Guide 2008" The Florida Bar Appellate Practice Section CLE (May 20, 2008)

- "Appellate Practice," Topics in Appellate Law and Policy, Florida State University College of Law, Tallahassee, FL (March 19, 2008)

- "How to Help Your Trial Counsel Win at Trial While Protecting the Record for Appeal," AIG Healthcare Seminar, Jersey City, NJ (March 14, 2008)

- "Practice in the Second District: A Seminar for Trial and Appellate Lawyers," St. Petersburg Bar Association, St. Petersburg, FL (February 13, 2008)

- "Recent Developments in Florida Law 2008," The Florida Bar Advanced Appellate Practice and Certification Review, Tampa, FL (February 1, 2008)

- "What's Appealable?," The Florida Bar's Basic Appellate Practice, Tampa, FL (October 5, 2007)

- "Briefs in Support of and in Opposition to Requests for Discretionary Review," Practicing Before the Supreme Court, The Florida Bar, Tallahassee, FL (June 8, 2007)

- "Top 10 Legal Websites You Never Knew About," Florida Liability Claims Conference, Orlando, FL (June 1, 2007)

- "Florida Appellate Practitioners' Online Resource Guide 2007," The Florida Bar Appellate Practice Section CLE (March 20, 2007)

- "The Separation of Powers Doctrine Under Florida's Constitution," Florida Constitutional Law, Stetson University College of Law, Gulfport, FL (March 12, 2007)

- "Extraordinary Writs" and "Recent Developments in Florida Law 2007," The Florida Bar Advanced Appellate Practice and Certification Review, Miami Lakes, FL (February 23, 2007)

- "Practice in the Second District: A Seminar for Trial and Appellate Lawyers," St. Petersburg Bar Association, St. Petersburg, FL (February 15, 2007)

- "Internet Legal Resources" and "The Role of Appellate Courts," The Florida Bar Reporters' Workshop, Tallahassee, FL (November 30–December 1, 2006)

- "What Orders Are Appealable?," Appellate Practice for the General Practitioner in Florida, Lorman Educational Services, Tampa, FL (November 15, 2006)

- "Civil Case Law Update," Hot Topics in Appellate Practice, The Florida Bar, Orlando, FL (November 3, 2006)

- "Motion Practice in the Eleventh Circuit," Eleventh Circuit Appellate Practice Institute, Atlanta, GA (October 26, 2006)

- "What's Appealable?," The Florida Bar's Basic Appellate Practice, Tampa, FL (September 8, 2006)

- "Florida Case Law Update," Florida Defense Lawyers Association Annual Meeting, Duck Key, FL (August 4, 2006)

- "Integrating Technology, Quality of Life, Professionalism, and Board Certification," The Florida Bar's Polish Your Practice Seminar, Boca Raton, FL (June 21, 2006)

- "Decisions We Can't Wait to See," The Florida Bar Appellate Practice Section CLE (May 16, 2006)

- "Family Law Appeals" and "Should You Appeal?," Practice in the Second District: A Seminar for Trial and Appellate Lawyers, St. Petersburg Bar Association, St. Petersburg, FL (April 12, 2006)

- "The Separation of Powers Doctrine Under Florida's Constitution," Florida Constitutional Law, Stetson University College of Law, Gulfport, FL (April 5, 2006)

- "Recent Developments in Florida Law 2006," The Florida Bar Advanced Appellate Practice and Certification Review, Tampa, FL (February 3, 2006)

- "Internet Legal Resources" and "The Role of Appellate Courts," The Florida Bar Reporters' Workshop, Tallahassee, FL (December 8, 2005)

- "The Media and High-Profile Cases," Hillsborough County Bar Association's Appellate Practice Section Seminar, Tampa, FL (May 20, 2005)

- "Florida's Economic Loss Rule: Everything You Ever Wanted to Know but Were Afraid to Ask," The Florida Bar Appellate Practice Section CLE (May 17, 2005)

- "How Florida's Court System Handled the Terri Schiavo Saga," Capital Tiger Bay Club, Tallahassee, FL (April 15, 2005)

- "How Florida's Court System Handled the Terri Schiavo Saga," Tallahassee Bar Association, Tallahassee, FL (April 5, 2005)

- "Recent Developments in Florida Law 2005," The Florida Bar Advanced Appellate Practice and Certification Review, Fort Lauderdale, FL (February 4, 2005).

- "Internet Legal Resources," The Florida Bar Reporters' Workshop, Tallahassee, FL (December 2, 2004)

# Pro Bono

- *Williams v. State*, 363 So. 3d 150 (Fla. 4th DCA 2023).

- *Knight v. Chief Judge of Fla.'s Twelfth Jud. Cir.*, 235 So. 3d 996 (Fla. 2d DCA 2017).

- *Sarasota Herald-Tribune v. State*, 916 So. 2d 904 (Fla. 2d DCA 2005).

- *Wright v. State*, 911 So. 2d 81 (Fla. 2005).

- *State v. Green*, 887 So. 2d 1089 (Fla. 2004).

# Credentials

## Education

- Tulane University Law School (J.D., cum laude, 1995)

- University of North Carolina at Chapel Hill (B.A., 1992)

## Bar Admissions

- Florida

## Industry Specialization Certifications

- Appellate Practice

## Court Admissions

- U.S. Supreme Court

- U.S. Court of Appeals, Eighth Circuit

- U.S. Court of Appeals, Eleventh Circuit

- U.S. District Court, Middle District of Florida

- U.S. District Court, Northern District of Florida

- U.S. District Court, Southern District of Florida

## Clerkships

- Hon. Jacqueline R. Griffin, Florida Fifth District Court of Appeal

# Background

- Deputy Solicitor General of Florida (2001–2002)

- Law Clerk to the Honorable Jacqueline R. Griffin, Florida Fifth District Court of Appeal (1995–1997)

# EXHIBIT B

| Work Date | Timekeeper Name | Narrative | Hours Billed | Rate | Amount |
|---|---|---|---|---|---|
| 2/14/2024 | JOHNSON, DANIEL C. | Further analysis on Appellate Rule 4. | 0.60 | 595.00 | 357.00 |
| 2/14/2024 | JOHNSON, DANIEL C. | Emails with national counsel regarding Eleventh Circuit deadlines. | 0.20 | 595.00 | 119.00 |
| 2/15/2024 | JOHNSON, DANIEL C. | Work on applications to appellate court for national counsel. | 1.30 | 595.00 | 773.50 |
| 2/16/2024 | JOHNSON, DANIEL C. | Work on 11th circuit admissions for national counsel. | 0.30 | 595.00 | 178.50 |
| 2/20/2024 | JOHNSON, DANIEL C. | Review civil appeal statement and related appellate obligations. | 0.40 | 595.00 | 238.00 |
| 2/20/2024 | JOHNSON, DANIEL C. | Communicate with national counsel regarding civil appeal statement. | 0.20 | 595.00 | 119.00 |
| 2/20/2024 | JOHNSON, DANIEL C. | Prepare notice of appearance in appellate court. | 0.20 | 595.00 | 119.00 |
| 2/20/2024 | JOHNSON, DANIEL C. | Several emails with national counsel regarding possibility of cross-appeal. | 0.30 | 595.00 | 178.50 |
| 2/23/2024 | JOHNSON, DANIEL C. | Review draft Certificate of Interested Parties. | 0.20 | 595.00 | 119.00 |
| 2/23/2024 | JOHNSON, DANIEL C. | Work on Ms. Dao's 11th circuit application. | 0.30 | 595.00 | 178.50 |
| 2/23/2024 | JOHNSON, DANIEL C. | Email national counsel with respect to Certificate of Interested Parties. | 0.10 | 595.00 | 59.50 |
| 2/26/2024 | JOHNSON, DANIEL C. | Strategy on appeal. | 0.20 | 595.00 | 119.00 |
| 2/26/2024 | JOHNSON, DANIEL C. | Work on Certificate of Interested Parties. | 0.50 | 595.00 | 297.50 |
| 2/26/2024 | JOHNSON, DANIEL C. | Call with national counsel regarding strategy. | 0.20 | 595.00 | 119.00 |
| 2/27/2024 | JOHNSON, DANIEL C. | Work on eleventh circuit admission of Ms. Dao. | 0.20 | 595.00 | 119.00 |
| 2/28/2024 | CONIGLIARO, MATTHEW J. | ANALYSIS OF APPELLATE ISSUES | 0.20 | 615.00 | 123.00 |
| 2/28/2024 | JOHNSON, DANIEL C. | Communicate with national counsel regarding appellate deadlines including appellant's failure to meet them | 0.20 | 595.00 | 119.00 |
| 2/28/2024 | JOHNSON, DANIEL C. | Review appellate deadlines including appellant's failure to meet them | 0.40 | 595.00 | 238.00 |
| 2/29/2024 | JOHNSON, DANIEL C. | Communicate with national counsel regarding appellant's failure to comply with appellate deadlines | 0.20 | 595.00 | 119.00 |
| 2/29/2024 | JOHNSON, DANIEL C. | Analysis appellate issues including lack of Appellant's compliance with scheduling requirements | 0.50 | 595.00 | 297.50 |
| 3/1/2024 | JOHNSON, DANIEL C. | Preliminary review of Appellant's Civil Appeal Statement. | 0.20 | 595.00 | 119.00 |
| 3/1/2024 | JOHNSON, DANIEL C. | Review several notices of appearance and communicate with national counsel regarding same. | 0.30 | 595.00 | 178.50 |
| 3/4/2024 | JOHNSON, DANIEL C. | Communicate with national counsel regarding timing on deadlines in light of Federal Rule of Appellate Procedure 4. | 0.20 | 595.00 | 119.00 |
| 3/4/2024 | JOHNSON, DANIEL C. | Review appellant's Certificate of Interested Parties. | 0.10 | 595.00 | 59.50 |
| 3/5/2024 | CONIGLIARO, MATTHEW J. | EXAMINE CIVIL APPEAL STATEMENT, POSSIBLE RESPONSE STRATEGIES | 0.20 | 615.00 | 123.00 |
| 3/5/2024 | JOHNSON, DANIEL C. | Communicate with national counsel regarding potential response to appellant's civil appeal statement. | 0.20 | 595.00 | 119.00 |
| 3/5/2024 | JOHNSON, DANIEL C. | Analysis potential response to civil appeal statement. | 0.20 | 595.00 | 119.00 |
| 3/7/2024 | JOHNSON, DANIEL C. | Review 11th Circuit order with respect to transcript order form. | 0.10 | 595.00 | 59.50 |
| 3/11/2024 | JOHNSON, DANIEL C. | Several emails with national counsel regarding appellate mediation order. | 0.30 | 595.00 | 178.50 |
| 3/11/2024 | JOHNSON, DANIEL C. | Review appellate mediation order. | 0.20 | 595.00 | 119.00 |
| 3/12/2024 | JOHNSON, DANIEL C. | Review FLVS motion with respect to timing of appeals. | 0.20 | 595.00 | 119.00 |
| 3/12/2024 | JOHNSON, DANIEL C. | Communicate with national counsel regarding amended Notice of Appeal. | 0.10 | 595.00 | 59.50 |
| 3/12/2024 | JOHNSON, DANIEL C. | Review Amended Notice of Appeal. | 0.20 | 595.00 | 119.00 |
| 3/15/2024 | JOHNSON, DANIEL C. | Communications with national counsel regarding "second" appeal. | 0.20 | 595.00 | 119.00 |
| 3/15/2024 | JOHNSON, DANIEL C. | Review 11th Circuit notifications regarding "second" appeal. | 0.20 | 595.00 | 119.00 |
| 3/19/2024 | JOHNSON, DANIEL C. | Review response to plaintiff's motion for leave to file out of time. | 0.20 | 595.00 | 119.00 |
| 3/19/2024 | JOHNSON, DANIEL C. | Review mandate on second filed appeal. | 0.20 | 595.00 | 119.00 |
| 3/21/2024 | CONIGLIARO, MATTHEW J. | ANALYSIS OF BRIEFING DEADLINES | 0.20 | 615.00 | 123.00 |
| 3/21/2024 | JOHNSON, DANIEL C. | Edits to response to Motion to File out of time. | 0.20 | 595.00 | 119.00 |
| 3/22/2024 | JOHNSON, DANIEL C. | Review Eleventh Circuit briefing notice. | 0.10 | 595.00 | 59.50 |
| 3/25/2024 | JOHNSON, DANIEL C. | Review order granting extension of time for appellant to file brief. | 0.10 | 595.00 | 59.50 |
| 4/17/2024 | JOHNSON, DANIEL C. | Emails with national counsel regarding plaintiff's request for further extension of briefing. | 0.20 | 595.00 | 119.00 |

| Date | Timekeeper | Description | Hours | Rate | Amount |
|---|---|---|---|---|---|
| 4/18/2024 | JOHNSON, DANIEL C. | Review emails between Mr. Hollman and Bishop regarding extension of time on briefing. | 0.10 | 595.00 | 59.50 |
| 4/18/2024 | JOHNSON, DANIEL C. | Communicate with national counsel regarding plaintiff's motion for extension of time. | 0.20 | 595.00 | 119.00 |
| 4/18/2024 | JOHNSON, DANIEL C. | Review as filed motion for extension of brief. | 0.10 | 595.00 | 59.50 |
| 4/19/2024 | JOHNSON, DANIEL C. | Review order granting appellant's motion for extension to file opening brief. | 0.10 | 595.00 | 59.50 |
| 4/30/2024 | CONIGLIARO, MATTHEW J. | ANALYZE APPELLANT'S REQUESTS REGARDING EXTENSIONS OF WORD LIMITS IN APPELLATE BRIEF | 0.20 | 615.00 | 123.00 |
| 4/30/2024 | JOHNSON, DANIEL C. | Analysis regarding Appellant's request for extension of page limit for opening brief including review of time line on appeal to demonstrate Appellant has received more time than usual | 0.40 | 595.00 | 238.00 |
| 4/30/2024 | JOHNSON, DANIEL C. | Several communications with national counsel regarding appellant's request for additional pages for brief | 0.30 | 595.00 | 178.50 |
| 5/1/2024 | JOHNSON, DANIEL C. | Review 11th Circuit local rules on motion for additional pages. | 0.20 | 595.00 | 119.00 |
| 5/1/2024 | JOHNSON, DANIEL C. | Call with national counsel regarding plaintiff's motion for additional pages. | 0.20 | 595.00 | 119.00 |
| 5/1/2024 | JOHNSON, DANIEL C. | Review appellant's motion for additional pages and email national counsel regarding same. | 0.20 | 595.00 | 119.00 |
| 5/2/2024 | JOHNSON, DANIEL C. | Edits to opposition to motion for additional pages. | 0.30 | 595.00 | 178.50 |
| 5/2/2024 | JOHNSON, DANIEL C. | Review appellant's motion for additional pages. | 0.20 | 595.00 | 119.00 |
| 5/2/2024 | JOHNSON, DANIEL C. | Several emails with national counsel regarding opposition to motion for additional pages. | 0.20 | 595.00 | 119.00 |
| 5/3/2024 | JOHNSON, DANIEL C. | Prepare edits to opposition to additional pages on appellant's brief. | 0.30 | 595.00 | 178.50 |
| 5/3/2024 | JOHNSON, DANIEL C. | Several emails national counsel regarding edits to opposition for additional pages on appellant's brief. | 0.30 | 595.00 | 178.50 |
| 5/3/2024 | JOHNSON, DANIEL C. | Review Seventh Circuit case located by national counsel and email national counsel regarding same. | 0.30 | 595.00 | 178.50 |
| 5/9/2024 | JOHNSON, DANIEL C. | Review order on plaintiff's motion for excess pages and emails with national counsel regarding same. | 0.20 | 595.00 | 119.00 |
| 5/23/2024 | JOHNSON, DANIEL C. | Brief review of appellant's brief. | 0.60 | 595.00 | 357.00 |
| 5/24/2024 | JOHNSON, DANIEL C. | Communicate with national counsel regarding deadline for appellant to file required appendix. | 0.10 | 595.00 | 59.50 |
| 5/24/2024 | JOHNSON, DANIEL C. | Provide case to national counsel in which 11th circuit removed district judge after remand. | 0.30 | 595.00 | 178.50 |
| 5/24/2024 | JOHNSON, DANIEL C. | Communicate with national counsel regarding Appellant's improper use of "passim" in table of authorities. | 0.20 | 595.00 | 119.00 |
| 5/24/2024 | JOHNSON, DANIEL C. | Further analysis of brief. | 1.10 | 595.00 | 654.50 |
| 5/28/2024 | JOHNSON, DANIEL C. | Communicate with national counsel regarding timing on request for extension of time on brief. | 0.20 | 595.00 | 119.00 |
| 5/31/2024 | JOHNSON, DANIEL C. | Preliminary review of Mr. Hollman's analysis of appellant's brief | 0.60 | 595.00 | 357.00 |
| 6/3/2024 | JOHNSON, DANIEL C. | Communicate with national counsel regarding anticipated schedule with respect to scheduling oral argument if granted. | 0.20 | 595.00 | 119.00 |
| 6/4/2024 | JOHNSON, DANIEL C. | Two telephone conferences 11th circuit clerk regarding extension on brief and several emails with national counsel regarding same. | 0.50 | 595.00 | 297.50 |
| 6/5/2024 | JOHNSON, DANIEL C. | Provide national counsel form of 11th circuit brief and information on citation to record. | 0.70 | 595.00 | 416.50 |
| 6/5/2024 | JOHNSON, DANIEL C. | Communicate with national counsel regarding appellate issues. | 0.20 | 595.00 | 119.00 |
| 6/6/2024 | JOHNSON, DANIEL C. | Communicate with national counsel regarding portion of brief with respect to oral argument. | 0.10 | 595.00 | 59.50 |
| 6/7/2024 | JOHNSON, DANIEL C. | Preliminary review of case authorities on reassignment after remand. | 0.20 | 595.00 | 119.00 |
| 6/13/2024 | JOHNSON, DANIEL C. | Review and edit mediation statement. | 1.60 | 595.00 | 952.00 |
| 6/27/2024 | JOHNSON, DANIEL C. | Attend mediation | 2.00 | 595.00 | 1,190.00 |
| 7/1/2024 | JOHNSON, DANIEL C. | Several emails with national counsel regarding motion for extension of time on brief. | 0.20 | 595.00 | 119.00 |
| 7/1/2024 | JOHNSON, DANIEL C. | Edits to motion for extension of time on brief. | 0.30 | 595.00 | 178.50 |
| 7/2/2024 | JOHNSON, DANIEL C. | Review Hollman edits to motion for extension of time on brief. | 0.20 | 595.00 | 119.00 |
| 7/2/2024 | JOHNSON, DANIEL C. | Emails with respect to motion for extension of time on brief. | 0.20 | 595.00 | 119.00 |
| 8/3/2024 | JOHNSON, DANIEL C. | Work on answer brief. | 3.70 | 595.00 | 2,201.50 |
| 8/5/2024 | JOHNSON, DANIEL C. | Communicate with national counsel regarding addition to brief. | 0.10 | 595.00 | 59.50 |
| 8/6/2024 | JOHNSON, DANIEL C. | Edits to latest turn of brief | 1.30 | 595.00 | 773.50 |
| 8/12/2024 | JOHNSON, DANIEL C. | Communicate with national counsel regarding possible extension of time on reply brief. | 0.10 | 595.00 | 59.50 |
| 8/12/2024 | JOHNSON, DANIEL C. | Communicate with national counsel regarding timing of reply brief and availability of extension thereon | 0.20 | 595.00 | 119.00 |
| 8/12/2024 | JOHNSON, DANIEL C. | Communicate with national counsel regarding additional time on reply brief. | 0.10 | 595.00 | 59.50 |

| 8/12/2024 | JOHNSON, DANIEL C. | Brief review of appellate orders on additional time on briefing. | 0.30 | 595.00 | 178.50 |
|---|---|---|---|---|---|
| 8/14/2024 | JOHNSON, DANIEL C. | Communicate with national counsel regarding extension of time on reply brief. | 0.10 | 595.00 | 59.50 |
| 9/25/2024 | JOHNSON, DANIEL C. | Communicate with national counsel regarding anticipated timeline with respect to oral argument. | 0.20 | 630.00 | 126.00 |
| 9/30/2024 | JOHNSON, DANIEL C. | Brief review of reply brief | 0.60 | 630.00 | 378.00 |
| 10/4/2024 | JOHNSON, DANIEL C. | Review reply brief. | 1.20 | 630.00 | 756.00 |
| 10/11/2024 | JOHNSON, DANIEL C. | Detailed review of reply brief including review of prior orders and opinion. | 3.60 | 630.00 | 2,268.00 |
| 10/12/2024 | JOHNSON, DANIEL C. | Analysis reply brief, memorandum opinion, orders on summary judgment and Daubert motions. | 2.90 | 630.00 | 1,827.00 |
| 10/14/2024 | JOHNSON, DANIEL C. | Telephone conference Mr. Hollman regarding reply brief. | 0.60 | 630.00 | 378.00 |
| 11/15/2024 | JOHNSON, DANIEL C. | Review eleventh circuit rule on oral argument and communicate with national counsel regarding same. | 0.30 | 630.00 | 189.00 |
| 3/3/2025 | CONIGLIARO, MATTHEW J. | EXAMINE STRATEGY RE ORAL ARGUMENT | 0.20 | 630.00 | 126.00 |
| 3/3/2025 | JOHNSON, DANIEL C. | Call with national counsel regarding oral argument notice. | 0.50 | 630.00 | 315.00 |
| 3/3/2025 | JOHNSON, DANIEL C. | Analysis regarding implications of oral argument notice. | 0.20 | 630.00 | 126.00 |
| 3/3/2025 | JOHNSON, DANIEL C. | Communicate with national counsel regarding oral argument notice. | 0.30 | 630.00 | 189.00 |
| 3/3/2025 | JOHNSON, DANIEL C. | Review oral argument notice. | 0.10 | 630.00 | 63.00 |
| 3/19/2025 | JOHNSON, DANIEL C. | Communicate with national counsel regarding oral argument issues. | 0.10 | 630.00 | 63.00 |
| 3/19/2025 | JOHNSON, DANIEL C. | Analysis regarding oral argument issues. | 0.20 | 630.00 | 126.00 |
| 3/21/2025 | JOHNSON, DANIEL C. | Analysis potential oral argument issues. | 0.20 | 630.00 | 126.00 |
| 4/30/2025 | JOHNSON, DANIEL C. | Call with national counsel regarding oral argument | 0.30 | 630.00 | 189.00 |
| 4/30/2025 | JOHNSON, DANIEL C. | Communicate with national counsel regarding Oral Argument issues | 0.10 | 630.00 | 63.00 |
| 5/14/2025 | CONIGLIARO, MATTHEW J. | EXAMINE RECORD MATERIALS TO PREPARE FOR ORAL ARGUMENT PREPARATION SESSIONS | 3.30 | 630.00 | 2,079.00 |
| 5/15/2025 | CONIGLIARO, MATTHEW J. | EXAMINE RECORD MATERIALS TO PREPARE FOR ORAL ARGUMENT PREPARATION SESSIONS | 4.30 | 630.00 | 2,709.00 |
| 5/16/2025 | CONIGLIARO, MATTHEW J. | EXAMINE RECORD MATERIALS TO PREPARE FOR ORAL ARGUMENT PREPARATION SESSIONS | 3.20 | 630.00 | 2,016.00 |
| 5/19/2025 | CONIGLIARO, MATTHEW J. | EXAMINE RECORD MATERIALS TO PREPARE FOR ORAL ARGUMENT PREPARATION SESSIONS | 2.80 | 630.00 | 1,764.00 |
| 5/20/2025 | CONIGLIARO, MATTHEW J. | ATTEND MOCK ARGUMENT PREPARATION SESSION | 3.10 | 630.00 | 1,953.00 |
| 5/23/2025 | CONIGLIARO, MATTHEW J. | ATTEND MOCK ARGUMENT PREPARATION SESSION | 1.90 | 630.00 | 1,197.00 |
| 5/29/2025 | CONIGLIARO, MATTHEW J. | ATTEND MOCK ARGUMENT PREPARATION SESSION | 1.50 | 630.00 | 945.00 |
| 1/15/2026 | JOHNSON, DANIEL C. | Brief review of opinion from appellate court and email national counsel regarding same. | 0.30 | 670.00 | 201.00 |
| | | | | | |
| **TOTAL** | | | **62.00** | | **38,038.00** |

Case No. 24-10449

# IN THE UNITED STATES COURT OF APPEALS
## FOR THE ELEVENTH CIRCUIT

FLORIDA VIRTUAL SCHOOL,

      Plaintiff-Appellant,

v.

K12, Inc., and K12 Florida, LLC,

      Defendant-Appellees.

_____/

## DECLARATION OF RICHARD E. FEE

I, Richard E. Fee, pursuant to 28 U.S.C. § 1746, declare as follows:

1.  I am legally competent and have personal knowledge of the matters contained in this Declaration.

2.  Counsel for Appellees requested that I render an opinion regarding the reasonableness of the attorneys' fees sought in Appellees' Motion for Attorneys' Fees on Appeal (the "Fees Motion"). For purposes of my opinions, I am assuming that Appellees are entitled to an award of legal fees.

3.  This Declaration sets forth my background, experience, and credentials that qualify me to render the opinions contained in

this Declaration and summarizes my opinions regarding: (a) the hourly rates charged and hours expended by Appellees' counsel in representing Appellees in this appeal; and (b) the reasonableness of the amount of attorneys' fees sought in Appellees' Fees Motion.

**<u>Credentials and Experience</u>**

4. I was awarded my Doctor of Jurisprudence degree from Vanderbilt University School of Law in 1989 and, since September of that year, I have been a member in good standing of The Florida Bar.

5. Since 1989, I have practiced before all three of Florida's federal district courts, many other federal district courts around the nation, and before numerous state circuit courts throughout Florida. In 1990 I was admitted to practice before this Court.

6. I have served as lead appellate counsel in appeals before the Supreme Court of the United States, and the U.S. Courts of appeals for the Federal, Third, and Eleventh Circuits.

7. In addition to being a member in good standing of The Florida Bar, I am admitted to practice before and am in good standing with the following federal courts:

    a. U.S. Supreme Court;

    b. U.S. Court of Appeals, Federal Circuit;

2

c.    U.S. Court of Appeals, Eleventh Circuit;

d.    U.S. Court of Federal Claims;

e.    U.S. District Court, District of Colorado;

f.    U.S. District Court, Middle District of Florida;

g.    U.S. District Court, Northern District of Florida;

h.    U.S. District Court, Southern District of Florida;

i.    U.S. District Court, Eastern District of Michigan;

j.    U.S. District Court, Eastern District of Texas;

k.    U.S. District Court, Northern District of Texas; and

l.    U.S. District Court, Western District of Virginia.

8.    I have not been suspended or disbarred from practice before any court or administrative body. I have never had an application for admission to practice before any court or administrative body denied. No sanction or contempt citation has been imposed against me by any court or administrative body.

9.    I am a Founding Partner with the Tampa law firm of Fee & Jeffries, P.A. Prior to founding that law firm in 1997, I was a partner and, before that, an associate attorney with the law firm of Glenn, Rasmussen & Fogarty, P.A.

3

10.  Throughout my more than 36-year career as an attorney, I have focused on the litigation of business disputes, especially those involving intellectual property. Since 2008, I have been Board Certified by The Florida Bar as an Intellectual Property Law Specialist and currently serve on The Florida Bar's Intellectual Property Board Certification Committee. I previously served a six (6) year term on that committee, during which I served as Vice-Chair and then Chair.

11.  For five (5) years I served as an Adjunct Professor of Law at Stetson University Law School, where I developed the curriculum for and taught Federal Civil Pretrial Practice and Strategy. As its name implies, that course focused on the process and tactics of litigating a civil case in federal court.

12.  I am AV-rated by Martindale Hubbell and have held this rating continuously for almost 30 years. In addition, I have been recognized by my peers by repeated annual selection to *Florida Trend*'s Florida Legal Elite, as one of Florida's SuperLawyers®, and as one of *Tampa Magazine*'s "Top Lawyers", all in connection with intellectual property litigation.

13.  I have litigated numerous trademark cases and other

intellectual property disputes. My trademark litigation experience includes lead counsel representation of Robert "Evel" Knievel, Marshawn "Beast Mode" Lynch, the members of the classic Southern rock band The Outlaws, and as intellectual property counsel leading up to and including a 21-day trial involving the ownership of and entitlement to proceeds from the use of the "Hulk Hogan"-related trademarks and associated personality rights.

14.    I am a Certified Mediator in the U.S. District Court for the Middle District of Florida and a Florida Supreme Court Certified Circuit Civil Mediator. As a mediator, I have mediated numerous intellectual property cases, many of which involved claims of trademark infringement.

**Bases for My Opinions**

15.    I am familiar with the method for determining reasonable attorneys' fees set forth by the United States Supreme Court in *Hensley v. Eckerhart*, 461 U.S. 424, 433-434 (1983) and used by this Court. Under that methodology, courts determining reasonable attorneys' fees should begin with "the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." *Id.* at 433. Hours that are "excessive, redundant, or otherwise

5

unnecessary" should be excluded from this calculation. *Id.* at 434. This approach is referred to as the "loadstar method" and the resulting amount is the presumptive reasonable attorneys' fee.

16. Based on my over 36 years of litigation experience described above, I am familiar with the hourly rates customarily charged by attorneys practicing intellectual property litigation before this Court and in the U.S. District Court for the Middle District of Florida. I am also familiar with the time and labor needed to provide the legal services involved in an appeal such as this.

17. In reaching my opinions regarding the reasonableness of the attorneys' fees sought in Appellees' Fees Motion, I spoke with Appellees' counsel Steven Hollman and Abraham Shanedling and reviewed the following relating to this appeal: (a) the billing entries for the attorneys' fees of the law firms of Sheppard, Mullin, Richter & Hampton LLP ("Sheppard") and Carlton Fields, P.A. ("Carlton Fields") for their respective services rendered to Appellees; (b) the credentials of the attorneys who rendered those services; (c) this Court's docket; (d) the briefs and motions filed by Appellant and Appellees; and (e) the Court's opinion. I also listened to the recording of the oral argument before this Court.

6

18.    I considered the significant complexity of this appeal in reaching my opinions in this case. Even within the larger context of intellectual property cases, this was a complex appeal raising a myriad of hotly contested factual and legal issues and having a very lengthy record. As stated in Appellant's Principal Brief:

> This appeal is the culmination of nearly two decades of intellectual property disputes between two of Florida's largest online education providers, spanning two separate lawsuits with previous appeals to this Court and the Florida Supreme Court. The record contains 397 docket entries. This appeal challenges three grants of summary judgment, three *Daubert* orders, a denial of a motion for jury trial, and findings from a two-phase bench trial.
>
> These rulings addressed important and complex legal questions concerning the constitutional jury trial right, the proper application of the trademark likelihood-of-confusion factors, false advertising, and the admissibility of expert opinions.

Dkt. 30, at p. 4 of 72; *see also*, Appellant's Motion for Leave to File Expanded Brief, Dkt. 26, at pp. 4-5 of 8 (describing "the complexity of the factual and procedural background" and numerous orders being challenged on appeal).

19.    In reaching my opinions as to the reasonableness of the attorneys' fees sought by Appellees in their Fees Motion, I also considered that this appeal was the culmination of exceptionally

7

high-risk, "bet the company" litigation -- Appellant was seeking disgorgement of more than **$6.2 *billion*** in profits from Appellees.

## **Hours Reasonably Expended**

20.    First, it is my opinion that the 889.3 hours of attorney time and 16.8 hours of paralegal time for which Appellees seek an award in their Fees Motion were reasonably expended for the services rendered to Appellees in this appeal. Those hours consist of 827.3 attorney hours by three (3) attorneys and 16.8 hours of paralegal time by one (1) senior paralegal at Sheppard and 62.0 attorney hours by two (2) senior attorneys at Carlton Fields.

21.    In reaching my opinions regarding the reasonableness of the hours subject to Appellees' Fees Application, I also considered that Appellees are <u>not</u> seeking compensation for 115.9 hours of attorney and paralegal services by Sheppard personnel (totaling $52,399.53) that were actually expended, billed to, and paid for by Appellees in connection with this appeal. The approximate seven and a half percent (7½%) voluntary reduction in hours claimed by Appellees bolsters my opinion that the hours sought in Appellees' Fee Motion are reasonable.

22. In my opinion, Appellees' decision to seek fees for the hours expended by only the five attorneys who rendered the most services to Appellees in connection with this appeal, although a total of ten (10) attorneys actually provided such services, underscores the reasonableness of the number of hours of legal services for which Appellees seek an award.

**Reasonable Hourly Rates**

23. The second step in discerning reasonable attorneys' fees is to determine the reasonable hourly rates for the professionals rendering the legal services Appellees seek in their Fees Motion.

24. In reaching my opinions, I have considered the reasonableness of the hourly rates of Appellees' counsel in light of the prevailing hourly rates charged for the services of similarly credentialed and experienced attorneys at larger law firms having one or more offices within the jurisdiction of the U.S. District Court for the Middle District of Florida.

Sheppard Billing Professionals

25. It is my opinion that the claimed hourly rates of $884.00 (in the year 2024) and $1,032.75 (in the year 2025) for the legal services of Appellees' lead counsel, Steven Hollman, in this appeal

are reasonable. My opinion is based on Mr. Hollman's experience and qualifications (over 40 years practicing intellectual property litigation at both the trial and appellate levels), as well as the quality of Appellees' briefing and the oral argument he presented.

26. It is my opinion that the claimed hourly rates of $675.75 (in the year 2024) and $790.50 (in the year 2025) for the legal services of Appellees' second-chair counsel, Abraham Shanedling, in this appeal are also reasonable. My opinion is based on Mr. Shanedling's experience and qualifications (10 years of federal civil practice at both the trial and appellate levels), as well as the quality of legal work reflected in Appellees' briefing in this appeal.

27. It is my opinion that the claimed hourly rates of $650.25 (in the year 2024) and $773.50 (in the year 2025) for the legal services of Appellees' counsel, Maria-Laura Coltre, in this appeal are also reasonable. My opinion is based on Ms. Coltre's experience and qualifications (7 years of federal civil trial and appellate practice), as well as the quality of Appellees' briefing.

28. It is my understanding that the non-round hourly rates for the attorneys at Sheppard and result from that firm's agreement with Appellees to reduce their normal hourly rates by a fixed

percentage. That practice further supports my conclusion that the hourly rates claimed by Appellees' billing professionals at Sheppard are indeed reasonable.

29.    In my opinion, the claimed hourly rate of $275.00 for Claudia Luna's paralegal services in this appeal is reasonable, but at the high end of hourly rates for paralegal services. My opinion is based on Ms. Luna's more than three decades of experience as a paralegal and the fact that her services were actually billed to and paid by Appellees at an hourly rate of $429.25.

### Carlton Fields Attorneys

30.    Appellees engaged two (2) senior attorneys at Carlton Fields to assist its primary counsel in this appeal. In my opinion, the engagement of additional appellate counsel to assist the attorneys who litigated the case at the trial level is both prudent and reasonable. Given that this was "bet the company" litigation, it was especially important to have experienced non-trial counsel review and evaluate the arguments made by the parties below and provide objective advice regarding the presentation of Appellees' arguments on appeal.

11

31. It is my opinion that the claimed hourly rates of $615.00 (in the year 2024) and $630.00 (in the year 2025) for the legal services of Appellees' counsel, Matthew Conigliaro, in this appeal are not just reasonable, but are lower than prevailing market rates. My opinion is based on Mr. Conigliaro's experience and qualifications (30 years of appellate practice).

32. Finally, it is my opinion that the claimed hourly rates of $595.00 (in the year 2024), $630.00 (in the year 2025), and $670.00 (in the year 2026) for the legal services of Appellees' counsel, Daniel Johnson, in this appeal are also reasonable and lower than prevailing market rates. My opinion is based on Mr. Johnson's experience and qualifications (40 years of complex civil litigation practice).

**Calculating the Loadstar Amount of Reasonable Fees**

33. The next step in determining a reasonable attorneys' fee is multiplying the reasonable hours for the services rendered by each legal professional by their respective reasonable hourly rates.

34. In my opinion, the attorneys' fees claimed by Appellees in their Fees Motion are reasonable for this Appeal. Specifically:

a.    Mr. Hollman reasonably rendered 161.2 hours of services at a reasonable hourly rate of $884.00 (totaling $142,500.80), and an additional 158.1 hours of services at a reasonable hourly rate of $1,032.75 (totaling $163,277.78), resulting in $305,778.58 for the legal services Mr. Hollman; and

b.    Mr. Shanedling reasonably rendered 242.5 hours of services at a reasonable hourly rate of $675.75 (totaling $163,869.38), and an additional 65.6 hours of services at a reasonable hourly rate of $790.50 (totaling $51,856.80), resulting in $215,726.18 for the legal services Mr. Shanedling; and

c.    Ms. Coltre reasonably rendered 169.2 hours of services at a reasonable hourly rate of $650.25 (totaling $110,022.23), and an additional 32.5 hours of services at a reasonable hourly rate of $773.50 (totaling $25,138.75), resulting in $135,161.05 for the legal services Ms. Coltre; and

d.    Mr. Conigliaro reasonably rendered 0.8 hours of services at a reasonable hourly rate of $615.00 (totaling $492.00) and an additional 20.3 hours of services at a reasonable hourly rate of $630.00 (totaling $12,789.00), resulting in $13,281.00 for the legal services Mr. Conigliaro; and

13

e.    Mr. Johnson reasonably rendered 29.2 hours of services at a reasonable hourly rate of $595.00 (totaling $17,374.00), 11.4 hours of services at a reasonable hourly rate of $630.00 (totaling $7,182.00), and an additional 0.3 hours of services at a reasonable hourly rate of $670.00 (totaling $201.00), resulting in <u>$24,757.00 for Mr. Johnson's legal services</u>.

35.    Ms. Luna, the senior paralegal, reasonably rendered 16.8 hours of services at the reasonable hourly rate of $275.00, for a total of <u>$4,620.00 for Ms. Luna's paralegal services</u> in this appeal.

36.    Below is a table illustrating the loadstar calculation reflecting my opinions set forth above:

| Timekeeper | Reasonable Hours | Reasonably Hourly Rates | Total |
|---|---|---|---|
| Steven Hollman | 161.2 | $884.00 | $142,500.80 |
| | 158.1 | $1,032.75 | $163,277.78 |
| Abraham Shanedling | 242.5 | $675.75 | $163,869.38 |
| | 65.6 | $790.50 | $51,856.80 |
| Maria-Laura Coltre | 169.2 | $650.25 | $110,022.30 |
| | 32.5 | $773.50 | $25,138.75 |
| Matthew Conigliaro | 0.8 | $615.00 | $492.00 |
| | 20.3 | $630.00 | $12,789.00 |
| Daniel Johnson | 29.2 | $595.00 | $17,374.00 |
| | 11.4 | $630.00 | $7,182.00 |
| | 0.3 | $670.00 | $201.00 |
| Claudia Luna | 16.8 | $275.00 | $4,620.00 |
| **TOTALS** | **906.1** | -- | **$699,323.81** |

14

## The *Johnson* Factors

37.   The final step in determining a reasonable attorneys' fee is to ascertain whether the lodestar figure should be adjusted higher or lower considering the following "*Johnson* factors":

> (1) the time and labor required; (2) the novelty and difficulty of the issues; (3) the skill required to perform the legal services properly; (4) the preclusion of other employment; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) the time limitations imposed by the client or circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.

*Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714 (5th Cir. 1974); *Loranger v. Stierheim*, 10 F.3d 776, 781 n.6 (11th Cir. 1994).

38.   In my opinion, which is based on the information that I received from Appellees' counsel and my review of the materials described above, the *Johnson* factors do not justify any upward or downward adjustment to the loadstar calculation in this case.

## Reasonableness of Attorneys' Fees Sought in Fees Motion

39.   In conclusion, it is my opinion that the attorneys' and paralegal's fees for the services sought by Appellees in their Fees Motion, totaling $699,323.81, are reasonable and appropriate

15

under the circumstances of this complex "bet the company" appeal.

40.    The reasonableness of the fees sought in Appellees' Fees Motion is underscored by the fact that Appellees paid not only the fees being sought, but over $52,000.00 of additional fees for this appeal that are not being requested in their Fees Motion.

I declare under penalty of perjury that the foregoing is true and correct.

Executed in Hillsborough County, Florida on this 20ᵀᴴ day of February 2026.

Richard E. Fee