# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**FLORIDA VIRTUAL SCHOOL,**

      **Plaintiff,**

**v.**                                **Case No.: 6:20-cv-2354-GAP-NWH**

**STRIDE, INC., formerly known as K12 INC., and K12 FLORIDA LLC,**

      **Defendants.**

_____/

## DEFENDANTS' REPLY IN SUPPORT OF MOTION FOR ENTITLEMENT TO FEES ON APPEAL

Defendants K12 Inc. (n/k/a Stride, Inc.) and K12 Florida LLC (together "Stride") hereby reply in support of their Motion for Attorneys' Fees on Appeal (Doc. 412) (App.Doc.76-1)[1] ("Motion").[2]

## ARGUMENT

Instead of responding to each of Stride's specific arguments regarding its entitlement to appellate attorneys' fees, Plaintiff Florida Virtual School ("FLVS") asserts three general arguments in its opposition ("Opp," Doc. 411): (1) it is "unclear" how the standard for an "exceptional case" determination under the Lanham Act applies to appellate fees; (2) FLVS's appeal posed "complex legal questions"; and (3) the District Court proceeding was not exceptional. None of FLVS's arguments has any merit.[3]

FLVS would have the Court disregard the "totality of the circumstances" surrounding this entire case, which demonstrated that FLVS's appeal was nothing more than a continuation of its "belligerent prosecution" of exceptionally weak claims before this Court, acting as a "trademark bully." *See* Doc. 410 at 10 n.10 & 14 n.12 (citing Doc. 369 at 36 n.33); *Octane Fitness, LLC v. ICON Health &*

---

[1] Citations such as "Doc. 412" are to this Court's docket entry 412. "App.Doc." citations are to the docket entries at the Eleventh Circuit (Case No. 24-10449).

[2] Stride already filed a reply in the Eleventh Circuit to FLVS's original response to the Motion. App.Doc. 87. Stride files this additional reply pursuant to the Court's April 6, 2026 Order. Doc. 407.

[3] FLVS also did not respond at all to Stride's arguments that it is entitled to fees under Fla. Stat. § 495.141(1). Motion at 22-23.

*Fitness, Inc.*, 572 U.S. 545, 554 (2014).

Incredibly, FLVS even asserts that "its appeal and trial court case had support in law and fact, *and FLVS litigated in good faith and without exception*." Opp. at 3 (emphasis added). "[B]ut this Court has already found otherwise." Doc. 410 at 9, 10, 14, 21 (finding FLVS litigated its case in "bad faith").

As set forth in its Motion and as explained more fully below, both the trial court proceedings and the appellate proceedings were exceptional, whether viewed individually or together, and the totality of circumstances supports a finding of exceptionality for purposes of an award of appellate fees. Accordingly, the Court should grant Stride's Motion that it is entitled to appellate fees.

## I. Assessing 'Exceptional Case" Appellate Fees Necessarily Requires Analyzing The Entire Case.

FLVS first posits that it is unclear how the Lanham Act's "exceptional case" standard applies to appellate fees and that the "focus should be on the exceptionality of the appeal, rather than on the trial court proceedings." Opp. at 2, 6. However, the Lanham Act broadly provides that a "court in exceptional *cases* may award reasonable attorneys' fees to the prevailing party." 15 U.S.C. § 1117(a) (emphasis added). The statute refers to "cases"—not particular phases of a case— and courts "determine whether a *case* is exceptional in *the case-by-case* exercise of their discretion, considering the *totality of the circumstances*." *Off Lease Only, Inc. v. Lakeland Motors, LLC*, 846 F. App'x 772, 775 (11th Cir. 2021) (emphasis

added) (quoting *Octane*, 572 U.S. at 554).

In fact, FLVS has already conceded the point in its Opposition: "Undoubtedly the exceptionality analysis reflects a *case wide analysis*," where "the *whole case*, including the appeal, is given its due." Opp. at 7 n.3 (emphasis added).

Indeed, assessing the "totality of the circumstances" is a fact-intensive inquiry into the *entire case*, including the losing party's claims and conduct setting the stage for the appeal. *See Octane*, 572 U.S. at 554 ("[T]here is no precise rule or formula for making these determinations, but instead equitable discretion should be exercised . . . ." (quotations omitted)); *Lanard Toys Ltd. v. Dolgencorp, LLC*, No. 3:15-CV-849-MMH-PDB, 2021 WL 8200197, at *11 (M.D. Fla. Aug. 20, 2021) ("[A] case should be viewed more as an 'inclusive whole' rather than as a piecemeal process." (quoting *Therasense, Inc. v. Becton, Dickinson & Co.*, 745 F.3d 513, 517 (Fed. Cir. 2014)). Thus, "[e]ven if analyzed separately," an appeal can be "exceptional in that the arguments put forward by the Plaintiff lack[ed] substantive strength, and the appeal prolonged the unreasonable litigation that began at the trial level." *Fla. Int'l Univ. Bd. of Trs. v. Fla. Nat'l Univ., Inc.*, No. 13-21604-CIV, 2017 WL 3610581, at *4 (S.D. Fla. Aug. 11, 2017), *R&R adopted,* 2018 WL 4409885 (S.D. Fla. June 25, 2018).

Courts therefore determine entitlement to appellate fees by holistically

considering what transpired at both the district and appellate courts. *See, e.g., Sprint Commc'ns, LLC v. Calabrese*, No. 18-CV-60788, 2025 WL 713048, at *5 n.7 (S.D. Fla. Feb. 20, 2025) (finding "exceptional case" fees warranted based on "the facts of the case, the strength of Sprint's litigating position, and to advance considerations of deterrence" as well as "the unreasonableness of Defendants' arguments through the case *and through appeal*" (emphasis added)), *R&R adopted,* 2025 WL 708130 (S.D. Fla. Mar. 5, 2025)[4]; *Warren Tech., Inc. v. UL LLC*, No. 18-21019-CV, 2022 WL 2479227, at *2 (S.D. Fla. June 17, 2022), *R&R adopted,* 2022 WL 2467690 (S.D. Fla. July 6, 2022) (granting motion for appellate attorneys' fees); *Fla. Int'l*, 2017 WL 3610581, at *3-4 (same); *Tobinick v. Novella*, No. 14-80781-CV, 2018 WL 6978637, at *3 (S.D. Fla. Nov. 20, 2018), *R&R adopted,* 2018 WL 6978629 (S.D. Fla. Dec. 6, 2018) (same).

FLVS refers in passing to a multi-factor standard used by the First Circuit to determine Lanham Act appellate fees. Opp. at 4 (citing *Tamko Roofing Products, Inc. v. Ideal Roofing Co., Ltd.*, 294 F.3d 227, 230 (1st Cir. 2002)). But FLVS tellingly omits the actual factors, which require considering the entire case: "(1) whether the appeal was on issues different *from those that caused the trial court to*

---

[4] FLVS wrongfully claims that the court in *Sprint* did *not* determine whether appellate fees were recoverable and that there was "no objection from the opposing party" (defendants). Opp. at 5. The defendants there only did not object to the requested appellate time and fees—they *did* argue the case was "not an 'exceptional case' under the Lanham Act," but the district court nevertheless found that it was. 2025 WL 713048, at *3,*5 n.7.

*find an 'exceptional' case*; (2) the relative strengths or weaknesses of the appellate issues; and (3) *the extent to which the appeal can be said to have prolonged, without adequate justification, a particularly bad 'exceptional case*.'" *Tamko*, 294 F.3d at 230 (emphasis added); *see also Warren*, 2022 WL 2479227, at *2-4 (applying same test and awarding appellate fees); *Fla. Int'l*, 2017 WL 3610581, at *5 (applying standard in the alternative).

Accepting FLVS's effort to divorce its appellate conduct from its conduct before this Court would lead to an inequitable, senseless outcome. It would effectively immunize a plaintiff, like FLVS, from appellate fees where the plaintiff dresses up on appeal its exceptionally weak, losing claims (including those pursued in bad faith) and further prolongs the litigation. This is particularly so where here, this Court determined (and the appeals court affirmed) that the ill "intent evidence support[ed] a strong inference against *Plaintiff*." Doc. 369 at 35; *see also* Doc. 410 at 11 (finding FLVS "was never the 'innocent party'"). If a "case" is exceptional, it "stands out from others" based on the "totality of the circumstances"—not just some of them. *Octane*, 572 U.S. at 554; *Warren*, 2022 WL 2479227, at *2-4.

## II. FLVS's Appeal Was Exceptional.

Even if analyzed separately, FLVS's appeal was exceptional. "[T]he Lanham Act requires only that a case 'stands out from others,' either based on the strength of the litigating positions or the manner in which the case was litigated."

*Tobinick v. Novella*, 884 F.3d 1110, 1118 (11th Cir. 2018) (citing *Octane*, 572 U.S. at 554); *see also Domond v. PeopleNetworks APS*, 750 F. App'x 844, 848 (11th Cir. 2018) (case exceptional where plaintiffs' "case was baseless" and "litigation position was unusually weak"). A prevailing defendant need only make this showing based on "a preponderance of the evidence." *Pro Video Instruments, LLC v. Thor Fiber, Inc.*, No. 6:18cv1823-ORL-31LRH, 2021 WL 487020, at *4 (M.D. Fla. Feb. 10, 2021) (finding case was exceptional).

Here, FLVS's appeal "itself [was] exceptional in that the arguments put forward by [FLVS] lack[ed] substantive strength, and the appeal prolonged the unreasonable litigation that began at the trial level." *See Fla. Int'l*, 2017 WL 3610581, at *4; *see also* Doc. 369 at 2 & 36 (describing case as a "marathon trademark dispute [over] twelve years in the making" aggressively pursued by a "trademark bully"); *Fla. Virtual Sch. v. K12, Inc.*, No. 24-10449, 2026 WL 127063, at *1-3 (11th Cir. Jan. 15, 2026) (Doc. 403) ("*FLVS*").

1.     In "shotgun" fashion, FLVS raised at least *nine* issues on appeal, seeking to reverse almost all of this Court's rulings in Stride's favor. App.Doc. 30; App.Doc. 12. Notably, FLVS continued to advance on appeal the same bad-faith, "frivolous nationwide damages claims" it had before this Court. Doc. 410 at 17; App.Doc. 30 at 66 (arguing this Court "erred by preventing FLVS from seeking disgorgement of K12's national and FLCCA profits and excluding Gallogly's

national and FLCCA disgorgement opinions"); *id*. at 66-67 (seeking to "reverse the limitation on disgorgement of national profits and the exclusion of Gallogly's opinions thereon"); *id*. at 68 (wrongly asserting there was "evidence that relevant stakeholders outside of Florida were actually confused").

But Stride is "entitled to attorney's fees as [FLVS] did not raise any new issues on appeal (in fact [FLVS] attempted only to present the same evidence reviewed by the trial court)." *See Fla. Int'l*, 2017 WL 3610581, at *5. Indeed, for each of its challenges to this Court's conclusions – including regarding damages/jury trial, disgorgement, false advertising, and trademark infringement – FLVS regurgitated the same arguments and theories it unsuccessfully and unreasonably advanced in this Court. *Compare FLVS*, at *3-11, *with* Doc. 261; Doc. 287; Doc. 295; Doc. 297; Doc. 306; and Doc. 369.[5]

Moreover, at oral argument, FLVS's counsel even mischaracterized the factual record, which clearly showed that Stride never received a penny from either of FLVS's principal "confusion" witness enrollments. June 6, 2025 Oral Arg. at 0:50-2:12,13:29-15:25[6]; *see also* Doc. 410 at 18 (noting that same lawyer "advocat[ed] for sanctionable positions . . . through the end of the trial *and appeal*"

---

[5] FLVS's only "new" issue on appeal was its remarkable and baseless argument that the case should be reassigned on remand because, according to FLVS, this Court purportedly showed "animus" by ruling against FLVS on its meritless claims. App.Doc. 30 at 67-70.

[6] Available at https://www.ca11.uscourts.gov/sites/default/files/oral_argument_recordings/24-10449_06042025.mp3.

(emphasis added)).

At bottom, FLVS's appeal "required [this Court] to rehash—and, in turn, affirm—and [Stride] to defend the merits" of the entire case all over again. *See Warren*, 2022 WL 2479227, at *3. That is what the Eleventh Circuit did when it unanimously affirmed this Court "across the board." *FLVS*, 2026 WL 127063, at *3 n.2.

2.    FLVS argues this appeal was not exceptional because it "may have [had] strong merits issue on the law for appeal." Opp. at 7. Not so. Applying proper standards of review, the Eleventh Circuit soundly rejected every one of FLVS's arguments, affirming that FLVS "presented no evidence of actual damages" entitling it to a jury trial; that FLVS "failed to satisfy the first element of a false advertising claim"; and that "there was no likelihood of confusion." *FLVS*, 2026 WL 127063 at *3-11; *see also Fla. Int'l*, 2017 WL 3610581 at *4-5 (finding plaintiff's "position on appeal was weak"); *Warren*, 2022 WL 2479227, at *3 (same).

Nor did FLVS's appeal raise any "complex legal questions." Opp. at 2. It only called for application of well-established legal standards—none of which were disputed. In fact, in its Civil Appeal Statement, FLVS confirmed that the appeal did not (1) involve any questions of first impression, (2) turn on the interpretation or application of a particular case or statute, or (3) involve a circuit

split or conflict of laws. App.Doc. 12.[7] While the mere "[a]ffirmance on appeal does not make the appeal exceptional," Opp. at 2, "the reasoning behind the Eleventh Circuit's determinations and the fact that [FLVS] did not raise new or more persuasive arguments on appeal do[es]." *See Warren*, 2022 WL 2479227, at *3. As in *Warren*, FLVS "should have known this was a losing case before its inception." *Id*.; *see also Pro Video*, 2021 WL 487020, at *4 ("Defendant does not argue that this case is exceptional just because Plaintiff lost. Rather, Defendant correctly submits that the weakness of Plaintiff's litigating position was apparent from the outset."); Doc. 410 at 10-14.

3. FLVS's appeal also "prolonged the litigation without adequate justification." *See Warren*, 2022 WL 2479227, at *4; *see also Fla. Int'l*, 2017 WL 3610581 (finding "the filing of the appeal necessarily prolonged the litigation"). FLVS sued Stride in December 2020 after failing to negotiate with Stride in "good faith" as required by the parties' earlier settlement agreement (Doc. 350-14:12) and ignoring Stride's voluntary remedial efforts plainly intended to avoid litigation. *FLVS*, 2026 WL 127063, at *2; Doc. 1; App.Doc. 43 at 21-22.[8] FLVS then forced Stride through over three years of litigation defending against claims for more than

---

[7] Shortly before trial, FLVS even jointly-filed in this Court a list of "agreed principle[s] of law" governing the disputed claims. Doc. 302 at 17-24.

[8] *See also* Doc. 17 at 2-10 (in February 2021, describing FLVS's failure to negotiate in "good faith" and its using the Lanham Act "to bully competitors"); Doc. 29 at 44-45, ¶¶ 37-38.

$6 billion in damages with no evidence of actual injury, until judgment in February 2024 (Doc. 389), despite repeated earlier warnings by this Court about the weaknesses of FLVS's claims. Motion at 21-22; Doc. 410 at 11 ("The Court warned Plaintiff at every step that it was pursuing claims for which it had presented no evidence of damages or harm."). FLVS's appeal only prolonged the case, as FLVS "continued to rehash the meritless claims." *See Warren*, 2022 WL 2479227, at *4.

Far from having a "chilling effect on future appeals," Opp. at 8, awarding appellate fees here would deter a "trademark bully" like FLVS from unnecessarily dragging a prevailing defendant like Stride into an appeal to further defend against exceptionally weak claims that already had been rejected, thereby compounding the very harm that the Lanham Act's fee-shifting provision was designed to remedy. *See* Doc. 369 at 25 & 36 n.33; Doc. 410 at 9, 14, 21 (describing FLVS's bad faith)*; Pro Video*, 2021 WL 487020, at *5 ("Plaintiff sued Defendant as a competitive weapon rather than to redress a lawful harm.").

## III. The Totality Of Circumstances Of The Case Confirms Its Exceptionality.

The record as a whole establishes that this case was exceptional because each of FLVS's claims was "weak and undeveloped from the outset," and FLVS forced Stride in an "unreasonable manner" through years of litigation and appeal in pursuit of a fanciful "pot of gold" damage recovery. Motion at 11 (quoting *Most*

*Worshipful Nation Grand Lodge v. United Grand Lodge GA AF & AYM, Inc.*, 813 F. App'x 455, 460 (11th Cir. 2020)).

FLVS advances little defense of the weakness of its claims except to baldly assert that it never "acted out of turn or used sharp litigation tactics" and that it "proceeded on one operative complaint, never amended, for which the trademark claim . . . survived [Stride's] motion to dismiss, a summary judgment motion, and proceeded to a bench trial." Opp. at 9. That "one operative complaint" is the one in which FLVS falsely alleged that Stride had created "*considerable* market confusion" that had caused FLVS extensive monetary damages entitling it to Stride's statewide and nationwide profits. Doc. 1 at 8-21 (emphasis added).

FLVS glosses over years of litigation and judicial findings that its claims were based on "*no good faith* contention" (Doc. 261 at 12) (emphasis added); "absurd," "wholly deficient" and with "absolutely *no* evidentiary support" (Doc. 287 at 6); "simply meritless" (Doc. 295 at 5); "patently without merit" (Doc. 306 at 1), and were "akin to a trademark bully harassing a competitor" (Doc. 369 at 36 n.33). *See* Doc. 410 at 9, 10, 13, 18 (finding FLVS and its counsel "belligerent[ly]" prosecuted the case in "bad faith" "through the end of trial and appeal").

That FLVS lost does not alone make this case exceptional—it is *how* FLVS lost. Doc. 369 at 36 (finding that judgment for Stride was "the only reasonable

outcome given the dearth of evidence supporting [FLVS's] claim"); *FLVS*, 2026 WL 127063 at *11 (finding "no surprise" it affirmed on everything); *see also Off Lease*, 846 F. App'x at 775 (affirming fee award where likelihood-of-confusion factors "weighed *heavily*" against plaintiff); *Pro Video*, 2021 WL 487020, at *4 ("[T]he weakness of Plaintiff's litigation position was apparent from the outset as evidenced by the lack of evidence presented.").

FLVS glosses over the record even more regarding its litigation conduct, claiming it "attempted to work with [Stride]" to "minimize costs" and "avoid unnecessary time and expense." Opp. at 10. But FLVS ignores the "years of contentious litigation" it forced Stride to endure "even though [FLVS] suffered no damage by reason of [Stride's] conduct, and had no beneficial remedy available to it." Doc. 369 at 25 & 36 n.33; *see also* Doc. 410 at 13 (noting the "exhaustive discovery"). That includes when FLVS:

- Desperate for evidence, sought multiple extensions for fact and expert discovery and to take purported confusion depositions out-of-time (Doc. 97; Doc. 99; Doc. 100; Doc. 101; Doc. 105; Doc. 114);

- Pursued far-reaching discovery into Stride's competitively sensitive, national financial information, over Stride's objection, even affording FLVS's General Counsel access to that information (Doc. 52; Doc. 54; Doc. 57; Doc. 71; Doc. 72);

- Caused Stride to incur unnecessary expense moving to exclude the lost profits and disgorgement opinions of FLVS's damages expert, which this Court found "fail[ed] to meet even basic standards of reliability and helpfulness" and were "simply meritless." (Doc. 287 at 4; Doc. 295 at 4-6);

- Forced Stride to respond to FLVS's "sophomoric" motion for reconsideration that this Court found "patently without merit" (Doc. 306 at 1-2); and

- Insisted on taking its trademark infringement claims to trial after being warned that FLVS had "limited proof" and "face[ed] an uphill battle" (Doc. 297 at 17-18).

As this Court has found, "Plaintiff [and its] lawyers showed little concern for the district court's time and energy and no courtesy to [their] fellow lawyers," which caused Stride and "the judiciary to waste significant time and resources on unnecessary litigation . . . ." Doc. 410 at 14 (citation omitted).

Even more incredible is FLVS's misstatement that no discovery practice "was alleged or found to have been out of turn." Opp. at 10. FLVS made that statement without a hint of irony one day after this Court entered an order sanctioning FLVS and its counsel over FLVS's baseless $6 billion nationwide-damages claims and attendant national financial discovery. Doc. 410. FLVS also ignores the many other motions to compel and motions for discovery sanctions Stride had to file against FLVS over the years. Doc. 118; Doc. 123; Doc. 129.

FLVS's appeal was just a continuation of its "harassing" behavior and its General Counsel's strategy to wield FLVS's trademarks "aggressively" against competitors. Doc. 352-87 at 8-9; Doc. 369 at 36 n.33; Doc. 410 at 20 (holding FLVS's General Counsel "cannot now claim to be [an] innocent sideline observer[]").

# CONCLUSION

For all the foregoing reasons, the Court should grant Stride's Motion and find Stride is entitled to its attorneys' fees on appeal.

Dated: April 20, 2025

Respectfully submitted,

/s/ *Steven P. Hollman*

SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
Steven P. Hollman (Lead Counsel) (*pro hac vice*)
Abraham Shanedling (*pro hac vice*)
2099 Pennsylvania Ave., N.W., Suite 100
Washington, D.C. 20006-6801
(202) 747-1941
shollman@sheppard.com
ashanedling@sheppard.com

Anne-Marie Dao (*pro hac vice*)
12275 El Camino Real, Suite 100
San Diego, CA 92130
(858) 720-8900
adao@sheppard.com

CARLTON FIELDS, P.A.
Daniel C. Johnson (Fla. Bar No. 522880)
200 S. Orange Avenue, Suite 1000
Orlando, Florida 32801-3456
(407) 849-0300
djohnson@carltonfields.com
Secondary: dcarlucci@carltonfields.com
Secondary: orlecf@cfdom.net

Eleanor M. Yost (Fla. Bar No. 1003178)
4221 W. Boy Scout Blvd, Suite 1000
Tampa, Florida 33607-5780
Tel. (813) 229-4395
eyost@carltonfields.com

***Attorneys for Stride, Inc., and K12 Florida LLC***

-15-